JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

COMPLETE BUSINESS SOLUTIONS GROUP, INC.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian H. Smith, Esq.; John Hartley, Esq., 20 N. 3rd St., Philadelphia, PA 19106, 215-922-2636

## DEFENDANTS

SEAN WHALEN and YINGYIN IRIS CHEN

County of Residence of First Listed Defendant: Los Angeles County, CA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Laura Rossi, Esq.; Shane R. Heskin, Esq., White & Williams LLP, 1650 Market St., #1800, Philadelphia, PA 19103, 215.864.6366

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:

Brief description of cause:
Breach of Contract /Confession of Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $3,976,988.05

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE Hon. Sanchez DOCKET NUMBER 19-cv-03285; 18-cv-0268

DATE 12/30/19 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Complete Business Solutions Group, Inc. 20 N. 3rd Street, Philadelphia, PA 19106

Address of Defendant: Sean Whalen and Yingyin Iris Chen, 705 W. 9th Street, #3404, Del Valle, CA 90015

Place of Accident, Incident or Transaction: Pennsylvania/California

***RELATED CASE, IF ANY:***

Case Number: 19-cv-3285; 18-cv-0268 Judge: Hon. Sanchez Date Terminated: ______

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☑ No ☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

I certify that, to my knowledge, the within case ☒ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: December 30, 2019 [signature] 322763

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify):* ______

***B. Diversity Jurisdiction Cases:***

- ☑ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* ______
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* ______

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ______, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: ______ ______ ______

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

COMPLETE BUSINESS SOLUTIONS GROUP, INC. : CIVIL ACTION

v. :

SEAN WHALEN and
YINGYIN IRIS CHEN : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| December 30, 2019 | [signature] | Defendant |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215.864.6366 | 215-399.9603 | rossil@whiteandwilliams.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COMPLETE BUSINESS SOLUTIONS GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>Sean Whalen,<br><br>And<br><br>Yingyin Iris Chen<br><br>Defendants. | CIVIL ACTION<br><br>C.A. NO.:<br><br>**NOTICE OF REMOVAL** |

**TO:** THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332 and 1441, *et seq.* Defendants, Sean Whalen and Yingyin Iris Chen are hereby removing the above-captioned matter that is currently pending in the May 2019 term of the Philadelphia County Court of Common Pleas, at docket no. 09385, to United States District Court for the Eastern District of Pennsylvania.

In support of this notice, Defendants aver as follows:

1. On or around May 30, 2019, Plaintiff Complete Business Solutions Group, Inc. ("CBSG") commenced this action by filing a Complaint. After failing to serve the complaint within the time allowed, Plaintiff sought its reinstatement. A true and correct copy of the Complaint filed is attached hereto as Exhibit "A."

2. On December 6, 2019 and December 9, 2019, Plaintiffs filed affidavits of service alleging service of Defendants. The Affidavits reflect that a "John Doe," security guard was served. A true and correct copy of the Affidavits filed is attached hereto as Exhibit "B."

3. Defendants were never properly served. A true and correct copy of the Docket as of today is attached hereto as "Exhibit C."

4. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because it is a civil action where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Accordingly, this action is permitted to be removed pursuant to 28 U.S.C. § 1441.

5. The amount in controversy is in excess of $75,000.00 because Plaintiff has demanded $3,976,988.05 in damages from Defendants.

6. Additionally, there is diversity of citizenship among the parties because:

   a. Plaintiff Complete Business Solutions Group, Inc. is a corporation organized and existing under the laws of Delaware, with a principal place of business located at 20 N. 3rd Street, Philadelphia, Pennsylvania, 19106.

   b. Defendant Sean Whalen is an adult resident and citizen of California.

   c. Defendant Yingyin Iris Chen is an adult resident and citizen of California.

7. Removal to this Court is proper under 28 U.S.C. § 1441 because this district and division embrace the place, Philadelphia, Pennsylvania, where the action is pending and Defendants are not a citizens of Pennsylvania, the state in which this action is brought.

8. Pursuant to 28 U.S.C. § 1446(a), Defendants have attached herewith and incorporate by reference, a copy of the Docket listing all documents filed thus far in the action pending before the Philadelphia County Court of Common Pleas (Exhibit C).

9. Defendants will provide immediate notice of the filing of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(d).

10. Defendants will also file a copy of this Notice with the Prothonotary of the Court of Common Pleas of Philadelphia County, as required by 28 U.S.C. § 1446(d), once a time-stamped copy of the removal papers is received and can be included in the materials submitted to the state court.

**WHEREFORE**, Defendants respectfully requests that the action presently pending against him in the Philadelphia County Court of Common Pleas be removed to the United States District Court for the Eastern District of Pennsylvania.

**JURY DEMAND**

Pursuant to the Federal Rules of Civil Procedure, Defendants hereby demand a trial by jury on all issues so triable.

**WHITE AND WILLIAMS LLP**

BY: ______________________________

Laura Rossi, Esq.
Shane R. Heskin, Esq.
1650 Market Street, Suite 1800
Philadelphia, PA 19103-7395
(215) 864-7000
*Attorneys for Defendants*

Dated: December 30, 2019

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COMPLETE BUSINESS SOLUTIONS GROUP, INC. | |
| Plaintiff, | CIVIL ACTION |
| v. | |
| Sean Whalen, | C.A. NO.: |
| And | |
| Yingyin Iris Chen | |
| Defendants. | **NOTICE TO PLAINTIFF** |

**TO:** John Hartley, Esq.
Brian Smith, Esq.
Complete Business Solutions Group, Inc.
20 N. 3rd Street, Philadelphia, PA 19106

**PLEASE TAKE NOTICE** that Defendants, Sean Whalen and Yingyin Iris Chen, have filed a Notice in the United States District Court for the Eastern District of Pennsylvania for the removal of the above-captioned action that is currently pending before the May 2019 term of the Philadelphia County Court of Common Pleas at docket no. 09385. A copy of said Notice of Removal is attached to this Notice and is hereby served upon you.

**PLEASE TAKE FURTHER NOTICE** that Defendants have, at the same time, filed

Complaint filed in this action.

**WHITE AND WILLIAMS LLP**

BY: ______________________________
Laura Rossi, Esq.
Shane R. Heskin, Esq.
1650 Market Street, Suite 1800
Philadelphia, PA 19103-7395
(215) 864-7000

*Attorneys for Defendants*

Dated: December 30, 2019

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COMPLETE BUSINESS SOLUTIONS GROUP, INC. <br> Plaintiff, <br> v. <br> Sean Whalen, <br> And <br> Yingyin Iris Chen <br> Defendants. | CIVIL ACTION <br> C.A. NO.: <br> **PROOF OF FILING** |

**TO:** THE CLERK OF COURT

I, Laura Rossi, counsel for Defendant, hereby certify that a copy of the foregoing Notice of Removal will be filed with the Prothonotary of the Philadelphia County Court of Common Pleas immediately upon receipt of the certified copy from the United States District Court for the Eastern District of Pennsylvania.

Laura Rossi, Esq.

Dated: December 30, 2019

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COMPLETE BUSINESS SOLUTIONS GROUP, INC. | |
| Plaintiff, | CIVIL ACTION |
| v. | |
| Sean Whalen, | C.A. NO.: |
| And | |
| Yingyin Iris Chen | |
| Defendants. | **CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

I, Laura Rossi, Esq., hereby certify that a true and correct copy of the foregoing Notice of Removal was served on December 30, 2019, via email and first-class mail, upon:

John Hartley, Esq.
Brian Smith, Esq.
Complete Business Solutions Group, Inc.
20 N. 3rd Street, Philadelphia, PA 19106
*Attorney for Plaintiff*

Laura Rossi

Dated: December 30, 2019

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division
# Civil Cover Sheet

For Prothonotary Use: MAY 2019

009385

| | |
|---|---|
| PLAINTIFF'S NAME: Complete Business Solutions Group, Inc | DEFENDANT'S NAME: Sean Whalen |
| PLAINTIFF'S ADDRESS: 20 N. 3rd Street Philadelphia PA 19106 | DEFENDANT'S ADDRESS: 705 West 9th Street, #3404 Los Angeles, CA 90015 |
| PLAINTIFF'S NAME: | DEFENDANT'S NAME: Yingyin Iris Chen |
| PLAINTIFF'S ADDRESS: | DEFENDANT'S ADDRESS: 705 West 9th Street, #3404 Los Angeles, CA 90015 |
| PLAINTIFF'S NAME: | DEFENDANT'S NAME: |
| PLAINTIFF'S ADDRESS: | DEFENDANT'S ADDRESS: |

TOTAL NUMBER OF PLAINTIFFS: 1

TOTAL NO. OF DEFENDANTS: 2

COMMENCEMENT OF ACTION:
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition Action
- [ ] Transfer From Other Jurisdictions
- [ ] Notice of Appeal

AMOUNT IN CONTROVERSY:
- [ ] $50,000.00 or less
- [x] More than $50,000.00

COURT PROGRAMS:
- [ ] Arbitration
- [ ] Jury
- [x] Non-Jury
- [ ] Other:
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Commerce (Completion of Addendum Required)
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

CASE TYPE AND CODE (SEE INSTRUCTIONS): 1C

STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS):

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER):

IS CASE SUBJECT TO COORDINATION ORDER? Yes [ ] No [ ]

FILED PRO PROTHY 2019 MAY 30 [illegible]

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:

Papers may be served at the address set forth below.

NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY: Brian H. Smith, Esq.

ADDRESS (SEE INSTRUCTIONS): Complete Business Solutions Group, Inc. 20 N. 3rd St Philadelphia PA 19106

PHONE NUMBER: 215-922-2636

FAX NUMBER:

SUPREME COURT IDENTIFICATION NO.: 65627

E-MAIL ADDRESS: BHSmith@parfunding.com

SIGNATURE: [signature]

DATE: 5/30/19

01-101 (Rev. 6/05)

Case ID: 190509385

# Instructions for Completing Civil Cover Sheet

Rules of Court require that a Civil Cover Sheet be attached to any document commencing an action (whether the action is commenced by Complaint, Writ of Summons, Notice of Appeal, or by Petition). The information requested is necessary to allow the Court to properly monitor, control and dispose cases filed. A copy of the Civil Cover Sheet must be attached to service copies of the document commencing an action. The attorney or non-represented party filing a case shall complete the form as follows:

A. Parties

i. *Plaintiffs/Defendants*
Enter names (last, first, middle initial) of plaintiff, petitioner or appellant ("plaintiff") and defendant. If the plaintiff or defendant is a government agency or corporation, use the full name of the agency or corporation. In the event there are more than three plaintiffs and/or three defendants, list the additional parties on the Supplemental Parties Form. Husband and wife are to be listed as separate parties.

ii. *Parties' Addresses*
Enter the address of the parties at the time of filing of the action. If any party is a corporation, enter the address of the registered office of the corporation.

iii. *Number of Plaintiffs/Defendants:* Indicate the total number of plaintiffs and total number of defendants in the action.

B. Commencement Type: Indicate type of document filed to commence the action.

C. Amount in Controversy: Check the appropriate box.

D. Court Programs: Check the appropriate box.

E. Case Types: Insert the code number and type of action by consulting the list set forth hereunder. To perfect a jury trial, the appropriate fees must be paid as provided by rules of court.

Proceedings Commenced by Appeal

Minor Court
- 5M Money Judgment
- 5L Landlord and Tenant
- 5D Denial Open Default Judgment
- 5E Code Enforcement
- Other:

Local Agency
- 5B Motor Vehicle Suspension - Breathalizer
- 5V Motor Vehicle Licenses, Inspections, Insurance
- 5C Civil Service
- 5K Philadelphia Parking Authority
- 5Q Liquor Control Board
- 5R Board of Revision of Taxes
- 5X Tax Assessment Boards
- 5Z Zoning Board
- 52 Board of View
- 51 Other:

Other:

Proceedings Commenced by Petition
- 8P Appointment of Arbitrators
- 8C Name Change - Adult
- 8L Compel Medical Examination
- 8D Eminent Domain
- 8E Election Matters
- 8F Forfeiture
- 8S Leave to Issue Subpoena
- 8M Mental Health Proceedings
- 8G Civil Tax Case - Petition
- Other:

*Actions Commenced by Writ of Summons or Complaint*

Contract
- 1C Contract
- 1T Construction
- 1O Other:

Tort
- 2B Assault and Battery
- 2L Libel and Slander
- 4F Fraud
- 1J Bad Faith
- 2E Wrongful Use of Civil Process
- Other:

Negligence
- 2V Motor Vehicle Accident
- 2H Other Traffic Accident
- 1F No Fault Benefits
- 4M Motor Vehicle Property Damage
- 2F Personal Injury - FELA
- 2O Other Personal Injury
- 2S Premises Liability - Slip & Fall
- 2P Product Liability
- 2T Toxic Tort
  - *7I Asbestos*
  - *7Z DES*
  - *72 Implant*
- 3E Toxic Waste
- Other:

Professional Malpractice
- 2D Dental
- 4L Legal
- 2M Medical
- 4Y Other:

1G Subrogation

Equity
- E1 No Real Estate
- E2 Real Estate
- 1D Declaratory Judgment
- M1 Mandamus

Real Property
- 3R Rent, Lease, Ejectment
- Q1 Quiet Title
- 3D Mortgage Foreclosure - Residential Owner Occupied
- 3F Mortgage Foreclosure - Not Residential Not Owner Occupied
- 1L Mechanics Lien
- P1 Partition
- Prevent Waste
- 1V Replevin

1H Civil Tax Case - Complaint

Other:

F. Commerce Program
Commencing January 3, 2000 the First Judicial District instituted a Commerce Program for cases involving corporations and corporate law issues, in general. If the action involves corporations as litigants or is deemed a Commerce Program case for other reasons, please check this block AND complete the information on the "Commerce Program Addendum". For further instructions, see Civil Trial Division Administrative Docket 01 of 2000.

G. Statutory Basis for Cause of Action
If the action is commenced pursuant to statutory authority ("Petition Action"), the specific statute must be identified.

H. Related Pending Cases
All previously filed related cases, regardless of whether consolidated by Order of Court or Stipulation, must be identified.

I. Plaintiff's Attorney
The name of plaintiff's attorney must be inserted herein together with other required information. In the event the filer is not represented by an attorney, the name of the filer, address, the phone number and signature is required.

The current version of the Civil Cover Sheet may be downloaded from the FJD's website http://courts.phila.gov

COMPLETE BUSINESS SOLUTIONS GROUP, INC.
BY: BRIAN H. SMITH, ESQUIRE
Supreme Court I.D. No. 65627
20 N. 3rd Street
Philadelphia, PA 19106
tel. 215-922-2636

Filed and Attested by the Office of Judicial Records 01 AUG 2019 03:32 pm M. RUSSO

*Attorney for Plaintiff*

| | |
|---|---|
| COMPLETE BUSINESS SOLUTIONS GROUP, INC.<br>20 North Third Street<br>Philadelphia, PA 19106<br><br>Plaintiff<br><br>v.<br><br>SEAN WHALEN<br>705 West 9th Street #3404<br>Los Angeles, CA 90015<br><br>and<br><br>YINGYIN IRIS CHEN<br>705 West 9th Street #3404<br>Los Angeles, CA 90015<br><br>Defendants | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br><br>MAY 2019<br><br>009385<br><br>No: |

**NOTICE TO DEFEND**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**Philadelphia Bar Association**
**Lawyer Referral**
**and Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333**

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE UN ABOGADO, LLAME O VAYA A LA SIGUIENTE OFICINA. ESTA OFICINA PUEDE PROVEERLE INFORMACION A CERCA DE COMO CONSEGUIR UN ABOGADO.**

**SI USTED NO PUEDE PAGAR POR LOS SERVICIOS DE UN ABOGADO, ES POSIBLE QUE ESTA OFICINA LE PUEDA PROVEER INFORMACION SOBRE AGENCIAS QUE OFREZCAN SERVICIOS LEGALES SIN CARGO O BAJO COSTO A PERSONAS QUE CUALIFICAN.**

**Philadelphia Bar Association**
**Lawyer Referral**
**and Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333**

COMPLETE BUSINESS SOLUTIONS GROUP, INC.
BY: BRIAN H. SMITH, ESQUIRE
Supreme Court I.D. No. 65627
20 N. 3rd Street
Philadelphia, PA 19106
tel. 215-922-2636

*Attorney for Plaintiff*

| | |
|---|---|
| COMPLETE BUSINESS SOLUTIONS GROUP, INC.<br>20 North Third Street<br>Philadelphia, PA 19106<br><br>Plaintiff<br><br>v.<br><br>SEAN WHALEN<br>705 West 9th Street #3404<br>Los Angeles, CA 90015<br><br>and<br><br>YINGYIN IRIS CHEN<br>705 West 9th Street #3404<br>Los Angeles, CA 90015<br><br>Defendants | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br><br>No: |

**COMPLAINT**
**(1C-Contract)**

1. Plaintiff is Complete Business Solutions Group, Inc. d/b/a Par Funding ("Plaintiff" or "CBSG"), doing business at 20 North Third Street, Philadelphia, Pennsylvania, 19106.

2. Defendant, Sean Whalen, is an adult individual with a last known address of 705 West 9th Street #3404, Los Angeles, CA 90015.

3. Defendant, Yingyin Iris Chen, is an adult individual with a last known address of 705 West 9th Street #3404, Los Angeles, CA 90015.

4. On various dates between September 12, 2018 and December 28, 2018, Defendants' business entit(ies),

Flexogenix Group Inc. d/b/a Flexogenix North Carolina, PC d/b/a Flexogenix Georgia, PC d/b/a Flexogenix, Inc. d/b/a Flexogenix PC (collectively, "Flexogenix") entered into a series of factoring agreements with Plaintiff for the purchase and sale of business receivables (collectively, the "Agreements"). Copies of the Agreements are attached hereto, collectively, as Exhibit "A", and the provisions of same are hereby incorporated by reference as if fully set forth.

5. Each of the Agreements provides that Flexogenix must deliver to Plaintiff the receivables purchased under each Agreement.

6. All of the Agreements are currently in breach, because Flexogenix has failed to deliver to Plaintiff the receivables purchased thereunder.

7. For each of the Agreements, Defendants signed a guaranty, guaranteeing the performance of Flexogenix under each Agreement. See Exhibit "A" hereto.

8. Flexogenix is currently in bankruptcy, and thus Plaintiff cannot proceed against Flexogenix to recover the receivables purchased.

9. A total balance of $3,976,988.05 in receivables purchased (the "Receivables Balance") is currently due under the Agreements.

10. Defendants, by and through their guarantys, are responsible and liable for payment of the Receivables Balance.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Defendants, individually, jointly, and severally, for the sum of $3,976,988.05, plus costs and such other relief as the Court deems just and proper.

**COMPLETE BUSINESS SOLUTIONS GROUP, INC.**

By: ______________________
Brian H. Smith, Esquire
Attorney for Plaintiff

**VERIFICATION**

Joe Cole hereby states that he is the Chief Financial Officer with authority to act on behalf of Complete Business Solutions Group, Inc. and, having reviewed the facts and averments contained in the attached Complaint, verifies that said facts and averments are true and correct to the best of his knowledge, information, and belief. The language of the Complaint is that of counsel and not of signer. This Verification is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Joe Cole, Chief Financial Officer

**CERTIFICATION**

I certify that the instant filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Counsel for Plaintiff

# EXHIBIT "A"

CBSG

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**ACKNOWLEDGEMENT**

**We, YINGYIN IRIS CHEN and SEAN WHALEN, hereby acknowledge:**

- **There has been no promise of additional capital in 30 days from funding by CBSG or any ISO (broker).**
  - **Our policy is that merchants can seek additional capital from us when they have paid 55% of the Receipts Purchased Amount.**
- **That CBSG does not permit outside fees and that no one has discussed additional fees with me. The fee amount for this agreement is $4,995.00, which will be held back from the funding amount.**
- **There has not been and will not any contact from Third Party debt companies regarding this Factoring Agreement dated SEPTEMBER 12, 2018.**

**We, the undersigned, acknowledge that we are in agreement with these items, which are also described in detail within the pages of this document.**

| | |
|---|---|
| ______________ **Signature** | 9/12/18 **Date** |
| ______________ **Signature** | 9/12/18 **Date** |

**I, YINGYIN IRIS CHEN and SEAN WHALEN, hereby acknowledge:**

- **Additional Funding/"Stacking" Fee: 15% of Advance Amount – If the MERCHANT/GUARANTOR takes additional funding at any point after being funded by CBSG, without prior notice to and consent by CBSG, a fee amounting to 15% of the amount of the advance shall automatically be added to the payback amount of the advance. CBSG reserves the right to declare the account in default, at any point after learning such "stacking" has occurred; regardless of the payments made by the MERCHANT/GUARANTOR, with the filing of the Confession of Judgement in a court of competent jurisdiction.**

**I, the undersigned, acknowledge that I am in agreement with these items, which are also described in detail within the pages of this document.**

| | |
|---|---|
| ______________ **Signature** | 9/12/18 **Date** |
| ______________ **Signature** | 9/12/18 **Date** |

 *Merchant Initials* SW *Merchant Initials* IC

Case ID: 190509385

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

# FACTORING AGREEMENT

**Dated the 12TH day of SEPTEMBER, 2018 by and between Complete Business Solutions Group, Inc. ("CBSG" and/or "PURCHASER") and the "SELLER/MERCHANT" listed below (as "Seller/Merchant" or "the Merchant").**
**Business Legal Name: FLEXOGENIX GROUP INC**
**D/B/A: FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC**
**Type of entity (check one) [X] Corporation [] LLC [] Limited Partnership [] Limited Liability Partnership [] Sole Proprietor**
**Physical Address: 1000 S HOPE STREET, STE 103, LOS ANGELES, CA 90015**
**Mailing Address: 1000 S HOPE STREET, STE 103, LOS ANGELES, CA 90015**
[redacted]

## PURCHASE AND SALE OF FUTURE RECEIPTS WITH SELLER RECOURSE

**Seller/Merchant hereby sells, assigns and transfers to CBSG (making CBSG the absolute owner) in consideration of the funds provided ("Purchase Price") specified below,** all of Seller/Merchant's future receipts, accounts, contract rights and other obligations arising from or relating to the payment of monies from Seller/Merchant's customers' and/or other third party payers (collectively the "Receipts" defined as all payments made by cash, check, credit or debit card, electronic transfer or other form of monetary payment in the ordinary course of the merchant's business) until such time as the "Receipts Purchased Amount (RPA)" has been delivered by Seller/Merchant to CBSG.

**THIS IS A FACTORING AGREEMENT WITH RECOURSE.**
The Purchased Amount shall be paid to CBSG by Seller/Merchant's irrevocably authorizing only one depositing account acceptable to CBSG (the "Account") to remit the Daily **Specified Amount** from the Seller/Merchant's receipts until such time as CBSG receives payment in full of the Receipts Purchased Amount. In consideration of servicing the account, the Seller/Merchant hereby authorizes CBSG to ACH debit the "Specified Daily Amount" from the merchant's bank account, as an approximation of the base payment due under the Specified Percentage. It is the Seller/Merchant's responsibility to provide bank statements for any and all bank accounts by the Merchant to reconcile the daily payments made against the Daily Specified Amount. Failure to provide all of their bank statements in a timely manner or missing a month shall forfeit all rights to future reconciliations. CBSG may, upon Seller/Merchant's request, adjust the amount of any payment due under this Agreement at CBSG's sole discretion and as it deems appropriate in servicing this Agreement. Seller/Merchant warrants that it will ensure that funds adequate to cover the amount to be debited by CBSG remains in the account. Seller/Merchant will be held responsible for any fees incurred by CBSG resulting from a rejected ACH attempt or an event of default. (See Appendix A). CBSG is not responsible for any overdrafts or rejected transactions in the Seller/Merchants account which may result from CBSG's scheduled ACH debit under the terms of this agreement. Notwithstanding anything to the contrary in this Agreement or any other agreement between CBSG and Seller/Merchant, upon the violation of any provision contained in Sections I and II of the FACTORING AGREEMENT, shall be deemed a breach of the representations and warranties contained herein. A list of all fees applicable under this FACTORING AGREEMENT is contained in Appendix A.

**Purchase Price: $900,000.00 Specified Percentage: 10% Daily Specified Amount: $6,331.06 for 199 days Receipts Purchased Amount: $1,260,000.00**
****If Paid in 60 Installments Receipts Purchased Amount: $1,080,000.00**

**THE TERMS, DEFINITIONS, CONDITIONS AND INFORMATION SET FORTH ON PAGES 2 THROUGH 12 HEREOF ARE HERBY INCORPORATED HEREIN AND MADE A PART OF THIS FACTORING AGREEMENT.**

FOR THE SELLER/MERCHANT
By: YINGYIN IRIS CHEN, OWNER
Name and Title
X ______________________
(Seller/Merchant Signature)

FOR THE SELLER/MERCHANT
By: YINGYIN IRIS CHEN, OWNER
Name and Title
X ______________________
(Seller/Merchant Signature)

FOR THE SELLER/MERCHANT
By: SEAN WHALEN, OWNER
Name and Title
X ______________________
(Seller/Merchant Signature)

FOR THE SELLER/MERCHANT
By: SEAN WHALEN, OWNER
Name and Title
X ______________________
(Seller/Merchant Signature)

**COMPLETE BUSINESS SOLUTIONS GROUP, INC.**

By ______________________
Company Officer

To the extent set forth herein, each of the parties is obligated upon his/ her or its execution of the Agreement to all terms of the Agreement, including the Additional Terms set forth below. Each individual executing this Agreement represents that he or she is authorized to sign this Agreement for Merchant, legally binding said Merchant to honor the terms of this obligation and that the information provided herein and in all of CBSG documents, forms and recorded interviews is true, accurate and complete in all respects. If any such information is false or misleading, Merchant shall be deemed in material breach of all agreements and the representations and warranties contained herein between Merchant and CBSG and CBSG shall be entitled to all remedies available under law. Merchant and each of the above-signed Officers/ Owners authorizes CBSG, its agents and representatives and any credit-reporting agency engaged by CBSG, to (i) investigate any references given or any other

 *Merchant Initials* SW *Merchant Initials* IC Case ID: 190509385

CBSG
22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

statements or data obtained from or about Merchant or any of its Owners for the purpose of this Agreement, and (ii) pull credit report at any time now or for so long as Merchant and/Owner(s) continue to have any obligation owed to CBSG.

**ANY MISREPRESENTATION MADE BY SELLER/MERCHANT OR OWNER IN CONNECTION WITH THIS AGREEMENT MAY CONSTITUTE A SEPARATE CAUSE OF ACTION FOR FRAUD OR INTENTIONAL MISREPRESENTATION**

**FACTORING AGREEMENT TERMS AND CONDITIONS**

**1. GENERAL TERMS OF AGREEMENT (MUTUAL REPRESENTATIONS AND WARRANTIES)**

**1.1 Electronic Fund Transfer.** Upon request from PURCHASER ("hereinafter CBSG or Purchaser") Seller/Merchant ("hereinafter Merchant") shall execute such forms or agreements acceptable to PURCHASER, with Bank acceptable to PURCHASER, to obtain electronic fund transfer services. Merchant shall provide PURCHASER, and/or its authorized agent with all the information, authorization and passwords necessary for verifying Merchant's receivable, receipts and deposits into the account Merchant shall authorize PURCHASER and/or it's agent to deduct the amounts owed to PURCHASER for the Receipts as specified herein from settlement amounts which would otherwise be due to Merchant from electronic check transactions and to pay such amounts to PURCHASER by permitting PURCHASER to withdraw the SPECIFIED DAILY AMOUNT by ACH debiting of the account. The authorization shall be irrevocable without the written consent of PURCHASER.

**1.2 Deposit Agreement.** Seller/Merchant shall execute an agreement (the "Deposit Agreement") acceptable to PURCHASER, with a Bank acceptable to PURCHASER, to obtain electronic fund transfer services. Merchant shall provide PURCHASER and/or its authorized agent with all of the information, authorizations and passwords necessary for verifying Merchant's receivables, receipts and deposits into the account. Merchant shall authorize PURCHASER and/or it's agent to deduct the amounts owed to PURCHASER for the Receipts as specified herein from settlement amounts which would otherwise be due to Merchant from electronic check transactions and to pay such amounts to PURCHASER by permitting PURCHASER to withdraw the specified percentages by ACH debiting of the account. The authorization shall be irrevocable without the written consent of PURCHASER

**1.3 Term of Agreement.** This Agreement shall have a term as set forth above. Upon the expiration of the term, this Agreement shall automatically renew for successive similar terms, provided, however, that during the renewal term(s) Merchant may terminate this Agreement upon ninety days' prior written notice (effective upon receipt) to PURCHASER. The termination of this Agreement shall not affect Merchant's responsibility to satisfy all outstanding obligations to PURCHASER at the time of termination.

**1.4 Future Purchases.** **PURCHASER** reserves the right to rescind the offer to make any purchase payments hereunder, in its sole discretion.

**1.5 Financial Condition. Merchant authorize PURCHASER and its agents to investigate their financial responsibility and history, and will provide to PURCHASER any bank or financial statements, tax returns, etc., as PURCHASER deems necessary prior to or at any time after execution of this Agreement. A photocopy of this authorization will be deemed as acceptable for release of financial information. PURCHASER is authorized to update such information and financial profiles from time to time as it deems appropriate.**

**1.6 Transactional History.** Merchant authorizes their bank to provide PURCHASER with Merchant's banking or processing history to determine qualification or continuation in this program.

**1.7 Indemnification.** Merchant jointly and severally indemnify and hold harmless Processor, its officers, directors and shareholders against all losses, damages, claims, liabilities and expenses (including reasonable attorney's fees)

incurred by Processor resulting from (a) claims asserted by PURCHASER for monies owed to PURCHASER from Merchant and (b) actions taken by Processor in reliance upon information or instructions provided by PURCHASER.

**1.8 No Liability.** In no event will CBSG be liable for any claims asserted by Merchant under any legal theory for lost profits, lost revenues, lost business opportunities, exemplary, punitive, special, incidental, indirect or consequential damages, each of which is waived by Merchant.

**1.9 Reliance on Terms.** Section 1.1, 1.7, 1.8 and 2.5 of this Agreement are agreed to for the benefit of Merchant, PURCHASER and Processor, and notwithstanding the fact that Processor is not a party of this Agreement, Processor may rely upon their terms and raise them as a defense in any action.

**1.10 Sale of Receipts.** Merchant and CBSG agree that the Purchase Price under this Agreement is in exchange for the Purchased Amount and that such Purchase Price is not intended to be, nor shall it be construed as a loan from PURCHASER to Merchant. Merchant agrees that the Purchase Price is in exchange for Future Receipts pursuant to this Agreement equals the fair market value of such Receipts. PURCHASER has purchased and shall own all the Receipts described in this Agreement up to the full Purchased Amount as the Receipts are created. Payments made to PURCHASER with respect to the full amount of the Receipts shall be conditioned upon Merchant's sale of products and services and the payment therefore by Merchant's customers in the manner provided in Section 1.1. IN NO EVENT SHALL THE AGGREGATE OF THE AMOUNTS RECEIVED BE DEEMED AS INTEREST HEREUNDER. In the event that a court determines that PURCHASER has charged or received interest hereunder, and that said amount is in excess of the highest applicable rate, the rate in effect hereunder shall automatically be reduced to the maximum rate permitted by applicable law and PURCHASER shall promptly refund to Merchant any interest received by PURCHASER in excess of the maximum lawful rate, it being intended that Merchant not pay or contract to pay, and that PURCHASER not receive or contract to receive, directly or indirectly in any manner whatsoever, interest in excess of that which may be paid by Merchant under applicable law. MERCHANT ACKNOWLEDGES THAT PENNSYLVANIA LAW APPLIES TO THE WITHIN AGREEMENT.

**1.11 Monthly Assessment of Merchant Cash Flow** Merchant hereby authorizes PURCHASER to initiate one or more ACH debits at the specified "Daily Retrieval Rate" from the Account as an approximation of the base payment due under the Specified Percentage. It is the Merchant's responsibility to provide financial information (e.g. bank statements, credit card processing statements, general ledger) regarding its gross receivables, to reconcile the daily payments made against the Specified Percentage, permitting PURCHASER to debit or credit the difference to Merchant on a monthly basis so that the Daily Retrieval Rate equals the Specified Percentage.

**1.12 Power of Attorney** Merchant irrevocably appoints PURCHASER as its agent and attorney-in-fact with full authority to take any action or execute any instrument or document to settle all obligations due to PURCHASER from Processor, or in the case of a violation by Merchant of Section 1.12 or the occurrence of an Event of Default under Section 4 hereof, from Merchant, under this Agreement, including without limitation (i) to obtain and adjust insurance; (ii) to collect monies due or to become due under or in respect of any of the Collateral; (iii) to receive, endorse and collect any checks, notes, drafts, instruments, documents or chattel paper in connection with clause (i) or clause (ii) above; (iv) to sign Merchant's name on any invoice, bill of lading, or assignment directing customers or account debtors to make payment directly to PURCHASER; and (v) to file any claims or take any action or institute any proceeding which PURCHASER may deem necessary for the collection of any of the unpaid Purchased Amount from the Collateral, or otherwise to enforce its rights with respect to payment of the Purchased Amount.

**1.13 Protections Against Default.** Merchant represents and warrants that it will not violate Conditions (a) through (e) below and in the event of default thereunder the following Protections 1 through 8 may be invoked by PURCHASER, immediately and without notice to Merchant in the event: (a) Merchant takes any action to discourage the use of electronic check processing that are settled through Processor, or permits any event to occur that could have an adverse effect on the use, acceptance, or authorization of checks for the purchase of Merchant's services and products including but not limited to direct deposit of any checks into a bank account without scanning into the PURCHASER electronic check processor; (b) Merchant changes its arrangements with Processor in any way that is adverse to PURCHASER; (c) Merchant changes the electronic check processor through which the Receipts are settled from Processor to another electronic check processor, or permits any event to occur that could cause diversion of any of Merchant's check transactions to another processor; (d) Merchant interrupts the operation of this business (other than adverse weather, natural disasters or acts of God) transfers, moves, sells, disposes, transfers or otherwise conveys its business or assets without (i) the express prior written consent of PURCHASER, and (ii) the written agreement of any purchaser or transferee to the assumption of all of Merchant's obligations under this Agreement pursuant to documentation satisfactory to PURCHASER; or (e) Merchant takes any action, fails to take any action, or offers any incentive—economic or otherwise—the result of which will be to induce any customer or customers to pay for Merchant's services with any means other than checks that are settled through Processor. These protections are in addition to any other remedies available to PURCHASER at law, in equity or otherwise pursuant to this Agreement.

Protection 1. The full uncollected Purchase Amount plus all fees due under this Agreement and the attached Security Agreement become due and payable in full immediately.

Protection 2. Upon breach of ANY MATERIAL PROVISION OR BREACH OF REPRESENTATIONS AND WARRANTIES in this Agreement, PURCHASER may enter that confession of judgment (judgment) with the Clerk of the Court and execute thereon.



Merchant Initials SW Merchant Initials IC Case ID: 190509385

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

Protection 3. Purchaser may enforce its security interest in the Collateral identified in Article III hereof.
Protection 4. The entire Unpaid Purchase Amount shall become immediately refundable to PURCHASER from Merchant.
Protection 5. Purchaser may proceed to protect and enforce its rights and remedies by lawsuit. In any such lawsuit, in which Purchaser shall recover judgment against Merchant, Merchant shall be liable for the full costs of PURCHASER'S legal action, including all reasonable attorneys' fees and court costs.
Protection 6. Merchant shall, upon execution of this Agreement, deliver to PURCHASER an **executed assignment of lease of Merchant's premises** in favor of CBSG. Upon breach of any provision in this paragraph 1.13, PURCHASER may exercise its rights under such assignment of lease.
Protection 7. PURCHASER may debit Merchant's depository accounts wherever situated by means of ACH debit or facsimile signature on a computer-generated check drawn on Merchant's bank account.
Protection 8. In the event Merchant changes or permits the change of the Processor approved by CBSG, or adds an additional Processor, in violation of Section 1.11 above, CBSG shall have the right, without waiving any of its rights and remedies and without notice to Merchant, to notify the new or additional Processor of the sale of the Receipts hereunder and to direct such new or additional Processor to make payment directly to CBSG of all or any portion of the amount received by such Processor.

**1.14 Protection of Information.** Merchant and each person signing this Agreement on behalf of Merchant and/or as Owner, in respect of himself or herself personally, authorizes PURCHASER to disclose information concerning Merchant's and each Owner's credit standing (including credit bureau reports that PURCHASER obtains) and business conduct only to agents, affiliates, subsidiaries, and credit reporting bureaus. Merchant and each Owner hereby waives to the maximum extent permitted by law any claim for damages against PURCHASER or any of its affiliates relating to any (i) investigation undertaken by or on behalf of PURCHASER as permitted by this Agreement or (ii) disclosure of information as permitted by this Agreement.

**1.15 Confidentiality.** Merchant understands and agrees that the terms and conditions of the products and services offered by PURCHASER, including this Agreement and any other PURCHASER documentations (collectively, "Confidential Information") are proprietary and confidential information of PURCHASER. Accordingly, unless disclosure is required by law or court order, Merchant shall not disclose Confidential Information of PURCHASER to any person other than an attorney, accountant, financial advisor or employee of Merchant who needs to know such information for the purpose of advising Merchant ("Advisor"), provided such Advisor uses such information solely for the purpose of advising Merchant and first agrees in writing to be bound by the terms of this Section 1.13.

**1.16 D/B/A's.** Merchant hereby acknowledges and agrees that PURCHASER may be using "doing business as" or "d/b/a" names in connection with various matters relating to the transaction between PURCHASER and Merchant, including the filing of UCC-1 financing statements and other notices or filings.

**II. MERCHANT REPRESENTATIONS, WARRANTIES AND COVENANTS** Merchant represents, warrants and covenants that as of this date and during the term of this Agreement:

**2.1 Financial Condition and Financial Information.** Bank and financial statements, and future statements furnished to PURCHASER, fairly represent the financial condition of Merchant at such dates. Merchant has a continuing, affirmative obligation to advise PURCHASER of any material or adverse change in its financial condition, operation or ownership. PURCHASER may request statements at any time during the performance of this Agreement and the Merchant shall provide them to PURCHASER within 5 business days. Merchant's failure to do so is a material breach of this Agreement.

**2.2 Governmental Approvals.** Merchant is in compliance and shall comply with all laws and has valid permits, authorizations and licenses to own, operate and lease its properties and to conduct the business in which it is presently engaged.

**2.3 Authorization.** Merchant, and the person(s) signing this Agreement on behalf of Merchant, have full power and authority to incur and perform the obligations under this Agreement, all of which have been duly authorized.

**2.4 Insurance.** Merchant will maintain business-interruption insurance naming CBSG as loss payee and additional insured in amounts and against risks as are satisfactory to PURCHASER and shall provide PURCHASER proof of such insurance upon request.

**2.5 Electronic Check Processing Agreement.** Merchant will not change its processor, add terminals, change its financial institution or bank account(s) or take any other action that could have any adverse effect upon Merchant's obligations under this Agreement, without PURCHASER'S prior written consent. Any such change shall be a material breach of this Agreement.

**2.6 Change of Name or Location.** Merchant will not conduct Merchant's businesses under any name other than as disclosed to the Processor and PURCHASER or change any of its places of business.

**2.7 Daily Batch Out.** Merchant will batch out receipts with the Processor on a daily basis.

**2.8 Estoppel Certificate.** Merchant will at any time, and from time to time, upon at least one (1) day's prior notice from PURCHASER to Merchant, execute, acknowledge and deliver to PURCHASER and/or to any other person, person firm or corporation specified by PURCHASER, a statement certifying that this Agreement is unmodified and in full force and effect (or, if there have been modifications, that the same is in full force and effect as modified and stating the modifications) and stating the dates which the Purchased Amount or any portion thereof has been repaid.

**2.9 No Bankruptcy.** As of the date of this Agreement, Merchant does not contemplate and has not filed any petition for bankruptcy protection under Title 11 of the United States Code and there has been no involuntary petition brought or pending against Merchant. Merchant further warrants that it does not anticipate filing any such bankruptcy petition and it does not anticipate that an involuntary petition will be filed against it. In the event that the Merchant files for bankruptcy protection or is placed under an involuntary filing Protections 2 and 3 are immediately invoked.

**2.10 Working Capital Funding.** Merchant shall not enter into any arrangement, agreement or commitment that relates to or involves the Receipts, whether in the form of a purchase of, a loan against, collateral against or the sale or purchase of credits against, Receipts or future check sales with any party other than PURCHASER.

**2.11 Unencumbered Receipts.** Merchant has good, complete and marketable title to all Receipts, free and clear of any and all liabilities, liens, claims, changes, restrictions, conditions, options, rights, mortgages, security interests, equities, pledges and encumbrances of any kind or nature whatsoever or any other rights or interests that may be inconsistent with the transactions contemplated with, or adverse to the interests of PURCHASER.

**2.12 Business Purpose.** Merchant is a valid business in good standing under the laws of the jurisdictions in which it is organized and/or operates, and Merchant is entering into this Agreement FOR BUSINESS PURPOSES ONLY and not as a consumer for personal, family or household purposes.

**2.13 Default under Other Contracts.** Merchant's execution of and/or performance under this Agreement will not cause or create an event of default by Merchant under any contract with another person or entity.

**2.14 3rd Party Negotiators with Regard to This Agreement and the Obligations Herein.** Merchant hereby agrees not to retain any 3rd party negotiators, consolidators, or credit relief agencies with regard to its obligations under the terms of this Agreement. Merchant will maintain and allow direct communication with PURCHASER at all times during the course of this Agreement and shall not engage any 3rd party to negotiate its obligations as stated in this Agreement. Should Merchant violate this subsection 2.14, Merchant will be liable for the additional fee as specific in the attached Appendix A.

**III. EVENTS OF BREACH OF REPRESENTATIONS, WARRANTIES, AND COVENANTS AND REMEDIES**

**3.1 Events of Breach of Representations, Warranties and Covenants.** The occurrence of any of the following events shall constitute an "Event of a Breach of Representations, Warranties, and Covenants" hereunder: (a) Merchant shall violate any term or covenant in this Agreement; (b) Any representation or warranty by Merchant in this Agreement shall prove to have been incorrect, false or misleading in any material respect when made; (c) Merchant shall admit in writing its inability to pay its debts, or shall make a general assignment for the benefit of creditors; or any proceeding shall be instituted by or against Merchant seeking to adjudicate it a bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, or composition of it or its debts; (d) the sending of notice of termination by MERCHANT; (e) Merchant shall transport, move, interrupt, suspend, dissolve or terminate its business; (f) Merchant shall transfer or sell all or substantially all of its assets; (h) Merchant shall make or send notice of any intended bulk sale or transfer by Merchant; (i) Merchant shall use multiple depository accounts without the prior written consent of PURCHASER; (j) Merchant shall change its depositing account without the prior written consent of PURCHASER; (k) Merchant shall perform any act that reduces the value of any Collateral granted under this Agreement; (l) Merchant shall engage a third party to renegotiate the terms of this Agreement on Merchant's behalf; (m) Merchant shall engage a third party in an attempt to cease direct communication and/or contact with PURCHASER; or (n) Merchant shall default under any of the terms, covenants and conditions of any other agreement with PURCHASER.

**3.2 Remedies.** In case any Event of a Breach of Representations, Warranties and Covenants, Default occurs and is not waived pursuant to Section 4.4 hereof, PURCHASER may proceed to protect and enforce its rights or remedies by suit in equity or by action at law, or both, whether for the specific performance of any covenant, agreement or other provision contained



*Merchant Initials* SW *Merchant Initials* IC

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

herein, or to enforce the discharge of Merchant's obligations hereunder or any other legal or equitable right or remedy. IN THE EVENT OF VIOLATION OF THE REPRESENTATIONS AND WARRANTIES BY MERCHANT, PURCHASER may also file a Complaint in Confession of Judgment pursuant to the Warrant of Attorney contained herein. All rights, powers and remedies of PURCHASER in connection with this Agreement may be exercised at any time by PURCHASER after the occurrence of an Event of Default, are cumulative and not exclusive, and shall be in addition to any other rights, powers or remedies provided by law or equity.

**3.3 Consent to Sale/Transfer of Interest**: In event of MERCHANT breach of warranties, covenants and representations under this Agreement, Merchant consents to PURCHASER'S sale or transfer of its remaining interests in MERCHANT'S receivables to a third party buyer of defaulted financial obligations and instruments. More specifically, MERCHANT recognizes PURCHASER'S authority to sell its interests in said receivables to New York Unity Factor, LLC ("NYUF") which MERCHANT authorizes to pursue legal remedies in NYUF's home State of New York in the event of a breach of the warranties, covenants, and representations stated under this Agreement.

**3.4 WARRANT OF ATTORNEY TO CONFESS JUDGMENT. UPON THE OCCURRENCE OF A VIOLATION OF THE REPRESENTATIONS AND WARRANTIES MADE HERETOFORE BY MERCHANT, MERCHANT IRREVOCABLY AUTHORIZE AND EMPOWER ANY ATTORNEY OR ANY CLERK OF ANY COURT OF RECORD, TO APPEAR FOR AND CONFESS JUDGMENT AGAINST MERCHANT FOR SUCH SUMS AS ARE DUE AND/OR MAY BECOME DUE UNDER THIS MERCHANT AGREEMENT OR ANY ACCOMPANYING DOCUMENTS, WITH OR WITHOUT DECLARATION, WITH COSTS OF SUIT, WITHOUT STAY OF EXECUTION AND WITH AN AMOUNT, FOR LIEN PRIORITY PURPOSES, EQUAL TO TEN PERCENT (10%) OF THE AMOUNT OF SUCH JUDGMENT, BUT NOT LESS THAN ONE THOUSAND DOLLARS ($1,000.00), ADDED FOR ATTORNEYS' COLLECTION FEES, WITH THE ACTUAL AMOUNT OF ATTORNEY'S FEES AND COSTS TO BE DETERMINED IN ACCORDANCE WITH THE SECTION OF THIS MERCHANT AGREEMENT "ATTORNEY'S FEES AND COLLECTION COSTS." TO THE EXTENT PERMITTED BY LAW, MERCHANT: (1) WAIVE THE RIGHT OF INQUISITION ON ANY REAL ESTATE LEVIED ON, VOLUNTARILY CONDEMNS THE SAME, AUTHORIZES THE PROTHONOTARY OR CLERK TO ENTER UPON THE WRIT OF EXECUTION THIS VOLUNTARY CONDEMNATION AND AGREES THAT ANY REAL ESTATE MAY BE SOLD ON A WRIT OF EXECUTION; (2) WAIVE AND RELEASE ALL RELIEF FROM ALL APPRAISEMENT, STAY, EXEMPTION OR APPEAL LAWS OF ANY STATE NOW IN FORCE OR HEREINAFTER ENACTED; AND (3) RELEASE ALL ERRORS IN SUCH PROCEEDINGS. IF A COPY OF THIS MERCHANT AGREEMENT, VERIFIED BY AFFIDAVIT BY OR ON BEHALF OF PURCHASER SHALL HAVE BEEN FILED IN SUCH ACTION, IT SHALL NOT BE NECESSARY TO FILE THE ORIGINAL MERCHANT AGREEMENT AS A WARRANT OF ATTORNEY. THE AUTHORITY AND POWER TO APPEAR FOR AND CONFESS JUDGMENT AGAINST MERCHANT SHALL NOT BE EXHAUSTED BY THE INITIAL EXERCISE THEREOF AND MAY BE EXERCISED AS OFTEN AS PURCHASER SHALL FIND IT NECESSARY AND DESIRABLE AND THIS BUSINESS CASH ADVANCE AND SECURITY AGREEMENT SHALL BE A SUFFICIENT WARRANT THEREFOR. PURCHASER MAY CONFESS ONE OR MORE JUDGMENTS IN THE SAME OR DIFFERENT JURISDICTIONS FOR ALL OR ANY PART OF THE AMOUNTS OWING HEREUNDER, WITHOUT REGARD TO WHETHER JUDGMENT HAS THERETOFORE BEEN CONFESSED ON MORE THAN ONE OCCASION FOR THE SAME AMOUNTS. IN THE EVENT ANY JUDGMENT CONFESSED AGAINST THE MERCHANT HEREUNDER IS STRICKEN OR OPENED UPON APPLICATION BY OR ON MERCHANT'S BEHALF FOR ANY REASON, PURCHASER IS HEREBY AUTHORIZED AND EMPOWERED TO AGAIN APPEAR FOR AND CONFESS JUDGMENT AGAINST MERCHANT FOR ANY PART OR ALL OF THE AMOUNTS OWED HEREUNDER, AS PROVIDED FOR HEREIN, IF DOING SO WILL CURE ANY ERRORS AND DEFECTS IN SUCH PRIOR PROCEEDINGS.**

**3.41 NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FACTORING AGREEMENT, THE CONFESSION OF JUDGMENT, THE SECURITY AGREEMENT, OR ANY OTHER DOCUMENTS EXECUTED BY MERCHANT IN CONNECTION WITH THE ADVANCE OF FUNDS TO SELLER, ALL PARTIES ACKNOWLEDGE THAT RECOURSE TO THE MERCHANT AND THE MERCHANT'S ASSETS IS PERMITTED ONLY FOR BREACHES OF THE REPRESENTATIONS AND WARRANTIES MADE BY THE SELLER IN THE FACTORING AGREEMENT.**

**3.5 Costs.** Merchant shall pay to PURCHASER all reasonable costs associated with (a) a breach by Merchant of the Covenants in this Agreement and the enforcement thereof, and (b) the enforcement of PURCHASER'S remedies set forth in Section 4.2 above, including but not limited to court costs and attorneys' fees.

**3.6 Required Notifications.** Merchant is required to give PURCHASER written notice within 24 hours of any filing under Title 11 of the United States Code. Merchant is required to give PURCHASER seven days' written notice prior to the closing of any sale of all or substantially all of the Merchant's assets or stock.

**IV. MISCELLANEOUS**

**4.1 Modifications; Agreements.** No modification, amendment, waiver or consent of any provision of this Agreement shall be effective unless the same shall be in writing and signed by PURCHASER.

**4.2 Assignment.** PURCHASER may assign, transfer or sell its rights to receive the Purchased Amount or delegate its duties hereunder, either in whole or in part.

**4.3 Notices.** All notices, requests, consent, demands and other communications hereunder shall be delivered by certified mail, return receipt requested, to the respective parties to this Agreement at the addresses set forth in this Agreement and shall become effective only upon receipt.

**4.4 Waiver Remedies.** No failure on the part of PURCHASER to exercise, and no delay in exercising, any right under this Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any right under this Agreement preclude any other or further exercise thereof or the exercise of any other right. The remedies provided hereunder are cumulative and not exclusive of any remedies provided by law or equity.

**4.5 Merchant/Guarantor(s) barred from transfer.** This Agreement shall be binding upon and inure to the benefit of Merchant, PURCHASER and their respective successors and assigns, except that Merchant shall not have the right to assign its rights hereunder or any interest herein without the prior written consent of PURCHASER which consent may be withheld in PURCHASER'S sole discretion. PURCHASER reserves the rights to assign this Agreement with or without prior written notice to Merchant or Guarantor(s).

**4.6 Governing Law/Jurisdiction/Venue for disputes.** All signatories to this Agreement consent that this Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, without regards to any applicable principals of conflicts of law. Any suit, action or proceeding arising hereunder, or the interpretation, performance or breach hereof, shall, if PURCHASER so elects, be instituted in the Court of Common Pleas, Philadelphia County, Federal Court for the Eastern District of Pennsylvania, or the Philadelphia County Municipal Court, (the "Acceptable Forums"). Merchant agrees that the Acceptable Forums are convenient to it, and submits to the jurisdiction of the Acceptable Forums and waives any and all objections to jurisdiction or venue. Should such proceeding be initiated in any other forum, Merchant waives any right to oppose any motion or application made by PURCHASER to transfer such proceeding to an Acceptable Forum.

**4.7 Survival of Representation, etc.** All representations, warranties and covenants herein shall survive the execution and delivery of this Agreement and shall continue in full force until all obligations under this Agreement shall have been satisfied in full and this Agreement shall have terminated.

**4.8 Severability** in case any of the provisions in this Agreement is found to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of any other provision contained herein shall not in any way be affected or impaired.

**4.9 Entire Agreement.** Any provision hereof prohibited by law shall be ineffective only to the extent of such prohibition without invalidating the remaining provisions hereof. This Agreement and **Security Agreement** hereto embody the entire agreement between Merchant and PURCHASER and supersede all prior agreements and understandings relating to the subject matter hereof.

**4.10 JURY TRIAL WAIVER. THE PARTIES HERETO WAIVE TRIAL BY JURY IN ANY COURT IN ANY SUIT, ACTION OR PROCEEDING ON ANY MATTER ARISING IN CONNECTION WITH OR IN ANY WAY RELATED TO THE TRANSACTIONS OF WHICH THIS AGREEMENT IS A PART OR THE ENFORCEMENT HEREOF. THE PARTIES HERETO ACKNOWLEDGE THAT EACH MAKES THIS WAIVER KNOWINGLY, WILLINGLY AND VOLUNTARILY AND WITHOUT DURESS, AND ONLY AFTER EXTENSIVE CONSIDERATION OF THE RAMIFICATIONS OF THIS WAIVER WITH THEIR ATTORNEYS.**



*Merchant Initials* SW *Merchant Initials* IC

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**4.11 CLASS ACTION WAIVER.** THE PARTIES HERETO WAIVE ANY RIGHT TO ASSERT ANY CLAIMS AGAINST THE OTHER PARTY AS A REPRESENTATIVE OR MEMBER IN ANY CLASS OR REPRESENTATIVE ACTION, EXCEPT WHERE SUCH WAIVER IS PROHIBITED BY LAW AGAINST PUBLIC POLICY. TO THE EXTENT EITHER PARTY IS PERMITTED BY LAW OR COURT OF LAW TO PROCEED WITH A CLASS OR REPRESENTATIVE ACTION AGAINST THE OTHER, THE PARTIES HEREBY AGREE THAT: (1) THE PREVAILING PARTY SHALL NOT BE ENTITLED TO RECOVER ATTORNEYS' FEES OR COSTS ASSOCIATED WITH PURSUING THE CLASS OR REPRESENTATIVE ACTION (NOT WITHSTANDING ANY OTHER PROVISION IN THIS AGREEMENT); AND (2) THE PARTY WHO INITIATES OR PARTICIPATES AS A MEMBER OF THE CLASS WILL NOT SUBMIT A CLAIM OR OTHERWISE PARTICIPATE IN ANY RECOVERY SECURED THROUGH THE CLASS OR REPRESENTATIVE ACTION.

**4.12 Counterparts & Facsimile/Email Signatures.** This Agreement may be executed in any number of counterparts each of which shall be deemed to be an original, all of which together shall be deemed one and the same instrument. Further, facsimile and email signatures shall be deemed to be originals for all purposes.

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

Seller/Merchant's Legal Name: FLEXOGENIX GROUP INC DBA FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC

Physical Address: 1000 S HOPE STREET, STE 103, LOS ANGELES, CA 90015

FED ID # (Merchant): [redacted]

**SECURITY AGREEMENT**

**Security Interest.** To secure SELLER/MERCHANTS'S performance obligations to PURCHASER under the "Factoring Agreement", SELLER/MERCHANT hereby grants to PURCHASER a security interest in (a) all accounts, chattel paper, documents, equipment, general intangibles, instruments, and inventory, as those terms are defined in Article 9 of the Uniform Commercial Code (the "UCC"), now or hereafter owned or acquired by SELLER/MERCHANT; and (b) all proceeds, as that term is defined in Article 9 of the UCC (a and b collectively, the "Collateral").

**Cross-Collateral.** To secure MERCHANT's payment and performance obligations to PURCHASER under this Security Agreement (the "Agreement"), MERCHANT hereby grants PURCHASER a security interest in ___ (the "Additional Collateral"). MERCHANT understands that PURCHASER will have a security interest in the aforesaid Additional Collateral upon execution of this Agreement.

SELLER/MERCHANT acknowledge and agree that any security interest granted to PURCHASER under any other agreement between SELLER/MERCHANT and PURCHASER (the "Cross-Collateral") will secure the obligations hereunder and under the FACTORING Agreement.

SELLER/MERCHANT agrees to execute any documents or take any action in connection with this Agreement as PURCHASER deems necessary to perfect or maintain PURCHASER'S first priority security interest in the Collateral, the Additional Collateral and the Cross-Collateral, including the execution of any account control agreements. SELLER/MERCHANT hereby authorizes PURCHASER to file any financing statements deemed necessary by PURCHASER to perfect or maintain PURCHASER's security interest, which financing statement may contain notification that SELLER/MERCHANT have granted a negative pledge to PURCHASER with respect to the Collateral, the Additional Collateral and the Cross-Collateral, and that any subsequent lien or may be tortuously interfering with PURCHASER's rights. SELLER/MERCHANT shall be liable for and PURCHASER may charge and collect all costs and expenses, including but not limited to attorney's fees, which may be incurred by PURCHASER in protecting, preserving and enforcing PURCHASER'S security interest and rights.

**Negative Pledge.** SELLER/MERCHANT agrees not to create, incur, assume, or permit to exist, directly or indirectly, any lien on or with respect to any of the Collateral, the Additional Collateral or the Cross-Collateral, as applicable.

**Consent to Enter Premises and Assign Lease.** PURCHASER shall have the right to cure SELLER/MERCHANT default in the payment of rent on the following terms. In the event SELLER/MERCHANT is served with papers in an action against SELLER/MERCHANT for nonpayment of rent or for summary eviction, PURCHASER may execute its rights and remedies under the Assignment of Lease. SELLER/MERCHANT also agrees that PURCHASER may enter into an agreement with SELLER/MERCHANT landlord giving PURCHASER the right: (a) to enter SELLER/MERCHANT'S premises and to take possession of the fixtures and equipment therein for the purpose of protecting and preserving same; and (b) to assign SELLER/MERCHANT'S lease to another qualified SELLER/MERCHANT capable of operating a business comparable to SELLER/MERCHANT at such premises.

**Remedies.** Upon any Event of Default, PURCHASER may pursue any remedy available at law (including those available under the provisions of the UCC), or in equity to collect, enforce, or satisfy any obligations then owing, whether by acceleration or otherwise.

**SELLER/MERCHANT**
**BY: YINGYIN IRIS CHEN, OWNER**

**Name/Title(Signature)**

**SELLER/MERCHANT**
**BY: SEAN WHALEN, OWNER**

**Name/Title(Signature)**



*Merchant Initials* SW *Merchant Initials* IC

Case ID: 190509385

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**DISCLOSURE FOR CONFESSION OF JUDGMENT**

AFFIANT: YINGYIN IRIS CHEN
SEAN WHALEN

OBLIGEE: Complete Business Solutions Group, Inc. d/b/a Par Funding

The undersigned have executed, and/or is executing, on even date herewith, one or more of the following instruments under which the Merchant is obligated to repay monies to Obligee:

1. Factoring Agreement dated SEPTEMBER 12, 2018; and

A. THE MERCHANT ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH OBLIGEE MAY ENTER JUDGMENT BY CONFESSION AGAINST THE MERCHANT. BEING FULLY AWARE OF THE MERCHANT'S RIGHTS TO PRIOR NOTICE AND A HEARING ON THE VALIDITY OF ANY JUDGMENT OR OTHER CLAIMS THAT MAY BE ASSERTED AGAINST THE MERCHANT BY OBLIGEE THEREUNDER BEFORE JUDGMENT IS ENTERED, THE UNDERSIGNED HEREBY FREELY, KNOWINGLY, AND INTELLIGENTLY WAIVES THESE RIGHTS AND EXPRESSLY AGREES AND CONSENTS TO OBLIGEE'S ENTERING JUDGMENT AGAINST THE MERCHANT BY CONFESSION PURSUANT TO THE TERMS THEREOF.

B. THE UNDERSIGNED ALSO ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH OBLIGEE MAY, AFTER ENTRY OF JUDGMENT AND WITHOUT EITHER NOTICE OR A HEARING, FORECLOSE UPON, ATTACH, LEVY, OR OTHERWISE SEIZE PROPERTY OR PROCEED AGAINST THE INTERESTS OF THE MERCHANT IN PROPERTY (REAL OR PERSONAL) IN FULL OR PARTIAL PAYMENT OR SATISFACTION OF THE JUDGMENT OR JUDGMENTS. BEING FULLY AWARE OF THE MERCHANT'S RIGHTS AFTER JUDGMENT IS ENTERED (INCLUDING THE RIGHT TO MOVE TO OPEN OR STRIKE THE JUDGMENT OR JUDGMENTS), THE UNDERSIGNED HEREBY FREELY, KNOWINGLY AND INTELLIGENTLY WAIVES THESE RIGHTS AND EXPRESSLY AGREES AND CONSENTS TO OBLIGEE'S TAKING SUCH ACTIONS AS MAY BE PERMITTED UNDER APPLICABLE STATE AND FEDERAL LAW WITHOUT PRIOR NOTICE TO THE MERCHANT.

C.. The Merchant hereby certifies that the financial accommodations being provided by the Obligee are for a business purpose, and not for personal, family or household use.

D. The statements made in this Disclosure for Confession of Judgment are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

**SELLER/MERCHANT**
By: YINGYIN IRIS CHEN

(Signature)

EIN# 47-3082975

**SELLER/MERCHANT**
By: YINGYIN IRIS CHEN

(Signature)

SS# 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

**SELLER/MERCHANT**
By: SEAN WHALEN

(Signature)

EIN# 47-3082975

**SELLER/MERCHANT**
By: SEAN WHALEN

(Signature)

SS# 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



*Merchant Initials* SW *Merchant Initials* IC

Case ID: 190509385

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

## GUARANTY

**Personal Guaranty of Performance.** The undersigned Guarantor(s) hereby guarantees to PURCHASER, SELLER/MERCHANT'S performance of all of the representations, and warranties made by SELLER/MERCHANT in this Agreement and the Factoring Agreement, as each agreement may be renewed, amended, extended or otherwise modified (the "Guaranteed Obligations"). Guarantor's obligations are due at the time of any breach by Merchant of any representation or warranty, or covenant made by Merchant in this Agreement and the Merchant Agreement.

**Guarantor Waivers.** In the event that SELLER/MERCHANT violates its representations and warranties under the FACTORING AGREEMENT, PURCHASER may enforce its rights under this Agreement without first seeking to obtain payment from Merchant, any other guarantor, or any Collateral, Additional Collateral or Cross-Collateral PURCHASER may hold pursuant to this Agreement or any other guaranty.

PURCHASER does not have to notify Guarantor of any of the following events and Guarantor will not be released from its obligations under this Agreement if it is not notified of: (i) SELLER/MERCHANT'S violation of the representations and warranties of the FACTORING AGREEMENT or any renewal, extension or other modification of the FACTORING AGREEMENT. In addition, PURCHASER may take any of the following actions without releasing Guarantor from any of its obligations under this Agreement : (i) renew, extend or otherwise modify the FACTORING AGREEMENT or SELLER/MERCHANT'S other obligations to PURCHASER; (ii) release SELLER/MERCHANT from its obligations to PURCHASER; (iii) sell, release, impair, waive or otherwise execute upon any collateral securing the Guaranteed Obligations ; and (iv) foreclose on any collateral securing the Guaranteed Obligations or any other guarantee of the Guaranteed Obligations in a manner that impairs or precludes the right of Guarantor to obtain reimbursement for payment under this Agreement. Until all obligations are fulfilled under the FACTORING AGREEMENT and SELLER/MERCHANT'S other obligations to PURCHASER under the FACTORING AGREEMENT and this Agreement are paid in full, Guarantor shall not seek reimbursement from Merchant or any other guarantor for any amounts paid by it under this Agreement. Guarantor permanently waives and shall not seek to exercise any of the following rights that it may have against SELLER/MERCHANT, any other guarantor, or any collateral provided by SELLER/MERCHANT or any other guarantor, for any amounts paid by it, or acts performed by it, under this Agreement: (i) subrogation; (ii) reimbursement; (iii) performance; (iv) indemnification; or (v) contribution. In the event that PURCHASER must return any amount paid by SELLER/MERCHANT or any other guarantor of the Guaranteed Obligations because that person has become subject to a proceeding under the United States Bankruptcy Code or any similar law, Guarantor's obligations under this Agreement shall include that amount. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FACTORING AGREEMENT, THE GUARANTY, THE CONFESSION OF JUDGMENT, THE SECURITY AGREEMENT, OR ANY OTHER DOCUMENTS EXECUTED BY GUARANTOR IN CONNECTION WITH THE ADVANCE OF FUNDS TO SELLER, ALL PARTIES ACKNOWLEDGE THAT RECOURSE TO THE GUARANTOR AND THE GUARANTOR'S ASSETS IS PERMITTED ONLY FOR BREACHES OF THE REPRESENTATIONS AND WARRANTIES MADE BY THE SELLER IN THE FACTORING AGREEMENT.

**GUARANTOR ACKNOWLEDGEMENT. Guarantor acknowledges that: (i) He/She understands the seriousness of the provisions of this Agreement; (ii) He/She has had a full opportunity to consult with counsel of his/her choice; and (iii) He/She has consulted with counsel of its choice or has decided not to avail himself/herself of that opportunity.**

**JOINT AND SEVERAL LIABILITY.** The obligations hereunder of the persons or entities constituting Guarantor under this Agreement are joint and several.

SELLER/MERCHANT
By: YINGYIN IRIS CHEN

(Signature)

[redacted]

SELLER/MERCHANT
By: YINGYIN IRIS CHEN

(Signature)

[redacted]

SELLER/MERCHANT
By: SEAN WHALEN

(Signature)

[redacted]

SELLER/MERCHANT
By: SEAN WHALEN

(Signature)

[redacted]

**THE TERMS, DEFINITIONS, CONDITIONS AND INFORMATION SET FORTH IN THE "MERCHANT AGREEMENT", INCLUDING THE "TERMS AND CONDITIONS", ARE HEREBY INCORPORATED IN AND MADE A PART OF THIS SECURITY AGREEMENT AND GUARANTY.**

**CAPITALIZED TERMS NOT DEFINED IN THIS SECURITY AGREEMENT AND GUARANTY, SHALL HAVE THE MEANING SET FORTH IN THE MERCHANT AGREEMENT, INCLUDING THE TERMS AND CONDITIONS.**



*Merchant Initials* SW *Merchant Initials* IC

Case ID: 190509385

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**AUTHORIZATION AGREEMENT FOR DIRECT DEPOSIT (ACH CREDIT) AND DIRECT PAYMENTS (ACH DEBITS)**

This Authorization Agreement for Direct Deposit (ACH Credit) and Direct Payments (ACH Debits) is part of (and incorporated by reference into) the FACTORING AGREEMENT. You should keep this important legal document for your records.

DISBURSEMENT OF BUSINESS CASH ADVANCE PROCEEDS: By signing below, Seller/Merchant authorizes PURCHASER to disburse the Cash Advance Proceeds less the amount of any applicable fees upon approval by initiating an ACH credit to the checking account indicated below (or a substitute checking account Seller/Merchant later identifies and is acceptable to PURCHASER) (hereinafter referred to as the "Designated Checking Account") in the disbursal amount set forth in the accompanying documents. This authorization is to remain in full force and effect until PURCHASER has received written notification from Seller/Merchant of its termination in such time and in such manner as to afford PURCHASER and Merchant's depository bank a reasonable opportunity to act on it.

AUTOMATIC PAYMENT PLAN: Enrollment in PURCHASER's Automatic Payment Plan is required for approval. By signing below, Seller/Merchant agrees to enroll in the Automatic Payment Plan and authorizes PURCHASER to collect payments required under the terms of Seller/Merchant Agreement by initiating ACH debit entries to the Designated Checking Account in the amounts and on the dates provided in the payment schedule set forth in the accompanying Seller/Merchant Agreement. Seller/Merchant authorizes PURCHASER to increase the amount of any scheduled ACH debit entry or assess multiple ACH debits for the amount of any previously scheduled payment(s) that was not paid as provided in the payment schedule and any unpaid Fees. This authorization is to remain in full force and effect until PURCHASER has received written notification from Seller/Merchant of its termination in such time and in such manner as to afford PURCHASER and Seller/Merchant's depository bank a reasonable opportunity to act on it. PURCHASER may suspend or terminate Seller/Merchant's enrollment in the Automatic Payment Plan immediately if Seller/Merchant fails to keep Seller/Merchant's designated checking account in good standing or if there are insufficient funds in Merchant's checking account to process any payment.

If Seller/Merchant revokes the authorization or PURCHASER suspends or terminates Seller/Merchant's enrollment in the Automatic Payment Plan, Seller/Merchant still will be responsible for making timely payments pursuant to the alternative payment methods described in the Seller/Merchant Agreement.

BUSINESS PURPOSE ACCOUNT: By signing below, Seller/Merchant attests that the Designated Checking Account was established for business purposes and not primarily for personal, family or household purposes.

ACCOUNT CHANGES: Seller/Merchant agrees to notify PURCHASER promptly if there are any changes to the account and routing numbers of the Designated Checking Account

MISCELLANEOUS: PURCHASER is not responsible for any fees charged by Seller/Merchant's bank as the result of credits or debits initiated under this agreement. The origination of ACH transactions to Merchant's account must comply with the provisions of U.S. law.

Signature: ______________ Date: 9/12/18

Signature: ______________ Date: 9/12/18

Bank Name: Bank of America

City: Los Angeles State: CA Zip: 90015

Routing Number: 121000358 (paper & electronic) / 026009593 (wires)

Account Number: [redacted]

Business Name on Account: Flexogenix Group, Inc.

Address on Account: 1000 S Hope Street, Suite 103, Los Angeles, CA 90015

Seller/Merchant Phone #: [redacted] Tax ID Number: [redacted]

Email: [redacted]

Signature: ______________

Title: Owner



*Merchant Initials* SW *Merchant Initials* JC

Case ID: 190509385

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**BANK ACCOUNT DISCLOSURE AFFIDAVIT**

For the purpose of obtaining the Business Cash Advance evidence by the Merchant Agreement of this same date herewith (the "Business Cash Advance") from Complete Business Solutions Group, Inc., the undersigned Seller/Merchant hereby makes the following statement under penalty of law:

**PLEASE SIGN OPTION ONE OR TWO**

**OPTION 1 – DISCLOSURE AND AUTHORIZATION FOR ADDITIONAL ACCOUNTS:**

The Seller/Merchant hereby declares that in addition to the designated for ACH debit, the Seller/Merchant also has the following additional account(s) which he authorizes us to use in the event we are unable to debit from the designated account:

Bank Name
Name on Account
Account Number
Routing Number
Fed ID number associated with this account
Name associated with this account
Phone number of person whose name is associated with this account

Bank Name
Name on Account
Account Number
Routing Number
Fed ID number associated with this account
Name associated with this account
Phone number of person whose name is associated with this account

Bank Name
Name on Account
Account Number
Routing Number
Fed ID number associated with this account
Name associated with this account
Phone number of person whose name is associated with this account

Bank Name
Name on Account
Account Number
Routing Number
Fed ID number associated with this account
Name associated with this account
Phone number of person whose name is associated with this account
**attach additional pages if necessary**

Seller/Merchant Signature____________________ Dated ____________________

Seller/Merchant Signature____________________ Dated ____________________

**OPTION 2** - By signing below, the merchant swears, under penalty of law, that he has no accounts in any lending institution in addition to the one provided for ACH debit

Seller/Merchant Signature____________________ Dated ____________________

Seller/Merchant Signature____________________ Dated ____________________

 *Merchant Initials*________ *Merchant Initials*________

Case ID: 190509385

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**AUTHORIZATION TO RESUME ACH DEBITING FORM**

NAME OF SELLER/MERCHANT: Flexogenix Group Inc.

INFORMATION (To be filled out by the customer)

I authorize Company (as shown above) to resume electronically debiting my bank account as detailed below, including a non-sufficient fund fee if applicable, until the debt to the company is paid in full.

Full Name on Account: Flexogenix Group Inc.

Account #: [redacted] Routing #: 121000358 (paper & electronic) / 026009593 (wires)

Account Type (select one): Checking ☑ Savings ☐

Account Class (select one): Consumer Account ☐ Business Account ☑

Payment amount: ________ Number of Payments: ________

Date of next payment: ________ Frequency of payments: ________

I understand that I may cancel this authorization by contacting the company at least five (5) business days prior to the payment due date. I further understand that canceling my ACH authorizations does not relieve me of the responsibility of paying my account in full, and that if I cancel or revoke this authorization before the debt is paid in full, the Company may take additional actions including legal actions to secure the debt.

Customer signature: [signature] Date: 9/12/18

Customer Printed Name: Yingyin Chen

Customer contact Telephone #: [redacted]

Customer signature: [signature] Date: 9/12/18

Customer Printed Name: Sean Whalen

Customer contact Telephone #: [redacted]



*Merchant Initials* SW *Merchant Initials* YC

Case ID: 190509385

CBSG
COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

Dear Client,

Thank you for accepting this offer from Complete Business Solutions Group D/b/a Par Funding. We look forward to being your factoring partner for as long as you need.

Daily ACH Program:

Complete Business Solutions Group will require viewing access to your bank account prior to funding as part of our underwriting process, as well as during the time you have a balance with our company.

Please be assured that we carefully safeguard your confidential information and only essential top level personnel will have access to it.

Please fill out the form below with the information necessary to access your account.

**Be sure to indicate capital or lower case letters.

NAME OF BANK: Bank of America

BANK PORTAL WEBSITE: https://www.bankofamerica.com/smallbusiness/

USERNAME: [redacted]

PASSWORD: [redacted]

SECURITY QUESTION/ANSWER 1: [redacted]

SECURITY QUESTION/ANSWER 2: [redacted]

SECURITY QUESTION/ANSWER 3: [redacted]

ANY OTHER INFORMATION NECESSARY TO ACCESS YOUR ACCOUNTS:



*Merchant Initials* SW *Merchant Initials* IC

Case ID: 190509385

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**APPENDIX A: THE FEE STRUCTURE**

1. Origination Fee: $WAIVED to cover underwriting and related expenses

2. ACH Program Fee - $4,995.00 – The ACH program is labor intensive and is not an automated process, requiring us to charge this fee to cover related costs;

3. NSF Fee - $75.00 (each) - Up to FOUR TIMES ONLY before a default is declared;

4. Rejected ACH - $100.00 – If a merchant directs the bank to reject our debit ACH;

5. Bank Change Fee - $50.00 – If a merchant requires a change of account to be debited requiring us to adjust our system;

6. Blocked Account - $250.00 – If a merchant blocks CBSG's ACH debit of the Account, bounces more than 4 debits of the Account or simultaneously uses multiple bank accounts or credit-card processors to process its receipts;

7. Default Fee - $500.00 default fee – If a merchant changes bank accounts or switches to another credit card processor without CBSG's consent, or commits another default pursuant to the Agreement;

8. 3rd Party Intermediary Fee – $4,000.00 deposit toward reasonable related expenses incurred by PURCHASER. If PURCHASER receives a communication from a 3rd party debt relief/renegotiator entity or individual which has been retained by Merchant and which contacts PURCHASER on Merchant's behalf seeking to redirect communication (related to the obligations contained in this Agreement) to itself/themselves and away from Merchant. This fee shall be used to covers Purchaser's reasonable expenses in retaining counsel or other parties to handle this additional administration required by this retention of the intermediary by PURCHASER. Any portion of the fee that is not used by PURCHASER for this purpose shall be returned to Merchant at the conclusion of this Factoring Agreement or related legal action.

9. Collections Expense – In the event of default, Seller / Merchant shall be responsible for all reasonable costs of collections, including, but not limited to, counsel fees, filing fees and any other fees which may be incurred.

10. Miscellaneous Service Fees – Merchant shall pay certain fees for services related to the origination and maintenance of accounts. Each Merchant shall receive their funding electronically to their designated bank account and will be charged WAIVED for a Fed Wire. The current charge for the underwriting, UCC, ACH Program and origination of each Merchant will be paid from the funded amount. Merchant will be charged $100.00 for every additional change of their operating bank account once they are active with CBSG. Additional copies of prior monthly statements will incur a fee of $10.00 each.

11. Risk Assessment Fee - WAIVED

12. UCC Fee – WAIVED

Merchant Signature: ______ Name: 9/12/18

Merchant Signature: ______ Name: 9/12/18

Merchant Signature: ______ Name: 9/12/18

Merchant Signature: ______ Name: 9/12/18

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**MANDATORY JOINT AFFIDAVIT OF CONFESSION OF JUDGEMENT**

INSTRUCTIONS:

SIGN AND NOTARIZE THIS SECTION OF THE AGREEMENT, SEND THE ORIGINAL COPY TO:

PAR FUNDING
22 N 3RD STREET
PHILADELPHIA, PA 19106

C/O UNDERWRITING



*Merchant Initials*__________ *Merchant Initials*__________

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

NEW YORK UNITY FACTOR, LLC

Plaintiff,

-against-

FLEXOGENIX GROUP INC D/B/A
FLEXOGENIX NORTH CAROLINA, PC D/B/A:
FLEXOGENIX GEORGIA, PC D/B/A:
FLEXOGENIX, INC D/B/A: FLEXOGENIX PC and
YINGYIN IRIS CHEN,

Defendant(s)

Index No.

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF ______)
)     ss.:
COUNTY OF ______)

YINGYIN IRIS CHEN, being duly sworn, deposes and says:

1. I am a principal, owner, and an officer of FLEXOGENIX GROUP INC D/B/A FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC ("Merchant Defendant"), a CORPORATION located at 1000 S HOPE STREET, STE 103, LOS ANGELES, CA 90015, in the County of ______, and as such, I have the authority to act on behalf of Merchant Defendant.

2. I reside at 705 W 9TH STREET #3404, LOS ANGELES, CA 90015, in the County of ______.

3. I, individually, and on behalf of Merchant Defendant consent to the jurisdiction of this Court.

4. Merchant Defendant hereby confesses judgment and authorizes entry of judgment in favor of Plaintiff and against Defendants in the Federal District Court for the          , Court of Common Jurisdiction for the County of ______ in the State of ______ the sum of $1,260,000.00 less any payments timely made pursuant to the secured Merchant Agreement dated SEPTEMBER 12, 2018, plus legal fees to Plaintiff



*Merchant Initials*______ *Merchant Initials*______

CBSG
22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

calculated at ten percent (10%) of the total of the aforesaid sums, costs, expenses and disbursements and interest at the rate of 9% per annum from the date of default, or the highest amount allowed by law, whichever is greater. Such amount shall be set forth in an affidavit to be executed by Plaintiff or an affirmation by Plaintiff's attorney, which shall be attached hereto at the time of entry of this Affidavit of Confession of Judgment.

5. In addition, I hereby confess judgment, individually and personally, jointly and severely, and authorize entry of judgment in favor of Plaintiff and against myself in the Federal District Court for the ______________ Court of Common Jurisdiction for the County of ______________ in the State of ______________, against me personally in the sum of $1,260,000.00 less any payments timely made pursuant to the Merchant Agreement dated SEPTEMBER 12, 2018, plus legal fees to Plaintiff calculated at ten percent (10%) of the total of the aforesaid sums, costs, expenses and disbursements and interest at the rate of 9% per annum from the date of default, or the highest rate allowed by law, whichever is greater. Such amount shall be set forth in an affidavit to be executed by Plaintiff or an affirmation by Plaintiff's attorney, which shall be attached hereto at the time of entry of this Confession of Judgment.

6. This confession of judgment is for a debt due to Plaintiff arising from Defendants' failure to pay to Plaintiff, Merchant Defendant's accounts-receivable, which were purchased by Plaintiff pursuant to the secured Merchant Agreement dated SEPTEMBER 12, 2018, and for Defendants' breach of the secured Merchant Agreement, plus agreed-upon interest, reasonable attorneys' fees, costs and disbursements, as agreed-upon by Merchant Defendant and myself, under the secured Merchant Agreement, dated SEPTEMBER 12, 2018, of which supporting documents include a Personal Guarantee and a UCC-1 financing statement(s).

7. Merchant Defendant and I hereby agree that the execution and delivery of this Affidavit of Confession of Judgment and any entry of judgment thereon shall be without prejudice to any and all rights of Plaintiff, who reserves all of its rights and remedies against Defendants.



*Merchant Initials* __________ *Merchant Initials* __________

CBSG CAPITAL BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

8. If for any reason entry of judgment in the above specified amount or execution on the same is outside the jurisdiction of this Court, Merchant Defendant and I hereby consent to the personal jurisdiction, entry of judgment, and execution thereon in any State or Federal Court of the United States of America.

9. I have been authorized by Merchant Defendant to sign this Affidavit of Confession of Judgment on this ____ day of ______________, 2018.

By:______________________________
YINGYIN IRIS CHEN, individually, and on behalf of FLEXOGENIX GROUP INC D/B/A FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC

Sworn to before me this
____ day of ______________, 2018.

________________________
Notary Public



Merchant Initials________ Merchant Initials________

CBSG

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

NEW YORK UNITY FACTOR, LLC

Plaintiff,

-against-

FLEXOGENIX GROUP INC D/B/A FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC and SEAN WHALEN,

Defendant(s)

Index No.

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF ____________ )
 ) ss.:
COUNTY OF ____________ )

SEAN WHALEN, being duly sworn, deposes and says:

1. I am a principal, owner, and an officer of FLEXOGENIX GROUP INC D/B/A FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC ("Merchant Defendant"), a CORPORATION located at 1000 S HOPE STREET, STE 103, LOS ANGELES, CA 90015, in the County of ____________, and as such, I have the authority to act on behalf of Merchant Defendant.

2. I reside at 705 W 9TH STREET #3404, LOS ANGELES, CA 90015, in the County of ____________.

3. I, individually, and on behalf of Merchant Defendant consent to the jurisdiction of this Court.

4. Merchant Defendant hereby confesses judgment and authorizes entry of judgment in favor of Plaintiff and against Defendants in the Federal District Court for the , Court of Common Jurisdiction for the County of ____________ in the State of ____________ the sum of $1,260,000.00 less any payments timely made pursuant to the secured Merchant Agreement dated SEPTEMBER 12, 2018, plus legal fees to Plaintiff



*Merchant Initials*__________ *Merchant Initials*__________

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

calculated at ten percent (10%) of the total of the aforesaid sums, costs, expenses and disbursements and interest at the rate of 9% per annum from the date of default, or the highest amount allowed by law, whichever is greater. Such amount shall be set forth in an affidavit to be executed by Plaintiff or an affirmation by Plaintiff's attorney, which shall be attached hereto at the time of entry of this Affidavit of Confession of Judgment.

5. In addition, I hereby confess judgment, individually and personally, jointly and severely, and authorize entry of judgment in favor of Plaintiff and against myself in the Federal District Court for the __________ Court of Common Jurisdiction for the County of __________ in the State of __________, against me personally in the sum of $1,260,000.00 less any payments timely made pursuant to the Merchant Agreement dated SEPTEMBER 12, 2018, plus legal fees to Plaintiff calculated at ten percent (10%) of the total of the aforesaid sums, costs, expenses and disbursements and interest at the rate of 9% per annum from the date of default, or the highest rate allowed by law, whichever is greater. Such amount shall be set forth in an affidavit to be executed by Plaintiff or an affirmation by Plaintiff's attorney, which shall be attached hereto at the time of entry of this Confession of Judgment.

6. This confession of judgment is for a debt due to Plaintiff arising from Defendants' failure to pay to Plaintiff, Merchant Defendant's accounts-receivable, which were purchased by Plaintiff pursuant to the secured Merchant Agreement dated SEPTEMBER 12, 2018, and for Defendants' breach of the secured Merchant Agreement, plus agreed-upon interest, reasonable attorneys' fees, costs and disbursements, as agreed-upon by Merchant Defendant and myself, under the secured Merchant Agreement, dated SEPTEMBER 12, 2018, of which supporting documents include a Personal Guarantee and a UCC-1 financing statement(s).

7. Merchant Defendant and I hereby agree that the execution and delivery of this Affidavit of Confession of Judgment and any entry of judgment thereon shall be without prejudice to any and all rights of Plaintiff, who reserves all of its rights and remedies against Defendants.



*Merchant Initials* __________ *Merchant Initials* __________

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

8. If for any reason entry of judgment in the above specified amount or execution on the same is outside the jurisdiction of this Court, Merchant Defendant and I hereby consent to the personal jurisdiction, entry of judgment, and execution thereon in any State or Federal Court of the United States of America.

9. I have been authorized by Merchant Defendant to sign this Affidavit of Confession of Judgment on this ____ day of ______________, 2018.

By:________________________________
SEAN WHALEN, individually, and on behalf of FLEXOGENIX GROUP INC D/B/A FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC

Sworn to before me this
_____ day of ______________, 2018.

_________________________
Notary Public

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

SEPTEMBER 12, 2018

Attn: Court Orders & Levies Dept.

Re: *FLEXOGENIX GROUP INC, et al.*
Supreme Court of the State of New York, Richmond County Index No.
***Information Subpoena and Restraining Notice* - RELEASE**

Complete Business Solutions Group, Inc. d/b/a Par Funding ("Funder"), Plaintiff/Judgment Creditor, and YINGYIN IRIS CHEN ("YINGYIN IRIS CHEN") and FLEXOGENIX GROUP INC ("FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC"), Defendants/Judgment Debtors (collectively, "the Parties"), hereby authorize , N.A. and/or related entities (collectively, " ,N.A.") to release ($________) (the "Release Amount") from the funds currently held in reserve per the Information Subpoena with Restraining Notice ("IS/RN"), payable as follows:

**Via check** **Via wire** to:

FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC and YINGYIN IRIS CHEN agree to indemnify and hold harmless , N.A. and its officers, directors, agents and employees from and against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from this release and/or the IS/RN. Upon tender of the Release Amount, Funder consents to the immediate **RELEASE** of the remainder and/or account(s) being held on reserve to FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC, YINGYIN IRIS CHEN, and/or its/their principals, agents, heirs and assigns.

10. AGREED AND ACCEPTED:

By:____________________
YINGYIN IRIS CHEN____(Name)
Owner/Manager/Agent________(Title)
individually, and on behalf of *FLEXOGENIX GROUP INC*

By:__________________________
Norman M. Valz, Esq.
*Attorney for Plaintiff/Judgment Creditor, NEW YORK UNITY FACTOR LLC and*
Complete Business Solutions Group, Inc.
205 Arch Street – 2nd Floor



*Merchant Initials*________ *Merchant Initials*________

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

Philadelphia, PA 19106 (215) (tel.)

State of_______________________)

County of______________________)

) ss:
On the______day of_______________________, in the year 2018, before me, the undersigned Notary Public in and for said state, personally appeared YINGYIN IRIS CHEN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she/he executed the same in her/his capacity, and that by her/his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

______________________________
NOTARY PUBLIC



*Merchant Initials*__________ *Merchant Initials*__________

CBSG

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

SEPTEMBER 12, 2018

Attn: Court Orders & Levies Dept.

Re: *FLEXOGENIX GROUP INC, et al.*
Supreme Court of the State of New York, Richmond County Index No.
***Information Subpoena and Restraining Notice* - RELEASE**

Complete Business Solutions Group, Inc. d/b/a Par Funding ("Funder"), Plaintiff/Judgment Creditor, and SEAN WHALEN ("SEAN WHALEN") and FLEXOGENIX GROUP INC ("FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC"), Defendants/Judgment Debtors (collectively, "the Parties"), hereby authorize , N.A. and/or related entities (collectively, " ,N.A.") to release (**$**________) (the "Release Amount") from the funds currently held in reserve per the Information Subpoena with Restraining Notice ("IS/RN"), payable as follows:

| **Via check** | **Via wire** to: |
|---|---|
| | |

FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC and YINGYIN IRIS CHEN agree to indemnify and hold harmless , N.A. and its officers, directors, agents and employees from and against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from this release and/or the IS/RN. Upon tender of the Release Amount, Funder consents to the immediate **RELEASE** of the remainder and/or account(s) being held on reserve to FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC, YINGYIN IRIS CHEN, and/or its/their principals, agents, heirs and assigns.

11. AGREED AND ACCEPTED:

By:____________________
SEAN WHALEN________(Name)
Owner/Manager/Agent________(Title)
individually, and on behalf of *FLEXOGENIX GROUP INC*

By:____________________
Norman M. Valz, Esq.
*Attorney for Plaintiff/Judgment Creditor, NEW YORK UNITY FACTOR LLC and*
Complete Business Solutions Group, Inc.
205 Arch Street – 2nd Floor



*Merchant Initials*________ *Merchant Initials*________

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

Philadelphia, PA 19106 (215) (tel.)

State of____________________)
) ss:
County of____________________)

On the_______day of__________________________, in the year 2018, before me, the undersigned Notary Public in and for said state, personally appeared YINGYIN IRIS CHEN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she/he executed the same in her/his capacity, and that by her/his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

____________________________________
NOTARY PUBLIC



*Merchant Initials*__________ *Merchant Initials*__________

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**ACKNOWLEDGEMENT**

**We, YINGYIN IRIS CHEN and SEAN WHALEN, hereby acknowledge:**

- **There has been no promise of additional capital in 30 days from funding by CBSG or any ISO (broker).**
    - **Our policy is that merchants can seek additional capital from us when they have paid 55% of the Receipts Purchased Amount.**
- **That CBSG does not permit outside fees and that no one has discussed additional fees with me. The fee amount for this agreement is $4,995.00, which will be held back from the funding amount.**
- **There has not been and will not any contact from Third Party debt companies regarding this Factoring Agreement dated OCTOBER 1, 2018.**

**We, the undersigned, acknowledge that we are in agreement with these items, which are also described in detail within the pages of this document.**

Signature ______ Date 10-3-18

Signature ______ Date 10-3-18

**I, YINGYIN IRIS CHEN and SEAN WHALEN, hereby acknowledge:**

- **Additional Funding/"Stacking" Fee: 15% of Advance Amount – If the MERCHANT/GUARANTOR takes additional funding at any point after being funded by CBSG, without prior notice to and consent by CBSG, a fee amounting to 15% of the amount of the advance shall automatically be added to the payback amount of the advance. CBSG reserves the right to declare the account in default, at any point after learning such "stacking" has occurred; regardless of the payments made by the MERCHANT/GUARANTOR, with the filing of the Confession of Judgement in a court of competent jurisdiction.**

**I, the undersigned, acknowledge that I am in agreement with these items, which are also described in detail within the pages of this document.**

Signature ______ Date 10-3-18

Signature ______ Date 10-3-18



*Merchant Initials* SW *Merchant Initials* IC

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

# FACTORING AGREEMENT

**Dated the 1ST day of OCTOBER, 2018 by and between Complete Business Solutions Group, Inc. ("CBSG" and/or "PURCHASER") and the "SELLER/MERCHANT" listed below (as "Seller/Merchant" or "the Merchant").**
**Business Legal Name: FLEXOGENIX GROUP INC**
**D/B/A: FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC**
**Type of entity (check one) [X] Corporation [] LLC [] Limited Partnership [] Limited Liability Partnership [] Sole Proprietor**
**Physical Address: 1000 S HOPE STREET, STE 103, LOS ANGELES, CA 90015**
**Mailing Address: 1000 S HOPE STREET, STE 103, LOS ANGELES, CA 90015**
**Fed ID#:** [redacted]

## PURCHASE AND SALE OF FUTURE RECEIPTS WITH SELLER RECOURSE

**Seller/Merchant hereby sells, assigns and transfers to CBSG (making CBSG the absolute owner) in consideration of the funds provided ("Purchase Price") specified below,** all of Seller/Merchant's future receipts, accounts, contract rights and other obligations arising from or relating to the payment of monies from Seller/Merchant's customers' and/or other third party payers (collectively the "Receipts" defined as all payments made by cash, check, credit or debit card, electronic transfer or other form of monetary payment in the ordinary course of the merchant's business) until such time as the "Receipts Purchased Amount (RPA)" has been delivered by Seller/Merchant to CBSG.

**THIS IS A FACTORING AGREEMENT WITH RECOURSE.**
The Purchased Amount shall be paid to CBSG by Seller/Merchant's irrevocably authorizing only one depositing account acceptable to CBSG (the "Account") to remit the Daily **Specified Amount** from the Seller/Merchant's receipts until such time as CBSG receives payment in full of the Receipts Purchased Amount. In consideration of servicing the account, the Seller/Merchant hereby authorizes CBSG to ACH debit the "Specified Daily Amount" from the merchant's bank account, as an approximation of the base payment due under the Specified Percentage. It is the Seller/Merchant's responsibility to provide bank statements for any and all bank accounts by the Merchant to reconcile the daily payments made against the Daily Specified Amount. Failure to provide all of their bank statements in a timely manner or missing a month shall forfeit all rights to future reconciliations. CBSG may, upon Seller/Merchant's request, adjust the amount of any payment due under this Agreement at CBSG's sole discretion and as it deems appropriate in servicing this Agreement. Seller/Merchant warrants that it will ensure that funds adequate to cover the amount to be debited by CBSG remains in the account. Seller/Merchant will be held responsible for any fees incurred by CBSG resulting from a rejected ACH attempt or an event of default. (See Appendix A). CBSG is not responsible for any overdrafts or rejected transactions in the Seller/Merchants account which may result from CBSG's scheduled ACH debit under the terms of this agreement. Notwithstanding anything to the contrary in this Agreement or any other agreement between CBSG and Seller/Merchant, upon the violation of any provision contained in Sections I and II of the FACTORING AGREEMENT, shall be deemed a breach of the representations and warranties contained herein. A list of all fees applicable under this FACTORING AGREEMENT is contained in Appendix A.

**Purchase Price: $800,000.00 Specified Percentage: 10% Daily Specified Amount: $5,628.14 for 199 days Receipts Purchased Amount: $1,120,000.00**
***If Paid in 22 Installments Receipts Purchased Amount: $835,376.88**

***If Paid in 23-44 Installments Receipts Purchased Amount: $870,753.77**

***If Paid in 45-66 Installments Receipts Purchased Amount: $906,130.65**

***If Paid in 67-88 Installments Receipts Purchased Amount: $941,507.54**

**THE TERMS, DEFINITIONS, CONDITIONS AND INFORMATION SET FORTH ON PAGES 2 THROUGH 12 HEREOF ARE HERBY INCORPORATED HEREIN AND MADE A PART OF THIS FACTORING AGREEMENT.**

FOR THE SELLER/MERCHANT
By: YINGYIN IRIS CHEN, OWNER
Name and Title
X ______________________
(Seller/Merchant Signature)

FOR THE SELLER/MERCHANT
By: YINGYIN IRIS CHEN, OWNER
Name and Title
X ______________________
(Seller/Merchant Signature)

FOR THE SELLER/MERCHANT
By: SEAN WHALEN, OWNER
Name and Title
X ______________________
(Seller/Merchant Signature)

FOR THE SELLER/MERCHANT
By: SEAN WHALEN, OWNER
Name and Title
X ______________________
(Seller/Merchant Signature)

**COMPLETE BUSINESS SOLUTIONS GROUP, INC.**

By ______________________


*Merchant Initials* SW *Merchant Initials* IC Case ID: 190509385

CBSG

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

Company Officer

To the extent set forth herein, each of the parties is obligated upon his/ her or its execution of the Agreement to all terms of the Agreement, including the Additional Terms set forth below. Each individual executing this Agreement represents that he or she is authorized to sign this Agreement for Merchant, legally binding said Merchant to honor the terms of this obligation and that the information provided herein and in all of CBSG documents, forms and recorded interviews is true, accurate and complete in all respects. If any such information is false or misleading, Merchant shall be deemed in material breach of all agreements and the representations and warranties contained herein between Merchant and CBSG and CBSG shall be entitled to all remedies available under law. Merchant and each of the above-signed Officers/ Owners authorizes CBSG, its agents and representatives and any credit-reporting agency engaged by CBSG, to (i) investigate any references given or any other statements or data obtained from or about Merchant or any of its Owners for the purpose of this Agreement, and (ii) pull credit report at any time now or for so long as Merchant and/Owner(s) continue to have any obligation owed to CBSG.

**ANY MISREPRESENTATION MADE BY SELLER/MERCHANT OR OWNER IN CONNECTION WITH THIS AGREEMENT MAY CONSTITUTE A SEPARATE CAUSE OF ACTION FOR FRAUD OR INTENTIONAL MISREPRESENTATION**

**FACTORING AGREEMENT TERMS AND CONDITIONS**

**I. GENERAL TERMS OF AGREEMENT (MUTUAL REPRESENTATIONS AND WARRANTIES)**

**1.1 Electronic Fund Transfer.** Upon request from PURCHASER ("hereinafter CBSG or Purchaser") Seller/Merchant ("hereinafter Merchant") shall execute such forms or agreements acceptable to PURCHASER, with Bank acceptable to PURCHASER, to obtain electronic fund transfer services. Merchant shall provide PURCHASER, and/or its authorized agent with all the information, authorization and passwords necessary for verifying Merchant's receivable, receipts and deposits into the account Merchant shall authorize PURCHASER and/or it's agent to deduct the amounts owed to PURCHASER for the Receipts as specified herein from settlement amounts which would otherwise be due to Merchant from electronic check transactions and to pay such amounts to PURCHASER by permitting PURCHASER to withdraw the SPECIFIED DAILY AMOUNT by ACH debiting of the account. The authorization shall be irrevocable without the written consent of PURCHASER.

**1.2 Deposit Agreement. Seller/**Merchant shall execute an agreement (the "Deposit Agreement") acceptable to PURCHASER, with a Bank acceptable to PURCHASER, to obtain electronic fund transfer services. Merchant shall provide PURCHASER and/or its authorized agent with all of the information, authorizations and passwords necessary for verifying Merchant's receivables, receipts and deposits into the account. Merchant shall authorize PURCHASER and/or it's agent to deduct the amounts owed to PURCHASER for the Receipts as specified herein from settlement amounts which would otherwise be due to Merchant from electronic check transactions and to pay such amounts to PURCHASER by permitting PURCHASER to withdraw the specified percentages by ACH debiting of the account. The authorization shall be irrevocable without the written consent of PURCHASER

**1.3 Term of Agreement.** This Agreement shall have a term as set forth above. Upon the expiration of the term, this Agreement shall automatically renew for successive similar terms, provided, however, that during the renewal term(s) Merchant may terminate this Agreement upon ninety days' prior written notice (effective upon receipt) to PURCHASER. The termination of this Agreement shall not affect Merchant's responsibility to satisfy all outstanding obligations to PURCHASER at the time of termination.

**1.4 Future Purchases. PURCHASER** reserves the right to rescind the offer to make any purchase payments hereunder, in its sole discretion.

**1.5 Financial Condition. Merchant authorize PURCHASER and its agents to investigate their financial responsibility and history, and will provide to PURCHASER any bank or financial statements, tax returns, etc., as PURCHASER deems necessary prior to or at any time after execution of this Agreement. A photocopy of this authorization will be deemed as acceptable for release of financial information. PURCHASER is authorized to update such information and financial profiles from time to time as it deems appropriate.**

**1.6 Transactional History.** Merchant authorizes their bank to provide PURCHASER with Merchant's banking or processing history to determine qualification or continuation in this program.

**1.7 Indemnification.** Merchant jointly and severally indemnify and hold harmless Processor, its officers, directors and shareholders against all losses, damages, claims, liabilities and expenses (including reasonable attorney's fees)

incurred by Processor resulting from (a) claims asserted by PURCHASER for monies owed to PURCHASER from Merchant and (b) actions taken by Processor in reliance upon information or instructions provided by PURCHASER.

**1.8 No Liability.** In no event will CBSG be liable for any claims asserted by Merchant under any legal theory for lost profits, lost revenues, lost business opportunities, exemplary, punitive, special, incidental, indirect or consequential damages, each of which is waived by Merchant.

**1.9 Reliance on Terms.** Section 1.1, 1.7, 1.8 and 2.5 of this Agreement are agreed to for the benefit of Merchant, PURCHASER and Processor, and notwithstanding the fact that Processor is not a party of this Agreement, Processor may rely upon their terms and raise them as a defense in any action.

**1.10 Sale of Receipts.** Merchant and CBSG agree that the Purchase Price under this Agreement is in exchange for the Purchased Amount and that such Purchase Price is not intended to be, nor shall it be construed as a loan from PURCHASER to Merchant. Merchant agrees that the Purchase Price is in exchange for Future Receipts pursuant to this Agreement equals the fair market value of such Receipts. PURCHASER has purchased and shall own all the Receipts described in this Agreement up to the full Purchased Amount as the Receipts are created. Payments made to PURCHASER with respect to the full amount of the Receipts shall be conditioned upon Merchant's sale of products and services and the payment therefore by Merchant's customers in the manner provided in Section 1.1. IN NO EVENT SHALL THE AGGREGATE OF THE AMOUNTS RECEIVED BE DEEMED AS INTEREST HEREUNDER. In the event that a court determines that PURCHASER has charged or received interest hereunder, and that said amount is in excess of the highest applicable rate, the rate in effect hereunder shall automatically be reduced to the maximum rate permitted by applicable law and PURCHASER shall promptly refund to Merchant any interest received by PURCHASER in excess of the maximum lawful rate, it being intended that Merchant not pay or contract to pay, and that PURCHASER not receive or contract to receive, directly or indirectly in any manner whatsoever, interest in excess of that which may be paid by Merchant under applicable law. MERCHANT ACKNOWLEDGES THAT PENNSYLVANIA LAW APPLIES TO THE WITHIN AGREEMENT.

**1.11 Monthly Assessment of Merchant Cash Flow** Merchant hereby authorizes PURCHASER to initiate one or more ACH debits at the specified "Daily Retrieval Rate" from the Account as an approximation of the base payment due under the Specified Percentage. It is the Merchant's responsibility to provide financial information (e.g. bank statements, credit card processing statements, general ledger) regarding its gross receivables, to reconcile the daily payments made against the Specified Percentage, permitting PURCHASER to debit or credit the difference to Merchant on a monthly basis so that the Daily Retrieval Rate equals the Specified Percentage.

**1.12 Power of Attorney** Merchant irrevocably appoints PURCHASER as its agent and attorney-in-fact with full authority to take any action or execute any instrument or document to settle all obligations due to PURCHASER from Processor, or in the case of a violation by Merchant of Section 1.12 or the occurrence of an Event of Default under Section 4 hereof, from Merchant, under this Agreement, including without limitation (i) to obtain and adjust insurance; (ii) to collect monies due or to become due under or in respect of any of the Collateral; (iii) to receive, endorse and collect any checks, notes, drafts, instruments, documents or chattel paper in connection with clause (i) or clause (ii) above; (iv) to sign Merchant's name on any invoice, bill of lading, or assignment directing customers or account debtors to make payment directly to PURCHASER; and (v) to file any claims or take any action or institute any proceeding which PURCHASER may deem necessary for the collection of any of the unpaid Purchased Amount from the Collateral, or otherwise to enforce its rights with respect to payment of the Purchased Amount.

**1.13 Protections Against Default.** Merchant represents and warrants that it will not violate Conditions (a) through (e) below and in the event of default thereunder the following Protections 1 through 8 may be invoked by PURCHASER, immediately and without notice to Merchant in the event: (a) Merchant takes any action to discourage the use of electronic check processing that are settled through Processor, or permits any event to occur that could have an adverse effect on the use, acceptance, or authorization of checks for the purchase of Merchant's services and products including but not limited to direct deposit of any checks into a bank account without scanning into the PURCHASER electronic check processor; (b) Merchant changes its arrangements with Processor in any way that is adverse to PURCHASER; (c) Merchant changes the electronic check processor through which the Receipts are settled from Processor to another electronic check processor, or permits any event to occur that could cause diversion of any of Merchant's check transactions to another processor; (d) Merchant interrupts the operation of this business (other than adverse weather, natural disasters or acts of God) transfers, moves, sells, disposes, transfers or otherwise



*Merchant Initials* SW *Merchant Initials* LC Case ID: 190509385

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

conveys its business or assets without (i) the express prior written consent of PURCHASER, and (ii) the written agreement of any purchaser or transferee to the assumption of all of Merchant's obligations under this Agreement pursuant to documentation satisfactory to PURCHASER; or (c) Merchant takes any action, fails to take any action, or offers any incentive—economic or otherwise—the result of which will be to induce any customer or customers to pay for Merchant's services with any means other than checks that are settled through Processor. These protections are in addition to any other remedies available to PURCHASER at law, in equity or otherwise pursuant to this Agreement.

Protection 1. The full uncollected Purchase Amount plus all fees due under this Agreement and the attached Security Agreement become due and payable in full immediately.

Protection 2. Upon breach of ANY MATERIAL PROVISION OR BREACH OF REPRESENTATIONS AND WARRANTIES in this Agreement, PURCHASER may enter that confession of judgment (judgment) with the Clerk of the Court and execute thereon.

Protection 3. Purchaser may enforce its security interest in the Collateral identified in Article III hereof.

Protection 4. The entire Unpaid Purchase Amount shall become immediately refundable to PURCHASER from Merchant.

Protection 5. Purchaser may proceed to protect and enforce its rights and remedies by lawsuit. In any such lawsuit, in which Purchaser shall recover judgment against Merchant, Merchant shall be liable for the full costs of PURCHASER'S legal action, including all reasonable attorneys' fees and court costs.

Protection 6. Merchant shall, upon execution of this Agreement, deliver to PURCHASER an **executed assignment of lease of Merchant's premises** in favor of CBSG. Upon breach of any provision in this paragraph 1.13, PURCHASER may exercise its rights under such assignment of lease.

Protection 7. PURCHASER may debit Merchant's depository accounts wherever situated by means of ACH debit or facsimile signature on a computer-generated check drawn on Merchant's bank account.

Protection 8. In the event Merchant changes or permits the change of the Processor approved by CBSG, or adds an additional Processor, in violation of Section 1.11 above, CBSG shall have the right, without waiving any of its rights and remedies and without notice to Merchant, to notify the new or additional Processor of the sale of the Receipts hereunder and to direct such new or additional Processor to make payment directly to CBSG of all or any portion of the amount received by such Processor.

**1.14 Protection of Information.** Merchant and each person signing this Agreement on behalf of Merchant and/or as Owner, in respect of himself or herself personally, authorizes PURCHASER to disclose information concerning Merchant's and each Owner's credit standing (including credit bureau reports that PURCHASER obtains) and business conduct only to agents, affiliates, subsidiaries, and credit reporting bureaus. Merchant and each Owner hereby waives to the maximum extent permitted by law any claim for damages against PURCHASER or any of its affiliates relating to any (i) investigation undertaken by or on behalf of PURCHASER as permitted by this Agreement or (ii) disclosure of information as permitted by this Agreement.

**1.15 Confidentiality.** Merchant understands and agrees that the terms and conditions of the products and services offered by PURCHASER, including this Agreement and any other PURCHASER documentations (collectively, "Confidential Information") are proprietary and confidential information of PURCHASER. Accordingly, unless disclosure is required by law or court order, Merchant shall not disclose Confidential Information of PURCHASER to any person other than an attorney, accountant, financial advisor or employee of Merchant who needs to know such information for the purpose of advising Merchant ("Advisor"), provided such Advisor uses such information solely for the purpose of advising Merchant and first agrees in writing to be bound by the terms of this Section 1.13.

**1.16 D/B/A's.** Merchant hereby acknowledges and agrees that PURCHASER may be using "doing business as" or "d/b/a" names in connection with various matters relating to the transaction between PURCHASER and Merchant, including the filing of UCC-1 financing statements and other notices or filings.

**II. MERCHANT REPRESENTATIONS, WARRANTIES AND COVENANTS** Merchant represents, warrants and covenants that as of this date and during the term of this Agreement:

**2.1 Financial Condition and Financial Information.** Bank and financial statements, and future statements furnished to PURCHASER, fairly represent the financial condition of Merchant at such dates. Merchant has a continuing, affirmative obligation to advise PURCHASER of any material or adverse change in its financial condition, operation or ownership. PURCHASER may request statements at any time during the performance of this Agreement and the Merchant shall provide them to PURCHASER within 5 business days. Merchant's failure to do so is a material breach of this Agreement.

**2.2 Governmental Approvals.** Merchant is in compliance and shall comply with all laws and has valid permits, authorizations and licenses to own, operate and lease its properties and to conduct the business in which it is presently engaged.

**2.3 Authorization.** Merchant, and the person(s) signing this Agreement on behalf of Merchant, have full power and authority to incur and perform the obligations under this Agreement, all of which have been duly authorized.

**2.4 Insurance.** Merchant will maintain business-interruption insurance naming CBSG as loss payee and additional insured in amounts and against risks as are satisfactory to PURCHASER and shall provide PURCHASER proof of such insurance upon request.

**2.5 Electronic Check Processing Agreement.** Merchant will not change its processor, add terminals, change its financial institution or bank account(s) or take any other action that could have any adverse effect upon Merchant's obligations under this Agreement, without PURCHASER'S prior written consent. Any such change shall be a material breach of this Agreement.

**2.6 Change of Name or Location.** Merchant will not conduct Merchant's businesses under any name other than as disclosed to the Processor and PURCHASER or change any of its places of business.

**2.7 Daily Batch Out.** Merchant will batch out receipts with the Processor on a daily basis.

**2.8 Estoppel Certificate.** Merchant will at any time, and from time to time, upon at least one (1) day's prior notice from PURCHASER to Merchant, execute, acknowledge and deliver to PURCHASER and/or to any other person, person firm or corporation specified by PURCHASER, a statement certifying that this Agreement is unmodified and in full force and effect (or, if there have been modifications, that the same is in full force and effect as modified and stating the modifications) and stating the dates which the Purchased Amount or any portion thereof has been repaid.

**2.9 No Bankruptcy.** As of the date of this Agreement, Merchant does not contemplate and has not filed any petition for bankruptcy protection under Title 11 of the United States Code and there has been no involuntary petition brought or pending against Merchant. Merchant further warrants that it does not anticipate filing any such bankruptcy petition and it does not anticipate that an involuntary petition will be filed against it. In the event that the Merchant files for bankruptcy protection or is placed under an involuntary filing Protections 2 and 3 are immediately invoked.

**2.10 Working Capital Funding.** Merchant shall not enter into any arrangement, agreement or commitment that relates to or involves the Receipts, whether in the form of a purchase of, a loan against, collateral against or the sale or purchase of credits against, Receipts or future check sales with any party other than PURCHASER.

**2.11 Unencumbered Receipts.** Merchant has good, complete and marketable title to all Receipts, free and clear of any and all liabilities, liens, claims, changes, restrictions, conditions, options, rights, mortgages, security interests, equities, pledges and encumbrances of any kind or nature whatsoever or any other rights or interests that may be inconsistent with the transactions contemplated with, or adverse to the interests of PURCHASER.

**2.12 Business Purpose.** Merchant is a valid business in good standing under the laws of the jurisdictions in which it is organized and/or operates, and Merchant is entering into this Agreement FOR BUSINESS PURPOSES ONLY and not as a consumer for personal, family or household purposes.

**2.13 Default under Other Contracts.** Merchant's execution of and/or performance under this Agreement will not cause or create an event of default by Merchant under any contract with another person or entity.

**2.14 3rd Party Negotiators with Regard to This Agreement and the Obligations Herein.** Merchant hereby agrees not to retain any 3rd party negotiators, consolidators, or credit relief agencies with regard to its obligations under the terms of this Agreement. Merchant will maintain and allow direct communication with PURCHASER at all times during the course of this Agreement and shall not engage any 3rd party to negotiate its obligations as stated in this Agreement. Should Merchant violate this subsection 2.14, Merchant will be liable for the additional fee as specific in the attached Appendix A.

**III. EVENTS OF BREACH OF REPRESENTATIONS, WARRANTIES, AND COVENANTS AND REMEDIES**

**3.1 Events of Breach of Representations, Warranties and Covenants.** The occurrence of any of the following events shall constitute an "Event of a Breach of Representations, Warranties, and Covenants" hereunder: (a) Merchant shall violate any term or covenant in this Agreement; (b) Any representation or warranty by Merchant in this Agreement shall prove to have been incorrect, false or misleading in any material respect when made; (c) Merchant shall admit in writing its inability to pay its debts, or shall make a general assignment for the benefit of creditors; or any proceeding shall be instituted by or against Merchant seeking to adjudicate it a bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, or composition of it or its debts; (d) the sending of notice of termination by MERCHANT; (e) Merchant shall transport, move, interrupt, suspend, dissolve or terminate its business;



*Merchant Initials* SW *Merchant Initials* IC

Case ID: 190509385

CBSG

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

(f) Merchant shall transfer or sell all or substantially all of its assets; (h) Merchant shall make or send notice of any intended bulk sale or transfer by Merchant; (i) Merchant shall use multiple depository accounts without the prior written consent of PURCHASER; (j) Merchant shall change its depositing account without the prior written consent of PURCHASER; (k) Merchant shall perform any act that reduces the value of any Collateral granted under this Agreement; (l) Merchant shall engage a third party to renegotiate the terms of this Agreement on Merchant's behalf; (m) Merchant shall engage a third party in an attempt to cease direct communication and/or contact with PURCHASER; or (n) Merchant shall default under any of the terms, covenants and conditions of any other agreement with PURCHASER.

**3.2 Remedies.** In case any Event of a Breach of Representations, Warranties and Covenants, Default occurs and is not waived pursuant to Section 4.4 hereof, PURCHASER may proceed to protect and enforce its rights or remedies by suit in equity or by action at law, or both, whether for the specific performance of any covenant, agreement or other provision contained herein, or to enforce the discharge of Merchant's obligations hereunder or any other legal or equitable right or remedy. IN THE EVENT OF VIOLATION OF THE REPRESENTATIONS AND WARRANTIES BY MERCHANT, PURCHASER may also file a Complaint in Confession of Judgment pursuant to the Warrant of Attorney contained herein. All rights, powers and remedies of PURCHASER in connection with this Agreement may be exercised at any time by PURCHASER after the occurrence of an Event of Default, are cumulative and not exclusive, and shall be in addition to any other rights, powers or remedies provided by law or equity.

**3.3 Consent to Sale/Transfer of Interest**: In event of MERCHANT breach of warranties, covenants and representations under this Agreement, Merchant consents to PURCHASER'S sale or transfer of its remaining interests in MERCHANT'S receivables to a third party buyer of defaulted financial obligations and instruments. More specifically, MERCHANT recognizes PURCHASER'S authority to sell its interests in said receivables to New York Unity Factor, LLC ("NYUF") which MERCHANT authorizes to pursue legal remedies in NYUF's home State of New York in the event of a breach of the warranties, covenants, and representations stated under this Agreement.

**3.4 <u>WARRANT OF ATTORNEY TO CONFESS JUDGMENT</u>. UPON THE OCCURRENCE OF A VIOLATION OF THE REPRESENTATIONS AND WARRANTIES MADE HERETOFORE BY MERCHANT, MERCHANT IRREVOCABLY AUTHORIZE AND EMPOWER ANY ATTORNEY OR ANY CLERK OF ANY COURT OF RECORD, TO APPEAR FOR AND CONFESS JUDGMENT AGAINST MERCHANT FOR SUCH SUMS AS ARE DUE AND/OR MAY BECOME DUE UNDER THIS MERCHANT AGREEMENT OR ANY ACCOMPANYING DOCUMENTS, WITH OR WITHOUT DECLARATION, WITH COSTS OF SUIT, WITHOUT STAY OF EXECUTION AND WITH AN AMOUNT, FOR LIEN PRIORITY PURPOSES, EQUAL TO TEN PERCENT (10%) OF THE AMOUNT OF SUCH JUDGMENT, BUT NOT LESS THAN ONE THOUSAND DOLLARS ($1,000.00), ADDED FOR ATTORNEYS' COLLECTION FEES, WITH THE ACTUAL AMOUNT OF ATTORNEY'S FEES AND COSTS TO BE DETERMINED IN ACCORDANCE WITH THE SECTION OF THIS MERCHANT AGREEMENT "ATTORNEY'S FEES AND COLLECTION COSTS." TO THE EXTENT PERMITTED BY LAW, MERCHANT: (1) WAIVE THE RIGHT OF INQUISITION ON ANY REAL ESTATE LEVIED ON, VOLUNTARILY CONDEMNS THE SAME, AUTHORIZES THE PROTHONOTARY OR CLERK TO ENTER UPON THE WRIT OF EXECUTION THIS VOLUNTARY CONDEMNATION AND AGREES THAT ANY REAL ESTATE MAY BE SOLD ON A WRIT OF EXECUTION; (2) WAIVE AND RELEASE ALL RELIEF FROM ALL APPRAISEMENT, STAY, EXEMPTION OR APPEAL LAWS OF ANY STATE NOW IN FORCE OR HEREINAFTER ENACTED; AND (3) RELEASE ALL ERRORS IN SUCH PROCEEDINGS. IF A COPY OF THIS MERCHANT AGREEMENT, VERIFIED BY AFFIDAVIT BY OR ON BEHALF OF PURCHASER SHALL HAVE BEEN FILED IN SUCH ACTION, IT SHALL NOT BE NECESSARY TO FILE THE ORIGINAL MERCHANT AGREEMENT AS A WARRANT OF ATTORNEY. THE AUTHORITY AND POWER TO APPEAR FOR AND CONFESS JUDGMENT AGAINST MERCHANT SHALL NOT BE EXHAUSTED BY THE INITIAL EXERCISE THEREOF AND MAY BE EXERCISED AS OFTEN AS PURCHASER SHALL FIND IT NECESSARY AND DESIRABLE AND THIS BUSINESS CASH ADVANCE AND SECURITY AGREEMENT SHALL BE A SUFFICIENT WARRANT THEREFOR. PURCHASER MAY CONFESS ONE OR MORE JUDGMENTS IN THE SAME OR DIFFERENT JURISDICTIONS FOR ALL OR ANY PART OF THE AMOUNTS OWING HEREUNDER, WITHOUT REGARD TO WHETHER JUDGMENT HAS THERETOFORE BEEN CONFESSED ON MORE THAN ONE OCCASION FOR THE SAME AMOUNTS. IN THE EVENT ANY JUDGMENT CONFESSED AGAINST THE MERCHANT HEREUNDER IS STRICKEN OR OPENED UPON APPLICATION BY OR ON MERCHANT'S BEHALF FOR ANY REASON, PURCHASER IS HEREBY AUTHORIZED AND EMPOWERED TO AGAIN APPEAR FOR AND CONFESS JUDGMENT AGAINST MERCHANT FOR ANY PART OR ALL OF THE AMOUNTS OWED HEREUNDER, AS PROVIDED FOR HEREIN, IF DOING SO WILL CURE ANY ERRORS AND DEFECTS IN SUCH PRIOR PROCEEDINGS.**

**3.41 NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FACTORING AGREEMENT, THE CONFESSION OF JUDGMENT, THE SECURITY AGREEMENT, OR ANY OTHER DOCUMENTS EXECUTED BY MERCHANT IN CONNECTION WITH THE ADVANCE OF FUNDS TO SELLER, ALL PARTIES ACKNOWLEDGE THAT RECOURSE TO THE MERCHANT AND THE MERCHANT'S ASSETS IS PERMITTED ONLY FOR BREACHES OF THE REPRESENTATIONS AND WARRANTIES MADE BY THE SELLER IN THE FACTORING AGREEMENT.**

**3.5 Costs.** Merchant shall pay to PURCHASER all reasonable costs associated with (a) a breach by Merchant of the Covenants in this Agreement and the enforcement thereof, and (b) the enforcement of PURCHASER'S remedies set forth in Section 4.2 above, including but not limited to court costs and attorneys' fees.

**3.6 Required Notifications.** Merchant is required to give PURCHASER written notice within 24 hours of any filing under Title 11 of the United States Code. Merchant is required to give PURCHASER seven days' written notice prior to the closing of any sale of all or substantially all of the Merchant's assets or stock.

**IV. MISCELLANEOUS**

**4.1 Modifications; Agreements.** No modification, amendment, waiver or consent of any provision of this Agreement shall be effective unless the same shall be in writing and signed by PURCHASER.

**4.2 Assignment.** PURCHASER may assign, transfer or sell its rights to receive the Purchased Amount or delegate its duties hereunder, either in whole or in part.

**4.3 Notices.** All notices, requests, consent, demands and other communications hereunder shall be delivered by certified mail, return receipt requested, to the respective parties to this Agreement at the addresses set forth in this Agreement and shall become effective only upon receipt.

**4.4 Waiver Remedies.** No failure on the part of PURCHASER to exercise, and no delay in exercising, any right under this Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any right under this Agreement preclude any other or further exercise thereof or the exercise of any other right. The remedies provided hereunder are cumulative and not exclusive of any remedies provided by law or equity.

**4.5 Merchant/Guarantor(s) barred from transfer.** This Agreement shall be binding upon and inure to the benefit of Merchant, PURCHASER and their respective successors and assigns, except that Merchant shall not have the right to assign its rights hereunder or any interest herein without the prior written consent of PURCHASER which consent may be withheld in PURCHASER'S sole discretion. PURCHASER reserves the rights to assign this Agreement with or without prior written notice to Merchant or Guarantor(s).

**4.6 Governing Law/Jurisdiction/Venue for disputes.** All signatories to this Agreement consent that this Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, without regards to any applicable principals of conflicts of law. Any suit, action or proceeding arising hereunder, or the interpretation, performance or breach hereof, shall, if PURCHASER so elects, be instituted in the Court of Common Pleas, Philadelphia County, Federal Court for the Eastern District of Pennsylvania, or the Philadelphia County Municipal Court, (the "Acceptable Forums"). Merchant agrees that the Acceptable Forums are convenient to it, and submits to the jurisdiction of the Acceptable Forums and waives any and all objections to jurisdiction or venue. Should such proceeding be initiated in any other forum, Merchant waives any right to oppose any motion or application made by PURCHASER to transfer such proceeding to an Acceptable Forum.

**4.7 Survival of Representation, etc.** All representations, warranties and covenants herein shall survive the execution and delivery of this Agreement and shall continue in full force until all obligations under this Agreement shall have been satisfied in full and this Agreement shall have terminated.

**4.8 Severability** in case any of the provisions in this Agreement is found to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of any other provision contained herein shall not in any way be affected or impaired.

 *Merchant Initials* SW *Merchant Initials* IC Case ID: 190509385

CBSG
22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**4.9 Entire Agreement.** Any provision hereof prohibited by law shall be ineffective only to the extent of such prohibition without invalidating the remaining provisions hereof. This Agreement and **Security Agreement** hereto embody the entire agreement between Merchant and PURCHASER and supersede all prior agreements and understandings relating to the subject matter hereof.

**4.10 JURY TRIAL WAIVER. THE PARTIES HERETO WAIVE TRIAL BY JURY IN ANY COURT IN ANY SUIT, ACTION OR PROCEEDING ON ANY MATTER ARISING IN CONNECTION WITH OR IN ANY WAY RELATED TO THE TRANSACTIONS OF WHICH THIS AGREEMENT IS A PART OR THE ENFORCEMENT HEREOF. THE PARTIES HERETO ACKNOWLEDGE THAT EACH MAKES THIS WAIVER KNOWINGLY, WILLINGLY AND VOLUNTARILY AND WITHOUT DURESS, AND ONLY AFTER EXTENSIVE CONSIDERATION OF THE RAMIFICATIONS OF THIS WAIVER WITH THEIR ATTORNEYS.**

**4.11 CLASS ACTION WAIVER. THE PARTIES HERETO WAIVE ANY RIGHT TO ASSERT ANY CLAIMS AGAINST THE OTHER PARTY AS A REPRESENTATIVE OR MEMBER IN ANY CLASS OR REPRESENTATIVE ACTION, EXCEPT WHERE SUCH WAIVER IS PROHIBITED BY LAW AGAINST PUBLIC POLICY. TO THE EXTENT EITHER PARTY IS PERMITTED BY LAW OR COURT OF LAW TO PROCEED WITH A CLASS OR REPRESENT-ATIVE ACTION AGAINST THE OTHER, THE PARTIES HEREBY AGREE THAT: (1) THE PREVAILING PARTY SHALL NOT BE ENTITLED TO RECOVER ATTORNEYS' FEES OR COSTS ASSOCIATED WITH PURSUING THE CLASS OR REPRESENTATIVE ACTION (NOT WITHSTANDING ANY OTHER PROV-ISION IN THIS AGREEMENT); AND (2) THE PARTY WHO INITIATES OR PARTICIPATES AS A MEMBER OF THE CLASS WILL NOT SUBMIT A CLAIM OR OTHERWISE PART-ICIPATE IN ANY RECOVERY SECURED THROUGH THE CLASS OR REPRESENT-ATIVE ACTION.**

**4.12 Counterparts & Facsimile/Email Signatures.** This Agreement may be executed in any number of counterparts each of which shall be deemed to be an original, all of which together shall be deemed one and the same instrument. Further, facsimile and email signatures shall be deemed to be originals for all purposes.



*Merchant Initials* SW *Merchant Initials* IC Case ID: 190509385

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

Seller/Merchant's Legal Name: FLEXOGENIX GROUP INC DBA FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC

Physical Address: 1000 S HOPE STREET, STE 103, LOS ANGELES, CA 90015

FED ID # (Merchant): [redacted]

## SECURITY AGREEMENT

**Security Interest.** To secure SELLER/MERCHANTS'S performance obligations to PURCHASER under the "Factoring Agreement", SELLER/MERCHANT hereby grants to PURCHASER a security interest in (a) all accounts, chattel paper, documents, equipment, general intangibles, instruments, and inventory, as those terms are defined in Article 9 of the Uniform Commercial Code (the "UCC"), now or hereafter owned or acquired by SELLER/MERCHANT; and (b) all proceeds, as that term is defined in Article 9 of the UCC (a and b collectively, the "Collateral").

**Cross-Collateral.** To secure MERCHANT's payment and performance obligations to PURCHASER under this Security Agreement (the "Agreement"), MERCHANT hereby grants PURCHASER a security interest in __ (the "Additional Collateral"). MERCHANT understands that PURCHASER will have a security interest in the aforesaid Additional Collateral upon execution of this Agreement.

SELLER/MERCHANT acknowledge and agree that any security interest granted to PURCHASER under any other agreement between SELLER/MERCHANT and PURCHASER (the "Cross-Collateral") will secure the obligations hereunder and under the FACTORING Agreement.

SELLER/MERCHANT agrees to execute any documents or take any action in connection with this Agreement as PURCHASER deems necessary to perfect or maintain PURCHASER'S first priority security interest in the Collateral, the Additional Collateral and the Cross-Collateral, including the execution of any account control agreements. SELLER/MERCHANT hereby authorizes PURCHASER to file any financing statements deemed necessary by PURCHASER to perfect or maintain PURCHASER's security interest, which financing statement may contain notification that SELLER/MERCHANT have granted a negative pledge to PURCHASER with respect to the Collateral, the Additional Collateral and the Cross-Collateral, and that any subsequent lien or may be tortuously interfering with PURCHASER's rights. SELLER/MERCHANT shall be liable for and PURCHASER may charge and collect all costs and expenses, including but not limited to attorney's fees, which may be incurred by PURCHASER in protecting, preserving and enforcing PURCHASER'S security interest and rights.

**Negative Pledge.** SELLER/MERCHANT agrees not to create, incur, assume, or permit to exist, directly or indirectly, any lien on or with respect to any of the Collateral, the Additional Collateral or the Cross-Collateral, as applicable.

**Consent to Enter Premises and Assign Lease.** PURCHASER shall have the right to cure SELLER/MERCHANT default in the payment of rent on the following terms. In the event SELLER/MERCHANT is served with papers in an action against SELLER/MERCHANT for nonpayment of rent or for summary eviction, PURCHASER may execute its rights and remedies under the Assignment of Lease. SELLER/MERCHANT also agrees that PURCHASER may enter into an agreement with SELLER/MERCHANT landlord giving PURCHASER the right: (a) to enter SELLER/MERCHANT'S premises and to take possession of the fixtures and equipment therein for the purpose of protecting and preserving same; and (b) to assign SELLER/MERCHANT'S lease to another qualified SELLER/MERCHANT capable of operating a business comparable to SELLER/MERCHANT at such premises.

**Remedies.** Upon any Event of Default, PURCHASER may pursue any remedy available at law (including those available under the provisions of the UCC), or in equity to collect, enforce, or satisfy any obligations then owing, whether by acceleration or otherwise.

**SELLER/MERCHANT**
**BY: YINGYIN IRIS CHEN, OWNER**

**Name/Title(Signature)**

**SELLER/MERCHANT**
**BY: SEAN WHALEN, OWNER**

**Name/Title(Signature)**



*Merchant Initials* SW *Merchant Initials* IC

Case ID: 190509385

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

## DISCLOSURE FOR CONFESSION OF JUDGMENT

AFFIANT: YINGYIN IRIS CHEN
SEAN WHALEN

OBLIGEE: Complete Business Solutions Group, Inc. d/b/a Par Funding

The undersigned have executed, and/or is executing, on even date herewith, one or more of the following instruments under which the Merchant is obligated to repay monies to Obligee:

1. Factoring Agreement dated OCTOBER 1, 2018; and

A. THE MERCHANT ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH OBLIGEE MAY ENTER JUDGMENT BY CONFESSION AGAINST THE MERCHANT. BEING FULLY AWARE OF THE MERCHANT'S RIGHTS TO PRIOR NOTICE AND A HEARING ON THE VALIDITY OF ANY JUDGMENT OR OTHER CLAIMS THAT MAY BE ASSERTED AGAINST THE MERCHANT BY OBLIGEE THEREUNDER BEFORE JUDGMENT IS ENTERED, THE UNDERSIGNED HEREBY FREELY, KNOWINGLY, AND INTELLIGENTLY WAIVES THESE RIGHTS AND EXPRESSLY AGREES AND CONSENTS TO OBLIGEE'S ENTERING JUDGMENT AGAINST THE MERCHANT BY CONFESSION PURSUANT TO THE TERMS THEREOF.

B. THE UNDERSIGNED ALSO ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH OBLIGEE MAY, AFTER ENTRY OF JUDGMENT AND WITHOUT EITHER NOTICE OR A HEARING, FORECLOSE UPON, ATTACH, LEVY, OR OTHERWISE SEIZE PROPERTY OR PROCEED AGAINST THE INTERESTS OF THE MERCHANT IN PROPERTY (REAL OR PERSONAL) IN FULL OR PARTIAL PAYMENT OR SATISFACTION OF THE JUDGMENT OR JUDGMENTS. BEING FULLY AWARE OF THE MERCHANT'S RIGHTS AFTER JUDGMENT IS ENTERED (INCLUDING THE RIGHT TO MOVE TO OPEN OR STRIKE THE JUDGMENT OR JUDGMENTS), THE UNDERSIGNED HEREBY FREELY, KNOWINGLY AND INTELLIGENTLY WAIVES THESE RIGHTS AND EXPRESSLY AGREES AND CONSENTS TO OBLIGEE'S TAKING SUCH ACTIONS AS MAY BE PERMITTED UNDER APPLICABLE STATE AND FEDERAL LAW WITHOUT PRIOR NOTICE TO THE MERCHANT.

C. The Merchant hereby certifies that the financial accommodations being provided by the Obligee are for a business purpose, and not for personal, family or household use.

D. The statements made in this Disclosure for Confession of Judgment are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

**SELLER/MERCHANT**
By: YINGYIN IRIS CHEN

(Signature)

EIN# [redacted]

**SELLER/MERCHANT**
By: YINGYIN IRIS CHEN

(Signature)

SS# [redacted]

**SELLER/MERCHANT**
By: SEAN WHALEN

(Signature)

EIN# [redacted]

**SELLER/MERCHANT**
By: SEAN WHALEN

(Signature)

SS# [redacted]



*Merchant Initials* SW *Merchant Initials* IC

Case ID: 190509385

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

## GUARANTY

**Personal Guaranty of Performance.** The undersigned Guarantor(s) hereby guarantees to PURCHASER, SELLER/MERCHANT'S performance of all of the representations, and warranties made by SELLER/MERCHANT in this Agreement and the Factoring Agreement, as each agreement may be renewed, amended, extended or otherwise modified (the "Guaranteed Obligations"). Guarantor's obligations are due at the time of any breach by Merchant of any representation or warranty, or covenant made by Merchant in this Agreement and the Merchant Agreement.

**Guarantor Waivers.** In the event that SELLER/MERCHANT violates its representations and warranties under the FACTORING AGREEMENT, PURCHASER may enforce its rights under this Agreement without first seeking to obtain payment from Merchant, any other guarantor, or any Collateral, Additional Collateral or Cross-Collateral PURCHASER may hold pursuant to this Agreement or any other guaranty.

PURCHASER does not have to notify Guarantor of any of the following events and Guarantor will not be released from its obligations under this Agreement if it is not notified of: (i) SELLER/MERCHANT'S violation of the representations and warranties of the FACTORING AGREEMENT or any renewal, extension or other modification of the FACTORING AGREEMENT. In addition, PURCHASER may take any of the following actions without releasing Guarantor from any of its obligations under this Agreement : (i) renew, extend or otherwise modify the FACTORING AGREEMENT or SELLER/MERCHANT'S other obligations to PURCHASER; (ii) release SELLER/MERCHANT from its obligations to PURCHASER; (iii) sell, release, impair, waive or otherwise execute upon any collateral securing the Guaranteed Obligations ; and (iv) foreclose on any collateral securing the Guaranteed Obligations or any other guarantee of the Guaranteed Obligations in a manner that impairs or precludes the right of Guarantor to obtain reimbursement for payment under this Agreement. Until all obligations are fulfilled under the FACTORING AGREEMENT and SELLER/MERCHANT'S other obligations to PURCHASER under the FACTORING AGREEMENT and this Agreement are paid in full, Guarantor shall not seek reimbursement from Merchant or any other guarantor for any amounts paid by it under this Agreement. Guarantor permanently waives and shall not seek to exercise any of the following rights that it may have against SELLER/MERCHANT, any other guarantor, or any collateral provided by SELLER/MERCHANT or any other guarantor, for any amounts paid by it, or acts performed by it, under this Agreement: (i) subrogation; (ii) reimbursement; (iii) performance; (iv) indemnification; or (v) contribution. In the event that PURCHASER must return any amount paid by SELLER/MERCHANT or any other guarantor of the Guaranteed Obligations because that person has become subject to a proceeding under the United States Bankruptcy Code or any similar law, Guarantor's obligations under this Agreement shall include that amount. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FACTORING AGREEMENT, THE GUARANTY, THE CONFESSION OF JUDGMENT, THE SECURITY AGREEMENT, OR ANY OTHER DOCUMENTS EXECUTED BY GUARANTOR IN CONNECTION WITH THE ADVANCE OF FUNDS TO SELLER, ALL PARTIES ACKNOWLEDGE THAT RECOURSE TO THE GUARANTOR AND THE GUARANTOR'S ASSETS IS PERMITTED ONLY FOR BREACHES OF THE REPRESENTATIONS AND WARRANTIES MADE BY THE SELLER IN THE FACTORING AGREEMENT.

**GUARANTOR ACKNOWLEDGEMENT. Guarantor acknowledges that: (i) He/She understands the seriousness of the provisions of this Agreement; (ii) He/She has had a full opportunity to consult with counsel of his/her choice; and (iii) He/She has consulted with counsel of its choice or has decided not to avail himself/herself of that opportunity.**

**JOINT AND SEVERAL LIABILITY**. The obligations hereunder of the persons or entities constituting Guarantor under this Agreement are joint and several.

**SELLER/MERCHANT**
By: YINGYIN IRIS CHEN

(Signature)

EIN# [redacted]

**SELLER/MERCHANT**
By: YINGYIN IRIS CHEN

(Signature)

SS# [redacted]

**SELLER/MERCHANT**
By: SEAN WHALEN

(Signature)

EIN# [redacted]

**SELLER/MERCHANT**
By: SEAN WHALEN

(Signature)

SS# [redacted]

**THE TERMS, DEFINITIONS, CONDITIONS AND INFORMATION SET FORTH IN THE "MERCHANT AGREEMENT", INCLUDING THE "TERMS AND CONDITIONS", ARE HEREBY INCORPORATED IN AND MADE A PART OF THIS SECURITY AGREEMENT AND GUARANTY.**

**CAPITALIZED TERMS NOT DEFINED IN THIS SECURITY AGREEMENT AND GUARANTY, SHALL HAVE THE MEANING SET FORTH IN THE MERCHANT AGREEMENT, INCLUDING THE TERMS AND CONDITIONS.**



*Merchant Initials* SW *Merchant Initials* IC

CBSG
22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**AUTHORIZATION AGREEMENT FOR DIRECT DEPOSIT (ACH CREDIT) AND DIRECT PAYMENTS (ACH DEBITS)**

This Authorization Agreement for Direct Deposit (ACH Credit) and Direct Payments (ACH Debits) is part of (and incorporated by reference into) the FACTORING AGREEMENT. You should keep this important legal document for your records.

DISBURSEMENT OF BUSINESS CASH ADVANCE PROCEEDS: By signing below, Seller/Merchant authorizes PURCHASER to disburse the Cash Advance Proceeds less the amount of any applicable fees upon approval by initiating an ACH credit to the checking account indicated below (or a substitute checking account Seller/Merchant later identifies and is acceptable to PURCHASER) (hereinafter referred to as the "Designated Checking Account") in the disbursal amount set forth in the accompanying documents. This authorization is to remain in full force and effect until PURCHASER has received written notification from Seller/Merchant of its termination in such time and in such manner as to afford PURCHASER and Merchant's depository bank a reasonable opportunity to act on it.

AUTOMATIC PAYMENT PLAN: Enrollment in PURCHASER's Automatic Payment Plan is required for approval. By signing below, Seller/Merchant agrees to enroll in the Automatic Payment Plan and authorizes PURCHASER to collect payments required under the terms of Seller/Merchant Agreement by initiating ACH debit entries to the Designated Checking Account in the amounts and on the dates provided in the payment schedule set forth in the accompanying Seller/Merchant Agreement. Seller/Merchant authorizes PURCHASER to increase the amount of any scheduled ACH debit entry or assess multiple ACH debits for the amount of any previously scheduled payment(s) that was not paid as provided in the payment schedule and any unpaid Fees. This authorization is to remain in full force and effect until PURCHASER has received written notification from Seller/Merchant of its termination in such time and in such manner as to afford PURCHASER and Seller/Merchant's depository bank a reasonable opportunity to act on it. PURCHASER may suspend or terminate Seller/Merchant's enrollment in the Automatic Payment Plan immediately if Seller/Merchant fails to keep Seller/Merchant's designated checking account in good standing or if there are insufficient funds in Merchant's checking account to process any payment.

If Seller/Merchant revokes the authorization or PURCHASER suspends or terminates Seller/Merchant's enrollment in the Automatic Payment Plan, Seller/Merchant still will be responsible for making timely payments pursuant to the alternative payment methods described in the Seller/Merchant Agreement.

BUSINESS PURPOSE ACCOUNT: By signing below, Seller/Merchant attests that the Designated Checking Account was established for business purposes and not primarily for personal, family or household purposes.

ACCOUNT CHANGES: Seller/Merchant agrees to notify PURCHASER promptly if there are any changes to the account and routing numbers of the Designated Checking Account

MISCELLANEOUS: PURCHASER is not responsible for any fees charged by Seller/Merchant's bank as the result of credits or debits initiated under this agreement. The origination of ACH transactions to Merchant's account must comply with the provisions of U.S. law.

Signature: ____________ Date: 10-3-18

Signature: ____________ Date: 10-3-18

Bank Name: Bank of America

City: Los Angeles State: CA Zip: 90015

Routing Number: 325112884161

Account Number: [redacted]

Business Name on Account: Flexogenix Group, Inc.

Address on Account: 1000 S Hope Street, Suite 103

Seller/Merchant Phone #: [redacted] Tax ID Number: [redacted]

Email: [redacted]

Signature: ____________

Title: Owner, CMO, CBDO

 *Merchant Initials* SW *Merchant Initials* IC

Case ID: 190509385

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**BANK ACCOUNT DISCLOSURE AFFIDAVIT**

For the purpose of obtaining the Business Cash Advance evidence by the Merchant Agreement of this same date herewith (the "Business Cash Advance") from Complete Business Solutions Group, Inc., the undersigned Seller/Merchant hereby makes the following statement under penalty of law:

**PLEASE SIGN OPTION ONE OR TWO**

**OPTION 1 – DISCLOSURE AND AUTHORIZATION FOR ADDITIONAL ACCOUNTS:**

The Seller/Merchant hereby declares that in addition to the designated for ACH debit, the Seller/Merchant also has the following additional account(s) which he authorizes us to use in the event we are unable to debit from the designated account:

Bank Name
Name on Account
Account Number
Routing Number
Fed ID number associated with this account
Name associated with this account
Phone number of person whose name is associated with this account

Bank Name
Name on Account
Account Number
Routing Number
Fed ID number associated with this account
Name associated with this account
Phone number of person whose name is associated with this account

Bank Name
Name on Account
Account Number
Routing Number
Fed ID number associated with this account
Name associated with this account
Phone number of person whose name is associated with this account

Bank Name
Name on Account
Account Number
Routing Number
Fed ID number associated with this account
Name associated with this account
Phone number of person whose name is associated with this account
**attach additional pages if necessary**

Seller/Merchant Signature____________________ Dated ________________

Seller/Merchant Signature____________________ Dated ________________

**OPTION 2** - By signing below, the merchant swears, under penalty of law, that he has no accounts in any lending institution in addition to the one provided for ACH debit

Seller/Merchant Signature____________________ Dated ________________

Seller/Merchant Signature____________________ Dated ________________



*Merchant Initials* SW *Merchant Initials* IC

CBSG

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**AUTHORIZATION TO RESUME ACH DEBITING FORM**

NAME OF SELLER/MERCHANT: Flexogenix Group, Inc.

INFORMATION (To be filled out by the customer)

I authorize Company (as shown above) to resume electronically debiting my bank account as detailed below, including a non-sufficient fund fee if applicable, until the debt to the company is paid in full.

Full Name on Account: Flexogenix Group, Inc.

Account #: [redacted] Routing #: 121000358 (paper & electronic) / 026009593 (wire)

Account Type (select one): Checking ☑ Savings ☐

Account Class (select one): Consumer Account ☐ Business Account ☑

Payment amount: $5628.14 Number of Payments: 199

Date of next payment: ______ Frequency of payments: Daily

I understand that I may cancel this authorization by contacting the company at least five (5) business days prior to the payment due date. I further understand that canceling my ACH authorizations does not relieve me of the responsibility of paying my account in full, and that if I cancel or revoke this authorization before the debt is paid in full, the Company may take additional actions including legal actions to secure the debt.

Customer signature: ______ Date: 10-3-18

Customer Printed Name: Yingyin Iris Chen

Customer contact Telephone #: [redacted]

Customer signature: ______ Date: 10-3-18

Customer Printed Name: Sean Whalen

Customer contact Telephone #: [redacted]



*Merchant Initials* SW *Merchant Initials* IC

Case ID: 190509385

CBSG

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

Dear Client,

Thank you for accepting this offer from Complete Business Solutions Group D/b/a Par Funding. We look forward to being your factoring partner for as long as you need.

Daily ACH Program:

Complete Business Solutions Group will require viewing access to your bank account prior to funding as part of our underwriting process, as well as during the time you have a balance with our company.

Please be assured that we carefully safeguard your confidential information and only essential top level personnel will have access to it.

Please fill out the form below with the information necessary to access your account.

**Be sure to indicate capital or lower case letters.

NAME OF BANK; Bank of America

BANK PORTAL WEBSITE: https://www.bankofamerica.com/smallbusiness/

USERNAME: [redacted]

PASSWORD: [redacted]

SECURITY QUESTION/ANSWER 1: [redacted]

SECURITY QUESTION/ANSWER 2: [redacted]

SECURITY QUESTION/ANSWER 3: [redacted]

ANY OTHER INFORMATION NECESSARY TO ACCESS YOUR ACCOUNTS:

*Merchant Initials* SW *Merchant Initials* IC

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**APPENDIX A: THE FEE STRUCTURE**

1. Origination Fee: $WAIVED to cover underwriting and related expenses

2. ACH Program Fee - $4,995.00 – The ACH program is labor intensive and is not an automated process, requiring us to charge this fee to cover related costs;

3. NSF Fee - $75.00 (each) - Up to FOUR TIMES ONLY before a default is declared;

4. Rejected ACH - $100.00 – If a merchant directs the bank to reject our debit ACH;

5. Bank Change Fee - $50.00 – If a merchant requires a change of account to be debited requiring us to adjust our system;

6. Blocked Account - $250.00 – If a merchant blocks CBSG's ACH debit of the Account, bounces more than 4 debits of the Account or simultaneously uses multiple bank accounts or credit-card processors to process its receipts;

7. Default Fee - $500.00 default fee – If a merchant changes bank accounts or switches to another credit card processor without CBSG's consent, or commits another default pursuant to the Agreement;

8. 3rd Party Intermediary Fee – $4,000.00 deposit toward reasonable related expenses incurred by PURCHASER. If PURCHASER receives a communication from a 3rd party debt relief/renegotiator entity or individual which has been retained by Merchant and which contacts PURCHASER on Merchant's behalf seeking to redirect communication (related to the obligations contained in this Agreement) to itself/themselves and away from Merchant. This fee shall be used to covers Purchaser's reasonable expenses in retaining counsel or other parties to handle this additional administration required by this retention of the intermediary by PURCHASER. Any portion of the fee that is not used by PURCHASER for this purpose shall be returned to Merchant at the conclusion of this Factoring Agreement or related legal action.

9. Collections Expense – In the event of default, Seller / Merchant shall be responsible for all reasonable costs of collections, including, but not limited to, counsel fees, filing fees and any other fees which may be incurred.

10. Miscellaneous Service Fees – Merchant shall pay certain fees for services related to the origination and maintenance of accounts. Each Merchant shall receive their funding electronically to their designated bank account and will be charged WAIVED for a Fed Wire. The current charge for the underwriting, UCC, ACH Program and origination of each Merchant will be paid from the funded amount. Merchant will be charged $100.00 for every additional change of their operating bank account once they are active with CBSG. Additional copies of prior monthly statements will incur a fee of $10.00 each.

11. Risk Assessment Fee - WAIVED

12. UCC Fee – WAIVED

Merchant Signature: [signature] Name: 10-3-18

Merchant Signature: [signature] Name: 10-3-18

Merchant Signature: [signature] Name: 10-3-18

Merchant Signature: [signature] Name: 10-3-18

CBSG

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**MANDATORY JOINT AFFIDAVIT OF CONFESSION OF JUDGEMENT**

INSTRUCTIONS:

SIGN AND NOTARIZE THIS SECTION OF THE AGREEMENT, SEND THE ORIGINAL COPY TO:

PAR FUNDING
22 N 3RD STREET
PHILADELPHIA, PA 19106

C/O UNDERWRITING



*Merchant Initials* SW *Merchant Initials* IC

Case ID: 190509385

CBSG

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

| | |
|---|---|
| NEW YORK UNITY FACTOR, LLC<br><br>Plaintiff,<br><br>-against-<br><br>FLEXOGENIX GROUP INC D/B/A FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC and YINGYIN IRIS CHEN,<br><br>Defendant(s) | Index No.<br><br>**AFFIDAVIT OF CONFESSION OF JUDGMENT** |

STATE OF ____________ )
)  ss.:
COUNTY OF ____________ )

YINGYIN IRIS CHEN, being duly sworn, deposes and says:

1. I am a principal, owner, and an officer of FLEXOGENIX GROUP INC D/B/A FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC ("Merchant Defendant"), a CORPORATION located at 1000 S HOPE STREET, STE 103, LOS ANGELES, CA 90015, in the County of ____________, and as such, I have the authority to act on behalf of Merchant Defendant.

2. I reside at 705 W 9TH STREET #3404, LOS ANGELES, CA 90015, in the County of ____________.

3. I, individually, and on behalf of Merchant Defendant consent to the jurisdiction of this Court.

4. Merchant Defendant hereby confesses judgment and authorizes entry of judgment in favor of Plaintiff and against Defendants in the Federal District Court for the            , Court of Common Jurisdiction for the County of ____________ in the State of ____________ the sum of $1,120,000.00 less any payments timely made pursuant to the secured Merchant Agreement dated OCTOBER 1, 2018, plus legal fees to Plaintiff calculated

CBSG CORPORATE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

at ten percent (10%) of the total of the aforesaid sums, costs, expenses and disbursements and interest at the rate of 9% per annum from the date of default, or the highest amount allowed by law, whichever is greater. Such amount shall be set forth in an affidavit to be executed by Plaintiff or an affirmation by Plaintiff's attorney, which shall be attached hereto at the time of entry of this Affidavit of Confession of Judgment.

5. In addition, I hereby confess judgment, individually and personally, jointly and severely, and authorize entry of judgment in favor of Plaintiff and against myself in the Federal District Court for the ____________ Court of Common Jurisdiction for the County of ____________ in the State of ____________,against me personally in the sum of $1,120,000.00 less any payments timely made pursuant to the Merchant Agreement dated OCTOBER 1, 2018, plus legal fees to Plaintiff calculated at ten percent (10%) of the total of the aforesaid sums, costs, expenses and disbursements and interest at the rate of 9% per annum from the date of default, or the highest rate allowed by law, whichever is greater. Such amount shall be set forth in an affidavit to be executed by Plaintiff or an affirmation by Plaintiff's attorney, which shall be attached hereto at the time of entry of this Confession of Judgment.

6. This confession of judgment is for a debt due to Plaintiff arising from Defendants' failure to pay to Plaintiff, Merchant Defendant's accounts-receivable, which were purchased by Plaintiff pursuant to the secured Merchant Agreement dated OCTOBER 1, 2018, and for Defendants' breach of the secured Merchant Agreement, plus agreed-upon interest, reasonable attorneys' fees, costs and disbursements, as agreed-upon by Merchant Defendant and myself, under the secured Merchant Agreement, dated OCTOBER 1, 2018, of which supporting documents include a Personal Guarantee and a UCC-1 financing statement(s).

7. Merchant Defendant and I hereby agree that the execution and delivery of this Affidavit of Confession of Judgment and any entry of judgment thereon shall be without prejudice to any and all rights of Plaintiff, who reserves all of its rights and remedies against Defendants.

 *Merchant Initials* ________ *Merchant Initials* ________ Case ID: 190509385

CBSG
22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

8. If for any reason entry of judgment in the above specified amount or execution on the same is outside the jurisdiction of this Court, Merchant Defendant and I hereby consent to the personal jurisdiction, entry of judgment, and execution thereon in any State or Federal Court of the United States of America.

9. I have been authorized by Merchant Defendant to sign this Affidavit of Confession of Judgment on this ____ day of ______________, 2018.

By:______________________________
YINGYIN IRIS CHEN, individually, and on behalf of FLEXOGENIX GROUP INC D/B/A FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC

Sworn to before me this
____ day of ______________, 2018.

________________________
Notary Public



Merchant Initials________ Merchant Initials________

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

NEW YORK UNITY FACTOR, LLC

Plaintiff,

-against-

FLEXOGENIX GROUP INC D/B/A FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC and SEAN WHALEN,

Defendant(s)

Index No.

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF ______________ )
) ss.:
COUNTY OF ______________ )

SEAN WHALEN, being duly sworn, deposes and says:

1. I am a principal, owner, and an officer of FLEXOGENIX GROUP INC D/B/A FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC ("Merchant Defendant"), a CORPORATION located at 1000 S HOPE STREET, STE 103, LOS ANGELES, CA 90015, in the County of ______________, and as such, I have the authority to act on behalf of Merchant Defendant.

2. I reside at 705 W 9TH STREET #3404, LOS ANGELES, CA 90015, in the County of ______________.

3. I, individually, and on behalf of Merchant Defendant consent to the jurisdiction of this Court.

4. Merchant Defendant hereby confesses judgment and authorizes entry of judgment in favor of Plaintiff and against Defendants in the Federal District Court for the , Court of Common Jurisdiction for the County of ______________ in the State of ______________ the sum of $1,120,000.00 less any payments timely made pursuant to the secured Merchant Agreement dated OCTOBER 1, 2018, plus legal fees to Plaintiff calculated

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

at ten percent (10%) of the total of the aforesaid sums, costs, expenses and disbursements and interest at the rate of 9% per annum from the date of default, or the highest amount allowed by law, whichever is greater. Such amount shall be set forth in an affidavit to be executed by Plaintiff or an affirmation by Plaintiff's attorney, which shall be attached hereto at the time of entry of this Affidavit of Confession of Judgment.

5. In addition, I hereby confess judgment, individually and personally, jointly and severely, and authorize entry of judgment in favor of Plaintiff and against myself in the Federal District Court for the ______ Court of Common Jurisdiction for the County of ______ in the State of ______, against me personally in the sum of $1,120,000.00 less any payments timely made pursuant to the Merchant Agreement dated OCTOBER 1, 2018, plus legal fees to Plaintiff calculated at ten percent (10%) of the total of the aforesaid sums, costs, expenses and disbursements and interest at the rate of 9% per annum from the date of default, or the highest rate allowed by law, whichever is greater. Such amount shall be set forth in an affidavit to be executed by Plaintiff or an affirmation by Plaintiff's attorney, which shall be attached hereto at the time of entry of this Confession of Judgment.

6. This confession of judgment is for a debt due to Plaintiff arising from Defendants' failure to pay to Plaintiff, Merchant Defendant's accounts-receivable, which were purchased by Plaintiff pursuant to the secured Merchant Agreement dated OCTOBER 1, 2018, and for Defendants' breach of the secured Merchant Agreement, plus agreed-upon interest, reasonable attorneys' fees, costs and disbursements, as agreed-upon by Merchant Defendant and myself, under the secured Merchant Agreement, dated OCTOBER 1, 2018, of which supporting documents include a Personal Guarantee and a UCC-1 financing statement(s).

7. Merchant Defendant and I hereby agree that the execution and delivery of this Affidavit of Confession of Judgment and any entry of judgment thereon shall be without prejudice to any and all rights of Plaintiff, who reserves all of its rights and remedies against Defendants.

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

8. If for any reason entry of judgment in the above specified amount or execution on the same is outside the jurisdiction of this Court, Merchant Defendant and I hereby consent to the personal jurisdiction, entry of judgment, and execution thereon in any State or Federal Court of the United States of America.

9. I have been authorized by Merchant Defendant to sign this Affidavit of Confession of Judgment on this ____ day of ______________, 2018.

By:______________________________
SEAN WHALEN, individually, and on behalf of
FLEXOGENIX GROUP INC D/B/A FLEXOGENIX
NORTH CAROLINA, PC D/B/A: FLEXOGENIX
GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A:
FLEXOGENIX PC

Sworn to before me this
____ day of ______________, 2018.

________________________
Notary Public



*Merchant Initials*__________ *Merchant Initials*__________

CBSG

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

OCTOBER 1, 2018

Attn: Court Orders & Levies Dept.

Re: *FLEXOGENIX GROUP INC, et al.*
Supreme Court of the State of New York, Richmond County Index No.
***Information Subpoena and Restraining Notice* - RELEASE**

Complete Business Solutions Group, Inc. d/b/a Par Funding ("Funder"), Plaintiff/Judgment Creditor, and YINGYIN IRIS CHEN ("YINGYIN IRIS CHEN") and FLEXOGENIX GROUP INC ("FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC"), Defendants/Judgment Debtors (collectively, "the Parties"), hereby authorize , N.A. and/or related entities (collectively, " ,N.A.") to release **($________)** (the "Release Amount") from the funds currently held in reserve per the Information Subpoena with Restraining Notice ("IS/RN"), payable as follows:

**Via check**

**Via wire** to:

FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC and YINGYIN IRIS CHEN agree to indemnify and hold harmless , N.A. and its officers, directors, agents and employees from and against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from this release and/or the IS/RN. Upon tender of the Release Amount, Funder consents to the immediate **RELEASE** of the remainder and/or account(s) being held on reserve to FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC, YINGYIN IRIS CHEN, and/or its/their principals, agents, heirs and assigns.

AGREED AND ACCEPTED:



*Merchant Initials*________ *Merchant Initials*________

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

By:______________________
YINGYIN IRIS CHEN____(Name)
Owner/Manager/Agent__________(Title)
individually, and on behalf of *FLEXOGENIX GROUP INC*

By:______________________________
Norman M. Valz, Esq.
*Attorney for Plaintiff/Judgment Creditor, NEW YORK UNITY FACTOR LLC and*
Complete Business Solutions Group, Inc.
205 Arch Street – 2nd Floor
Philadelphia, PA 19106
(215) (tel.)

State of_____________________________)
) ss:
County of___________________________)

On the_______day of_____________________________, in the year 2018, before me, the undersigned Notary Public in and for said state, personally appeared YINGYIN IRIS CHEN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she/he executed the same in her/his capacity, and that by her/his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

______________________________________
NOTARY PUBLIC



*Merchant Initials*__________ *Merchant Initials*__________

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

OCTOBER 1, 2018

Attn: Court Orders & Levies Dept.

Re: *FLEXOGENIX GROUP INC, et al.*
Supreme Court of the State of New York, Richmond County Index No.
***Information Subpoena and Restraining Notice - RELEASE***

Complete Business Solutions Group, Inc. d/b/a Par Funding ("Funder"), Plaintiff/Judgment Creditor, and SEAN WHALEN ("SEAN WHALEN") and FLEXOGENIX GROUP INC ("FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC"), Defendants/Judgment Debtors (collectively, "the Parties"), hereby authorize , N.A. and/or related entities (collectively, " ,N.A.") to release (**$_________**) (the "Release Amount") from the funds currently held in reserve per the Information Subpoena with Restraining Notice ("IS/RN"), payable as follows:

**Via check**

**Via wire** to:

FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC and YINGYIN IRIS CHEN agree to indemnify and hold harmless , N.A. and its officers, directors, agents and employees from and against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from this release and/or the IS/RN. Upon tender of the Release Amount, Funder consents to the immediate **RELEASE** of the remainder and/or account(s) being held on reserve to FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC, YINGYIN IRIS CHEN, and/or its/their principals, agents, heirs and assigns.

AGREED AND ACCEPTED:



*Merchant Initials*________ *Merchant Initials*________

CBSG
COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

By:______________________________
Norman M. Valz, Esq.
*Attorney for Plaintiff/Judgment Creditor, NEW YORK UNITY FACTOR LLC and*
Complete Business Solutions Group, Inc.
205 Arch Street – 2nd Floor
Philadelphia, PA 19106
(215) (tel.)

By:______________________________
SEAN WHALEN__________(Name)
Owner/Manager/Agent__________(Title)
individually, and on behalf of *FLEXOGENIX GROUP INC*

State of______________________________)
) ss:
County of_____________________________)

On the______day of_____________________________, in the year 2018, before me, the undersigned Notary Public in and for said state, personally appeared YINGYIN IRIS CHEN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she/he executed the same in her/his capacity, and that by her/his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

______________________________________
NOTARY PUBLIC



*Merchant Initials*__________ *Merchant Initials*__________

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

DocuSign Envelope ID: FAC24B66-BB68-4BF5-9C4F-1442FF6EDBB0

CBSG
22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

## ACKNOWLEDGEMENT

**We, YINGYIN IRIS CHEN and SEAN WHALEN, hereby acknowledge:**

- **There has been no promise of additional capital in 30 days from funding by CBSG or any ISO (broker).**
  - **Our policy is that merchants can seek additional capital from us when they have paid 55% of the Receipts Purchased Amount.**
- **That CBSG does not permit outside fees and that no one has discussed additional fees with me. The fee amount for this agreement is $4,995.00, which will be held back from the funding amount.**
- **There has not been and will not any contact from Third Party debt companies regarding this Factoring Agreement dated OCTOBER 24, 2018.**

**We, the undersigned, acknowledge that we are in agreement with these items, which are also described in detail within the pages of this document.**

DocuSigned by: YINGYIN IRIS CHEN 031B97DAA7004FD... 10/26/2018 1:03:54 PM
**Signature** **Date**

DocuSigned by: SEAN WHALEN 83ABABFC13D3435... 10/26/2018 1:02:30 PM
**Signature** **Date**

**I, YINGYIN IRIS CHEN and SEAN WHALEN, hereby acknowledge:**

- **<u>Additional Funding/"Stacking" Fee</u>: 15% of Advance Amount – If the MERCHANT/GUARANTOR takes additional funding at any point after being funded by CBSG, without prior notice to and consent by CBSG, a fee amounting to 15% of the amount of the advance shall automatically be added to the payback amount of the advance. CBSG reserves the right to declare the account in default, at any point after learning such "stacking" has occurred; regardless of the payments made by the MERCHANT/GUARANTOR, with the filing of the Confession of Judgement in a court of competent jurisdiction.**

**I, the undersigned, acknowledge that I am in agreement with these items, which are also described in detail within the pages of this document.**

DocuSigned by: YINGYIN IRIS CHEN 031B97DAA7004FD... 10/26/2018 1:03:54 PM F
**Signature** **Date**

DocuSigned by: SEAN WHALEN 83ABABFC13D3435... 10/26/2018 1:02:30 PM F
**Signature** **Date**


*Merchant Initials* DS YIC *Merchant Initials* DS SW

Case ID: 190509385

DocuSign Envelope ID: FAC24B66-BB68-4BF5-9C4F-1442FF6EDB6D

CBSG

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

# FACTORING AGREEMENT

**Dated the 24th day of OCTOBER, 2018 by and between Complete Business Solutions Group, Inc. ("CBSG" and/or "PURCHASER") and the "SELLER/MERCHANT" listed below (as "Seller/Merchant" or "the Merchant").**
**Business Legal Name: FLEXOGENIX GROUP INC**
**D/B/A: FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC**
**Type of entity (check one) [X] Corporation [] LLC [] Limited Partnership [] Limited Liability Partnership [] Sole Proprietor**
**Physical Address: 1000 S HOPE STREET, STE 103, LOS ANGELES, CA 90015**
**Mailing Address: 1000 S HOPE STREET, STE 103, LOS ANGELES, CA 90015**
**Fed ID#** [redacted]

## PURCHASE AND SALE OF FUTURE RECEIPTS WITH SELLER RECOURSE

**Seller/Merchant hereby sells, assigns and transfers to CBSG (making CBSG the absolute owner) in consideration of the funds provided ("Purchase Price") specified below,** all of Seller/Merchant's future receipts, accounts, contract rights and other obligations arising from or relating to the payment of monies from Seller/Merchant's customers' and/or other third party payers (collectively the "Receipts" defined as all payments made by cash, check, credit or debit card, electronic transfer or other form of monetary payment in the ordinary course of the merchant's business) until such time as the "Receipts Purchased Amount (RPA)" has been delivered by Seller/Merchant to CBSG.

**THIS IS A FACTORING AGREEMENT WITH RECOURSE.**
The Purchased Amount shall be paid to CBSG by Seller/Merchant's irrevocably authorizing only one depositing account acceptable to CBSG (the "Account") to remit the Daily **Specified Amount** from the Seller/Merchant's receipts until such time as CBSG receives payment in full of the Receipts Purchased Amount. In consideration of servicing the account, the Seller/Merchant hereby authorizes CBSG to ACH debit the "Specified Daily Amount" from the merchant's bank account, as an approximation of the base payment due under the Specified Percentage. It is the Seller/Merchant's responsibility to provide bank statements for any and all bank accounts by the Merchant to reconcile the daily payments made against the Daily Specified Amount. Failure to provide all of their bank statements in a timely manner or missing a month shall forfeit all rights to future reconciliations. CBSG may, upon Seller/Merchant's request, adjust the amount of any payment due under this Agreement at CBSG's sole discretion and as it deems appropriate in servicing this Agreement. Seller/Merchant warrants that it will ensure that funds adequate to cover the amount to be debited by CBSG remains in the account. Seller/Merchant will be held responsible for any fees incurred by CBSG resulting from a rejected ACH attempt or an event of default. (See Appendix A). CBSG is not responsible for any overdrafts or rejected transactions in the Seller/Merchants account which may result from CBSG's scheduled ACH debit under the terms of this agreement. Notwithstanding anything to the contrary in this Agreement or any other agreement between CBSG and Seller/Merchant, upon the violation of any provision contained in Sections I and II of the FACTORING AGREEMENT, shall be deemed a breach of the representations and warranties contained herein. A list of all fees applicable under this FACTORING AGREEMENT is contained in Appendix A.

**Purchase Price: $1,200,000.00 Specified Percentage: 10% Daily Specified Amount: $7,304.35 for 230 days Receipts Purchased Amount: $1,680,000.00**
***If Paid in 22 Installments Receipts Purchased Amount: $1,245,913.04**

***If Paid in 23-44 Installments Receipts Purchased Amount: $1,291,826.09**

***If Paid in 45-66 Installments Receipts Purchased Amount: $1,337,739.13**

***If Paid in 67-88 Installments Receipts Purchased Amount: $1,383,652.17**

**THE TERMS, DEFINITIONS, CONDITIONS AND INFORMATION SET FORTH ON PAGES 2 THROUGH 12 HEREOF ARE HERBY INCORPORATED HEREIN AND MADE A PART OF THIS FACTORING AGREEMENT.**

FOR THE SELLER/MERCHANT
By: YINGYIN IRIS CHEN, OWNER
Name and Title
X DocuSigned by: YINGYIN IRIS CHEN 031B97DAA7004FD...
(Seller/Merchant Signature)

FOR THE SELLER/MERCHANT
By: YINGYIN IRIS CHEN, OWNER
Name and Title
X DocuSigned by: YINGYIN IRIS CHEN 031B97DAA7004FD...
(Seller/Merchant Signature)

FOR THE SELLER/MERCHANT
By: SEAN WHALEN, OWNER
Name and Title
X DocuSigned by: SEAN WHALEN 63ABABFC13D3435...
(Seller/Merchant Signature)

FOR THE SELLER/MERCHANT
By: SEAN WHALEN, OWNER
Name and Title
X DocuSigned by: SEAN WHALEN 63ABABFC13D3435...
(Seller/Merchant Signature)

**COMPLETE BUSINESS SOLUTIONS GROUP, INC.**

By ______________________________



*Merchant Initials* DS YIC *Merchant Initials* DS SW

Case ID: 190509385

DocuSign Envelope ID: FAC24B66-BB68-48F5-9C4F-1442FF6EDBB0

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

Company Officer

To the extent set forth herein, each of the parties is obligated upon his/ her or its execution of the Agreement to all terms of the Agreement, including the Additional Terms set forth below. Each individual executing this Agreement represents that he or she is authorized to sign this Agreement for Merchant, legally binding said Merchant to honor the terms of this obligation and that the information provided herein and in all of CBSG documents, forms and recorded interviews is true, accurate and complete in all respects. If any such information is false or misleading, Merchant shall be deemed in material breach of all agreements and the representations and warranties contained herein between Merchant and CBSG and CBSG shall be entitled to all remedies available under law. Merchant and each of the above-signed Officers/ Owners authorizes CBSG, its agents and representatives and any credit-reporting agency engaged by CBSG, to (i) investigate any references given or any other statements or data obtained from or about Merchant or any of its Owners for the purpose of this Agreement, and (ii) pull credit report at any time now or for so long as Merchant and/Owner(s) continue to have any obligation owed to CBSG.

**ANY MISREPRESENTATION MADE BY SELLER/MERCHANT OR OWNER IN CONNECTION WITH THIS AGREEMENT MAY CONSTITUTE A SEPARATE CAUSE OF ACTION FOR FRAUD OR INTENTIONAL MISREPRESENTATION**

**FACTORING AGREEMENT TERMS AND CONDITIONS**

**I. GENERAL TERMS OF AGREEMENT (MUTUAL REPRESENTATIONS AND WARRANTIES)**

**1.1 Electronic Fund Transfer.** Upon request from PURCHASER ("hereinafter CBSG or Purchaser") Seller/Merchant ("hereinafter Merchant") shall execute such forms or agreements acceptable to PURCHASER, with Bank acceptable to PURCHASER, to obtain electronic fund transfer services. Merchant shall provide PURCHASER, and/or its authorized agent with all the information, authorization and passwords necessary for verifying Merchant's receivable, receipts and deposits into the account Merchant shall authorize PURCHASER and/or it's agent to deduct the amounts owed to PURCHASER for the Receipts as specified herein from settlement amounts which would otherwise be due to Merchant from electronic check transactions and to pay such amounts to PURCHASER by permitting PURCHASER to withdraw the SPECIFIED DAILY AMOUNT by ACH debiting of the account. The authorization shall be irrevocable without the written consent of PURCHASER.

**1.2 Deposit Agreement.** Seller/Merchant shall execute an agreement (the "Deposit Agreement") acceptable to PURCHASER, with a Bank acceptable to PURCHASER, to obtain electronic fund transfer services. Merchant shall provide PURCHASER and/or its authorized agent with all of the information, authorizations and passwords necessary for verifying Merchant's receivables, receipts and deposits into the account. Merchant shall authorize PURCHASER and/or it's agent to deduct the amounts owed to PURCHASER for the Receipts as specified herein from settlement amounts which would otherwise be due to Merchant from electronic check transactions and to pay such amounts to PURCHASER by permitting PURCHASER to withdraw the specified percentages by ACH debiting of the account. The authorization shall be irrevocable without the written consent of PURCHASER

**1.3 Term of Agreement.** This Agreement shall have a term as set forth above. Upon the expiration of the term, this Agreement shall automatically renew for successive similar terms, provided, however, that during the renewal term(s) Merchant may terminate this Agreement upon ninety days' prior written notice (effective upon receipt) to PURCHASER. The termination of this Agreement shall not affect Merchant's responsibility to satisfy all outstanding obligations to PURCHASER at the time of termination.

**1.4 Future Purchases. PURCHASER** reserves the right to rescind the offer to make any purchase payments hereunder, in its sole discretion.

**1.5 Financial Condition. Merchant authorize PURCHASER and its agents to investigate their financial responsibility and history, and will provide to PURCHASER any bank or financial statements, tax returns, etc., as PURCHASER deems necessary prior to or at any time after execution of this Agreement. A photocopy of this authorization will be deemed as acceptable for release of financial information. PURCHASER is authorized to update such information and financial profiles from time to time as it deems appropriate.**

**1.6 Transactional History.** Merchant authorizes their bank to provide PURCHASER with Merchant's banking or processing history to determine qualification or continuation in this program.

**1.7 Indemnification.** Merchant jointly and severally indemnify and hold harmless Processor, its officers, directors and shareholders against all losses, damages, claims, liabilities and expenses (including reasonable attorney's fees)

incurred by Processor resulting from (a) claims asserted by PURCHASER for monies owed to PURCHASER from Merchant and (b) actions taken by Processor in reliance upon information or instructions provided by PURCHASER.

**1.8 No Liability.** In no event will CBSG be liable for any claims asserted by Merchant under any legal theory for lost profits, lost revenues, lost business opportunities, exemplary, punitive, special, incidental, indirect or consequential damages, each of which is waived by Merchant.

**1.9 Reliance on Terms.** Section 1.1, 1.7, 1.8 and 2.5 of this Agreement are agreed to for the benefit of Merchant, PURCHASER and Processor, and notwithstanding the fact that Processor is not a party of this Agreement, Processor may rely upon their terms and raise them as a defense in any action.

**1.10 Sale of Receipts.** Merchant and CBSG agree that the Purchase Price under this Agreement is in exchange for the Purchased Amount and that such Purchase Price is not intended to be, nor shall it be construed as a loan from PURCHASER to Merchant. Merchant agrees that the Purchase Price is in exchange for Future Receipts pursuant to this Agreement equals the fair market value of such Receipts. PURCHASER has purchased and shall own all the Receipts described in this Agreement up to the full Purchased Amount as the Receipts are created. Payments made to PURCHASER with respect to the full amount of the Receipts shall be conditioned upon Merchant's sale of products and services and the payment therefore by Merchant's customers in the manner provided in Section 1.1. IN NO EVENT SHALL THE AGGREGATE OF THE AMOUNTS RECEIVED BE DEEMED AS INTEREST HEREUNDER. In the event that a court determines that PURCHASER has charged or received interest hereunder, and that said amount is in excess of the highest applicable rate, the rate in effect hereunder shall automatically be reduced to the maximum rate permitted by applicable law and PURCHASER shall promptly refund to Merchant any interest received by PURCHASER in excess of the maximum lawful rate, it being intended that Merchant not pay or contract to pay, and that PURCHASER not receive or contract to receive, directly or indirectly in any manner whatsoever, interest in excess of that which may be paid by Merchant under applicable law. MERCHANT ACKNOWLEDGES THAT PENNSYLVANIA LAW APPLIES TO THE WITHIN AGREEMENT.

**1.11 Monthly Assessment of Merchant Cash Flow** Merchant hereby authorizes PURCHASER to initiate one or more ACH debits at the specified "Daily Retrieval Rate" from the Account as an approximation of the base payment due under the Specified Percentage. It is the Merchant's responsibility to provide financial information (e.g. bank statements, credit card processing statements, general ledger) regarding its gross receivables, to reconcile the daily payments made against the Specified Percentage, permitting PURCHASER to debit or credit the difference to Merchant on a monthly basis so that the Daily Retrieval Rate equals the Specified Percentage.

**1.12 Power of Attorney** Merchant irrevocably appoints PURCHASER as its agent and attorney-in-fact with full authority to take any action or execute any instrument or document to settle all obligations due to PURCHASER from Processor, or in the case of a violation by Merchant of Section 1.12 or the occurrence of an Event of Default under Section 4 hereof, from Merchant, under this Agreement, including without limitation (i) to obtain and adjust insurance; (ii) to collect monies due or to become due under or in respect of any of the Collateral; (iii) to receive, endorse and collect any checks, notes, drafts, instruments, documents or chattel paper in connection with clause (i) or clause (ii) above; (iv) to sign Merchant's name on any invoice, bill of lading, or assignment directing customers or account debtors to make payment directly to PURCHASER; and (v) to file any claims or take any action or institute any proceeding which PURCHASER may deem necessary for the collection of any of the unpaid Purchased Amount from the Collateral, or otherwise to enforce its rights with respect to payment of the Purchased Amount.

**1.13 Protections Against Default.** Merchant represents and warrants that it will not violate Conditions (a) through (c) below and in the event of default thereunder the following Protections 1 through 8 may be invoked by PURCHASER, immediately and without notice to Merchant in the event: (a) Merchant takes any action to discourage the use of electronic check processing that are settled through Processor, or permits any event to occur that could have an adverse effect on the use, acceptance, or authorization of checks for the purchase of Merchant's services and products including but not limited to direct deposit of any checks into a bank account without scanning into the PURCHASER electronic check processor; (b) Merchant changes its arrangements with Processor in any way that is adverse to PURCHASER; (c) Merchant changes the electronic check processor through which the Receipts are settled from Processor to another electronic check processor, or permits any event to occur that could cause diversion of any of Merchant's check transactions to another processor; (d) Merchant interrupts the operation of this business (other than adverse weather, natural disasters or acts of God) transfers, moves, sells, disposes, transfers or otherwise



Merchant Initials ______ Merchant Initials ______ Case ID: 190509385

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

conveys its business or assets without (i) the express prior written consent of PURCHASER, and (ii) the written agreement of any purchaser or transferee to the assumption of all of Merchant's obligations under this Agreement pursuant to documentation satisfactory to PURCHASER; or (c) Merchant takes any action, fails to take any action, or offers any incentive—economic or otherwise—the result of which will be to induce any customer or customers to pay for Merchant's services with any means other than checks that are settled through Processor. These protections are in addition to any other remedies available to PURCHASER at law, in equity or otherwise pursuant to this Agreement.

Protection 1. The full uncollected Purchase Amount plus all fees due under this Agreement and the attached Security Agreement become due and payable in full immediately.

Protection 2. Upon breach of ANY MATERIAL PROVISION OR BREACH OF REPRESENTATIONS AND WARRANTIES in this Agreement, PURCHASER may enter that confession of judgment (judgment) with the Clerk of the Court and execute thereon.

Protection 3. Purchaser may enforce its security interest in the Collateral identified in Article III hereof.

Protection 4. The entire Unpaid Purchase Amount shall become immediately refundable to PURCHASER from Merchant.

Protection 5. Purchaser may proceed to protect and enforce its rights and remedies by lawsuit. In any such lawsuit, in which Purchaser shall recover judgment against Merchant, Merchant shall be liable for the full costs of PURCHASER'S legal action, including all reasonable attorneys' fees and court costs.

Protection 6. Merchant shall, upon execution of this Agreement, deliver to PURCHASER an **executed assignment of lease of Merchant's premises** in favor of CBSG. Upon breach of any provision in this paragraph 1.13, PURCHASER may exercise its rights under such assignment of lease.

Protection 7. PURCHASER may debit Merchant's depository accounts wherever situated by means of ACH debit or facsimile signature on a computer-generated check drawn on Merchant's bank account.

Protection 8. In the event Merchant changes or permits the change of the Processor approved by CBSG, or adds an additional Processor, in violation of Section 1.11 above, CBSG shall have the right, without waiving any of its rights and remedies and without notice to Merchant, to notify the new or additional Processor of the sale of the Receipts hereunder and to direct such new or additional Processor to make payment directly to CBSG of all or any portion of the amount received by such Processor.

**1.14 Protection of Information.** Merchant and each person signing this Agreement on behalf of Merchant and/or as Owner, in respect of himself or herself personally, authorizes PURCHASER to disclose information concerning Merchant's and each Owner's credit standing (including credit bureau reports that PURCHASER obtains) and business conduct only to agents, affiliates, subsidiaries, and credit reporting bureaus. Merchant and each Owner hereby waives to the maximum extent permitted by law any claim for damages against PURCHASER or any of its affiliates relating to any (i) investigation undertaken by or on behalf of PURCHASER as permitted by this Agreement or (ii) disclosure of information as permitted by this Agreement.

**1.15 Confidentiality.** Merchant understands and agrees that the terms and conditions of the products and services offered by PURCHASER, including this Agreement and any other PURCHASER documentations (collectively, "Confidential Information") are proprietary and confidential information of PURCHASER. Accordingly, unless disclosure is required by law or court order, Merchant shall not disclose Confidential Information of PURCHASER to any person other than an attorney, accountant, financial advisor or employee of Merchant who needs to know such information for the purpose of advising Merchant ("Advisor"), provided such Advisor uses such information solely for the purpose of advising Merchant and first agrees in writing to be bound by the terms of this Section 1.13.

**1.16 D/B/A's.** Merchant hereby acknowledges and agrees that PURCHASER may be using "doing business as" or "d/b/a" names in connection with various matters relating to the transaction between PURCHASER and Merchant, including the filing of UCC-1 financing statements and other notices or filings.

**II. MERCHANT REPRESENTATIONS, WARRANTIES AND COVENANTS** Merchant represents, warrants and covenants that as of this date and during the term of this Agreement:

**2.1 Financial Condition and Financial Information.** Bank and financial statements, and future statements furnished to PURCHASER, fairly represent the financial condition of Merchant at such dates. Merchant has a continuing, affirmative obligation to advise PURCHASER of any material or adverse change in its financial condition, operation or ownership. PURCHASER may request statements at any time during the performance of this Agreement and the Merchant shall provide them to PURCHASER within 5 business days. Merchant's failure to do so is a material breach of this Agreement.

**2.2 Governmental Approvals.** Merchant is in compliance and shall comply with all laws and has valid permits, authorizations and licenses to own, operate and lease its properties and to conduct the business in which it is presently engaged.

**2.3 Authorization.** Merchant, and the person(s) signing this Agreement on behalf of Merchant, have full power and authority to incur and perform the obligations under this Agreement, all of which have been duly authorized.

**2.4 Insurance.** Merchant will maintain business-interruption insurance naming CBSG as loss payee and additional insured in amounts and against risks as are satisfactory to PURCHASER and shall provide PURCHASER proof of such insurance upon request.

**2.5 Electronic Check Processing Agreement.** Merchant will not change its processor, add terminals, change its financial institution or bank account(s) or take any other action that could have any adverse effect upon Merchant's obligations under this Agreement, without PURCHASER'S prior written consent. Any such change shall be a material breach of this Agreement.

**2.6 Change of Name or Location.** Merchant will not conduct Merchant's businesses under any name other than as disclosed to the Processor and PURCHASER or change any of its places of business.

**2.7 Daily Batch Out.** Merchant will batch out receipts with the Processor on a daily basis.

**2.8 Estoppel Certificate.** Merchant will at any time, and from time to time, upon at least one (1) day's prior notice from PURCHASER to Merchant, execute, acknowledge and deliver to PURCHASER and/or to any other person, person firm or corporation specified by PURCHASER, a statement certifying that this Agreement is unmodified and in full force and effect (or, if there have been modifications, that the same is in full force and effect as modified and stating the modifications) and stating the dates which the Purchased Amount or any portion thereof has been repaid.

**2.9 No Bankruptcy.** As of the date of this Agreement, Merchant does not contemplate and has not filed any petition for bankruptcy protection under Title 11 of the United States Code and there has been no involuntary petition brought or pending against Merchant. Merchant further warrants that it does not anticipate filing any such bankruptcy petition and it does not anticipate that an involuntary petition will be filed against it. In the event that the Merchant files for bankruptcy protection or is placed under an involuntary filing Protections 2 and 3 are immediately invoked.

**2.10 Working Capital Funding.** Merchant shall not enter into any arrangement, agreement or commitment that relates to or involves the Receipts, whether in the form of a purchase of, a loan against, collateral against or the sale or purchase of credits against, Receipts or future check sales with any party other than PURCHASER.

**2.11 Unencumbered Receipts.** Merchant has good, complete and marketable title to all Receipts, free and clear of any and all liabilities, liens, claims, changes, restrictions, conditions, options, rights, mortgages, security interests, equities, pledges and encumbrances of any kind or nature whatsoever or any other rights or interests that may be inconsistent with the transactions contemplated with, or adverse to the interests of PURCHASER.

**2.12 Business Purpose.** Merchant is a valid business in good standing under the laws of the jurisdictions in which it is organized and/or operates, and Merchant is entering into this Agreement FOR BUSINESS PURPOSES ONLY and not as a consumer for personal, family or household purposes.

**2.13 Default under Other Contracts.** Merchant's execution of and/or performance under this Agreement will not cause or create an event of default by Merchant under any contract with another person or entity.

**2.14 3rd Party Negotiators with Regard to This Agreement and the Obligations Herein.** Merchant hereby agrees not to retain any 3rd party negotiators, consolidators, or credit relief agencies with regard to its obligations under the terms of this Agreement. Merchant will maintain and allow direct communication with PURCHASER at all times during the course of this Agreement and shall not engage any 3rd party to negotiate its obligations as stated in this Agreement. Should Merchant violate this subsection 2.14, Merchant will be liable for the additional fee as specific in the attached Appendix A.

**III. EVENTS OF BREACH OF REPRESENTATIONS, WARRANTIES, AND COVENANTS AND REMEDIES**

**3.1 Events of Breach of Representations, Warranties and Covenants.** The occurrence of any of the following events shall constitute an "Event of a Breach of Representations, Warranties, and Covenants" hereunder: (a) Merchant shall violate any term or covenant in this Agreement; (b) Any representation or warranty by Merchant in this Agreement shall prove to have been incorrect, false or misleading in any material respect when made; (c) Merchant shall admit in writing its inability to pay its debts, or shall make a general assignment for the benefit of creditors; or any proceeding shall be instituted by or against Merchant seeking to adjudicate it a bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, or composition of it or its debts; (d) the sending of notice of termination by MERCHANT; (e) Merchant shall transport, move, interrupt, suspend, dissolve or terminate its business;



*Merchant Initials* UC *Merchant Initials* SW

CBSG Complete Business Solutions Group

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

(f) Merchant shall transfer or sell all or substantially all of its assets; (h) Merchant shall make or send notice of any intended bulk sale or transfer by Merchant; (i) Merchant shall use multiple depository accounts without the prior written consent of PURCHASER; (j) Merchant shall change its depositing account without the prior written consent of PURCHASER; (k) Merchant shall perform any act that reduces the value of any Collateral granted under this Agreement; (l) Merchant shall engage a third party to renegotiate the terms of this Agreement on Merchant's behalf; (m) Merchant shall engage a third party in an attempt to cease direct communication and/or contact with PURCHASER; or (n) Merchant shall default under any of the terms, covenants and conditions of any other agreement with PURCHASER.

**3.2 Remedies.** In case any Event of a Breach of Representations, Warranties and Covenants, Default occurs and is not waived pursuant to Section 4.4 hereof, PURCHASER may proceed to protect and enforce its rights or remedies by suit in equity or by action at law, or both, whether for the specific performance of any covenant, agreement or other provision contained herein, or to enforce the discharge of Merchant's obligations hereunder or any other legal or equitable right or remedy. IN THE EVENT OF VIOLATION OF THE REPRESENTATIONS AND WARRANTIES BY MERCHANT, PURCHASER may also file a Complaint in Confession of Judgment pursuant to the Warrant of Attorney contained herein. All rights, powers and remedies of PURCHASER in connection with this Agreement may be exercised at any time by PURCHASER after the occurrence of an Event of Default, are cumulative and not exclusive, and shall be in addition to any other rights, powers or remedies provided by law or equity.

**3.3 Consent to Sale/Transfer of Interest:** In event of MERCHANT breach of warranties, covenants and representations under this Agreement, Merchant consents to PURCHASER'S sale or transfer of its remaining interests in MERCHANT'S receivables to a third party buyer of defaulted financial obligations and instruments. More specifically, MERCHANT recognizes PURCHASER'S authority to sell its interests in said receivables to New York Unity Factor, LLC ("NYUF") which MERCHANT authorizes to pursue legal remedies in NYUF's home State of New York in the event of a breach of the warranties, covenants, and representations stated under this Agreement.

**3.4 <u>WARRANT OF ATTORNEY TO CONFESS JUDGMENT</u>. UPON THE OCCURRENCE OF A VIOLATION OF THE REPRESENTATIONS AND WARRANTIES MADE HERETOFORE BY MERCHANT, MERCHANT IRREVOCABLY AUTHORIZE AND EMPOWER ANY ATTORNEY OR ANY CLERK OF ANY COURT OF RECORD, TO APPEAR FOR AND CONFESS JUDGMENT AGAINST MERCHANT FOR SUCH SUMS AS ARE DUE AND/OR MAY BECOME DUE UNDER THIS MERCHANT AGREEMENT OR ANY ACCOMPANYING DOCUMENTS, WITH OR WITHOUT DECLARATION, WITH COSTS OF SUIT, WITHOUT STAY OF EXECUTION AND WITH AN AMOUNT, FOR LIEN PRIORITY PURPOSES, EQUAL TO TEN PERCENT (10%) OF THE AMOUNT OF SUCH JUDGMENT, BUT NOT LESS THAN ONE THOUSAND DOLLARS ($1,000.00), ADDED FOR ATTORNEYS' COLLECTION FEES, WITH THE ACTUAL AMOUNT OF ATTORNEY'S FEES AND COSTS TO BE DETERMINED IN ACCORDANCE WITH THE SECTION OF THIS MERCHANT AGREEMENT "ATTORNEY'S FEES AND COLLECTION COSTS." TO THE EXTENT PERMITTED BY LAW, MERCHANT: (1) WAIVE THE RIGHT OF INQUISITION ON ANY REAL ESTATE LEVIED ON, VOLUNTARILY CONDEMNS THE SAME, AUTHORIZES THE PROTHONOTARY OR CLERK TO ENTER UPON THE WRIT OF EXECUTION THIS VOLUNTARY CONDEMNATION AND AGREES THAT ANY REAL ESTATE MAY BE SOLD ON A WRIT OF EXECUTION; (2) WAIVE AND RELEASE ALL RELIEF FROM ALL APPRAISEMENT, STAY, EXEMPTION OR APPEAL LAWS OF ANY STATE NOW IN FORCE OR HEREINAFTER ENACTED; AND (3) RELEASE ALL ERRORS IN SUCH PROCEEDINGS. IF A COPY OF THIS MERCHANT AGREEMENT, VERIFIED BY AFFIDAVIT BY OR ON BEHALF OF PURCHASER SHALL HAVE BEEN FILED IN SUCH ACTION, IT SHALL NOT BE NECESSARY TO FILE THE ORIGINAL MERCHANT AGREEMENT AS A WARRANT OF ATTORNEY. THE AUTHORITY AND POWER TO APPEAR FOR AND CONFESS JUDGMENT AGAINST MERCHANT SHALL NOT BE EXHAUSTED BY THE INITIAL EXERCISE THEREOF AND MAY BE EXERCISED AS OFTEN AS PURCHASER SHALL FIND IT NECESSARY AND DESIRABLE AND THIS BUSINESS CASH ADVANCE AND SECURITY AGREEMENT SHALL BE A SUFFICIENT WARRANT THEREFOR. PURCHASER MAY CONFESS ONE OR MORE JUDGMENTS IN THE SAME OR DIFFERENT JURISDICTIONS FOR ALL OR ANY PART OF THE AMOUNTS OWING HEREUNDER, WITHOUT REGARD TO WHETHER JUDGMENT HAS THERETOFORE BEEN CONFESSED ON MORE THAN ONE OCCASION FOR THE SAME AMOUNTS. IN THE EVENT ANY JUDGMENT CONFESSED AGAINST THE MERCHANT HEREUNDER IS STRICKEN OR OPENED UPON APPLICATION BY OR ON MERCHANT'S BEHALF FOR ANY REASON, PURCHASER IS HEREBY AUTHORIZED AND EMPOWERED TO AGAIN APPEAR FOR AND CONFESS JUDGMENT AGAINST MERCHANT FOR ANY PART OR ALL OF THE AMOUNTS OWED HEREUNDER, AS PROVIDED FOR HEREIN, IF DOING SO WILL CURE ANY ERRORS AND DEFECTS IN SUCH PRIOR PROCEEDINGS.**

**3.41 NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FACTORING AGREEMENT, THE CONFESSION OF JUDGMENT, THE SECURITY AGREEMENT, OR ANY OTHER DOCUMENTS EXECUTED BY MERCHANT IN CONNECTION WITH THE ADVANCE OF FUNDS TO SELLER, ALL PARTIES ACKNOWLEDGE THAT RECOURSE TO THE MERCHANT AND THE MERCHANT'S ASSETS IS PERMITTED ONLY FOR BREACHES OF THE REPRESENTATIONS AND WARRANTIES MADE BY THE SELLER IN THE FACTORING AGREEMENT.**

**3.5 Costs.** Merchant shall pay to PURCHASER all reasonable costs associated with (a) a breach by Merchant of the Covenants in this Agreement and the enforcement thereof, and (b) the enforcement of PURCHASER'S remedies set forth in Section 3.2 above, including but not limited to court costs and attorneys' fees.

**3.6 Required Notifications.** Merchant is required to give PURCHASER written notice within 24 hours of any filing under Title 11 of the United States Code. Merchant is required to give PURCHASER seven days' written notice prior to the closing of any sale of all or substantially all of the Merchant's assets or stock.

**IV. MISCELLANEOUS**

**4.1 Modifications; Agreements.** No modification, amendment, waiver or consent of any provision of this Agreement shall be effective unless the same shall be in writing and signed by PURCHASER.

**4.2 Assignment.** PURCHASER may assign, transfer or sell its rights to receive the Purchased Amount or delegate its duties hereunder, either in whole or in part.

**4.3 Notices.** All notices, requests, consent, demands and other communications hereunder shall be delivered by certified mail, return receipt requested, to the respective parties to this Agreement at the addresses set forth in this Agreement and shall become effective only upon receipt.

**4.4 Waiver Remedies.** No failure on the part of PURCHASER to exercise, and no delay in exercising, any right under this Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any right under this Agreement preclude any other or further exercise thereof or the exercise of any other right. The remedies provided hereunder are cumulative and not exclusive of any remedies provided by law or equity.

**4.5 Merchant/Guarantor(s) barred from transfer.** This Agreement shall be binding upon and inure to the benefit of Merchant, PURCHASER and their respective successors and assigns, except that Merchant shall not have the right to assign its rights hereunder or any interest herein without the prior written consent of PURCHASER which consent may be withheld in PURCHASER'S sole discretion. PURCHASER reserves the rights to assign this Agreement with or without prior written notice to Merchant or Guarantor(s).

**4.6 Governing Law/Jurisdiction/Venue for disputes.** All signatories to this Agreement consent that this Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, without regards to any applicable principals of conflicts of law. Any suit, action or proceeding arising hereunder, or the interpretation, performance or breach hereof, shall, if PURCHASER so elects, be instituted in the Court of Common Pleas, Philadelphia County, Federal Court for the Eastern District of Pennsylvania, or the Philadelphia County Municipal Court, (the "Acceptable Forums"). Merchant agrees that the Acceptable Forums are convenient to it, and submits to the jurisdiction of the Acceptable Forums and waives any and all objections to jurisdiction or venue. Should such proceeding be initiated in any other forum, Merchant waives any right to oppose any motion or application made by PURCHASER to transfer such proceeding to an Acceptable Forum.

**4.7 Survival of Representation, etc.** All representations, warranties and covenants herein shall survive the execution and delivery of this Agreement and shall continue in full force until all obligations under this Agreement shall have been satisfied in full and this Agreement shall have terminated.

**4.8 Severability** in case any of the provisions in this Agreement is found to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of any other provision contained herein shall not in any way be affected or impaired.



*Merchant Initials* WC *Merchant Initials* SW

DocuSign Envelope ID: FAC24B66-BB66-4BF5-9C4F-1442FF6EDBB0

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**4.9 Entire Agreement.** Any provision hereof prohibited by law shall be ineffective only to the extent of such prohibition without invalidating the remaining provisions hereof. This Agreement and **Security Agreement** hereto embody the entire agreement between Merchant and PURCHASER and supersede all prior agreements and understandings relating to the subject matter hereof.

**4.10 JURY TRIAL WAIVER. THE PARTIES HERETO WAIVE TRIAL BY JURY IN ANY COURT IN ANY SUIT, ACTION OR PROCEEDING ON ANY MATTER ARISING IN CONNECTION WITH OR IN ANY WAY RELATED TO THE TRANSACTIONS OF WHICH THIS AGREEMENT IS A PART OR THE ENFORCEMENT HEREOF. THE PARTIES HERETO ACKNOWLEDGE THAT EACH MAKES THIS WAIVER KNOWINGLY, WILLINGLY AND VOLUNTARILY AND WITHOUT DURESS, AND ONLY AFTER EXTENSIVE CONSIDERATION OF THE RAMIFICATIONS OF THIS WAIVER WITH THEIR ATTORNEYS.**

**4.11 CLASS ACTION WAIVER. THE PARTIES HERETO WAIVE ANY RIGHT TO ASSERT ANY CLAIMS AGAINST THE OTHER PARTY AS A REPRESENTATIVE OR MEMBER IN ANY CLASS OR REPRESENTATIVE ACTION, EXCEPT WHERE SUCH WAIVER IS PROHIBITED BY LAW AGAINST PUBLIC POLICY. TO THE EXTENT EITHER PARTY IS PERMITTED BY LAW OR COURT OF LAW TO PROCEED WITH A CLASS OR REPRESENTATIVE ACTION AGAINST THE OTHER, THE PARTIES HEREBY AGREE THAT: (1) THE PREVAILING PARTY SHALL NOT BE ENTITLED TO RECOVER ATTORNEYS' FEES OR COSTS ASSOCIATED WITH PURSUING THE CLASS OR REPRESENTATIVE ACTION (NOT WITHSTANDING ANY OTHER PROVISION IN THIS AGREEMENT); AND (2) THE PARTY WHO INITIATES OR PARTICIPATES AS A MEMBER OF THE CLASS WILL NOT SUBMIT A CLAIM OR OTHERWISE PARTICIPATE IN ANY RECOVERY SECURED THROUGH THE CLASS OR REPRESENTATIVE ACTION.**

**4.12 Counterparts & Facsimile/Email Signatures.** This Agreement may be executed in any number of counterparts each of which shall be deemed to be an original, all of which together shall be deemed one and the same instrument. Further, facsimile and email signatures shall be deemed to be originals for all purposes.



*Merchant Initials* DS YIC *Merchant Initials* DS SW Case ID: 190509385

DocuSign Envelope ID: FAC24B66-BB68-4BF5-9C4F-1442FF6EDBB0

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

Seller/Merchant's Legal Name: FLEXOGENIX GROUP INC DBA FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC

Physical Address: 1000 S HOPE STREET, STE 103, LOS ANGELES, CA 90015

FED ID # (Merchant): [redacted]

**SECURITY AGREEMENT**

**Security Interest.** To secure SELLER/MERCHANTS'S performance obligations to PURCHASER under the "Factoring Agreement", SELLER/MERCHANT hereby grants to PURCHASER a security interest in (a) all accounts, chattel paper, documents, equipment, general intangibles, instruments, and inventory, as those terms are defined in Article 9 of the Uniform Commercial Code (the "UCC"), now or hereafter owned or acquired by SELLER/MERCHANT; and (b) all proceeds, as that term is defined in Article 9 of the UCC (a and b collectively, the "Collateral").

**Cross-Collateral.** To secure MERCHANT's payment and performance obligations to PURCHASER under this Security Agreement (the "Agreement"), MERCHANT hereby grants PURCHASER a security interest in ___ (the "Additional Collateral"). MERCHANT understands that PURCHASER will have a security interest in the aforesaid Additional Collateral upon execution of this Agreement.

SELLER/MERCHANT acknowledge and agree that any security interest granted to PURCHASER under any other agreement between SELLER/MERCHANT and PURCHASER (the "Cross-Collateral") will secure the obligations hereunder and under the FACTORING Agreement.

SELLER/MERCHANT agrees to execute any documents or take any action in connection with this Agreement as PURCHASER deems necessary to perfect or maintain PURCHASER'S first priority security interest in the Collateral, the Additional Collateral and the Cross-Collateral, including the execution of any account control agreements. SELLER/MERCHANT hereby authorizes PURCHASER to file any financing statements deemed necessary by PURCHASER to perfect or maintain PURCHASER's security interest, which financing statement may contain notification that SELLER/MERCHANT have granted a negative pledge to PURCHASER with respect to the Collateral, the Additional Collateral and the Cross-Collateral, and that any subsequent lien or may be tortuously interfering with PURCHASER's rights. SELLER/MERCHANT shall be liable for and PURCHASER may charge and collect all costs and expenses, including but not limited to attorney's fees, which may be incurred by PURCHASER in protecting, preserving and enforcing PURCHASER'S security interest and rights.

**Negative Pledge.** SELLER/MERCHANT agrees not to create, incur, assume, or permit to exist, directly or indirectly, any lien on or with respect to any of the Collateral, the Additional Collateral or the Cross-Collateral, as applicable.

**Consent to Enter Premises and Assign Lease.** PURCHASER shall have the right to cure SELLER/MERCHANT default in the payment of rent on the following terms. In the event SELLER/MERCHANT is served with papers in an action against SELLER/MERCHANT for nonpayment of rent or for summary eviction, PURCHASER may execute its rights and remedies under the Assignment of Lease. SELLER/MERCHANT also agrees that PURCHASER may enter into an agreement with SELLER/MERCHANT landlord giving PURCHASER the right: (a) to enter SELLER/MERCHANT'S premises and to take possession of the fixtures and equipment therein for the purpose of protecting and preserving same; and (b) to assign SELLER/MERCHANT'S lease to another qualified SELLER/MERCHANT capable of operating a business comparable to SELLER/MERCHANT at such premises.

**Remedies.** Upon any Event of Default, PURCHASER may pursue any remedy available at law (including those available under the provisions of the UCC), or in equity to collect, enforce, or satisfy any obligations then owing, whether by acceleration or otherwise.

**SELLER/MERCHANT**
**BY: YINGYIN IRIS CHEN, OWNER**

DocuSigned by:
YINGYIN IRIS CHEN
Name/Title(Signature)

**SELLER/MERCHANT**
**BY: SEAN WHALEN, OWNER**

DocuSigned by:
SEAN WHALEN
Name/Title(Signature)



*Merchant Initials* DS YIC *Merchant Initials* DS SW

Case ID: 190509385

DocuSign Envelope ID: FAC24B66-BB68-4BF5-9C4F-1442FF6ED8B0

CBSG Complete Business Solutions Group

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**DISCLOSURE FOR CONFESSION OF JUDGMENT**

AFFIANT: YINGYIN IRIS CHEN
SEAN WHALEN

OBLIGEE: Complete Business Solutions Group, Inc. d/b/a Par Funding

The undersigned have executed, and/or is executing, on even date herewith, one or more of the following instruments under which the Merchant is obligated to repay monies to Obligee:

1. Factoring Agreement dated OCTOBER 24, 2018; and

A. THE MERCHANT ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH OBLIGEE MAY ENTER JUDGMENT BY CONFESSION AGAINST THE MERCHANT. BEING FULLY AWARE OF THE MERCHANT'S RIGHTS TO PRIOR NOTICE AND A HEARING ON THE VALIDITY OF ANY JUDGMENT OR OTHER CLAIMS THAT MAY BE ASSERTED AGAINST THE MERCHANT BY OBLIGEE THEREUNDER BEFORE JUDGMENT IS ENTERED, THE UNDERSIGNED HEREBY FREELY, KNOWINGLY, AND INTELLIGENTLY WAIVES THESE RIGHTS AND EXPRESSLY AGREES AND CONSENTS TO OBLIGEE'S ENTERING JUDGMENT AGAINST THE MERCHANT BY CONFESSION PURSUANT TO THE TERMS THEREOF.

B. THE UNDERSIGNED ALSO ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH OBLIGEE MAY, AFTER ENTRY OF JUDGMENT AND WITHOUT EITHER NOTICE OR A HEARING, FORECLOSE UPON, ATTACH, LEVY, OR OTHERWISE SEIZE PROPERTY OR PROCEED AGAINST THE INTERESTS OF THE MERCHANT IN PROPERTY (REAL OR PERSONAL) IN FULL OR PARTIAL PAYMENT OR SATISFACTION OF THE JUDGMENT OR JUDGMENTS. BEING FULLY AWARE OF THE MERCHANT'S RIGHTS AFTER JUDGMENT IS ENTERED (INCLUDING THE RIGHT TO MOVE TO OPEN OR STRIKE THE JUDGMENT OR JUDGMENTS), THE UNDERSIGNED HEREBY FREELY, KNOWINGLY AND INTELLIGENTLY WAIVES THESE RIGHTS AND EXPRESSLY AGREES AND CONSENTS TO OBLIGEE'S TAKING SUCH ACTIONS AS MAY BE PERMITTED UNDER APPLICABLE STATE AND FEDERAL LAW WITHOUT PRIOR NOTICE TO THE MERCHANT.

C.. The Merchant hereby certifies that the financial accommodations being provided by the Obligee are for a business purpose, and not for personal, family or household use.

D. The statements made in this Disclosure for Confession of Judgment are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

**SELLER/MERCHANT**
By: YINGYIN IRIS CHEN

DocuSigned by: YINGYIN IRIS CHEN
031B97DAA7004FD...
(Signature)

EIN# [redacted]

**SELLER/MERCHANT**
By: YINGYIN IRIS CHEN

DocuSigned by: YINGYIN IRIS CHEN
031B97DAA7004FD...
(Signature)

SS# [redacted]

**SELLER/MERCHANT**
By: SEAN WHALEN

DocuSigned by: SEAN WHALEN
63ABABFC13D3435...
(Signature)

EIN# [redacted]

**SELLER/MERCHANT**
By: SEAN WHALEN

DocuSigned by: SEAN WHALEN
63ABABFC13D3435...
(Signature)

SS# [redacted]



*Merchant Initials* DS YIC *Merchant Initials* DS SW

DocuSign Envelope ID: FAC24B66-BB68-4BF5-9C4F-1442FF6EDBB0

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

## GUARANTY

**Personal Guaranty of Performance.** The undersigned Guarantor(s) hereby guarantees to PURCHASER, SELLER/MERCHANT'S performance of all of the representations, and warranties made by SELLER/MERCHANT in this Agreement and the Factoring Agreement, as each agreement may be renewed, amended, extended or otherwise modified (the "Guaranteed Obligations"). Guarantor's obligations are due at the time of any breach by Merchant of any representation or warranty, or covenant made by Merchant in this Agreement and the Merchant Agreement.

**Guarantor Waivers.** In the event that SELLER/MERCHANT violates its representations and warranties under the FACTORING AGREEMENT, PURCHASER may enforce its rights under this Agreement without first seeking to obtain payment from Merchant, any other guarantor, or any Collateral, Additional Collateral or Cross-Collateral PURCHASER may hold pursuant to this Agreement or any other guaranty.

PURCHASER does not have to notify Guarantor of any of the following events and Guarantor will not be released from its obligations under this Agreement if it is not notified of: (i) SELLER/MERCHANT'S violation of the representations and warranties of the FACTORING AGREEMENT or any renewal, extension or other modification of the FACTORING AGREEMENT. In addition, PURCHASER may take any of the following actions without releasing Guarantor from any of its obligations under this Agreement : (i) renew, extend or otherwise modify the FACTORING AGREEMENT or SELLER/MERCHANT'S other obligations to PURCHASER; (ii) release SELLER/MERCHANT from its obligations to PURCHASER; (iii) sell, release, impair, waive or otherwise execute upon any collateral securing the Guaranteed Obligations ; and (iv) foreclose on any collateral securing the Guaranteed Obligations or any other guarantee of the Guaranteed Obligations in a manner that impairs or precludes the right of Guarantor to obtain reimbursement for payment under this Agreement. Until all obligations are fulfilled under the FACTORING AGREEMENT and SELLER/MERCHANT'S other obligations to PURCHASER under the FACTORING AGREEMENT and this Agreement are paid in full, Guarantor shall not seek reimbursement from Merchant or any other guarantor for any amounts paid by it under this Agreement. Guarantor permanently waives and shall not seek to exercise any of the following rights that it may have against SELLER/MERCHANT, any other guarantor, or any collateral provided by SELLER/MERCHANT or any other guarantor, for any amounts paid by it, or acts performed by it, under this Agreement: (i) subrogation; (ii) reimbursement; (iii) performance; (iv) indemnification; or (v) contribution. In the event that PURCHASER must return any amount paid by SELLER/MERCHANT or any other guarantor of the Guaranteed Obligations because that person has become subject to a proceeding under the United States Bankruptcy Code or any similar law, Guarantor's obligations under this Agreement shall include that amount. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FACTORING AGREEMENT, THE GUARANTY, THE CONFESSION OF JUDGMENT, THE SECURITY AGREEMENT, OR ANY OTHER DOCUMENTS EXECUTED BY GUARANTOR IN CONNECTION WITH THE ADVANCE OF FUNDS TO SELLER, ALL PARTIES ACKNOWLEDGE THAT RECOURSE TO THE GUARANTOR AND THE GUARANTOR'S ASSETS IS PERMITTED ONLY FOR BREACHES OF THE REPRESENTATIONS AND WARRANTIES MADE BY THE SELLER IN THE FACTORING AGREEMENT.

**GUARANTOR ACKNOWLEDGEMENT. Guarantor acknowledges that: (i) He/She understands the seriousness of the provisions of this Agreement; (ii) He/She has had a full opportunity to consult with counsel of his/her choice; and (iii) He/She has consulted with counsel of its choice or has decided not to avail himself/herself of that opportunity.**

**JOINT AND SEVERAL LIABILITY.** The obligations hereunder of the persons or entities constituting Guarantor under this Agreement are joint and several.

**SELLER/MERCHANT**
By: YINGYIN IRIS CHEN

DocuSigned by: YINGYIN IRIS CHEN
031B97DAA7004FD...
(Signature)

EIN# [redacted]

**SELLER/MERCHANT**
By: YINGYIN IRIS CHEN

DocuSigned by: YINGYIN IRIS CHEN
031B97DAA7004FD...
(Signature)

SS# [redacted]

**SELLER/MERCHANT**
By: SEAN WHALEN

DocuSigned by: SEAN WHALEN
63ABABFC13D3435...
(Signature)

EIN# [redacted]

**SELLER/MERCHANT**
By: SEAN WHALEN

DocuSigned by: SEAN WHALEN
63ABABFC13D3435...
(Signature)

SS# [redacted]

**THE TERMS, DEFINITIONS, CONDITIONS AND INFORMATION SET FORTH IN THE "MERCHANT AGREEMENT", INCLUDING THE "TERMS AND CONDITIONS", ARE HEREBY INCORPORATED IN AND MADE A PART OF THIS SECURITY AGREEMENT AND GUARANTY.**

**CAPITALIZED TERMS NOT DEFINED IN THIS SECURITY AGREEMENT AND GUARANTY, SHALL HAVE THE MEANING SET FORTH IN THE MERCHANT AGREEMENT, INCLUDING THE TERMS AND CONDITIONS.**

DS YIC DS SW

 *Merchant Initials* ______ *Merchant Initials* ______ Case ID: 190509385

DocuSign Envelope ID: FAC24B66-B868-4BF5-9C4F-1442FF6EDBB0

CBSG
Complete Business Solutions Group

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**AUTHORIZATION AGREEMENT FOR DIRECT DEPOSIT (ACH CREDIT) AND DIRECT PAYMENTS (ACH DEBITS)**

This Authorization Agreement for Direct Deposit (ACH Credit) and Direct Payments (ACH Debits) is part of (and incorporated by reference into) the FACTORING AGREEMENT. You should keep this important legal document for your records.

DISBURSEMENT OF BUSINESS CASH ADVANCE PROCEEDS: By signing below, Seller/Merchant authorizes PURCHASER to disburse the Cash Advance Proceeds less the amount of any applicable fees upon approval by initiating an ACH credit to the checking account indicated below (or a substitute checking account Seller/Merchant later identifies and is acceptable to PURCHASER) (hereinafter referred to as the "Designated Checking Account") in the disbursal amount set forth in the accompanying documents. This authorization is to remain in full force and effect until PURCHASER has received written notification from Seller/Merchant of its termination in such time and in such manner as to afford PURCHASER and Merchant's depository bank a reasonable opportunity to act on it.

AUTOMATIC PAYMENT PLAN: Enrollment in PURCHASER's Automatic Payment Plan is required for approval. By signing below, Seller/Merchant agrees to enroll in the Automatic Payment Plan and authorizes PURCHASER to collect payments required under the terms of Seller/Merchant Agreement by initiating ACH debit entries to the Designated Checking Account in the amounts and on the dates provided in the payment schedule set forth in the accompanying Seller/Merchant Agreement. Seller/Merchant authorizes PURCHASER to increase the amount of any scheduled ACH debit entry or assess multiple ACH debits for the amount of any previously scheduled payment(s) that was not paid as provided in the payment schedule and any unpaid Fees. This authorization is to remain in full force and effect until PURCHASER has received written notification from Seller/Merchant of its termination in such time and in such manner as to afford PURCHASER and Seller/Merchant's depository bank a reasonable opportunity to act on it. PURCHASER may suspend or terminate Seller/Merchant's enrollment in the Automatic Payment Plan immediately if Seller/Merchant fails to keep Seller/Merchant's designated checking account in good standing or if there are insufficient funds in Merchant's checking account to process any payment.

If Seller/Merchant revokes the authorization or PURCHASER suspends or terminates Seller/Merchant's enrollment in the Automatic Payment Plan, Seller/Merchant still will be responsible for making timely payments pursuant to the alternative payment methods described in the Seller/Merchant Agreement.

BUSINESS PURPOSE ACCOUNT: By signing below, Seller/Merchant attests that the Designated Checking Account was established for business purposes and not primarily for personal, family or household purposes.

ACCOUNT CHANGES: Seller/Merchant agrees to notify PURCHASER promptly if there are any changes to the account and routing numbers of the Designated Checking Account

MISCELLANEOUS: PURCHASER is not responsible for any fees charged by Seller/Merchant's bank as the result of credits or debits initiated under this agreement. The origination of ACH transactions to Merchant's account must comply with the provisions of U.S. law.

Signature: DocuSigned by: YINGYIN IRIS CHEN Date: 10/26/2018 1:03:54 PM PDT

Signature: DocuSigned by: SEAN WHALEN 63ABABFC13D3435... Date: 10/26/2018 1:02:30 PM PDT

Bank Name: BANK OR AMERICA

City: ____ State: ____ Zip: ____

Routing Number: 121000358(paper & electronic) / 026009593(wires)

Account Number: [redacted]

Business Name on Account: FLEXOGENIX OKLAHOMA, PC

Address on Account: ____

Seller/Merchant Phone #: ____ Tax ID Number: ____

Email: ____

Signature: DocuSigned by: SEAN WHALEN 63ABABFC13D3435...

Title: ____



Merchant Initials DS YIC Merchant Initials DS SW Case ID: 190509385

DocuSign Envelope ID: FAC24B66-BB68-4BF5-9C4F-1442FF6EDBB0

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**BANK ACCOUNT DISCLOSURE AFFIDAVIT**

For the purpose of obtaining the Business Cash Advance evidence by the Merchant Agreement of this same date herewith (the "Business Cash Advance") from Complete Business Solutions Group, Inc., the undersigned Seller/Merchant hereby makes the following statement under penalty of law:

**PLEASE SIGN OPTION ONE OR TWO**

**OPTION 1 – DISCLOSURE AND AUTHORIZATION FOR ADDITIONAL ACCOUNTS:**

The Seller/Merchant hereby declares that in addition to the designated for ACH debit, the Seller/Merchant also has the following additional account(s) which he authorizes us to use in the event we are unable to debit from the designated account:

Bank Name
Name on Account
Account Number
Routing Number
Fed ID number associated with this account
Name associated with this account
Phone number of person whose name is associated with this account

Bank Name
Name on Account
Account Number
Routing Number
Fed ID number associated with this account
Name associated with this account
Phone number of person whose name is associated with this account

Bank Name
Name on Account
Account Number
Routing Number
Fed ID number associated with this account
Name associated with this account
Phone number of person whose name is associated with this account

Bank Name
Name on Account
Account Number
Routing Number
Fed ID number associated with this account
Name associated with this account
Phone number of person whose name is associated with this account
**attach additional pages if necessary**

DocuSigned by: YINGYIN IRIS CHEN
Seller/Merchant Signature______ Dated 10/26/2018 1:03:54 PM PDT

DocuSigned by: SEAN WHALEN
63ABABFC13D3435...
Seller/Merchant Signature______ Dated 10/26/2018 1:02:30 PM PDT

**OPTION 2** - By signing below, the merchant swears, under penalty of law, that he has no accounts in any lending institution in addition to the one provided for ACH debit

Seller/Merchant Signature______________________ Dated ______________

Seller/Merchant Signature______________________ Dated ______________



*Merchant Initials* DS YIC *Merchant Initials* DS SW

Case ID: 190509385

DocuSign Envelope ID: FAC24B66-BB68-4BF5-9C4F-1442FF6ED8B0

CBSG
22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**AUTHORIZATION TO RESUME ACH DEBITING FORM**

NAME OF SELLER/MERCHANT: ______________________

INFORMATION (To be filled out by the customer)

I authorize Company (as shown above) to resume electronically debiting my bank account as detailed below, including a non-sufficient fund fee if applicable, until the debt to the company is paid in full.

Full Name on Account: ______________________

Account #: ______________________ Routing #: ______________________

Account Type (select one): Checking ☐ Savings ☐

Account Class (select one): Consumer Account ☐ Business Account ☐

Payment amount: __________ Number of Payments: __________

Date of next payment: __________ Frequency of payments: __________

I understand that I may cancel this authorization by contacting the company at least five (5) business days prior to the payment due date. I further understand that canceling my ACH authorizations does not relieve me of the responsibility of paying my account in full, and that if I cancel or revoke this authorization before the debt is paid in full, the Company may take additional actions including legal actions to secure the debt.

Customer signature: DocuSigned by: YINGYIN IRIS CHEN 031B97DAA7004FD... Date: 10/26/2018 1:03:54 PM PDT

Customer Printed Name: ______________________

Customer contact Telephone #: ______________________

Customer signature: DocuSigned by: SEAN WHALEN 63ABABFC13D3435... Date: 10/26/2018 1:02:30 PM PDT

Customer Printed Name: ______________________

Customer contact Telephone #: ______________________



*Merchant Initials* DS YIC *Merchant Initials* DS SW

Case ID: 190509385

DocuSign Envelope ID: FAC24B66-BB68-4BF5-9C4F-1442FF6EDBB0

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

Dear Client,

Thank you for accepting this offer from Complete Business Solutions Group D/b/a Par Funding. We look forward to being your factoring partner for as long as you need.

Daily ACH Program:

Complete Business Solutions Group will require viewing access to your bank account prior to funding as part of our underwriting process, as well as during the time you have a balance with our company.

Please be assured that we carefully safeguard your confidential information and only essential top level personnel will have access to it.

Please fill out the form below with the information necessary to access your account.

**Be sure to indicate capital or lower case letters.

NAME OF BANK; ______________________________

BANK PORTAL WEBSITE: ______________________________

USERNAME: ______________________________

PASSWORD: ______________________________

SECURITY QUESTION/ANSWER 1: ______________________________

SECURITY QUESTION/ANSWER 2: ______________________________

SECURITY QUESTION/ANSWER 3: ______________________________

ANY OTHER INFORMATION NECESSARY TO ACCESS YOUR ACCOUNTS:



*Merchant Initials* DS YIC *Merchant Initials* DS SW

Case ID: 190509385

DocuSign Envelope ID: FAC24B66-BB68-4BF5-9C4F-1442FF6EDBB0

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**APPENDIX A: THE FEE STRUCTURE**

1. Origination Fee: $WAIVED to cover underwriting and related expenses

2. ACH Program Fee - $4,995.00 – The ACH program is labor intensive and is not an automated process, requiring us to charge this fee to cover related costs;

3. NSF Fee - $75.00 (each) - Up to FOUR TIMES ONLY before a default is declared;

4. Rejected ACH - $100.00 – If a merchant directs the bank to reject our debit ACH;

5. Bank Change Fee - $50.00 – If a merchant requires a change of account to be debited requiring us to adjust our system;

6. Blocked Account - $250.00 – If a merchant blocks CBSG's ACH debit of the Account, bounces more than 4 debits of the Account or simultaneously uses multiple bank accounts or credit-card processors to process its receipts;

7. Default Fee - $500.00 default fee – If a merchant changes bank accounts or switches to another credit card processor without CBSG's consent, or commits another default pursuant to the Agreement;

8. 3rd Party Intermediary Fee – $4,000.00 deposit toward reasonable related expenses incurred by PURCHASER. If PURCHASER receives a communication from a 3rd party debt relief/renegotiator entity or individual which has been retained by Merchant and which contacts PURCHASER on Merchant's behalf seeking to redirect communication (related to the obligations contained in this Agreement) to itself/themselves and away from Merchant. This fee shall be used to covers Purchaser's reasonable expenses in retaining counsel or other parties to handle this additional administration required by this retention of the intermediary by PURCHASER. Any portion of the fee that is not used by PURCHASER for this purpose shall be returned to Merchant at the conclusion of this Factoring Agreement or related legal action.

9. Collections Expense – In the event of default, Seller / Merchant shall be responsible for all reasonable costs of collections, including, but not limited to, counsel fees, filing fees and any other fees which may be incurred.

10. Miscellaneous Service Fees – Merchant shall pay certain fees for services related to the origination and maintenance of accounts. Each Merchant shall receive their funding electronically to their designated bank account and will be charged WAIVED for a Fed Wire. The current charge for the underwriting, UCC, ACH Program and origination of each Merchant will be paid from the funded amount. Merchant will be charged $100.00 for every additional change of their operating bank account once they are active with CBSG. Additional copies of prior monthly statements will incur a fee of $10.00 each.

11. Risk Assessment Fee - WAIVED

12. UCC Fee – WAIVED

Merchant Signature: DocuSigned by: YINGYIN IRIS CHEN 031B97DAA7004FD... Name: ____________

Merchant Signature: DocuSigned by: YINGYIN IRIS CHEN 031B97DAA7004FD... Name: ____________

Merchant Signature: DocuSigned by: SEAN WHALEN 63ABABFC13D3435... Name: ____________

Merchant Signature: DocuSigned by: SEAN WHALEN 63ABABFC13D3435... Name: ____________

*CBSG/nmv 9/14 2018 Agreement* DS YIC *Merchant Initials* ______ DS SW *Merchant Initials* ______



Case ID: 190509385

DocuSign Envelope ID: FAC24B66-BB68-4BF5-9C4F-1442FF6EDBB0

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**MANDATORY JOINT AFFIDAVIT OF CONFESSION OF JUDGEMENT**

INSTRUCTIONS:

SIGN AND NOTARIZE THIS SECTION OF THE AGREEMENT, SEND THE ORIGINAL COPY TO:

PAR FUNDING
22 N 3RD STREET
PHILADELPHIA, PA 19106

C/O UNDERWRITING



*Merchant Initials* DS YIC *Merchant Initials* DS SW

DocuSign Envelope ID: FAC24B66-BB68-4BF5-9C4F-1442FF6EDB6U

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

| | |
|---|---|
| NEW YORK UNITY FACTOR, LLC<br>Plaintiff,<br>-against-<br>FLEXOGENIX GROUP INC D/B/A FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC and YINGYIN IRIS CHEN,<br>Defendant(s) | Index No.<br>**AFFIDAVIT OF CONFESSION OF JUDGMENT** |

STATE OF ____________ )
) ss.:
COUNTY OF ____________ )

YINGYIN IRIS CHEN, being duly sworn, deposes and says:

1. I am a principal, owner, and an officer of FLEXOGENIX GROUP INC D/B/A FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC ("Merchant Defendant"), a CORPORATION located at 1000 S HOPE STREET, STE 103, LOS ANGELES, CA 90015, in the County of ____________, and as such, I have the authority to act on behalf of Merchant Defendant.

2. I reside at 705 W 9TH STREET #3404, LOS ANGELES, CA 90015, in the County of ____________.

3. I, individually, and on behalf of Merchant Defendant consent to the jurisdiction of this Court.

4. Merchant Defendant hereby confesses judgment and authorizes entry of judgment in favor of Plaintiff and against Defendants in the Federal District Court for the , Court of Common Jurisdiction for the County of ____________ in the State of ____________ the sum of $1,680,000.00 less any payments timely made pursuant to the secured Merchant Agreement dated OCTOBER 24, 2018, plus legal fees to Plaintiff calculated

 *Merchant Initials* YIC *Merchant Initials* SW Case ID: 190509385

DocuSign Envelope ID: FAC24B66-BB68-4BF5-9C4F-1442FF6EDBB0

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

at ten percent (10%) of the total of the aforesaid sums, costs, expenses and disbursements and interest at the rate of 9% per annum from the date of default, or the highest amount allowed by law, whichever is greater. Such amount shall be set forth in an affidavit to be executed by Plaintiff or an affirmation by Plaintiff's attorney, which shall be attached hereto at the time of entry of this Affidavit of Confession of Judgment.

5. In addition, I hereby confess judgment, individually and personally, jointly and severely, and authorize entry of judgment in favor of Plaintiff and against myself in the Federal District Court for the ______________ Court of Common Jurisdiction for the County of ______________ in the State of ______________,against me personally in the sum of $1,680,000.00 less any payments timely made pursuant to the Merchant Agreement dated OCTOBER 24, 2018, plus legal fees to Plaintiff calculated at ten percent (10%) of the total of the aforesaid sums, costs, expenses and disbursements and interest at the rate of 9% per annum from the date of default, or the highest rate allowed by law, whichever is greater. Such amount shall be set forth in an affidavit to be executed by Plaintiff or an affirmation by Plaintiff's attorney, which shall be attached hereto at the time of entry of this Confession of Judgment.

6. This confession of judgment is for a debt due to Plaintiff arising from Defendants' failure to pay to Plaintiff, Merchant Defendant's accounts-receivable, which were purchased by Plaintiff pursuant to the secured Merchant Agreement dated OCTOBER 24, 2018, and for Defendants' breach of the secured Merchant Agreement, plus agreed-upon interest, reasonable attorneys' fees, costs and disbursements, as agreed-upon by Merchant Defendant and myself, under the secured Merchant Agreement, dated OCTOBER 24, 2018, of which supporting documents include a Personal Guarantee and a UCC-1 financing statement(s).

7. Merchant Defendant and I hereby agree that the execution and delivery of this Affidavit of Confession of Judgment and any entry of judgment thereon shall be without prejudice to any and all rights of Plaintiff, who reserves all of its rights and remedies against Defendants.

*Merchant Initials* DS YIC *Merchant Initials* DS SW

DocuSign Envelope ID: FAC24B66-BB68-4BF5-9C4F-1442FF6EDBB0

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

8. If for any reason entry of judgment in the above specified amount or execution on the same is outside the jurisdiction of this Court, Merchant Defendant and I hereby consent to the personal jurisdiction, entry of judgment, and execution thereon in any State or Federal Court of the United States of America.

9. I have been authorized by Merchant Defendant to sign this Affidavit of Confession of Judgment on this ____ day of ______________, 2018.

By:______________________________
YINGYIN IRIS CHEN, individually, and on behalf of FLEXOGENIX GROUP INC D/B/A FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC

Sworn to before me this
____ day of ______________, 2018.

________________________
Notary Public



Merchant Initials YIC Merchant Initials SW Case ID: 190509385

DocuSign Envelope ID: FAC24B66-BB68-4BF5-9C4F-1442FF6EDBB0

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

| | |
|---|---|
| NEW YORK UNITY FACTOR, LLC<br><br>Plaintiff,<br><br>-against-<br><br>FLEXOGENIX GROUP INC D/B/A FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC and SEAN WHALEN,<br><br>Defendant(s) | Index No.<br><br>**AFFIDAVIT OF CONFESSION OF JUDGMENT** |

STATE OF ____________ )
)        ss.:
COUNTY OF ____________)

SEAN WHALEN, being duly sworn, deposes and says:

1. I am a principal, owner, and an officer of FLEXOGENIX GROUP INC D/B/A FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC ("Merchant Defendant"), a CORPORATION located at 1000 S HOPE STREET, STE 103, LOS ANGELES, CA 90015, in the County of ____________, and as such, I have the authority to act on behalf of Merchant Defendant.

2. I reside at 705 W 9TH STREET #3404, LOS ANGELES, CA 90015, in the County of ____________.

3. I, individually, and on behalf of Merchant Defendant consent to the jurisdiction of this Court.

4. Merchant Defendant hereby confesses judgment and authorizes entry of judgment in favor of Plaintiff and against Defendants in the Federal District Court for the            , Court of Common Jurisdiction for the County of ____________ in the State of ____________ the sum of $1,680,000.00 less any payments timely made pursuant to the secured Merchant Agreement dated OCTOBER 24, 2018, plus legal fees to Plaintiff calculated

 Merchant Initials DS YIC Merchant Initials DS SW
Case ID: 190509385

DocuSign Envelope ID: FAC24B66-BB68-4BF5-9C4F-1442FF6EDBBU

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

at ten percent (10%) of the total of the aforesaid sums, costs, expenses and disbursements and interest at the rate of 9% per annum from the date of default, or the highest amount allowed by law, whichever is greater. Such amount shall be set forth in an affidavit to be executed by Plaintiff or an affirmation by Plaintiff's attorney, which shall be attached hereto at the time of entry of this Affidavit of Confession of Judgment.

5. In addition, I hereby confess judgment, individually and personally, jointly and severely, and authorize entry of judgment in favor of Plaintiff and against myself in the Federal District Court for the ____________ Court of Common Jurisdiction for the County of ____________ in the State of ____________, against me personally in the sum of $1,680,000.00 less any payments timely made pursuant to the Merchant Agreement dated OCTOBER 24, 2018, plus legal fees to Plaintiff calculated at ten percent (10%) of the total of the aforesaid sums, costs, expenses and disbursements and interest at the rate of 9% per annum from the date of default, or the highest rate allowed by law, whichever is greater. Such amount shall be set forth in an affidavit to be executed by Plaintiff or an affirmation by Plaintiff's attorney, which shall be attached hereto at the time of entry of this Confession of Judgment.

6. This confession of judgment is for a debt due to Plaintiff arising from Defendants' failure to pay to Plaintiff, Merchant Defendant's accounts-receivable, which were purchased by Plaintiff pursuant to the secured Merchant Agreement dated OCTOBER 24, 2018, and for Defendants' breach of the secured Merchant Agreement, plus agreed-upon interest, reasonable attorneys' fees, costs and disbursements, as agreed-upon by Merchant Defendant and myself, under the secured Merchant Agreement, dated OCTOBER 24, 2018, of which supporting documents include a Personal Guarantee and a UCC-1 financing statement(s).

7. Merchant Defendant and I hereby agree that the execution and delivery of this Affidavit of Confession of Judgment and any entry of judgment thereon shall be without prejudice to any and all rights of Plaintiff, who reserves all of its rights and remedies against Defendants.

 *Merchant Initials* DS YIC *Merchant Initials* DS SW Case ID: 190509385

DocuSign Envelope ID: FAC24B66-BB68-4BF5-9C4F-1442FF6EDBBU

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

8. If for any reason entry of judgment in the above specified amount or execution on the same is outside the jurisdiction of this Court, Merchant Defendant and I hereby consent to the personal jurisdiction, entry of judgment, and execution thereon in any State or Federal Court of the United States of America.

9. I have been authorized by Merchant Defendant to sign this Affidavit of Confession of Judgment on this ____ day of ______________, 2018.

By:______________________________
SEAN WHALEN, individually, and on behalf of FLEXOGENIX GROUP INC D/B/A FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC

Sworn to before me this
____ day of ______________, 2018.

_________________________
Notary Public



Merchant Initials DS YIC Merchant Initials DS SW

Case ID: 190509385

CBSG

22 N 3[RD] Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

OCTOBER 24, 2018

Attn: Court Orders & Levies Dept.

Re: *FLEXOGENIX GROUP INC, et al.*
Supreme Court of the State of New York, Richmond County Index No.
***Information Subpoena and Restraining Notice* - RELEASE**

Complete Business Solutions Group, Inc. d/b/a Par Funding ("Funder"), Plaintiff/Judgment Creditor, and YINGYIN IRIS CHEN ("YINGYIN IRIS CHEN") and FLEXOGENIX GROUP INC ("FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC"), Defendants/Judgment Debtors (collectively, "the Parties"), hereby authorize , N.A. and/or related entities (collectively, " ,N.A.") to release (**$________**) (the "Release Amount") from the funds currently held in reserve per the Information Subpoena with Restraining Notice ("IS/RN"), payable as follows:

**Via check**

**Via wire** to:

| Via check | Via wire to: |
|---|---|
| | |

FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC and YINGYIN IRIS CHEN agree to indemnify and hold harmless , N.A. and its officers, directors, agents and employees from and against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from this release and/or the IS/RN. Upon tender of the Release Amount, Funder consents to the immediate **RELEASE** of the remainder and/or account(s) being held on reserve to FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC, YINGYIN IRIS CHEN, and/or its/their principals, agents, heirs and assigns.

AGREED AND ACCEPTED:



*Merchant Initials* DS YIC *Merchant Initials* DS SW

DocuSign Envelope ID: FAC24B66-BB68-4BF5-9C4F-1442FF6EDBB0

CBSG
COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

By:______________________
Norman M. Valz, Esq.
*Attorney for Plaintiff/Judgment Creditor, NEW YORK UNITY FACTOR LLC and*
Complete Business Solutions Group, Inc.
205 Arch Street – 2nd Floor
Philadelphia, PA 19106
(215) (tel.)

By:______________________
YINGYIN IRIS CHEN____(Name)
Owner/Manager/Agent__________(Title)
individually, and on behalf of *FLEXOGENIX GROUP INC*

State of______________________)
) ss:
County of______________________)

On the_______day of______________________, in the year 2018, before me, the undersigned Notary Public in and for said state, personally appeared YINGYIN IRIS CHEN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she/he executed the same in her/his capacity, and that by her/his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

______________________
NOTARY PUBLIC



*Merchant Initials* DS YIC *Merchant Initials* DS SW

Case ID: 190509385

DocuSign Envelope ID: FAC24B66-BB68-4BF5-9C4F-1442FF6EDBB0

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

OCTOBER 24, 2018

Attn: Court Orders & Levies Dept.

Re: *FLEXOGENIX GROUP INC, et al.*
Supreme Court of the State of New York, Richmond County Index No.
***Information Subpoena and Restraining Notice - RELEASE***

Complete Business Solutions Group, Inc. d/b/a Par Funding ("Funder"), Plaintiff/Judgment Creditor, and SEAN WHALEN ("SEAN WHALEN") and FLEXOGENIX GROUP INC ("FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC"), Defendants/Judgment Debtors (collectively, "the Parties"), hereby authorize , N.A. and/or related entities (collectively, " ,N.A.") to release **($__________)** (the "Release Amount") from the funds currently held in reserve per the Information Subpoena with Restraining Notice ("IS/RN"), payable as follows:

| **Via check** | **Via wire to:** |
| --- | --- |
| | |

FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC and YINGYIN IRIS CHEN agree to indemnify and hold harmless , N.A. and its officers, directors, agents and employees from and against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from this release and/or the IS/RN. Upon tender of the Release Amount, Funder consents to the immediate **RELEASE** of the remainder and/or account(s) being held on reserve to FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC, YINGYIN IRIS CHEN, and/or its/their principals, agents, heirs and assigns.

AGREED AND ACCEPTED:



*Merchant Initials* DS YIC *Merchant Initials* DS SW

DocuSign Envelope ID: FAC24B66-BB68-4BF5-9C4F-1442FF6EDBB0

CBSG Complete Business Solutions Group

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

By:______________________________
Norman M. Valz, Esq.
*Attorney for Plaintiff/Judgment Creditor, NEW YORK UNITY FACTOR LLC and*
Complete Business Solutions Group, Inc.
205 Arch Street – 2nd Floor
Philadelphia, PA 19106
(215) (tel.)

By:________________________
SEAN WHALEN (Name)
Owner/Manager/Agent (Title)
individually, and on behalf of *FLEXOGENIX GROUP INC*

State of__________________________)
) ss:
County of_________________________)

On the______day of__________________________, in the year 2018, before me, the undersigned Notary Public in and for said state, personally appeared YINGYIN IRIS CHEN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she/he executed the same in her/his capacity, and that by her/his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

____________________________________
NOTARY PUBLIC

*Merchant Initials* DS YIC *Merchant Initials* DS SW

DocuSign Envelope ID: FAC24B66-BB68-4BF5-9C4F-1442FF6EDBB0

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562



*Merchant Initials*________ *Merchant Initials*________

DocuSign Envelope ID: 1DFEFA28-E906-4B23-AD62-2664E9561CAB

CBSG

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

## ACKNOWLEDGEMENT

**We, YINGYIN IRIS CHEN and SEAN WHALEN, hereby acknowledge:**

- **There has been no promise of additional capital in 30 days from funding by CBSG or any ISO (broker).**
  - **Our policy is that merchants can seek additional capital from us when they have paid 55% of the Receipts Purchased Amount.**
- **That CBSG does not permit outside fees and that no one has discussed additional fees with me. The fee amount for this agreement is $4,995.00, which will be held back from the funding amount.**
- **There has not been and will not any contact from Third Party debt companies regarding this Factoring Agreement dated NOVEMBER 20, 2018.**

**We, the undersigned, acknowledge that we are in agreement with these items, which are also described in detail within the pages of this document.**

DocuSigned by: YINGYIN IRIS CHEN 11/27/2018 10:00:06 AM
031B97DAA7004FD...
**Signature** **Date**

DocuSigned by: SEAN WHALEN 11/27/2018 9:58:57 AM
63ABABFC13D3435...
**Signature** **Date**

**I, YINGYIN IRIS CHEN and SEAN WHALEN, hereby acknowledge:**

- **Additional Funding/"Stacking" Fee: 15% of Advance Amount – If the MERCHANT/GUARANTOR takes additional funding at any point after being funded by CBSG, without prior notice to and consent by CBSG, a fee amounting to 15% of the amount of the advance shall automatically be added to the payback amount of the advance. CBSG reserves the right to declare the account in default, at any point after learning such "stacking" has occurred; regardless of the payments made by the MERCHANT/GUARANTOR, with the filing of the Confession of Judgement in a court of competent jurisdiction.**

**I, the undersigned, acknowledge that I am in agreement with these items, which are also described in detail within the pages of this document.**

DocuSigned by: YINGYIN IRIS CHEN 11/27/2018 10:00:06 AM P
031B97DAA7004FD...
**Signature** **Date**

DocuSigned by: SEAN WHALEN 11/27/2018 9:58:57 AM PS
63ABABFC13D3435...
**Signature** **Date**

 *Merchant Initials* DS YIC *Merchant Initials* DS SW Case ID: 190509385

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

# FACTORING AGREEMENT

**Dated the 20th day of NOVEMBER, 2018 by and between Complete Business Solutions Group, Inc. ("CBSG" and/or "PURCHASER") and the "SELLER/MERCHANT" listed below (as "Seller/Merchant" or "the Merchant").**
**Business Legal Name: FLEXOGENIX GROUP INC**
**D/B/A: FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC**
**Type of entity (check one) [X] Corporation [] LLC [] Limited Partnership [] Limited Liability Partnership [] Sole Proprietor**
**Physical Address: 1000 S HOPE STREET, STE 103, LOS ANGELES, CA 90015**
**Mailing Address: 1000 S HOPE STREET, STE 103, LOS ANGELES, CA 90015**
**Fed ID/#[redacted]**

## PURCHASE AND SALE OF FUTURE RECEIPTS WITH SELLER RECOURSE

**Seller/Merchant hereby sells, assigns and transfers to CBSG (making CBSG the absolute owner) in consideration of the funds provided ("Purchase Price") specified below,** all of Seller/Merchant's future receipts, accounts, contract rights and other obligations arising from or relating to the payment of monies from Seller/Merchant's customers' and/or other third party payers (collectively the "Receipts" defined as all payments made by cash, check, credit or debit card, electronic transfer or other form of monetary payment in the ordinary course of the merchant's business) until such time as the "Receipts Purchased Amount (RPA)" has been delivered by Seller/Merchant to CBSG.

**THIS IS A FACTORING AGREEMENT WITH RECOURSE.**
The Purchased Amount shall be paid to CBSG by Seller/Merchant's irrevocably authorizing only one depositing account acceptable to CBSG (the "Account") to remit the Daily **Specified Amount** from the Seller/Merchant's receipts until such time as CBSG receives payment in full of the Receipts Purchased Amount. In consideration of servicing the account, the Seller/Merchant hereby authorizes CBSG to ACH debit the "Specified Daily Amount" from the merchant's bank account, as an approximation of the base payment due under the Specified Percentage. It is the Seller/Merchant's responsibility to provide bank statements for any and all bank accounts by the Merchant to reconcile the daily payments made against the Daily Specified Amount. Failure to provide all of their bank statements in a timely manner or missing a month shall forfeit all rights to future reconciliations. CBSG may, upon Seller/Merchant's request, adjust the amount of any payment due under this Agreement at CBSG's sole discretion and as it deems appropriate in servicing this Agreement. Seller/Merchant warrants that it will ensure that funds adequate to cover the amount to be debited by CBSG remains in the account. Seller/Merchant will be held responsible for any fees incurred by CBSG resulting from a rejected ACH attempt or an event of default. (See Appendix A). CBSG is not responsible for any overdrafts or rejected transactions in the Seller/Merchants account which may result from CBSG's scheduled ACH debit under the terms of this agreement. Notwithstanding anything to the contrary in this Agreement or any other agreement between CBSG and Seller/Merchant, upon the violation of any provision contained in Sections I and II of the FACTORING AGREEMENT, shall be deemed a breach of the representations and warranties contained herein. A list of all fees applicable under this FACTORING AGREEMENT is contained in Appendix A.

**Purchase Price: $1,000,000.00 Specified Percentage: 10% Daily Specified Amount: $5,600.00 for 250 days Receipts Purchased Amount: $1,400,000.00**
***If Paid in 22 Installments Receipts Purchased Amount: $1,035,200.00**

***If Paid in 23-44 Installments Receipts Purchased Amount: $1,070,400.00**

***If Paid in 45-66 Installments Receipts Purchased Amount: $1,105,600.00**

***If Paid in 67-88 Installments Receipts Purchased Amount: $1,140,800.00**

**THE TERMS, DEFINITIONS, CONDITIONS AND INFORMATION SET FORTH ON PAGES 2 THROUGH 12 HEREOF ARE HERBY INCORPORATED HEREIN AND MADE A PART OF THIS FACTORING AGREEMENT.**

FOR THE SELLER/MERCHANT
By: YINGYIN IRIS CHEN, OWNER
Name and Title

DocuSigned by: YINGYIN IRIS CHEN
X 031B97DAA7004FD...
(Seller/Merchant Signature)

FOR THE SELLER/MERCHANT
By: YINGYIN IRIS CHEN, OWNER
Name and Title

DocuSigned by: YINGYIN IRIS CHEN
X 031B97DAA7004FD...
(Seller/Merchant Signature)

FOR THE SELLER/MERCHANT
By: SEAN WHALEN, OWNER
Name and Title

DocuSigned by: SEAN WHALEN
X 63ABABEC13D3435...
(Seller/Merchant Signature)

FOR THE SELLER/MERCHANT
By: SEAN WHALEN, OWNER
Name and Title

DocuSigned by: SEAN WHALEN
X 63ABABEC13D3435
(Seller/Merchant Signature)

**COMPLETE BUSINESS SOLUTIONS GROUP, INC.**

By ____________________

*Merchant Initials* DS YIC *Merchant Initials* DS SW

DocuSign Envelope ID: 1DFEFA28-E906-4B23-AD62-2684E956 1CAB

CBSG

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

Company Officer

To the extent set forth herein, each of the parties is obligated upon his/ her or its execution of the Agreement to all terms of the Agreement, including the Additional Terms set forth below. Each individual executing this Agreement represents that he or she is authorized to sign this Agreement for Merchant, legally binding said Merchant to honor the terms of this obligation and that the information provided herein and in all of CBSG documents, forms and recorded interviews is true, accurate and complete in all respects. If any such information is false or misleading, Merchant shall be deemed in material breach of all agreements and the representations and warranties contained herein between Merchant and CBSG and CBSG shall be entitled to all remedies available under law. Merchant and each of the above-signed Officers/ Owners authorizes CBSG, its agents and representatives and any credit-reporting agency engaged by CBSG, to (i) investigate any references given or any other statements or data obtained from or about Merchant or any of its Owners for the purpose of this Agreement, and (ii) pull credit report at any time now or for so long as Merchant and/Owner(s) continue to have any obligation owed to CBSG.

**ANY MISREPRESENTATION MADE BY SELLER/MERCHANT OR OWNER IN CONNECTION WITH THIS AGREEMENT MAY CONSTITUTE A SEPARATE CAUSE OF ACTION FOR FRAUD OR INTENTIONAL MISREPRESENTATION**

## FACTORING AGREEMENT TERMS AND CONDITIONS

### I. GENERAL TERMS OF AGREEMENT (MUTUAL REPRESENTATIONS AND WARRANTIES)

**1.1 Electronic Fund Transfer.** Upon request from PURCHASER ("hereinafter CBSG or Purchaser") Seller/Merchant ("hereinafter Merchant") shall execute such forms or agreements acceptable to PURCHASER, with Bank acceptable to PURCHASER, to obtain electronic fund transfer services. Merchant shall provide PURCHASER, and/or its authorized agent with all the information, authorization and passwords necessary for verifying Merchant's receivable, receipts and deposits into the account Merchant shall authorize PURCHASER and/or it's agent to deduct the amounts owed to PURCHASER for the Receipts as specified herein from settlement amounts which would otherwise be due to Merchant from electronic check transactions and to pay such amounts to PURCHASER by permitting PURCHASER to withdraw the SPECIFIED DAILY AMOUNT by ACH debiting of the account. The authorization shall be irrevocable without the written consent of PURCHASER.

**1.2 Deposit Agreement.** Seller/Merchant shall execute an agreement (the "Deposit Agreement") acceptable to PURCHASER, with a Bank acceptable to PURCHASER, to obtain electronic fund transfer services. Merchant shall provide PURCHASER and/or its authorized agent with all of the information, authorizations and passwords necessary for verifying Merchant's receivables, receipts and deposits into the account. Merchant shall authorize PURCHASER and/or it's agent to deduct the amounts owed to PURCHASER for the Receipts as specified herein from settlement amounts which would otherwise be due to Merchant from electronic check transactions and to pay such amounts to PURCHASER by permitting PURCHASER to withdraw the specified percentages by ACH debiting of the account. The authorization shall be irrevocable without the written consent of PURCHASER

**1.3 Term of Agreement.** This Agreement shall have a term as set forth above. Upon the expiration of the term, this Agreement shall automatically renew for successive similar terms, provided, however, that during the renewal term(s) Merchant may terminate this Agreement upon ninety days' prior written notice (effective upon receipt) to PURCHASER. The termination of this Agreement shall not affect Merchant's responsibility to satisfy all outstanding obligations to PURCHASER at the time of termination.

**1.4 Future Purchases. PURCHASER** reserves the right to rescind the offer to make any purchase payments hereunder, in its sole discretion.

**1.5 Financial Condition. Merchant authorize PURCHASER and its agents to investigate their financial responsibility and history, and will provide to PURCHASER any bank or financial statements, tax returns, etc., as PURCHASER deems necessary prior to or at any time after execution of this Agreement. A photocopy of this authorization will be deemed as acceptable for release of financial information. PURCHASER is authorized to update such information and financial profiles from time to time as it deems appropriate.**

**1.6 Transactional History.** Merchant authorizes their bank to provide PURCHASER with Merchant's banking or processing history to determine qualification or continuation in this program.

**1.7 Indemnification.** Merchant jointly and severally indemnify and hold harmless Processor, its officers, directors and shareholders against all losses, damages, claims, liabilities and expenses (including reasonable attorney's fees)

incurred by Processor resulting from (a) claims asserted by PURCHASER for monies owed to PURCHASER from Merchant and (b) actions taken by Processor in reliance upon information or instructions provided by PURCHASER.

**1.8 No Liability.** In no event will CBSG be liable for any claims asserted by Merchant under any legal theory for lost profits, lost revenues, lost business opportunities, exemplary, punitive, special, incidental, indirect or consequential damages, each of which is waived by Merchant.

**1.9 Reliance on Terms.** Section 1.1, 1.7, 1.8 and 2.5 of this Agreement are agreed to for the benefit of Merchant, PURCHASER and Processor, and notwithstanding the fact that Processor is not a party of this Agreement, Processor may rely upon their terms and raise them as a defense in any action.

**1.10 Sale of Receipts.** Merchant and CBSG agree that the Purchase Price under this Agreement is in exchange for the Purchased Amount and that such Purchase Price is not intended to be, nor shall it be construed as a loan from PURCHASER to Merchant. Merchant agrees that the Purchase Price is in exchange for Future Receipts pursuant to this Agreement equals the fair market value of such Receipts. PURCHASER has purchased and shall own all the Receipts described in this Agreement up to the full Purchased Amount as the Receipts are created. Payments made to PURCHASER with respect to the full amount of the Receipts shall be conditioned upon Merchant's sale of products and services and the payment therefore by Merchant's customers in the manner provided in Section 1.1. IN NO EVENT SHALL THE AGGREGATE OF THE AMOUNTS RECEIVED BE DEEMED AS INTEREST HEREUNDER. In the event that a court determines that PURCHASER has charged or received interest hereunder. and that said amount is in excess of the highest applicable rate, the rate in effect hereunder shall automatically be reduced to the maximum rate permitted by applicable law and PURCHASER shall promptly refund to Merchant any interest received by PURCHASER in excess of the maximum lawful rate, it being intended that Merchant not pay or contract to pay, and that PURCHASER not receive or contract to receive, directly or indirectly in any manner whatsoever, interest in excess of that which may be paid by Merchant under applicable law. MERCHANT ACKNOWLEDGES THAT PENNSYLVANIA LAW APPLIES TO THE WITHIN AGREEMENT.

**1.11 Monthly Assessment of Merchant Cash Flow** Merchant hereby authorizes PURCHASER to initiate one or more ACH debits at the specified "Daily Retrieval Rate" from the Account as an approximation of the base payment due under the Specified Percentage. It is the Merchant's responsibility to provide financial information (e.g. bank statements, credit card processing statements, general ledger) regarding its gross receivables, to reconcile the daily payments made against the Specified Percentage, permitting PURCHASER to debit or credit the difference to Merchant on a monthly basis so that the Daily Retrieval Rate equals the Specified Percentage.

**1.12 Power of Attorney** Merchant irrevocably appoints PURCHASER as its agent and attorney-in-fact with full authority to take any action or execute any instrument or document to settle all obligations due to PURCHASER from Processor, or in the case of a violation by Merchant of Section 1.12 or the occurrence of an Event of Default under Section 4 hereof, from Merchant, under this Agreement, including without limitation (i) to obtain and adjust insurance; (ii) to collect monies due or to become due under or in respect of any of the Collateral; (iii) to receive, endorse and collect any checks, notes, drafts, instruments, documents or chattel paper in connection with clause (i) or clause (ii) above; (iv) to sign Merchant's name on any invoice, bill of lading, or assignment directing customers or account debtors to make payment directly to PURCHASER; and (v) to file any claims or take any action or institute any proceeding which PURCHASER may deem necessary for the collection of any of the unpaid Purchased Amount from the Collateral, or otherwise to enforce its rights with respect to payment of the Purchased Amount.

**1.13 Protections Against Default.** Merchant represents and warrants that it will not violate Conditions (a) through (e) below and in the event of default thereunder the following Protections 1 through 8 may be invoked by PURCHASER, immediately and without notice to Merchant in the event: (a) Merchant takes any action to discourage the use of electronic check processing that are settled through Processor, or permits any event to occur that could have an adverse effect on the use, acceptance, or authorization of checks for the purchase of Merchant's services and products including but not limited to direct deposit of any checks into a bank account without scanning into the PURCHASER electronic check processor; (b) Merchant changes its arrangements with Processor in any way that is adverse to PURCHASER; (c) Merchant changes the electronic check processor through which the Receipts are settled from Processor to another electronic check processor, or permits any event to occur that could cause diversion of any of Merchant's check transactions to another processor; (d) Merchant interrupts the operation of this business (other than adverse weather, natural disasters or acts of God) transfers, moves, sells, disposes, transfers or otherwise



Merchant Initials ____ Merchant Initials ____ Case ID: 190509385

DocuSign Envelope ID: 1DFEFA26-E906-4B23-AD62-2684E956 1CAB

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

conveys its business or assets without (i) the express prior written consent of PURCHASER, and (ii) the written agreement of any purchaser or transferee to the assumption of all of Merchant's obligations under this Agreement pursuant to documentation satisfactory to PURCHASER; or (c) Merchant takes any action, fails to take any action, or offers any incentive—economic or otherwise—the result of which will be to induce any customer or customers to pay for Merchant's services with any means other than checks that are settled through Processor. These protections are in addition to any other remedies available to PURCHASER at law, in equity or otherwise pursuant to this Agreement.

Protection 1. The full uncollected Purchase Amount plus all fees due under this Agreement and the attached Security Agreement become due and payable in full immediately.

Protection 2. Upon breach of ANY MATERIAL PROVISION OR BREACH OF REPRESENTATIONS AND WARRANTIES in this Agreement, PURCHASER may enter that confession of judgment (judgment) with the Clerk of the Court and execute thereon.

Protection 3. Purchaser may enforce its security interest in the Collateral identified in Article III hereof.

Protection 4. The entire Unpaid Purchase Amount shall become immediately refundable to PURCHASER from Merchant.

Protection 5. Purchaser may proceed to protect and enforce its rights and remedies by lawsuit. In any such lawsuit, in which Purchaser shall recover judgment against Merchant, Merchant shall be liable for the full costs of PURCHASER'S legal action, including all reasonable attorneys' fees and court costs.

Protection 6. Merchant shall, upon execution of this Agreement, deliver to PURCHASER an **executed assignment of lease of Merchant's premises** in favor of CBSG. Upon breach of any provision in this paragraph 1.13, PURCHASER may exercise its rights under such assignment of lease.

Protection 7. PURCHASER may debit Merchant's depository accounts wherever situated by means of ACH debit or facsimile signature on a computer-generated check drawn on Merchant's bank account.

Protection 8. In the event Merchant changes or permits the change of the Processor approved by CBSG, or adds an additional Processor, in violation of Section 1.11 above, CBSG shall have the right, without waiving any of its rights and remedies and without notice to Merchant, to notify the new or additional Processor of the sale of the Receipts hereunder and to direct such new or additional Processor to make payment directly to CBSG of all or any portion of the amount received by such Processor.

**1.14 Protection of Information.** Merchant and each person signing this Agreement on behalf of Merchant and/or as Owner, in respect of himself or herself personally, authorizes PURCHASER to disclose information concerning Merchant's and each Owner's credit standing (including credit bureau reports that PURCHASER obtains) and business conduct only to agents, affiliates, subsidiaries, and credit reporting bureaus. Merchant and each Owner hereby waives to the maximum extent permitted by law any claim for damages against PURCHASER or any of its affiliates relating to any (i) investigation undertaken by or on behalf of PURCHASER as permitted by this Agreement or (ii) disclosure of information as permitted by this Agreement.

**1.15 Confidentiality.** Merchant understands and agrees that the terms and conditions of the products and services offered by PURCHASER, including this Agreement and any other PURCHASER documentations (collectively, "Confidential Information") are proprietary and confidential information of PURCHASER. Accordingly, unless disclosure is required by law or court order, Merchant shall not disclose Confidential Information of PURCHASER to any person other than an attorney, accountant, financial advisor or employee of Merchant who needs to know such information for the purpose of advising Merchant ("Advisor"), provided such Advisor uses such information solely for the purpose of advising Merchant and first agrees in writing to be bound by the terms of this Section 1.13.

**1.16 D/B/A's.** Merchant hereby acknowledges and agrees that PURCHASER may be using "doing business as" or "d/b/a" names in connection with various matters relating to the transaction between PURCHASER and Merchant, including the filing of UCC-1 financing statements and other notices or filings.

**II. MERCHANT REPRESENTATIONS, WARRANTIES AND COVENANTS** Merchant represents, warrants and covenants that as of this date and during the term of this Agreement:

**2.1 Financial Condition and Financial Information.** Bank and financial statements, and future statements furnished to PURCHASER, fairly represent the financial condition of Merchant at such dates. Merchant has a continuing, affirmative obligation to advise PURCHASER of any material or adverse change in its financial condition, operation or ownership. PURCHASER may request statements at any time during the performance of this Agreement and the Merchant shall provide them to PURCHASER within 5 business days. Merchant's failure to do so is a material breach of this Agreement.

**2.2 Governmental Approvals.** Merchant is in compliance and shall comply with all laws and has valid permits, authorizations and licenses to own, operate and lease its properties and to conduct the business in which it is presently engaged.

**2.3 Authorization.** Merchant, and the person(s) signing this Agreement on behalf of Merchant, have full power and authority to incur and perform the obligations under this Agreement, all of which have been duly authorized.

**2.4 Insurance.** Merchant will maintain business-interruption insurance naming CBSG as loss payee and additional insured in amounts and against risks as are satisfactory to PURCHASER and shall provide PURCHASER proof of such insurance upon request.

**2.5 Electronic Check Processing Agreement.** Merchant will not change its processor, add terminals, change its financial institution or bank account(s) or take any other action that could have any adverse effect upon Merchant's obligations under this Agreement, without PURCHASER'S prior written consent. Any such change shall be a material breach of this Agreement.

**2.6 Change of Name or Location.** Merchant will not conduct Merchant's businesses under any name other than as disclosed to the Processor and PURCHASER or change any of its places of business.

**2.7 Daily Batch Out.** Merchant will batch out receipts with the Processor on a daily basis.

**2.8 Estoppel Certificate.** Merchant will at any time, and from time to time, upon at least one (1) day's prior notice from PURCHASER to Merchant, execute, acknowledge and deliver to PURCHASER and/or to any other person, person firm or corporation specified by PURCHASER, a statement certifying that this Agreement is unmodified and in full force and effect (or, if there have been modifications, that the same is in full force and effect as modified and stating the modifications) and stating the dates which the Purchased Amount or any portion thereof has been repaid.

**2.9 No Bankruptcy.** As of the date of this Agreement, Merchant does not contemplate and has not filed any petition for bankruptcy protection under Title 11 of the United States Code and there has been no involuntary petition brought or pending against Merchant. Merchant further warrants that it does not anticipate filing any such bankruptcy petition and it does not anticipate that an involuntary petition will be filed against it. In the event that the Merchant files for bankruptcy protection or is placed under an involuntary filing Protections 2 and 3 are immediately invoked.

**2.10 Working Capital Funding.** Merchant shall not enter into any arrangement, agreement or commitment that relates to or involves the Receipts, whether in the form of a purchase of, a loan against, collateral against or the sale or purchase of credits against, Receipts or future check sales with any party other than PURCHASER.

**2.11 Unencumbered Receipts.** Merchant has good, complete and marketable title to all Receipts, free and clear of any and all liabilities, liens, claims, changes, restrictions, conditions, options, rights, mortgages, security interests, equities, pledges and encumbrances of any kind or nature whatsoever or any other rights or interests that may be inconsistent with the transactions contemplated with, or adverse to the interests of PURCHASER.

**2.12 Business Purpose.** Merchant is a valid business in good standing under the laws of the jurisdictions in which it is organized and/or operates, and Merchant is entering into this Agreement FOR BUSINESS PURPOSES ONLY and not as a consumer for personal, family or household purposes.

**2.13 Default under Other Contracts.** Merchant's execution of and/or performance under this Agreement will not cause or create an event of default by Merchant under any contract with another person or entity.

**2.14 3rd Party Negotiators with Regard to This Agreement and the Obligations Herein.** Merchant hereby agrees not to retain any 3rd party negotiators, consolidators, or credit relief agencies with regard to its obligations under the terms of this Agreement. Merchant will maintain and allow direct communication with PURCHASER at all times during the course of this Agreement and shall not engage any 3rd party to negotiate its obligations as stated in this Agreement. Should Merchant violate this subsection 2.14, Merchant will be liable for the additional fee as specific in the attached Appendix A.

**III. EVENTS OF BREACH OF REPRESENTATIONS, WARRANTIES, AND COVENANTS AND REMEDIES**

**3.1 Events of Breach of Representations, Warranties and Covenants.** The occurrence of any of the following events shall constitute an "Event of a Breach of Representations, Warranties, and Covenants" hereunder: (a) Merchant shall violate any term or covenant in this Agreement; (b) Any representation or warranty by Merchant in this Agreement shall prove to have been incorrect, false or misleading in any material respect when made; (c) Merchant shall admit in writing its inability to pay its debts, or shall make a general assignment for the benefit of creditors; or any proceeding shall be instituted by or against Merchant seeking to adjudicate it a bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, or composition of it or its debts; (d) the sending of notice of termination by MERCHANT; (e) Merchant shall transport, move, interrupt, suspend, dissolve or terminate its business;

DocuSign Envelope ID: 1DFEFA28-E906-4B23-AD62-2684E9561CAB

CBSG

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

(f) Merchant shall transfer or sell all or substantially all of its assets; (h) Merchant shall make or send notice of any intended bulk sale or transfer by Merchant; (i) Merchant shall use multiple depository accounts without the prior written consent of PURCHASER; (j) Merchant shall change its depositing account without the prior written consent of PURCHASER; (k) Merchant shall perform any act that reduces the value of any Collateral granted under this Agreement; (l) Merchant shall engage a third party to renegotiate the terms of this Agreement on Merchant's behalf; (m) Merchant shall engage a third party in an attempt to cease direct communication and/or contact with PURCHASER; or (n) Merchant shall default under any of the terms, covenants and conditions of any other agreement with PURCHASER.

**3.2 Remedies.** In case any Event of a Breach of Representations, Warranties and Covenants, Default occurs and is not waived pursuant to Section 4.4 hereof, PURCHASER may proceed to protect and enforce its rights or remedies by suit in equity or by action at law, or both, whether for the specific performance of any covenant, agreement or other provision contained herein, or to enforce the discharge of Merchant's obligations hereunder or any other legal or equitable right or remedy. IN THE EVENT OF VIOLATION OF THE REPRESENTATIONS AND WARRANTIES BY MERCHANT, PURCHASER may also file a Complaint in Confession of Judgment pursuant to the Warrant of Attorney contained herein. All rights, powers and remedies of PURCHASER in connection with this Agreement may be exercised at any time by PURCHASER after the occurrence of an Event of Default, are cumulative and not exclusive, and shall be in addition to any other rights, powers or remedies provided by law or equity.

**3.3 Consent to Sale/Transfer of Interest**: In event of MERCHANT breach of warranties, covenants and representations under this Agreement, Merchant consents to PURCHASER'S sale or transfer of its remaining interests in MERCHANT'S receivables to a third party buyer of defaulted financial obligations and instruments. More specifically, MERCHANT recognizes PURCHASER'S authority to sell its interests in said receivables to New York Unity Factor, LLC ("NYUF") which MERCHANT authorizes to pursue legal remedies in NYUF's home State of New York in the event of a breach of the warranties, covenants, and representations stated under this Agreement.

**3.4 <u>WARRANT OF ATTORNEY TO CONFESS JUDGMENT</u>.** UPON THE OCCURRENCE OF A VIOLATION OF THE REPRESENTATIONS AND WARRANTIES MADE HERETOFORE BY MERCHANT, MERCHANT IRREVOCABLY AUTHORIZE AND EMPOWER ANY ATTORNEY OR ANY CLERK OF ANY COURT OF RECORD, TO APPEAR FOR AND CONFESS JUDGMENT AGAINST MERCHANT FOR SUCH SUMS AS ARE DUE AND/OR MAY BECOME DUE UNDER THIS MERCHANT AGREEMENT OR ANY ACCOMPANYING DOCUMENTS, WITH OR WITHOUT DECLARATION, WITH COSTS OF SUIT, WITHOUT STAY OF EXECUTION AND WITH AN AMOUNT, FOR LIEN PRIORITY PURPOSES, EQUAL TO TEN PERCENT (10%) OF THE AMOUNT OF SUCH JUDGMENT, BUT NOT LESS THAN ONE THOUSAND DOLLARS ($1,000.00), ADDED FOR ATTORNEYS' COLLECTION FEES, WITH THE ACTUAL AMOUNT OF ATTORNEY'S FEES AND COSTS TO BE DETERMINED IN ACCORDANCE WITH THE SECTION OF THIS MERCHANT AGREEMENT "ATTORNEY'S FEES AND COLLECTION COSTS." TO THE EXTENT PERMITTED BY LAW, MERCHANT: (1) WAIVE THE RIGHT OF INQUISITION ON ANY REAL ESTATE LEVIED ON, VOLUNTARILY CONDEMNS THE SAME, AUTHORIZES THE PROTHONOTARY OR CLERK TO ENTER UPON THE WRIT OF EXECUTION THIS VOLUNTARY CONDEMNATION AND AGREES THAT ANY REAL ESTATE MAY BE SOLD ON A WRIT OF EXECUTION; (2) WAIVE AND RELEASE ALL RELIEF FROM ALL APPRAISEMENT, STAY, EXEMPTION OR APPEAL LAWS OF ANY STATE NOW IN FORCE OR HEREINAFTER ENACTED; AND (3) RELEASE ALL ERRORS IN SUCH PROCEEDINGS. IF A COPY OF THIS MERCHANT AGREEMENT, VERIFIED BY AFFIDAVIT BY OR ON BEHALF OF PURCHASER SHALL HAVE BEEN FILED IN SUCH ACTION, IT SHALL NOT BE NECESSARY TO FILE THE ORIGINAL MERCHANT AGREEMENT AS A WARRANT OF ATTORNEY. THE AUTHORITY AND POWER TO APPEAR FOR AND CONFESS JUDGMENT AGAINST MERCHANT SHALL NOT BE EXHAUSTED BY THE INITIAL EXERCISE THEREOF AND MAY BE EXERCISED AS OFTEN AS PURCHASER SHALL FIND IT NECESSARY AND DESIRABLE AND THIS BUSINESS CASH ADVANCE AND SECURITY AGREEMENT SHALL BE A SUFFICIENT WARRANT THEREFOR. PURCHASER MAY CONFESS ONE OR MORE JUDGMENTS IN THE SAME OR DIFFERENT JURISDICTIONS FOR ALL OR ANY PART OF THE AMOUNTS OWING HEREUNDER, WITHOUT REGARD TO WHETHER JUDGMENT HAS THERETOFORE BEEN CONFESSED ON MORE THAN ONE OCCASION FOR THE SAME AMOUNTS. IN THE EVENT ANY JUDGMENT CONFESSED AGAINST THE MERCHANT HEREUNDER IS STRICKEN OR OPENED UPON APPLICATION BY OR ON MERCHANT'S BEHALF FOR ANY REASON, PURCHASER IS HEREBY AUTHORIZED AND EMPOWERED TO AGAIN APPEAR FOR AND CONFESS JUDGMENT AGAINST MERCHANT FOR ANY PART OR ALL OF THE AMOUNTS OWED HEREUNDER, AS PROVIDED FOR HEREIN, IF DOING SO WILL CURE ANY ERRORS AND DEFECTS IN SUCH PRIOR PROCEEDINGS.

**3.41** NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FACTORING AGREEMENT, THE CONFESSION OF JUDGMENT, THE SECURITY AGREEMENT, OR ANY OTHER DOCUMENTS EXECUTED BY MERCHANT IN CONNECTION WITH THE ADVANCE OF FUNDS TO SELLER, ALL PARTIES ACKNOWLEDGE THAT RECOURSE TO THE MERCHANT AND THE MERCHANT'S ASSETS IS PERMITTED ONLY FOR BREACHES OF THE REPRESENTATIONS AND WARRANTIES MADE BY THE SELLER IN THE FACTORING AGREEMENT.

**3.5 Costs.** Merchant shall pay to PURCHASER all reasonable costs associated with (a) a breach by Merchant of the Covenants in this Agreement and the enforcement thereof, and (b) the enforcement of PURCHASER'S remedies set forth in Section 4.2 above, including but not limited to court costs and attorneys' fees.

**3.6 Required Notifications.** Merchant is required to give PURCHASER written notice within 24 hours of any filing under Title 11 of the United States Code. Merchant is required to give PURCHASER seven days' written notice prior to the closing of any sale of all or substantially all of the Merchant's assets or stock.

**IV. MISCELLANEOUS**

**4.1 Modifications; Agreements.** No modification, amendment, waiver or consent of any provision of this Agreement shall be effective unless the same shall be in writing and signed by PURCHASER.

**4.2 Assignment.** PURCHASER may assign, transfer or sell its rights to receive the Purchased Amount or delegate its duties hereunder, either in whole or in part.

**4.3 Notices.** All notices, requests, consent, demands and other communications hereunder shall be delivered by certified mail, return receipt requested, to the respective parties to this Agreement at the addresses set forth in this Agreement and shall become effective only upon receipt.

**4.4 Waiver Remedies.** No failure on the part of PURCHASER to exercise, and no delay in exercising, any right under this Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any right under this Agreement preclude any other or further exercise thereof or the exercise of any other right. The remedies provided hereunder are cumulative and not exclusive of any remedies provided by law or equity.

**4.5 Merchant/Guarantor(s) barred from transfer.** This Agreement shall be binding upon and inure to the benefit of Merchant, PURCHASER and their respective successors and assigns, except that Merchant shall not have the right to assign its rights hereunder or any interest herein without the prior written consent of PURCHASER which consent may be withheld in PURCHASER'S sole discretion. PURCHASER reserves the rights to assign this Agreement with or without prior written notice to Merchant or Guarantor(s).

**4.6 Governing Law/Jurisdiction/Venue for disputes.** All signatories to this Agreement consent that this Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, without regards to any applicable principals of conflicts of law. Any suit, action or proceeding arising hereunder, or the interpretation, performance or breach hereof, shall, if PURCHASER so elects, be instituted in the Court of Common Pleas, Philadelphia County, Federal Court for the Eastern District of Pennsylvania, or the Philadelphia County Municipal Court, (the "Acceptable Forums"). Merchant agrees that the Acceptable Forums are convenient to it, and submits to the jurisdiction of the Acceptable Forums and waives any and all objections to jurisdiction or venue. Should such proceeding be initiated in any other forum, Merchant waives any right to oppose any motion or application made by PURCHASER to transfer such proceeding to an Acceptable Forum.

**4.7 Survival of Representation, etc.** All representations, warranties and covenants herein shall survive the execution and delivery of this Agreement and shall continue in full force until all obligations under this Agreement shall have been satisfied in full and this Agreement shall have terminated.

**4.8 Severability** in case any of the provisions in this Agreement is found to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of any other provision contained herein shall not in any way be affected or impaired.



*Merchant Initials* YIC *Merchant Initials* SW

Case ID: 190509385

DocuSign Envelope ID: 1DFEFA28-E906-4B23-AD62-2684E9561CAB

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**4.9 Entire Agreement.** Any provision hereof prohibited by law shall be ineffective only to the extent of such prohibition without invalidating the remaining provisions hereof. This Agreement and **Security Agreement** hereto embody the entire agreement between Merchant and PURCHASER and supersede all prior agreements and understandings relating to the subject matter hereof.

**4.10 JURY TRIAL WAIVER. THE PARTIES HERETO WAIVE TRIAL BY JURY IN ANY COURT IN ANY SUIT, ACTION OR PROCEEDING ON ANY MATTER ARISING IN CONNECTION WITH OR IN ANY WAY RELATED TO THE TRANSACTIONS OF WHICH THIS AGREEMENT IS A PART OR THE ENFORCEMENT HEREOF. THE PARTIES HERETO ACKNOWLEDGE THAT EACH MAKES THIS WAIVER KNOWINGLY, WILLINGLY AND VOLUNTARILY AND WITHOUT DURESS, AND ONLY AFTER EXTENSIVE CONSIDERATION OF THE RAMIFICATIONS OF THIS WAIVER WITH THEIR ATTORNEYS.**

**4.11 CLASS ACTION WAIVER. THE PARTIES HERETO WAIVE ANY RIGHT TO ASSERT ANY CLAIMS AGAINST THE OTHER PARTY AS A REPRESENTATIVE OR MEMBER IN ANY CLASS OR REPRESENTATIVE ACTION, EXCEPT WHERE SUCH WAIVER IS PROHIBITED BY LAW AGAINST PUBLIC POLICY. TO THE EXTENT EITHER PARTY IS PERMITTED BY LAW OR COURT OF LAW TO PROCEED WITH A CLASS OR REPRESENT-ATIVE ACTION AGAINST THE OTHER, THE PARTIES HEREBY AGREE THAT: (1) THE PREVAILING PARTY SHALL NOT BE ENTITLED TO RECOVER ATTORNEYS' FEES OR COSTS ASSOCIATED WITH PURSUING THE CLASS OR REPRESENTATIVE ACTION (NOT WITHSTANDING ANY OTHER PROV-ISION IN THIS AGREEMENT); AND (2) THE PARTY WHO INITIATES OR PARTICIPATES AS A MEMBER OF THE CLASS WILL NOT SUBMIT A CLAIM OR OTHERWISE PART-ICIPATE IN ANY RECOVERY SECURED THROUGH THE CLASS OR REPRESENT-ATIVE ACTION.**

**4.12 Counterparts & Facsimile/Email Signatures.** This Agreement may be executed in any number of counterparts each of which shall be deemed to be an original, all of which together shall be deemed one and the same instrument. Further, facsimile and email signatures shall be deemed to be originals for all purposes.



*Merchant Initials* DS YIC *Merchant Initials* DS SW

Case ID: 190509385

CBSG

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

Seller/Merchant's Legal Name: FLEXOGENIX GROUP INC DBA FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC

Physical Address: 1000 S HOPE STREET, STE 103, LOS ANGELES, CA 90015

FED ID # (Merchant): [redacted]

## SECURITY AGREEMENT

**Security Interest.** To secure SELLER/MERCHANTS'S performance obligations to PURCHASER under the "Factoring Agreement", SELLER/MERCHANT hereby grants to PURCHASER a security interest in (a) all accounts, chattel paper, documents, equipment, general intangibles, instruments, and inventory, as those terms are defined in Article 9 of the Uniform Commercial Code (the "UCC"), now or hereafter owned or acquired by SELLER/MERCHANT; and (b) all proceeds, as that term is defined in Article 9 of the UCC (a and b collectively, the "Collateral").

**Cross-Collateral.** To secure MERCHANT's payment and performance obligations to PURCHASER under this Security Agreement (the "Agreement"), MERCHANT hereby grants PURCHASER a security interest in __ (the "Additional Collateral"). MERCHANT understands that PURCHASER will have a security interest in the aforesaid Additional Collateral upon execution of this Agreement.

SELLER/MERCHANT acknowledge and agree that any security interest granted to PURCHASER under any other agreement between SELLER/MERCHANT and PURCHASER (the "Cross-Collateral") will secure the obligations hereunder and under the FACTORING Agreement.

SELLER/MERCHANT agrees to execute any documents or take any action in connection with this Agreement as PURCHASER deems necessary to perfect or maintain PURCHASER'S first priority security interest in the Collateral, the Additional Collateral and the Cross-Collateral, including the execution of any account control agreements. SELLER/MERCHANT hereby authorizes PURCHASER to file any financing statements deemed necessary by PURCHASER to perfect or maintain PURCHASER's security interest, which financing statement may contain notification that SELLER/MERCHANT have granted a negative pledge to PURCHASER with respect to the Collateral, the Additional Collateral and the Cross-Collateral, and that any subsequent lien or may be tortuously interfering with PURCHASER's rights. SELLER/MERCHANT shall be liable for and PURCHASER may charge and collect all costs and expenses, including but not limited to attorney's fees, which may be incurred by PURCHASER in protecting, preserving and enforcing PURCHASER'S security interest and rights.

**Negative Pledge.** SELLER/MERCHANT agrees not to create, incur, assume, or permit to exist, directly or indirectly, any lien on or with respect to any of the Collateral, the Additional Collateral or the Cross-Collateral, as applicable.

**Consent to Enter Premises and Assign Lease.** PURCHASER shall have the right to cure SELLER/MERCHANT default in the payment of rent on the following terms. In the event SELLER/MERCHANT is served with papers in an action against SELLER/MERCHANT for nonpayment of rent or for summary eviction, PURCHASER may execute its rights and remedies under the Assignment of Lease. SELLER/MERCHANT also agrees that PURCHASER may enter into an agreement with SELLER/MERCHANT landlord giving PURCHASER the right: (a) to enter SELLER/MERCHANT'S premises and to take possession of the fixtures and equipment therein for the purpose of protecting and preserving same; and (b) to assign SELLER/MERCHANT'S lease to another qualified SELLER/MERCHANT capable of operating a business comparable to SELLER/MERCHANT at such premises.

**Remedies.** Upon any Event of Default, PURCHASER may pursue any remedy available at law (including those available under the provisions of the UCC), or in equity to collect, enforce, or satisfy any obligations then owing, whether by acceleration or otherwise.

**SELLER/MERCHANT**
**BY: YINGYIN IRIS CHEN, OWNER**

DocuSigned by:
YINGYIN IRIS CHEN
631D97DAA7084FD...
**Name/Title(Signature)**

**SELLER/MERCHANT**
**BY: SEAN WHALEN, OWNER**

DocuSigned by:
SEAN WHALEN
63ABABFC13D3435...
**Name/Title(Signature)**



DS YIC *Merchant Initials* DS SW *Merchant Initials*

Case ID: 190509385

DocuSign Envelope ID: 1DFEFA28-E906-4B23-AD62-2684E9561CAB

CBSG Complete Business Solutions Group

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

## DISCLOSURE FOR CONFESSION OF JUDGMENT

AFFIANT: YINGYIN IRIS CHEN
SEAN WHALEN

OBLIGEE: Complete Business Solutions Group, Inc. d/b/a Par Funding

The undersigned have executed, and/or is executing, on even date herewith, one or more of the following instruments under which the Merchant is obligated to repay monies to Obligee:

1. Factoring Agreement dated NOVEMBER 20, 2018; and

A. THE MERCHANT ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH OBLIGEE MAY ENTER JUDGMENT BY CONFESSION AGAINST THE MERCHANT. BEING FULLY AWARE OF THE MERCHANT'S RIGHTS TO PRIOR NOTICE AND A HEARING ON THE VALIDITY OF ANY JUDGMENT OR OTHER CLAIMS THAT MAY BE ASSERTED AGAINST THE MERCHANT BY OBLIGEE THEREUNDER BEFORE JUDGMENT IS ENTERED, THE UNDERSIGNED HEREBY FREELY, KNOWINGLY, AND INTELLIGENTLY WAIVES THESE RIGHTS AND EXPRESSLY AGREES AND CONSENTS TO OBLIGEE'S ENTERING JUDGMENT AGAINST THE MERCHANT BY CONFESSION PURSUANT TO THE TERMS THEREOF.

B. THE UNDERSIGNED ALSO ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH OBLIGEE MAY, AFTER ENTRY OF JUDGMENT AND WITHOUT EITHER NOTICE OR A HEARING, FORECLOSE UPON, ATTACH, LEVY, OR OTHERWISE SEIZE PROPERTY OR PROCEED AGAINST THE INTERESTS OF THE MERCHANT IN PROPERTY (REAL OR PERSONAL) IN FULL OR PARTIAL PAYMENT OR SATISFACTION OF THE JUDGMENT OR JUDGMENTS. BEING FULLY AWARE OF THE MERCHANT'S RIGHTS AFTER JUDGMENT IS ENTERED (INCLUDING THE RIGHT TO MOVE TO OPEN OR STRIKE THE JUDGMENT OR JUDGMENTS), THE UNDERSIGNED HEREBY FREELY, KNOWINGLY AND INTELLIGENTLY WAIVES THESE RIGHTS AND EXPRESSLY AGREES AND CONSENTS TO OBLIGEE'S TAKING SUCH ACTIONS AS MAY BE PERMITTED UNDER APPLICABLE STATE AND FEDERAL LAW WITHOUT PRIOR NOTICE TO THE MERCHANT.

C. The Merchant hereby certifies that the financial accommodations being provided by the Obligee are for a business purpose, and not for personal, family or household use.

D. The statements made in this Disclosure for Confession of Judgment are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

**SELLER/MERCHANT**
By: YINGYIN IRIS CHEN

DocuSigned by: YINGYIN IRIS CHEN
031B97DAA7004ED
(Signature)

EIN# [redacted]

**SELLER/MERCHANT**
By: YINGYIN IRIS CHEN

DocuSigned by: YINGYIN IRIS CHEN
031B97DAA7004ED
(Signature)

SS# [redacted]

**SELLER/MERCHANT**
By: SEAN WHALEN

DocuSigned by: SEAN WHALEN
63ABABFC13D3435
(Signature)

EIN# [redacted]

**SELLER/MERCHANT**
By: SEAN WHALEN

DocuSigned by: SEAN WHALEN
63ABABFC13D3435
(Signature)

SS# [redacted]



*Merchant Initials* DS YIC *Merchant Initials* DS SW

Case ID: 190509385

DocuSign Envelope ID: 1DFEFA28-E906-4B23-AD62-2684E9501CAB

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

## GUARANTY

**Personal Guaranty of Performance.** The undersigned Guarantor(s) hereby guarantees to PURCHASER, SELLER/MERCHANT'S performance of all of the representations, and warranties made by SELLER/MERCHANT in this Agreement and the Factoring Agreement, as each agreement may be renewed, amended, extended or otherwise modified (the "Guaranteed Obligations"). Guarantor's obligations are due at the time of any breach by Merchant of any representation or warranty, or covenant made by Merchant in this Agreement and the Merchant Agreement.

**Guarantor Waivers.** In the event that SELLER/MERCHANT violates its representations and warranties under the FACTORING AGREEMENT, PURCHASER may enforce its rights under this Agreement without first seeking to obtain payment from Merchant, any other guarantor, or any Collateral, Additional Collateral or Cross-Collateral PURCHASER may hold pursuant to this Agreement or any other guaranty.

PURCHASER does not have to notify Guarantor of any of the following events and Guarantor will not be released from its obligations under this Agreement if it is not notified of: (i) SELLER/MERCHANT'S violation of the representations and warranties of the FACTORING AGREEMENT or any renewal, extension or other modification of the FACTORING AGREEMENT. In addition, PURCHASER may take any of the following actions without releasing Guarantor from any of its obligations under this Agreement : (i) renew, extend or otherwise modify the FACTORING AGREEMENT or SELLER/MERCHANT'S other obligations to PURCHASER; (ii) release SELLER/MERCHANT from its obligations to PURCHASER; (iii) sell, release, impair, waive or otherwise execute upon any collateral securing the Guaranteed Obligations ; and (iv) foreclose on any collateral securing the Guaranteed Obligations or any other guarantee of the Guaranteed Obligations in a manner that impairs or precludes the right of Guarantor to obtain reimbursement for payment under this Agreement. Until all obligations are fulfilled under the FACTORING AGREEMENT and SELLER/MERCHANT'S other obligations to PURCHASER under the FACTORING AGREEMENT and this Agreement are paid in full, Guarantor shall not seek reimbursement from Merchant or any other guarantor for any amounts paid by it under this Agreement. Guarantor permanently waives and shall not seek to exercise any of the following rights that it may have against SELLER/MERCHANT, any other guarantor, or any collateral provided by SELLER/MERCHANT or any other guarantor, for any amounts paid by it, or acts performed by it, under this Agreement: (i) subrogation; (ii) reimbursement; (iii) performance; (iv) indemnification; or (v) contribution. In the event that PURCHASER must return any amount paid by SELLER/MERCHANT or any other guarantor of the Guaranteed Obligations because that person has become subject to a proceeding under the United States Bankruptcy Code or any similar law, Guarantor's obligations under this Agreement shall include that amount. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FACTORING AGREEMENT, THE GUARANTY, THE CONFESSION OF JUDGMENT, THE SECURITY AGREEMENT, OR ANY OTHER DOCUMENTS EXECUTED BY GUARANTOR IN CONNECTION WITH THE ADVANCE OF FUNDS TO SELLER, ALL PARTIES ACKNOWLEDGE THAT RECOURSE TO THE GUARANTOR AND THE GUARANTOR'S ASSETS IS PERMITTED ONLY FOR BREACHES OF THE REPRESENTATIONS AND WARRANTIES MADE BY THE SELLER IN THE FACTORING AGREEMENT.

**GUARANTOR ACKNOWLEDGEMENT. Guarantor acknowledges that: (i) He/She understands the seriousness of the provisions of this Agreement; (ii) He/She has had a full opportunity to consult with counsel of his/her choice; and (iii) He/She has consulted with counsel of its choice or has decided not to avail himself/herself of that opportunity.**

**JOINT AND SEVERAL LIABILITY.** The obligations hereunder of the persons or entities constituting Guarantor under this Agreement are joint and several.

**SELLER/MERCHANT**
By: YINGYIN IRIS CHEN

DocuSigned by:
YINGYIN IRIS CHEN
031B970AA7004FD...
(Signature)

EIN# [redacted]

**SELLER/MERCHANT**
By: YINGYIN IRIS CHEN

DocuSigned by:
YINGYIN IRIS CHEN
031B970AA7004FD...
(Signature)

SS# [redacted]

**SELLER/MERCHANT**
By: SEAN WHALEN

DocuSigned by:
SEAN WHALEN
63ABABFC13D3435...
(Signature)

EIN# [redacted]

**SELLER/MERCHANT**
By: SEAN WHALEN

DocuSigned by:
SEAN WHALEN
63ABABFC13D3435...
(Signature)

SS# [redacted]

**THE TERMS, DEFINITIONS, CONDITIONS AND INFORMATION SET FORTH IN THE "MERCHANT AGREEMENT", INCLUDING THE "TERMS AND CONDITIONS", ARE HEREBY INCORPORATED IN AND MADE A PART OF THIS SECURITY AGREEMENT AND GUARANTY.**

**CAPITALIZED TERMS NOT DEFINED IN THIS SECURITY AGREEMENT AND GUARANTY, SHALL HAVE THE MEANING SET FORTH IN THE MERCHANT AGREEMENT, INCLUDING THE TERMS AND CONDITIONS.**

DS YIC *Merchant Initials* DS SW *Merchant Initials*



Case ID: 190509385

CBSG Complete Business Solutions Group

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**AUTHORIZATION AGREEMENT FOR DIRECT DEPOSIT (ACH CREDIT) AND DIRECT PAYMENTS (ACH DEBITS)**

This Authorization Agreement for Direct Deposit (ACH Credit) and Direct Payments (ACH Debits) is part of (and incorporated by reference into) the FACTORING AGREEMENT. You should keep this important legal document for your records.

DISBURSEMENT OF BUSINESS CASH ADVANCE PROCEEDS: By signing below, Seller/Merchant authorizes PURCHASER to disburse the Cash Advance Proceeds less the amount of any applicable fees upon approval by initiating an ACH credit to the checking account indicated below (or a substitute checking account Seller/Merchant later identifies and is acceptable to PURCHASER) (hereinafter referred to as the "Designated Checking Account") in the disbursal amount set forth in the accompanying documents. This authorization is to remain in full force and effect until PURCHASER has received written notification from Seller/Merchant of its termination in such time and in such manner as to afford PURCHASER and Merchant's depository bank a reasonable opportunity to act on it.

AUTOMATIC PAYMENT PLAN: Enrollment in PURCHASER's Automatic Payment Plan is required for approval. By signing below, Seller/Merchant agrees to enroll in the Automatic Payment Plan and authorizes PURCHASER to collect payments required under the terms of Seller/Merchant Agreement by initiating ACH debit entries to the Designated Checking Account in the amounts and on the dates provided in the payment schedule set forth in the accompanying Seller/Merchant Agreement. Seller/Merchant authorizes PURCHASER to increase the amount of any scheduled ACH debit entry or assess multiple ACH debits for the amount of any previously scheduled payment(s) that was not paid as provided in the payment schedule and any unpaid Fees. This authorization is to remain in full force and effect until PURCHASER has received written notification from Seller/Merchant of its termination in such time and in such manner as to afford PURCHASER and Seller/Merchant's depository bank a reasonable opportunity to act on it. PURCHASER may suspend or terminate Seller/Merchant's enrollment in the Automatic Payment Plan immediately if Seller/Merchant fails to keep Seller/Merchant's designated checking account in good standing or if there are insufficient funds in Merchant's checking account to process any payment.

If Seller/Merchant revokes the authorization or PURCHASER suspends or terminates Seller/Merchant's enrollment in the Automatic Payment Plan, Seller/Merchant still will be responsible for making timely payments pursuant to the alternative payment methods described in the Seller/Merchant Agreement.

BUSINESS PURPOSE ACCOUNT: By signing below, Seller/Merchant attests that the Designated Checking Account was established for business purposes and not primarily for personal, family or household purposes.

ACCOUNT CHANGES: Seller/Merchant agrees to notify PURCHASER promptly if there are any changes to the account and routing numbers of the Designated Checking Account

MISCELLANEOUS: PURCHASER is not responsible for any fees charged by Seller/Merchant's bank as the result of credits or debits initiated under this agreement. The origination of ACH transactions to Merchant's account must comply with the provisions of U.S. law.

Signature: DocuSigned by: YINGYIN IRIS CHEN 031B97DAA7004FD... Date: 11/27/2018 10:00:06 AM PST

Signature: DocuSigned by: SEAN WHALEN 63A8ABFC13D3435... Date: 11/27/2018 9:58:57 AM PST

Bank Name: Bank of America

City: ______ State: ______ Zip: ______

Routing Number: 121000358 (paper & elec.)/026009593 (wire)

Account Number: [redacted]

Business Name on Account: Flexogenix Group, Inc.

Address on Account: ______

Seller/Merchant Phone #: ______ Tax ID Number: ______

Email: ______

Signature: DocuSigned by: YINGYIN IRIS CHEN 031B97DAA7004FD...

Title: ______



*Merchant Initials* DS YIC *Merchant Initials* DS SW

Case ID: 190509385

DocuSign Envelope ID: 1DFEFA28-E906-4B23-AD62-2684E9561CAB

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

## BANK ACCOUNT DISCLOSURE AFFIDAVIT

For the purpose of obtaining the Business Cash Advance evidence by the Merchant Agreement of this same date herewith (the "Business Cash Advance") from Complete Business Solutions Group, Inc., the undersigned Seller/Merchant hereby makes the following statement under penalty of law:

**PLEASE SIGN OPTION ONE OR TWO**

**OPTION 1 – DISCLOSURE AND AUTHORIZATION FOR ADDITIONAL ACCOUNTS:**

The Seller/Merchant hereby declares that in addition to the designated for ACH debit, the Seller/Merchant also has the following additional account(s) which he authorizes us to use in the event we are unable to debit from the designated account:

Bank Name
Name on Account
Account Number
Routing Number
Fed ID number associated with this account
Name associated with this account
Phone number of person whose name is associated with this account

Bank Name
Name on Account
Account Number
Routing Number
Fed ID number associated with this account
Name associated with this account
Phone number of person whose name is associated with this account

Bank Name
Name on Account
Account Number
Routing Number
Fed ID number associated with this account
Name associated with this account
Phone number of person whose name is associated with this account

Bank Name
Name on Account
Account Number
Routing Number
Fed ID number associated with this account
Name associated with this account
Phone number of person whose name is associated with this account
**attach additional pages if necessary

Seller/Merchant Signature DocuSigned by: YINGYIN IRIS CHEN Dated 11/27/2018 10:00:06 AM PST

Seller/Merchant Signature DocuSigned by: SEAN WHALEN 63A6ABFC13B3435... Dated 11/27/2018 9:58:57 AM PST

**OPTION 2** - By signing below, the merchant swears, under penalty of law, that he has no accounts in any lending institution in addition to the one provided for ACH debit

Seller/Merchant Signature__________ Dated __________

Seller/Merchant Signature__________ Dated __________

*Merchant Initials* DS YIC *Merchant Initials* DS SW



Case ID: 190509385

DocuSign Envelope ID: 1DFEFA28-E906-4B23-AD62-2684E9561CAB

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**AUTHORIZATION TO RESUME ACH DEBITING FORM**

NAME OF SELLER/MERCHANT: ______________________

INFORMATION (To be filled out by the customer)

I authorize Company (as shown above) to resume electronically debiting my bank account as detailed below, including a non-sufficient fund fee if applicable, until the debt to the company is paid in full.

Full Name on Account: ______________________

Account #: ______________________ Routing #: ______________________

Account Type (select one): Checking ☐ Savings ☐

Account Class (select one): Consumer Account ☐ Business Account ☐

Payment amount: __________ Number of Payments: __________

Date of next payment: __________ Frequency of payments: __________

I understand that I may cancel this authorization by contacting the company at least five (5) business days prior to the payment due date. I further understand that canceling my ACH authorizations does not relieve me of the responsibility of paying my account in full, and that if I cancel or revoke this authorization before the debt is paid in full, the Company may take additional actions including legal actions to secure the debt.

Customer signature: DocuSigned by: YINGYIN IRIS CHEN 031B97DAA7004FD... Date: 11/27/2018 10:00:06 AM PST

Customer Printed Name: ______________________

Customer contact Telephone #: ______________________

Customer signature: DocuSigned by: SEAN WHALEN 63ABABFC13D3435... Date: 11/27/2018 9:58:57 AM PST

Customer Printed Name: ______________________

Customer contact Telephone #: ______________________

DocuSign Envelope ID: 1DFEFA28-E906-4B23-AD62-2684E9561CAB

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

Dear Client,

Thank you for accepting this offer from Complete Business Solutions Group D/b/a Par Funding. We look forward to being your factoring partner for as long as you need.

Daily ACH Program:

Complete Business Solutions Group will require viewing access to your bank account prior to funding as part of our underwriting process, as well as during the time you have a balance with our company.

Please be assured that we carefully safeguard your confidential information and only essential top level personnel will have access to it.

Please fill out the form below with the information necessary to access your account.

**Be sure to indicate capital or lower case letters.

NAME OF BANK; ______________________________

BANK PORTAL WEBSITE: ______________________________

USERNAME: ______________________________

PASSWORD: ______________________________

SECURITY QUESTION/ANSWER 1: ______________________________

SECURITY QUESTION/ANSWER 2: ______________________________

SECURITY QUESTION/ANSWER 3: ______________________________

ANY OTHER INFORMATION NECESSARY TO ACCESS YOUR ACCOUNTS:



*Merchant Initials* DS YKC *Merchant Initials* DS SW Case ID: 190509385

DocuSign Envelope ID: 1DFEFA28-E906-4B23-AD62-2684E956 1CAB

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**APPENDIX A: THE FEE STRUCTURE**

1. Origination Fee: $WAIVED to cover underwriting and related expenses
2. ACH Program Fee - $4,995.00 – The ACH program is labor intensive and is not an automated process, requiring us to charge this fee to cover related costs;
3. NSF Fee - $75.00 (each) - Up to FOUR TIMES ONLY before a default is declared;
4. Rejected ACH - $100.00 – If a merchant directs the bank to reject our debit ACH;
5. Bank Change Fee - $50.00 – If a merchant requires a change of account to be debited requiring us to adjust our system;
6. Blocked Account - $250.00 – If a merchant blocks CBSG's ACH debit of the Account, bounces more than 4 debits of the Account or simultaneously uses multiple bank accounts or credit-card processors to process its receipts;
7. Default Fee - $500.00 default fee – If a merchant changes bank accounts or switches to another credit card processor without CBSG's consent, or commits another default pursuant to the Agreement;
8. 3rd Party Intermediary Fee – $4,000.00 deposit toward reasonable related expenses incurred by PURCHASER. If PURCHASER receives a communication from a 3rd party debt relief/renegotiator entity or individual which has been retained by Merchant and which contacts PURCHASER on Merchant's behalf seeking to redirect communication (related to the obligations contained in this Agreement) to itself/themselves and away from Merchant. This fee shall be used to covers Purchaser's reasonable expenses in retaining counsel or other parties to handle this additional administration required by this retention of the intermediary by PURCHASER. Any portion of the fee that is not used by PURCHASER for this purpose shall be returned to Merchant at the conclusion of this Factoring Agreement or related legal action.
9. Collections Expense – In the event of default, Seller / Merchant shall be responsible for all reasonable costs of collections, including, but not limited to, counsel fees, filing fees and any other fees which may be incurred.
10. Miscellaneous Service Fees – Merchant shall pay certain fees for services related to the origination and maintenance of accounts. Each Merchant shall receive their funding electronically to their designated bank account and will be charged WAIVED for a Fed Wire. The current charge for the underwriting, UCC, ACH Program and origination of each Merchant will be paid from the funded amount. Merchant will be charged $100.00 for every additional change of their operating bank account once they are active with CBSG. Additional copies of prior monthly statements will incur a fee of $10.00 each.
11. Risk Assessment Fee - WAIVED
12. UCC Fee – WAIVED

Merchant Signature: DocuSigned by: YINGYIN IRIS CHEN 031B97DAA7004FD... Name: ____________

Merchant Signature: DocuSigned by: YINGYIN IRIS CHEN 031B97DAA7004FD... Name: ____________

Merchant Signature: DocuSigned by: SEAN WHALEN 63ABABFC13D3435... Name: ____________

Merchant Signature: DocuSigned by: SEAN WHALEN 63ABABFC13D3435... Name: ____________

DocuSign Envelope ID: 1DFEFA28-E906-4B23-AD62-2684E9561CAB

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**MANDATORY JOINT AFFIDAVIT OF CONFESSION OF JUDGEMENT**

INSTRUCTIONS:

SIGN AND NOTARIZE THIS SECTION OF THE AGREEMENT, SEND THE ORIGINAL COPY TO:

PAR FUNDING
22 N 3RD STREET
PHILADELPHIA, PA 19106

C/O UNDERWRITING



DS YIC

*Merchant Initials* ______ *Merchant Initials* ______

DocuSign Envelope ID: 1DFEFA28-E906-4B23-AD62-2684E956 1CAB

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

| | |
|---|---|
| NEW YORK UNITY FACTOR, LLC<br>Plaintiff,<br>-against-<br>FLEXOGENIX GROUP INC D/B/A FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC and YINGYIN IRIS CHEN,<br>Defendant(s) | Index No.<br>**AFFIDAVIT OF CONFESSION OF JUDGMENT** |

STATE OF ____________ )
) ss.:
COUNTY OF ____________ )

YINGYIN IRIS CHEN, being duly sworn, deposes and says:

1. I am a principal, owner, and an officer of FLEXOGENIX GROUP INC D/B/A FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC ("Merchant Defendant"), a CORPORATION located at 1000 S HOPE STREET, STE 103, LOS ANGELES, CA 90015, in the County of ____________, and as such, I have the authority to act on behalf of Merchant Defendant.

2. I reside at 705 W 9TH STREET #3404, LOS ANGELES, CA 90015, in the County of ____________.

3. I, individually, and on behalf of Merchant Defendant consent to the jurisdiction of this Court.

4. Merchant Defendant hereby confesses judgment and authorizes entry of judgment in favor of Plaintiff and against Defendants in the Federal District Court for the , Court of Common Jurisdiction for the County of ____________ in the State of ____________ the sum of $1,400,000.00 less any payments timely made pursuant to the secured Merchant Agreement dated NOVEMBER 20, 2018, plus legal fees to Plaintiff

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

calculated at ten percent (10%) of the total of the aforesaid sums, costs, expenses and disbursements and interest at the rate of 9% per annum from the date of default, or the highest amount allowed by law, whichever is greater. Such amount shall be set forth in an affidavit to be executed by Plaintiff or an affirmation by Plaintiff's attorney, which shall be attached hereto at the time of entry of this Affidavit of Confession of Judgment.

5. In addition, I hereby confess judgment, individually and personally, jointly and severely, and authorize entry of judgment in favor of Plaintiff and against myself in the Federal District Court for the ____________ Court of Common Jurisdiction for the County of ____________ in the State of ____________, against me personally in the sum of $1,400,000.00 less any payments timely made pursuant to the Merchant Agreement dated NOVEMBER 20, 2018, plus legal fees to Plaintiff calculated at ten percent (10%) of the total of the aforesaid sums, costs, expenses and disbursements and interest at the rate of 9% per annum from the date of default, or the highest rate allowed by law, whichever is greater. Such amount shall be set forth in an affidavit to be executed by Plaintiff or an affirmation by Plaintiff's attorney, which shall be attached hereto at the time of entry of this Confession of Judgment.

6. This confession of judgment is for a debt due to Plaintiff arising from Defendants' failure to pay to Plaintiff, Merchant Defendant's accounts-receivable, which were purchased by Plaintiff pursuant to the secured Merchant Agreement dated NOVEMBER 20, 2018, and for Defendants' breach of the secured Merchant Agreement, plus agreed-upon interest, reasonable attorneys' fees, costs and disbursements, as agreed-upon by Merchant Defendant and myself, under the secured Merchant Agreement, dated NOVEMBER 20, 2018, of which supporting documents include a Personal Guarantee and a UCC-1 financing statement(s).

7. Merchant Defendant and I hereby agree that the execution and delivery of this Affidavit of Confession of Judgment and any entry of judgment thereon shall be without prejudice to any and all rights of Plaintiff, who reserves all of its rights and remedies against Defendants.

 *Merchant Initials*__________ *Merchant Initials*__________ Case ID: 190509385

DocuSign Envelope ID: 1DFEFA28-E906-4B23-AD62-2684E9561CAB

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

8. If for any reason entry of judgment in the above specified amount or execution on the same is outside the jurisdiction of this Court, Merchant Defendant and I hereby consent to the personal jurisdiction, entry of judgment, and execution thereon in any State or Federal Court of the United States of America.

9. I have been authorized by Merchant Defendant to sign this Affidavit of Confession of Judgment on this ____ day of ______________, 2018.

By:______________________________
YINGYIN IRIS CHEN, individually, and on behalf of FLEXOGENIX GROUP INC D/B/A FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC

Sworn to before me this
____ day of ______________, 2018.

________________________
Notary Public

DocuSign Envelope ID: 1DFEFA28-E906-4B23-AD62-2684E956 1CAB

CBSG
22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

| | |
|---|---|
| NEW YORK UNITY FACTOR, LLC<br><br>Plaintiff,<br><br>-against-<br><br>FLEXOGENIX GROUP INC D/B/A FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC and SEAN WHALEN,<br><br>Defendant(s) | Index No.<br><br>**AFFIDAVIT OF CONFESSION OF JUDGMENT** |

STATE OF ____________ )
) ss.:
COUNTY OF ____________ )

SEAN WHALEN, being duly sworn, deposes and says:

1. I am a principal, owner, and an officer of FLEXOGENIX GROUP INC D/B/A FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC ("Merchant Defendant"), a CORPORATION located at 1000 S HOPE STREET, STE 103, LOS ANGELES, CA 90015, in the County of ____________, and as such, I have the authority to act on behalf of Merchant Defendant.

2. I reside at 705 W 9TH STREET #3404, LOS ANGELES, CA 90015, in the County of ____________.

3. I, individually, and on behalf of Merchant Defendant consent to the jurisdiction of this Court.

4. Merchant Defendant hereby confesses judgment and authorizes entry of judgment in favor of Plaintiff and against Defendants in the Federal District Court for the , Court of Common Jurisdiction for the County of ____________ in the State of ____________ the sum of $1,400,000.00 less any payments timely made pursuant to the secured Merchant Agreement dated NOVEMBER 20, 2018, plus legal fees to Plaintiff

 *Merchant Initials*__________ *Merchant Initials*__________ Case ID: 190509385

DocuSign Envelope ID: 1DFEFA28-E906-4B23-AD62-2684E9561CAB

CBSG
COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

calculated at ten percent (10%) of the total of the aforesaid sums, costs, expenses and disbursements and interest at the rate of 9% per annum from the date of default, or the highest amount allowed by law, whichever is greater. Such amount shall be set forth in an affidavit to be executed by Plaintiff or an affirmation by Plaintiff's attorney, which shall be attached hereto at the time of entry of this Affidavit of Confession of Judgment.

5. In addition, I hereby confess judgment, individually and personally, jointly and severely, and authorize entry of judgment in favor of Plaintiff and against myself in the Federal District Court for the ______________ Court of Common Jurisdiction for the County of ______________ in the State of ______________,against me personally in the sum of $1,400,000.00 less any payments timely made pursuant to the Merchant Agreement dated NOVEMBER 20, 2018, plus legal fees to Plaintiff calculated at ten percent (10%) of the total of the aforesaid sums, costs, expenses and disbursements and interest at the rate of 9% per annum from the date of default, or the highest rate allowed by law, whichever is greater. Such amount shall be set forth in an affidavit to be executed by Plaintiff or an affirmation by Plaintiff's attorney, which shall be attached hereto at the time of entry of this Confession of Judgment.

6. This confession of judgment is for a debt due to Plaintiff arising from Defendants' failure to pay to Plaintiff, Merchant Defendant's accounts-receivable, which were purchased by Plaintiff pursuant to the secured Merchant Agreement dated NOVEMBER 20, 2018, and for Defendants' breach of the secured Merchant Agreement, plus agreed-upon interest, reasonable attorneys' fees, costs and disbursements, as agreed-upon by Merchant Defendant and myself, under the secured Merchant Agreement, dated NOVEMBER 20, 2018, of which supporting documents include a Personal Guarantee and a UCC-1 financing statement(s).

7. Merchant Defendant and I hereby agree that the execution and delivery of this Affidavit of Confession of Judgment and any entry of judgment thereon shall be without prejudice to any and all rights of Plaintiff, who reserves all of its rights and remedies against Defendants.

 *Merchant Initials*__________ *Merchant Initials*__________ Case ID: 190509385

DocuSign Envelope ID: 1DFEFA28-E906-4B23-AD62-2684E9561CAB

CBSG CAPITAL BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

8. If for any reason entry of judgment in the above specified amount or execution on the same is outside the jurisdiction of this Court, Merchant Defendant and I hereby consent to the personal jurisdiction, entry of judgment, and execution thereon in any State or Federal Court of the United States of America.

9. I have been authorized by Merchant Defendant to sign this Affidavit of Confession of Judgment on this ____ day of ______________, 2018.

By:______________________________
SEAN WHALEN, individually, and on behalf of
FLEXOGENIX GROUP INC D/B/A FLEXOGENIX
NORTH CAROLINA, PC D/B/A: FLEXOGENIX
GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A:
FLEXOGENIX PC

Sworn to before me this
____ day of ______________, 2018.

_________________________
Notary Public

DocuSign Envelope ID: 1DFEFA28-E906-4B23-AD62-2684E9561CAB

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

NOVEMBER 20, 2018

Attn: Court Orders & Levies Dept.

Re: *FLEXOGENIX GROUP INC, et al.*
Supreme Court of the State of New York, Richmond County Index No.
***Information Subpoena and Restraining Notice* - RELEASE**

Complete Business Solutions Group, Inc. d/b/a Par Funding ("Funder"), Plaintiff/Judgment Creditor, and YINGYIN IRIS CHEN ("YINGYIN IRIS CHEN") and FLEXOGENIX GROUP INC ("FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC"), Defendants/Judgment Debtors (collectively, "the Parties"), hereby authorize , N.A. and/or related entities (collectively, " ,N.A.") to release ($________) (the "Release Amount") from the funds currently held in reserve per the Information Subpoena with Restraining Notice ("IS/RN"), payable as follows:

**Via check**

**Via wire** to:

FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC and YINGYIN IRIS CHEN agree to indemnify and hold harmless , N.A. and its officers, directors, agents and employees from and against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from this release and/or the IS/RN. Upon tender of the Release Amount, Funder consents to the immediate **RELEASE** of the remainder and/or account(s) being held on reserve to FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC, YINGYIN IRIS CHEN, and/or its/their principals, agents, heirs and assigns.

AGREED AND ACCEPTED:

 *Merchant Initials*________ *Merchant Initials*________ Case ID: 190509385

DocuSign Envelope ID: 1DFEFA28-E906-4B23-AD62-2684E9561CAB

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

By:______________________________
Norman M. Valz, Esq.
*Attorney for Plaintiff/Judgment Creditor, NEW YORK UNITY FACTOR LLC and*
Complete Business Solutions Group, Inc.
205 Arch Street – 2nd Floor
Philadelphia, PA 19106
(215) (tel.)

By:______________________
YINGYIN IRIS CHEN ____(Name)
Owner/Manager/Agent __________(Title)
individually, and on behalf of *FLEXOGENIX GROUP INC*

State of______________________)
) ss:
County of_____________________)

On the______day of_______________________, in the year 2018, before me, the undersigned Notary Public in and for said state, personally appeared YINGYIN IRIS CHEN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she/he executed the same in her/his capacity, and that by her/his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

______________________________
NOTARY PUBLIC

DocuSign Envelope ID: 1DFEFA28-E906-4B23-AD62-2684E956TCAB

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

NOVEMBER 20, 2018

Attn: Court Orders & Levies Dept.

Re: *FLEXOGENIX GROUP INC, et al.*
Supreme Court of the State of New York, Richmond County Index No.
***Information Subpoena and Restraining Notice* - RELEASE**

Complete Business Solutions Group, Inc. d/b/a Par Funding ("Funder"), Plaintiff/Judgment Creditor, and SEAN WHALEN ("SEAN WHALEN") and FLEXOGENIX GROUP INC ("FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC"), Defendants/Judgment Debtors (collectively, "the Parties"), hereby authorize , N.A. and/or related entities (collectively, " ,N.A.") to release ($________) (the "Release Amount") from the funds currently held in reserve per the Information Subpoena with Restraining Notice ("IS/RN"), payable as follows:

**Via check**

**Via wire** to:

FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC and YINGYIN IRIS CHEN agree to indemnify and hold harmless , N.A. and its officers, directors, agents and employees from and against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from this release and/or the IS/RN. Upon tender of the Release Amount, Funder consents to the immediate **RELEASE** of the remainder and/or account(s) being held on reserve to FLEXOGENIX NORTH CAROLINA, PC D/B/A: FLEXOGENIX GEORGIA, PC D/B/A: FLEXOGENIX, INC D/B/A: FLEXOGENIX PC, YINGYIN IRIS CHEN, and/or its/their principals, agents, heirs and assigns.

AGREED AND ACCEPTED:

 *Merchant Initials*________ *Merchant Initials*________ Case ID: 190509385

DocuSign Envelope ID: 1DFEFA28-E906-4B23-AD62-2684E9561CAB

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

By:____________________________
Norman M. Valz, Esq.
*Attorney for Plaintiff/Judgment Creditor, NEW YORK UNITY FACTOR LLC and*
Complete Business Solutions Group, Inc.
205 Arch Street – 2nd Floor
Philadelphia, PA 19106
(215) (tel.)

By:__________________________
SEAN WHALEN__________(Name)
Owner/Manager/Agent__________(Title)
individually, and on behalf of *FLEXOGENIX GROUP INC*

State of________________________)
) ss:
County of_______________________)

On the______day of______________________, in the year 2018, before me, the undersigned Notary Public in and for said state, personally appeared YINGYIN IRIS CHEN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she/he executed the same in her/his capacity, and that by her/his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

__________________________________
NOTARY PUBLIC

 *Merchant Initials*________ *Merchant Initials*________ Case ID: 190509385

DocuSign Envelope ID: 1DFEFA28-E906-4B23-AD62-2684E9561CAB

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562



*Merchant Initials*_________ *Merchant Initials*_________ Case ID: 190509385

DocuSign Envelope ID: B535BE15-E765-473B-B114-7891A2BF20F5

CBSG
22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

## ACKNOWLEDGEMENT

**We, YINGYIN IRIS CHEN and SEAN WHALEN, hereby acknowledge:**

- **There has been no promise of additional capital in 30 days from funding by CBSG or any ISO (broker).**
  - **Our policy is that merchants can seek additional capital from us when they have paid 55% of the Receipts Purchased Amount.**
- **That CBSG does not permit outside fees and that no one has discussed additional fees with me. The fee amount for this agreement is $4,995.00, which will be held back from the funding amount.**
- **There has not been and will not any contact from Third Party debt companies regarding this Factoring Agreement dated DECEMBER 17, 2018.**

**We, the undersigned, acknowledge that we are in agreement with these items, which are also described in detail within the pages of this document.**

DocuSigned by: YINGYIN IRIS CHEN 031B97DAA7004FD... 12/27/2018
**Signature** **Date**

DocuSigned by: SEAN WHALEN 63ABABFC13D3435... 12/27/2018
**Signature** **Date**

**I, YINGYIN IRIS CHEN and SEAN WHALEN, hereby acknowledge:**

- **Additional Funding/"Stacking" Fee: 15% of Advance Amount – If the MERCHANT/GUARANTOR takes additional funding at any point after being funded by CBSG, without prior notice to and consent by CBSG, a fee amounting to 15% of the amount of the advance shall automatically be added to the payback amount of the advance. CBSG reserves the right to declare the account in default, at any point after learning such "stacking" has occurred; regardless of the payments made by the MERCHANT/GUARANTOR, with the filing of the Confession of Judgement in a court of competent jurisdiction.**

**I, the undersigned, acknowledge that I am in agreement with these items, which are also described in detail within the pages of this document.**

DocuSigned by: YINGYIN IRIS CHEN 031B97DAA7004FD... 12/27/2018
**Signature** **Date**

DocuSigned by: SEAN WHALEN 63ABABFC13D3435... 12/27/2018
**Signature** **Date**

**EMAIL ADDRESS:** ______________________

**PRIMARY PHONE NUMBER:** ______________________

**SECONDARY PHONE NUMBER:** ______________________



*Merchant Initials* DS YIC *Merchant Initials* DS SW Case ID: 190509385

DocuSign Envelope ID: B555BE15-E765-473B-B114-789IA2BF20F5

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

# FACTORING AGREEMENT

**Dated the 17TH day of DECEMBER, 2018 by and between Complete Business Solutions Group, Inc. ("CBSG" and/or "PURCHASER") and the "SELLER/MERCHANT" listed below (as "Seller/Merchant" or "the Merchant").**
**Business Legal Name: FLEXOGENIX GROUP INC**
**D/B/A: FLEXOGENIX NORTH CAROLINA, PC D/B/A FLEXOGENIX GEORGIA, PC D/B/A FLEXOGENIX, INC D/B/A FLEXOGENIX PC**
**Type of entity (check one) [X] Corporation [] LLC [] Limited Partnership [] Limited Liability Partnership [] Sole Proprietor**
**Physical Address: 1000 S HOPE STREET STE 103, LOS ANGELES, CA 90015**
**Mailing Address: 1000 S HOPE STREET STE 103, LOS ANGELES, CA 90015**
**Fed ID#:** [redacted]

## PURCHASE AND SALE OF FUTURE RECEIPTS WITH SELLER RECOURSE

**Seller/Merchant hereby sells, assigns and transfers to CBSG (making CBSG the absolute owner) in consideration of the funds provided ("Purchase Price") specified below,** all of Seller/Merchant's future receipts, accounts, contract rights, and obligations due to Seller/Merchant that arise from or relate to the payment of monies to Seller/Merchant from Seller/Merchant's customers and/or other third party payers (collectively the "Receipts" defined as all payments made by cash, check, credit or debit card, electronic transfer or other form of monetary payment in the ordinary course of Seller/Merchant's business) until such time as the "Receipts Purchased Amount (RPA)" has been delivered by Seller/Merchant to CBSG.

**THIS IS A FACTORING AGREEMENT WITH RECOURSE.**
The Purchased Amount shall be paid to CBSG by Seller/Merchant's irrevocably authorizing only one depositing account acceptable to CBSG (the "Account") to remit the Daily **Specified Amount** from the Seller/Merchant's receipts until such time as CBSG receives payment in full of the Receipts Purchased Amount. In consideration of servicing the account, the Seller/Merchant hereby authorizes CBSG to ACH debit the "Specified Daily Amount" from the merchant's bank account, as an approximation of the base payment due under the Specified Percentage. It is the Seller/Merchant's responsibility to provide bank statements for any and all bank accounts by the Merchant to reconcile the daily payments made against the Daily Specified Amount. Failure to provide all of their bank statements in a timely manner or missing a month shall forfeit all rights to future reconciliations. CBSG may, upon Seller/Merchant's request, adjust the amount of any payment due under this Agreement at CBSG's sole discretion and as it deems appropriate in servicing this Agreement. Seller/Merchant warrants that it will ensure that funds adequate to cover the amount to be debited by CBSG remains in the account. Seller/Merchant will be held responsible for any fees incurred by CBSG resulting from a rejected ACH attempt or an event of default. (See Appendix A). CBSG is not responsible for any overdrafts or rejected transactions in the Seller/Merchants account which may result from CBSG's scheduled ACH debit under the terms of this agreement. Notwithstanding anything to the contrary in this Agreement or any other agreement between CBSG and Seller/Merchant, upon the violation of any provision contained in Sections I and II of the FACTORING AGREEMENT, shall be deemed a breach of the representations and warranties contained herein. A list of all fees applicable under this FACTORING AGREEMENT is contained in Appendix A.

**Purchase Price: $500,000.00 Specified Percentage: 10% Daily Specified Amount: $2,800.00 for 250 days Receipts Purchased Amount: $700,000.00**
***If Paid in 22 Installments Receipts Purchased Amount: $517,600.00**
***If Paid in 23-44 Installments Receipts Purchased Amount: $535,200.00**
***If Paid in 45-66 Installments Receipts Purchased Amount: $552,800.00**
***If Paid in 67-88 Installments Receipts Purchased Amount: $570,400.00**

**THE TERMS, DEFINITIONS, CONDITIONS AND INFORMATION SET FORTH ON PAGES 2 THROUGH 12 HEREOF ARE HERBY INCORPORATED HEREIN AND MADE A PART OF THIS FACTORING AGREEMENT.**

FOR THE SELLER/MERCHANT
By: YINGYIN IRIS CHEN, OWNER
Name and Title

DocuSigned by: YINGYIN IRIS CHEN
X 031B97DAA7004FD...
(Seller/Merchant Signature)

FOR THE SELLER/MERCHANT
By: YINGYIN IRIS CHEN, OWNER
Name and Title

DocuSigned by: YINGYIN IRIS CHEN
X 031B97DAA7004FD...
(Seller/Merchant Signature)

FOR THE SELLER/MERCHANT
By: SEAN WHALEN, OWNER
Name and Title

DocuSigned by: SEAN WHALEN
X 83ABABFC13D3435...
(Seller/Merchant Signature)

FOR THE SELLER/MERCHANT
By: SEAN WHALEN, OWNER
Name and Title

DocuSigned by: SEAN WHALEN
X 83ABABFC13D3435...
(Seller/Merchant Signature)

**COMPLETE BUSINESS SOLUTIONS GROUP, INC.**

By ______________________________
Company Officer

To the extent set forth herein, each of the parties is obligated upon his/ her or its execution of the Agreement to all terms of the Agreement, including the Additional Terms set forth below. Each individual executing this Agreement represents that he or she is authorized to sign this Agreement for Merchant, legally binding said Merchant to honor the terms of this obligation and that the information provided herein and in all of CBSG documents, forms and recorded interviews is true, accurate

 *Merchant Initials* DS YIC *Merchant Initials* DS SW Case ID: 190509385

DocuSign Envelope ID: B533BE15-E765-4736-B114-789 1A2BF2UFS

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

and complete in all respects. If any such information is false or misleading, Merchant shall be deemed in material breach of all agreements and the representations and warranties contained herein between Merchant and CBSG and CBSG shall be entitled to all remedies available under law. Merchant and each of the above-signed Officers/ Owners authorizes CBSG, its agents and representatives and any credit-reporting agency engaged by CBSG, to (i) investigate any references given or any other statements or data obtained from or about Merchant or any of its Owners for the purpose of this Agreement, and (ii) pull credit report at any time now or for so long as Merchant and/Owner(s) continue to have any obligation owed to CBSG.

**ANY MISREPRESENTATION MADE BY SELLER/MERCHANT OR OWNER IN CONNECTION WITH THIS AGREEMENT MAY CONSTITUTE A SEPARATE CAUSE OF ACTION FOR FRAUD OR INTENTIONAL MISREPRESENTATION**

**FACTORING AGREEMENT TERMS AND CONDITIONS**

**I. GENERAL TERMS OF AGREEMENT (MUTUAL REPRESENTATIONS AND WARRANTIES)**

**1.1 Electronic Fund Transfer.** Upon request from PURCHASER ("hereinafter CBSG or Purchaser") Seller/Merchant ("hereinafter Merchant") shall execute such forms or agreements acceptable to PURCHASER, with Bank acceptable to PURCHASER, to obtain electronic fund transfer services. Merchant shall provide PURCHASER, and/or its authorized agent with all the information, authorization and passwords necessary for verifying Merchant's receivable, receipts and deposits into the account Merchant shall authorize PURCHASER and/or it's agent to deduct the amounts owed to PURCHASER for the Receipts as specified herein from settlement amounts which would otherwise be due to Merchant from electronic check transactions and to pay such amounts to PURCHASER by permitting PURCHASER to withdraw the SPECIFIED DAILY AMOUNT by ACH debiting of the account. The authorization shall be irrevocable without the written consent of PURCHASER.

**1.2 Deposit Agreement.** Seller/Merchant shall execute an agreement (the "Deposit Agreement") acceptable to PURCHASER, with a Bank acceptable to PURCHASER, to obtain electronic fund transfer services. Merchant shall provide PURCHASER and/or its authorized agent with all of the information, authorizations and passwords necessary for verifying Merchant's receivables, receipts and deposits into the account. Merchant shall authorize PURCHASER and/or it's agent to deduct the amounts owed to PURCHASER for the Receipts as specified herein from settlement amounts which would otherwise be due to Merchant from electronic check transactions and to pay such amounts to PURCHASER by permitting PURCHASER to withdraw the specified percentages by ACH debiting of the account. The authorization shall be irrevocable without the written consent of PURCHASER

**1.3 Term of Agreement.** This Agreement shall have a term as set forth above. Upon the expiration of the term, this Agreement shall automatically renew for successive similar terms, provided, however, that during the renewal term(s) Merchant may terminate this Agreement upon ninety days' prior written notice (effective upon receipt) to PURCHASER. The termination of this Agreement shall not affect Merchant's responsibility to satisfy all outstanding obligations to PURCHASER at the time of termination.

**1.4 Future Purchases.** PURCHASER reserves the right to rescind the offer to make any purchase payments hereunder, in its sole discretion.

**1.5 Financial Condition. Merchant authorize PURCHASER and its agents to investigate their financial responsibility and history, and will provide to PURCHASER any bank or financial statements, tax returns, etc., as PURCHASER deems necessary prior to or at any time after execution of this Agreement. A photocopy of this authorization will be deemed as acceptable for release of financial information. PURCHASER is authorized to update such information and financial profiles from time to time as it deems appropriate.**

**1.6 Transactional History.** Merchant authorizes their bank to provide PURCHASER with Merchant's banking or processing history to determine qualification or continuation in this program.

**1.7 Indemnification.** Merchant jointly and severally indemnify and hold harmless Processor, its officers, directors and shareholders against all losses, damages, claims, liabilities and expenses (including reasonable attorney's fees)

incurred by Processor resulting from (a) claims asserted by PURCHASER for monies owed to PURCHASER from Merchant and (b) actions taken by Processor in reliance upon information or instructions provided by PURCHASER.

**1.8 No Liability.** In no event will CBSG be liable for any claims asserted by Merchant under any legal theory for lost profits, lost revenues, lost business opportunities, exemplary, punitive, special, incidental, indirect or consequential damages, each of which is waived by Merchant.

**1.9 Reliance on Terms.** Section 1.1, 1.7, 1.8 and 2.5 of this Agreement are agreed to for the benefit of Merchant, PURCHASER and Processor, and notwithstanding the fact that Processor is not a party of this Agreement, Processor may rely upon their terms and raise them as a defense in any action.

**1.10 Sale of Receipts.** Merchant and CBSG agree that the Purchase Price under this Agreement is in exchange for the Purchased Amount and that such Purchase Price is not intended to be, nor shall it be construed as a loan from PURCHASER to Merchant. Merchant agrees that the Purchase Price is in exchange for Future Receipts pursuant to this Agreement equals the fair market value of such Receipts. PURCHASER has purchased and shall own all the Receipts described in this Agreement up to the full Purchased Amount as the Receipts are created. Payments made to PURCHASER with respect to the full amount of the Receipts shall be conditioned upon Merchant's sale of products and services and the payment therefore by Merchant's customers in the manner provided in Section 1.1. IN NO EVENT SHALL THE AGGREGATE OF THE AMOUNTS RECEIVED BE DEEMED AS INTEREST HEREUNDER. In the event that a court determines that PURCHASER has charged or received interest hereunder, and that said amount is in excess of the highest applicable rate, the rate in effect hereunder shall automatically be reduced to the maximum rate permitted by applicable law and PURCHASER shall promptly refund to Merchant any interest received by PURCHASER in excess of the maximum lawful rate, it being intended that Merchant not pay or contract to pay, and that PURCHASER not receive or contract to receive, directly or indirectly in any manner whatsoever, interest in excess of that which may be paid by Merchant under applicable law. MERCHANT ACKNOWLEDGES THAT PENNSYLVANIA LAW APPLIES TO THE WITHIN AGREEMENT.

**1.11 Monthly Assessment of Merchant Cash Flow** Merchant hereby authorizes PURCHASER to initiate one or more ACH debits at the specified "Daily Retrieval Rate" from the Account as an approximation of the base payment due under the Specified Percentage. It is the Merchant's responsibility to provide financial information (e.g. bank statements, credit card processing statements, general ledger) regarding its gross receivables, to reconcile the daily payments made against the Specified Percentage, permitting PURCHASER to debit or credit the difference to Merchant on a monthly basis so that the Daily Retrieval Rate equals the Specified Percentage.

**1.12 Power of Attorney** Merchant irrevocably appoints PURCHASER as its agent and attorney-in-fact with full authority to take any action or execute any instrument or document to settle all obligations due to PURCHASER from Processor, or in the case of a violation by Merchant of Section 1.12 or the occurrence of an Event of Default under Section 4 hereof, from Merchant, under this Agreement, including without limitation (i) to obtain and adjust insurance; (ii) to collect monies due or to become due under or in respect of any of the Collateral; (iii) to receive, endorse and collect any checks, notes, drafts, instruments, documents or chattel paper in connection with clause (i) or clause (ii) above; (iv) to sign Merchant's name on any invoice, bill of lading, or assignment directing customers or account debtors to make payment directly to PURCHASER; and (v) to file any claims or take any action or institute any proceeding which PURCHASER may deem necessary for the collection of any of the unpaid Purchased Amount from the Collateral, or otherwise to enforce its rights with respect to payment of the Purchased Amount.

**1.13 Protections Against Default.** Merchant represents and warrants that it will not violate Conditions (a) through (e) below and in the event of default thereunder the following Protections 1 through 8 may be invoked by PURCHASER, immediately and without notice to Merchant in the event: (a) Merchant takes any action to discourage the use of electronic check processing that are settled through Processor, or permits any event to occur that could have an adverse effect on the use, acceptance, or authorization of checks for the purchase of Merchant's services and products including but not limited to direct deposit of any checks into a bank account without scanning into the PURCHASER electronic check processor; (b) Merchant changes its arrangements with Processor in any way that is adverse to PURCHASER; (c) Merchant changes the electronic check processor through which the Receipts are settled from Processor to another electronic check processor, or permits any event to occur that could cause diversion of any of Merchant's check transactions to another processor; (d) Merchant interrupts the operation of this business (other than adverse weather, natural disasters or acts of God) transfers, moves, sells, disposes, transfers or otherwise conveys its business or assets without (i) the express prior written consent of PURCHASER, and (ii) the written agreement of any purchaser or transferee to the assumption of all of Merchant's obligations under this Agreement pursuant to documentation satisfactory to PURCHASER; or (e) Merchant takes any action, fails to take any action, or offers any incentive—economic or otherwise—the result of which will be to induce any customer or customers to pay for Merchant's services with any means other than checks that are settled through Processor. These protections are in addition to any other remedies available to PURCHASER at law, in equity or otherwise pursuant to this Agreement.

Merchant Initials ______ Merchant Initials ______ Case ID: 190509385

CBSG
22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

Protection 1. The full uncollected Purchase Amount plus all fees due under this Agreement and the attached Security Agreement become due and payable in full immediately.

Protection 2. Upon breach of ANY MATERIAL PROVISION OR BREACH OF REPRESENT-ATIONS AND WARRANTIES in this Agreement, PURCHASER may enter that confession of judgment (judgment) with the Clerk of the Court and execute thereon.

Protection 3. Purchaser may enforce its security interest in the Collateral identified in Article III hereof.

Protection 4. The entire Unpaid Purchase Amount shall become immediately refundable to PURCHASER from Merchant.

Protection 5. Purchaser may proceed to protect and enforce its rights and remedies by lawsuit. In any such lawsuit, in which Purchaser shall recover judgment against Merchant, Merchant shall be liable for the full costs of PURCHASER'S legal action, including all reasonable attorneys' fees and court costs.

Protection 6. Merchant shall, upon execution of this Agreement, deliver to PURCHASER an **executed assignment of lease of Merchant's premises** in favor of CBSG. Upon breach of any provision in this paragraph 1.13, PURCHASER may exercise its rights under such assignment of lease.

Protection 7. PURCHASER may debit Merchant's depository accounts wherever situated by means of ACH debit or facsimile signature on a computer-generated check drawn on Merchant's bank account.

Protection 8. In the event Merchant changes or permits the change of the Processor approved by CBSG, or adds an additional Processor, in violation of Section 1.11 above, CBSG shall have the right, without waiving any of its rights and remedies and without notice to Merchant, to notify the new or additional Processor of the sale of the Receipts hereunder and to direct such new or additional Processor to make payment directly to CBSG of all or any portion of the amount received by such Processor.

**1.14 Protection of Information.** Merchant and each person signing this Agreement on behalf of Merchant and/or as Owner, in respect of himself or herself personally, authorizes PURCHASER to disclose information concerning Merchant's and each Owner's credit standing (including credit bureau reports that PURCHASER obtains) and business conduct only to agents, affiliates, subsidiaries, and credit reporting bureaus. Merchant and each Owner hereby waives to the maximum extent permitted by law any claim for damages against PURCHASER or any of its affiliates relating to any (i) investigation undertaken by or on behalf of PURCHASER as permitted by this Agreement or (ii) disclosure of information as permitted by this Agreement.

**1.15 Confidentiality.** Merchant understands and agrees that the terms and conditions of the products and services offered by PURCHASER, including this Agreement and any other PURCHASER documentations (collectively, "Confidential Information") are proprietary and confidential information of PURCHASER. Accordingly, unless disclosure is required by law or court order, Merchant shall not disclose Confidential Information of PURCHASER to any person other than an attorney, accountant, financial advisor or employee of Merchant who needs to know such information for the purpose of advising Merchant ("Advisor"), provided such Advisor uses such information solely for the purpose of advising Merchant and first agrees in writing to be bound by the terms of this Section 1.13.

**1.16 D/B/A's.** Merchant hereby acknowledges and agrees that PURCHASER may be using "doing business as" or "d/b/a" names in connection with various matters relating to the transaction between PURCHASER and Merchant, including the filing of UCC-1 financing statements and other notices or filings.

**II. MERCHANT REPRESENTATIONS, WARRANTIES AND COVENANTS** Merchant represents, warrants and covenants that as of this date and during the term of this Agreement:

**2.1 Financial Condition and Financial Information.** Bank and financial statements, and future statements furnished to PURCHASER, fairly represent the financial condition of Merchant at such dates. Merchant has a continuing, affirmative obligation to advise PURCHASER of any material or adverse change in its financial condition, operation or ownership. PURCHASER may request statements at any time during the performance of this Agreement and the Merchant shall provide them to PURCHASER within 5 business days. Merchant's failure to do so is a material breach of this Agreement.

**2.2 Governmental Approvals.** Merchant is in compliance and shall comply with all laws and has valid permits, authorizations and licenses to own, operate and lease its properties and to conduct the business in which it is presently engaged.

**2.3 Authorization.** Merchant, and the person(s) signing this Agreement on behalf of Merchant, have full power and authority to incur and perform the obligations under this Agreement, all of which have been duly authorized.

**2.4 Insurance.** Merchant will maintain business-interruption insurance naming CBSG as loss payee and additional insured in amounts and against risks as are satisfactory to PURCHASER and shall provide PURCHASER proof of such insurance upon request.

**2.5 Electronic Check Processing Agreement.** Merchant will not change its processor, add terminals, change its financial institution or bank account(s) or take any other action that could have any adverse effect upon Merchant's obligations under this Agreement, without PURCHASER'S prior written consent. Any such change shall be a material breach of this Agreement.

**2.6 Change of Name or Location.** Merchant will not conduct Merchant's businesses under any name other than as disclosed to the Processor and PURCHASER or change any of its places of business.

**2.7 Daily Batch Out.** Merchant will batch out receipts with the Processor on a daily basis.

**2.8 Estoppel Certificate.** Merchant will at any time, and from time to time, upon at least one (1) day's prior notice from PURCHASER to Merchant, execute, acknowledge and deliver to PURCHASER and/or to any other person, person firm or corporation specified by PURCHASER, a statement certifying that this Agreement is unmodified and in full force and effect (or, if there have been modifications, that the same is in full force and effect as modified and stating the modifications) and stating the dates which the Purchased Amount or any portion thereof has been repaid.

**2.9 No Bankruptcy.** As of the date of this Agreement, Merchant does not contemplate and has not filed any petition for bankruptcy protection under Title 11 of the United States Code and there has been no involuntary petition brought or pending against Merchant. Merchant further warrants that it does not anticipate filing any such bankruptcy petition and it does not anticipate that an involuntary petition will be filed against it. In the event that the Merchant files for bankruptcy protection or is placed under an involuntary filing Protections 2 and 3 are immediately invoked.

**2.10 Working Capital Funding.** Merchant shall not enter into any arrangement, agreement or commitment that relates to or involves the Receipts, whether in the form of a purchase of, a loan against, collateral against or the sale or purchase of credits against, Receipts or future check sales with any party other than PURCHASER.

**2.11 Unencumbered Receipts.** Merchant has good, complete and marketable title to all Receipts, free and clear of any and all liabilities, liens, claims, changes, restrictions, conditions, options, rights, mortgages, security interests, equities, pledges and encumbrances of any kind or nature whatsoever or any other rights or interests that may be inconsistent with the transactions contemplated with, or adverse to the interests of PURCHASER.

**2.12 Business Purpose.** Merchant is a valid business in good standing under the laws of the jurisdictions in which it is organized and/or operates, and Merchant is entering into this Agreement FOR BUSINESS PURPOSES ONLY and not as a consumer for personal, family or household purposes.

**2.13 Default under Other Contracts.** Merchant's execution of and/or performance under this Agreement will not cause or create an event of default by Merchant under any contract with another person or entity.

**2.14 3rd Party Negotiators with Regard to This Agreement and the Obligations Herein.** Merchant hereby agrees not to retain any 3rd party negotiators, consolidators, or credit relief agencies with regard to its obligations under the terms of this Agreement. Merchant will maintain and allow direct communication with PURCHASER at all times during the course of this Agreement and shall not engage any 3rd party to negotiate its obligations as stated in this Agreement. Should Merchant violate this subsection 2.14, Merchant will be liable for the additional fee as specific in the attached Appendix A.

**III. EVENTS OF BREACH OF REPRESENTATIONS, WARRANTIES, AND COVENANTS AND REMEDIES**

**3.1 Events of Breach of Representations, Warranties and Covenants.** The occurrence of any of the following events shall constitute an "Event of a Breach of Representations, Warranties, and Covenants" hereunder: (a) Merchant shall violate any term or covenant in this Agreement; (b) Any representation or warranty by Merchant in this Agreement shall prove to have been incorrect, false or misleading in any material respect when made; (c) Merchant shall admit in writing its inability to pay its debts, or shall make a general assignment for the benefit of creditors; or any proceeding shall be instituted by or against Merchant seeking to adjudicate it a bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, or composition of it or its debts; (d) the sending of notice of termination by MERCHANT; (e) Merchant shall transport, move, interrupt, suspend, dissolve or terminate its business; (f) Merchant shall transfer or sell all or substantially all of its assets; (h) Merchant shall make or send notice of any intended bulk sale or transfer by Merchant; (i) Merchant shall use multiple depository accounts without the prior written consent of PURCHASER; (j) Merchant shall change its depositing account without the prior written consent of PURCHASER; (k) Merchant shall perform any act that reduces the value of any Collateral granted under this Agreement; (l) Merchant shall engage a third party to renegotiate the terms of this Agreement on Merchant's behalf; (m) Merchant shall engage a third party in an attempt to


Merchant Initials _____ Merchant Initials _____

CBSG

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

cease direct communication and/or contact with PURCHASER; or (n) Merchant shall default under any of the terms, covenants and conditions of any other agreement with PURCHASER.

**3.2 Remedies.** In case any Event of a Breach of Representations, Warranties and Covenants, Default occurs and is not waived pursuant to Section 4.4 hereof, PURCHASER may proceed to protect and enforce its rights or remedies by suit in equity or by action at law, or both, whether for the specific performance of any covenant, agreement or other provision contained herein, or to enforce the discharge of Merchant's obligations hereunder or any other legal or equitable right or remedy. IN THE EVENT OF VIOLATION OF THE REPRESENTATIONS AND WARRANTIES BY MERCHANT, PURCHASER may also file a Complaint in Confession of Judgment pursuant to the Warrant of Attorney contained herein. All rights, powers and remedies of PURCHASER in connection with this Agreement may be exercised at any time by PURCHASER after the occurrence of an Event of Default, are cumulative and not exclusive, and shall be in addition to any other rights, powers or remedies provided by law or equity.

**3.3 Consent to Sale/Transfer of Interest**: In event of MERCHANT breach of warranties, covenants and representations under this Agreement, Merchant consents to PURCHASER'S sale or transfer of its remaining interests in MERCHANT'S receivables to a third party buyer of defaulted financial obligations and instruments. More specifically, MERCHANT recognizes PURCHASER'S authority to sell its interests in said receivables to New York Unity Factor, LLC ("NYUF") which MERCHANT authorizes to pursue legal remedies in NYUF's home State of New York in the event of a breach of the warranties, covenants, and representations stated under this Agreement.

**3.4 <u>WARRANT OF ATTORNEY TO CONFESS JUDGMENT</u>. UPON THE OCCURRENCE OF A VIOLATION OF THE REPRESENTATIONS AND WARRANTIES MADE HERETOFORE BY MERCHANT, MERCHANT IRREVOCABLY AUTHORIZE AND EMPOWER ANY ATTORNEY OR ANY CLERK OF ANY COURT OF RECORD, TO APPEAR FOR AND CONFESS JUDGMENT AGAINST MERCHANT FOR SUCH SUMS AS ARE DUE AND/OR MAY BECOME DUE UNDER THIS MERCHANT AGREEMENT OR ANY ACCOMPANYING DOCUMENTS, WITH OR WITHOUT DECLARATION, WITH COSTS OF SUIT, WITHOUT STAY OF EXECUTION AND WITH AN AMOUNT, FOR LIEN PRIORITY PURPOSES, EQUAL TO TEN PERCENT (10%) OF THE AMOUNT OF SUCH JUDGMENT, BUT NOT LESS THAN ONE THOUSAND DOLLARS ($1,000.00), ADDED FOR ATTORNEYS' COLLECTION FEES, WITH THE ACTUAL AMOUNT OF ATTORNEY'S FEES AND COSTS TO BE DETERMINED IN ACCORDANCE WITH THE SECTION OF THIS MERCHANT AGREEMENT "ATTORNEY'S FEES AND COLLECTION COSTS." TO THE EXTENT PERMITTED BY LAW, MERCHANT: (1) WAIVE THE RIGHT OF INQUISITION ON ANY REAL ESTATE LEVIED ON, VOLUNTARILY CONDEMNS THE SAME, AUTHORIZES THE PROTHONOTARY OR CLERK TO ENTER UPON THE WRIT OF EXECUTION THIS VOLUNTARY CONDEMNATION AND AGREES THAT ANY REAL ESTATE MAY BE SOLD ON A WRIT OF EXECUTION; (2) WAIVE AND RELEASE ALL RELIEF FROM ALL APPRAISEMENT, STAY, EXEMPTION OR APPEAL LAWS OF ANY STATE NOW IN FORCE OR HEREINAFTER ENACTED; AND (3) RELEASE ALL ERRORS IN SUCH PROCEEDINGS. IF A COPY OF THIS MERCHANT AGREEMENT, VERIFIED BY AFFIDAVIT BY OR ON BEHALF OF PURCHASER SHALL HAVE BEEN FILED IN SUCH ACTION, IT SHALL NOT BE NECESSARY TO FILE THE ORIGINAL MERCHANT AGREEMENT AS A WARRANT OF ATTORNEY. THE AUTHORITY AND POWER TO APPEAR FOR AND CONFESS JUDGMENT AGAINST MERCHANT SHALL NOT BE EXHAUSTED BY THE INITIAL EXERCISE THEREOF AND MAY BE EXERCISED AS OFTEN AS PURCHASER SHALL FIND IT NECESSARY AND DESIRABLE AND THIS BUSINESS CASH ADVANCE AND SECURITY AGREEMENT SHALL BE A SUFFICIENT WARRANT THEREFOR. PURCHASER MAY CONFESS ONE OR MORE JUDGMENTS IN THE SAME OR DIFFERENT JURISDICTIONS FOR ALL OR ANY PART OF THE AMOUNTS OWING HEREUNDER, WITHOUT REGARD TO WHETHER JUDGMENT HAS THERETOFORE BEEN CONFESSED ON MORE THAN ONE OCCASION FOR THE SAME AMOUNTS. IN THE EVENT ANY JUDGMENT CONFESSED AGAINST THE MERCHANT HEREUNDER IS STRICKEN OR OPENED UPON APPLICATION BY OR ON MERCHANT'S BEHALF FOR ANY REASON, PURCHASER IS HEREBY AUTHORIZED AND EMPOWERED TO AGAIN APPEAR FOR AND CONFESS JUDGMENT AGAINST MERCHANT FOR ANY PART OR ALL OF THE AMOUNTS OWED HEREUNDER, AS PROVIDED FOR HEREIN, IF DOING SO WILL CURE ANY ERRORS AND DEFECTS IN SUCH PRIOR PROCEEDINGS.**

**3.41 NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FACTORING AGREEMENT, THE CONFESSION OF JUDGMENT, THE SECURITY AGREEMENT, OR ANY OTHER DOCUMENTS EXECUTED BY MERCHANT IN CONNECTION WITH THE ADVANCE OF FUNDS TO SELLER, ALL PARTIES ACKNOWLEDGE THAT RECOURSE TO THE MERCHANT AND THE MERCHANT'S ASSETS IS PERMITTED ONLY FOR BREACHES OF THE REPRESENTATIONS AND WARRANTIES MADE BY THE SELLER IN THE FACTORING AGREEMENT.**

**3.5 Costs.** Merchant shall pay to PURCHASER all reasonable costs associated with (a) a breach by Merchant of the Covenants in this Agreement and the enforcement thereof, and (b) the enforcement of PURCHASER'S remedies set forth in Section 3.2 above, including but not limited to court costs and attorneys' fees.

**3.6 Required Notifications.** Merchant is required to give PURCHASER written notice within 24 hours of any filing under Title 11 of the United States Code. Merchant is required to give PURCHASER seven days' written notice prior to the closing of any sale of all or substantially all of the Merchant's assets or stock.

**IV. MISCELLANEOUS**

**4.1 Modifications; Agreements.** No modification, amendment, waiver or consent of any provision of this Agreement shall be effective unless the same shall be in writing and signed by PURCHASER.

**4.2 Assignment.** PURCHASER may assign, transfer or sell its rights to receive the Purchased Amount or delegate its duties hereunder, either in whole or in part.

**4.3 Notices.** All notices, requests, consent, demands and other communications hereunder shall be delivered by certified mail, return receipt requested, to the respective parties to this Agreement at the addresses set forth in this Agreement and shall become effective only upon receipt.

**4.4 Waiver Remedies.** No failure on the part of PURCHASER to exercise, and no delay in exercising, any right under this Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any right under this Agreement preclude any other or further exercise thereof or the exercise of any other right. The remedies provided hereunder are cumulative and not exclusive of any remedies provided by law or equity.

**4.5 Merchant/Guarantor(s) barred from transfer.** This Agreement shall be binding upon and inure to the benefit of Merchant, PURCHASER and their respective successors and assigns, except that Merchant shall not have the right to assign its rights hereunder or any interest herein without the prior written consent of PURCHASER which consent may be withheld in PURCHASER'S sole discretion. PURCHASER reserves the rights to assign this Agreement with or without prior written notice to Merchant or Guarantor(s).

**4.6 Governing Law/Jurisdiction/Venue for disputes.** All signatories to this Agreement consent that this Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, without regards to any applicable principals of conflicts of law. Any suit, action or proceeding arising hereunder, or the interpretation, performance or breach hereof, shall, if PURCHASER so elects, be instituted in the Court of Common Pleas, Philadelphia County, Federal Court for the Eastern District of Pennsylvania, or the Philadelphia County Municipal Court, (the "Acceptable Forums"). Merchant agrees that the Acceptable Forums are convenient to it, and submits to the jurisdiction of the Acceptable Forums and waives any and all objections to jurisdiction or venue. Should such proceeding be initiated in any other forum, Merchant waives any right to oppose any motion or application made by PURCHASER to transfer such proceeding to an Acceptable Forum.

**4.7 Survival of Representation, etc.** All representations, warranties and covenants herein shall survive the execution and delivery of this Agreement and shall continue in full force until all obligations under this Agreement shall have been satisfied in full and this Agreement shall have terminated.

**4.8 Severability** in case any of the provisions in this Agreement is found to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of any other provision contained herein shall not in any way be affected or impaired.

**4.9 Entire Agreement.** Any provision hereof prohibited by law shall be ineffective only to the extent of such prohibition without invalidating the remaining provisions hereof. This Agreement and **Security Agreement** hereto embody the entire agreement between Merchant and PURCHASER and supersede all prior agreements and understandings relating to the subject matter hereof.

**4.10 JURY TRIAL WAIVER. THE PARTIES HERETO WAIVE TRIAL BY JURY IN ANY COURT IN ANY SUIT, ACTION OR PROCEEDING ON ANY MATTER ARISING IN CONNECTION WITH OR IN ANY WAY**

*Merchant Initials* YIC *Merchant Initials* SW

Case ID: 190509385

DocuSign Envelope ID: B535BE15-E765-473B-B114-7691A2BF20F5

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

RELATED TO THE TRANSACTIONS OF WHICH THIS AGREEMENT IS A PART OR THE ENFORCEMENT HEREOF. THE PARTIES HERETO ACKNOWLEDGE THAT EACH MAKES THIS WAIVER KNOWINGLY, WILLINGLY AND VOLUNTARILY AND WITHOUT DURESS, AND ONLY AFTER EXTENSIVE CONSIDERATION OF THE RAMIFICATIONS OF THIS WAIVER WITH THEIR ATTORNEYS.

4.11 CLASS ACTION WAIVER. THE PARTIES HERETO WAIVE ANY RIGHT TO ASSERT ANY CLAIMS AGAINST THE OTHER PARTY AS A REPRESENTATIVE OR MEMBER IN ANY CLASS OR REPRESENTATIVE ACTION, EXCEPT WHERE SUCH WAIVER IS PROHIBITED BY LAW AGAINST PUBLIC POLICY. TO THE EXTENT EITHER PARTY IS PERMITTED BY LAW OR COURT OF LAW TO PROCEED WITH A CLASS OR REPRESENTATIVE ACTION AGAINST THE OTHER, THE PARTIES HEREBY AGREE THAT: (1) THE PREVAILING PARTY SHALL NOT BE ENTITLED TO RECOVER ATTORNEYS' FEES OR COSTS ASSOCIATED WITH PURSUING THE CLASS OR REPRESENTATIVE ACTION (NOT WITHSTANDING ANY OTHER PROVISION IN THIS AGREEMENT); AND (2) THE PARTY WHO INITIATES OR PARTICIPATES AS A MEMBER OF THE CLASS WILL NOT SUBMIT A CLAIM OR OTHERWISE PARTICIPATE IN ANY RECOVERY SECURED THROUGH THE CLASS OR REPRESENTATIVE ACTION.

**4.12 Counterparts & Facsimile/Email Signatures.** This Agreement may be executed in any number of counterparts each of which shall be deemed to be an original, all of which together shall be deemed one and the same instrument. Further, facsimile and email signatures shall be deemed to be originals for all purposes.



*Merchant Initials* DS YIC *Merchant Initials* DS SW Case ID: 190509385

DocuSign Envelope ID: B535BE15-E765-473B-B114-7891A28F20F5

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

Seller/Merchant's Legal Name: FLEXOGENIX GROUP INC DBA FLEXOGENIX NORTH CAROLINA, PC D/B/A FLEXOGENIX GEORGIA, PC D/B/A FLEXOGENIX, INC D/B/A FLEXOGENIX PC

Physical Address: 1000 S HOPE STREET STE 103, LOS ANGELES, CA 90015

FED ID # (Merchant): [redacted]

**SECURITY AGREEMENT**

**Security Interest.** To secure SELLER/MERCHANTS'S performance obligations to PURCHASER under the "Factoring Agreement", SELLER/MERCHANT hereby grants to PURCHASER a security interest in (a) all accounts, chattel paper, documents, equipment, general intangibles, instruments, and inventory, as those terms are defined in Article 9 of the Uniform Commercial Code (the "UCC"), now or hereafter owned or acquired by SELLER/MERCHANT; and (b) all proceeds, as that term is defined in Article 9 of the UCC (a and b collectively, the "Collateral").

**Cross-Collateral.** To secure MERCHANT's payment and performance obligations to PURCHASER under this Security Agreement (the "Agreement"), MERCHANT hereby grants PURCHASER a security interest in __ (the "Additional Collateral"). MERCHANT understands that PURCHASER will have a security interest in the aforesaid Additional Collateral upon execution of this Agreement.

SELLER/MERCHANT acknowledge and agree that any security interest granted to PURCHASER under any other agreement between SELLER/MERCHANT and PURCHASER (the "Cross-Collateral") will secure the obligations hereunder and under the FACTORING Agreement.

SELLER/MERCHANT agrees to execute any documents or take any action in connection with this Agreement as PURCHASER deems necessary to perfect or maintain PURCHASER'S first priority security interest in the Collateral, the Additional Collateral and the Cross-Collateral, including the execution of any account control agreements. SELLER/MERCHANT hereby authorizes PURCHASER to file any financing statements deemed necessary by PURCHASER to perfect or maintain PURCHASER's security interest, which financing statement may contain notification that SELLER/MERCHANT have granted a negative pledge to PURCHASER with respect to the Collateral, the Additional Collateral and the Cross-Collateral, and that any subsequent lien or may be tortuously interfering with PURCHASER's rights. SELLER/MERCHANT shall be liable for and PURCHASER may charge and collect all costs and expenses, including but not limited to attorney's fees, which may be incurred by PURCHASER in protecting, preserving and enforcing PURCHASER'S security interest and rights.

**Negative Pledge.** SELLER/MERCHANT agrees not to create, incur, assume, or permit to exist, directly or indirectly, any lien on or with respect to any of the Collateral, the Additional Collateral or the Cross-Collateral, as applicable.

**Consent to Enter Premises and Assign Lease.** PURCHASER shall have the right to cure SELLER/MERCHANT default in the payment of rent on the following terms. In the event SELLER/MERCHANT is served with papers in an action against SELLER/MERCHANT for nonpayment of rent or for summary eviction, PURCHASER may execute its rights and remedies under the Assignment of Lease. SELLER/MERCHANT also agrees that PURCHASER may enter into an agreement with SELLER/MERCHANT landlord giving PURCHASER the right: (a) to enter SELLER/MERCHANT'S premises and to take possession of the fixtures and equipment therein for the purpose of protecting and preserving same; and (b) to assign SELLER/MERCHANT'S lease to another qualified SELLER/MERCHANT capable of operating a business comparable to SELLER/MERCHANT at such premises.

**Remedies.** Upon any Event of Default, PURCHASER may pursue any remedy available at law (including those available under the provisions of the UCC), or in equity to collect, enforce, or satisfy any obligations then owing, whether by acceleration or otherwise.

**SELLER/MERCHANT**
**BY: YINGYIN IRIS CHEN, OWNER**

DocuSigned by:
YINGYIN IRIS CHEN
Name/Title(Signature)

**SELLER/MERCHANT**
**BY: SEAN WHALEN, OWNER**

DocuSigned by:
SEAN WHALEN
Name/Title(Signature)



*Merchant Initials* DS YIC *Merchant Initials* DS SW Case ID: 190509385

CBSG Complete Business Solutions Group

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

## DISCLOSURE FOR CONFESSION OF JUDGMENT

AFFIANT: YINGYIN IRIS CHEN
SEAN WHALEN

OBLIGEE: Complete Business Solutions Group, Inc. d/b/a Par Funding

The undersigned have executed, and/or is executing, on even date herewith, one or more of the following instruments under which the Merchant is obligated to repay monies to Obligee:

1. Factoring Agreement dated DECEMBER 17, 2018; and

A. THE MERCHANT ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH OBLIGEE MAY ENTER JUDGMENT BY CONFESSION AGAINST THE MERCHANT. BEING FULLY AWARE OF THE MERCHANT'S RIGHTS TO PRIOR NOTICE AND A HEARING ON THE VALIDITY OF ANY JUDGMENT OR OTHER CLAIMS THAT MAY BE ASSERTED AGAINST THE MERCHANT BY OBLIGEE THEREUNDER BEFORE JUDGMENT IS ENTERED, THE UNDERSIGNED HEREBY FREELY, KNOWINGLY, AND INTELLIGENTLY WAIVES THESE RIGHTS AND EXPRESSLY AGREES AND CONSENTS TO OBLIGEE'S ENTERING JUDGMENT AGAINST THE MERCHANT BY CONFESSION PURSUANT TO THE TERMS THEREOF.

B. THE UNDERSIGNED ALSO ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH OBLIGEE MAY, AFTER ENTRY OF JUDGMENT AND WITHOUT EITHER NOTICE OR A HEARING, FORECLOSE UPON, ATTACH, LEVY, OR OTHERWISE SEIZE PROPERTY OR PROCEED AGAINST THE INTERESTS OF THE MERCHANT IN PROPERTY (REAL OR PERSONAL) IN FULL OR PARTIAL PAYMENT OR SATISFACTION OF THE JUDGMENT OR JUDGMENTS. BEING FULLY AWARE OF THE MERCHANT'S RIGHTS AFTER JUDGMENT IS ENTERED (INCLUDING THE RIGHT TO MOVE TO OPEN OR STRIKE THE JUDGMENT OR JUDGMENTS), THE UNDERSIGNED HEREBY FREELY, KNOWINGLY AND INTELLIGENTLY WAIVES THESE RIGHTS AND EXPRESSLY AGREES AND CONSENTS TO OBLIGEE'S TAKING SUCH ACTIONS AS MAY BE PERMITTED UNDER APPLICABLE STATE AND FEDERAL LAW WITHOUT PRIOR NOTICE TO THE MERCHANT.

C.. The Merchant hereby certifies that the financial accommodations being provided by the Obligee are for a business purpose, and not for personal, family or household use.

D. The statements made in this Disclosure for Confession of Judgment are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

**SELLER/MERCHANT**
By: YINGYIN IRIS CHEN

DocuSigned by: YINGYIN IRIS CHEN
031B97DAA7004FD...
(Signature)

EIN# [redacted]

**SELLER/MERCHANT**
By: YINGYIN IRIS CHEN

DocuSigned by: YINGYIN IRIS CHEN
031B97DAA7004FD...
(Signature)

SS# [redacted]

**SELLER/MERCHANT**
By: SEAN WHALEN

DocuSigned by: SEAN WHALEN
63ABABFC13D3435...
(Signature)

EIN# [redacted]

**SELLER/MERCHANT**
By: SEAN WHALEN

DocuSigned by: SEAN WHALEN
63ABABFC13D3435...
(Signature)

SS# [redacted]

*Merchant Initials* DS YIC *Merchant Initials* DS SW

DocuSign Envelope ID: B535BE15-E765-473B-B114-789 1A2BF2UF5

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

## GUARANTY

**Personal Guaranty of Performance.** The undersigned Guarantor(s) hereby guarantees to PURCHASER, SELLER/MERCHANT'S performance of all of the representations, and warranties made by SELLER/MERCHANT in this Agreement and the Factoring Agreement, as each agreement may be renewed, amended, extended or otherwise modified (the "Guaranteed Obligations"). Guarantor's obligations are due at the time of any breach by Merchant of any representation or warranty, or covenant made by Merchant in this Agreement and the Merchant Agreement.

**Guarantor Waivers.** In the event that SELLER/MERCHANT violates its representations and warranties under the FACTORING AGREEMENT, PURCHASER may enforce its rights under this Agreement without first seeking to obtain payment from Merchant, any other guarantor, or any Collateral, Additional Collateral or Cross-Collateral PURCHASER may hold pursuant to this Agreement or any other guaranty.

PURCHASER does not have to notify Guarantor of any of the following events and Guarantor will not be released from its obligations under this Agreement if it is not notified of: (i) SELLER/MERCHANT'S violation of the representations and warranties of the FACTORING AGREEMENT or any renewal, extension or other modification of the FACTORING AGREEMENT. In addition, PURCHASER may take any of the following actions without releasing Guarantor from any of its obligations under this Agreement : (i) renew, extend or otherwise modify the FACTORING AGREEMENT or SELLER/MERCHANT'S other obligations to PURCHASER; (ii) release SELLER/MERCHANT from its obligations to PURCHASER; (iii) sell, release, impair, waive or otherwise execute upon any collateral securing the Guaranteed Obligations ; and (iv) foreclose on any collateral securing the Guaranteed Obligations or any other guarantee of the Guaranteed Obligations in a manner that impairs or precludes the right of Guarantor to obtain reimbursement for payment under this Agreement. Until all obligations are fulfilled under the FACTORING AGREEMENT and SELLER/MERCHANT'S other obligations to PURCHASER under the FACTORING AGREEMENT and this Agreement are paid in full, Guarantor shall not seek reimbursement from Merchant or any other guarantor for any amounts paid by it under this Agreement. Guarantor permanently waives and shall not seek to exercise any of the following rights that it may have against SELLER/MERCHANT, any other guarantor, or any collateral provided by SELLER/MERCHANT or any other guarantor, for any amounts paid by it, or acts performed by it, under this Agreement: (i) subrogation; (ii) reimbursement; (iii) performance; (iv) indemnification; or (v) contribution. In the event that PURCHASER must return any amount paid by SELLER/MERCHANT or any other guarantor of the Guaranteed Obligations because that person has become subject to a proceeding under the United States Bankruptcy Code or any similar law, Guarantor's obligations under this Agreement shall include that amount. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FACTORING AGREEMENT, THE GUARANTY, THE CONFESSION OF JUDGMENT, THE SECURITY AGREEMENT, OR ANY OTHER DOCUMENTS EXECUTED BY GUARANTOR IN CONNECTION WITH THE ADVANCE OF FUNDS TO SELLER, ALL PARTIES ACKNOWLEDGE THAT RECOURSE TO THE GUARANTOR AND THE GUARANTOR'S ASSETS IS PERMITTED ONLY FOR BREACHES OF THE REPRESENTATIONS AND WARRANTIES MADE BY THE SELLER IN THE FACTORING AGREEMENT.

**GUARANTOR ACKNOWLEDGEMENT. Guarantor acknowledges that: (i) He/She understands the seriousness of the provisions of this Agreement; (ii) He/She has had a full opportunity to consult with counsel of his/her choice; and (iii) He/She has consulted with counsel of its choice or has decided not to avail himself/herself of that opportunity.**

**JOINT AND SEVERAL LIABILITY.** The obligations hereunder of the persons or entities constituting Guarantor under this Agreement are joint and several.

By: YINGYIN IRIS CHEN, Individual Guarantor — DocuSigned by: YINGYIN IRIS CHEN, 031B97DAA7004FD... (Signature)

EIN# [redacted]

By: YINGYIN IRIS CHEN, Individual Guarantor — DocuSigned by: YINGYIN IRIS CHEN, 031B97DAA7004FD... (Signature)

SS# [redacted]

By: SEAN WHALEN, Individual Guarantor — DocuSigned by: SEAN WHALEN, 63ABABFC13D3435... (Signature)

EIN# [redacted]

By: SEAN WHALEN, Individual Guarantor — DocuSigned by: SEAN WHALEN, 63ABABFC13D3435... (Signature)

SS# [redacted]

**THE TERMS, DEFINITIONS, CONDITIONS AND INFORMATION SET FORTH IN THE "MERCHANT AGREEMENT", INCLUDING THE "TERMS AND CONDITIONS", ARE HEREBY INCORPORATED IN AND MADE A PART OF THIS SECURITY AGREEMENT AND GUARANTY.**

**CAPITALIZED TERMS NOT DEFINED IN THIS SECURITY AGREEMENT AND GUARANTY, SHALL HAVE THE MEANING SET FORTH IN THE MERCHANT AGREEMENT, INCLUDING THE TERMS AND CONDITIONS.**

*Merchant Initials* DS YIC *Merchant Initials* DS SW

DocuSign Envelope ID: B535BE15-E765-473B-B114-7891A2BF20F5

CBSG

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**AUTHORIZATION AGREEMENT FOR DIRECT DEPOSIT (ACH CREDIT) AND DIRECT PAYMENTS (ACH DEBITS)**

This Authorization Agreement for Direct Deposit (ACH Credit) and Direct Payments (ACH Debits) is part of (and incorporated by reference into) the FACTORING AGREEMENT. You should keep this important legal document for your records.

DISBURSEMENT OF BUSINESS CASH ADVANCE PROCEEDS: By signing below, Seller/Merchant authorizes PURCHASER to disburse the Cash Advance Proceeds less the amount of any applicable fees upon approval by initiating an ACH credit to the checking account indicated below (or a substitute checking account Seller/Merchant later identifies and is acceptable to PURCHASER) (hereinafter referred to as the "Designated Checking Account") in the disbursal amount set forth in the accompanying documents. This authorization is to remain in full force and effect until PURCHASER has received written notification from Seller/Merchant of its termination in such time and in such manner as to afford PURCHASER and Merchant's depository bank a reasonable opportunity to act on it.

AUTOMATIC PAYMENT PLAN: Enrollment in PURCHASER's Automatic Payment Plan is required for approval. By signing below, Seller/Merchant agrees to enroll in the Automatic Payment Plan and authorizes PURCHASER to collect payments required under the terms of Seller/Merchant Agreement by initiating ACH debit entries to the Designated Checking Account in the amounts and on the dates provided in the payment schedule set forth in the accompanying Seller/Merchant Agreement. Seller/Merchant authorizes PURCHASER to increase the amount of any scheduled ACH debit entry or assess multiple ACH debits for the amount of any previously scheduled payment(s) that was not paid as provided in the payment schedule and any unpaid Fees. This authorization is to remain in full force and effect until PURCHASER has received written notification from Seller/Merchant of its termination in such time and in such manner as to afford PURCHASER and Seller/Merchant's depository bank a reasonable opportunity to act on it. PURCHASER may suspend or terminate Seller/Merchant's enrollment in the Automatic Payment Plan immediately if Seller/Merchant fails to keep Seller/Merchant's designated checking account in good standing or if there are insufficient funds in Merchant's checking account to process any payment.

If Seller/Merchant revokes the authorization or PURCHASER suspends or terminates Seller/Merchant's enrollment in the Automatic Payment Plan, Seller/Merchant still will be responsible for making timely payments pursuant to the alternative payment methods described in the Seller/Merchant Agreement.

BUSINESS PURPOSE ACCOUNT: By signing below, Seller/Merchant attests that the Designated Checking Account was established for business purposes and not primarily for personal, family or household purposes.

ACCOUNT CHANGES: Seller/Merchant agrees to notify PURCHASER promptly if there are any changes to the account and routing numbers of the Designated Checking Account

MISCELLANEOUS: PURCHASER is not responsible for any fees charged by Seller/Merchant's bank as the result of credits or debits initiated under this agreement. The origination of ACH transactions to Merchant's account must comply with the provisions of U.S. law.

DocuSigned by:

Signature: YINGCHUN IRIS CHEN Date: 12/27/2018

Signature: SEAN WHALEN Date: 12/27/2018

63ABABFC13D3435...

Bank Name: Bank of America

City: ____ State: ____ Zip: ____

Routing Number: 121000358(paper&electronic / 026009593(wires

Account Number: [redacted]

Business Name on Account: Flexogenix Group, Inc

Address on Account: ____

Seller/Merchant Phone #: ____ Tax ID Number: ____

Email: ____

DocuSigned by:

Signature: SEAN WHALEN

63ABABFC13D3435...

Title: ____



Merchant Initials DS YIC Merchant Initials DS SW

Case ID: 190509385

DocuSign Envelope ID: B535BE15-E765-473B-B114-7891A2BF20F5

CBSG Complete Business Solutions Group

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

## BANK ACCOUNT DISCLOSURE AFFIDAVIT

For the purpose of obtaining the Business Cash Advance evidence by the Merchant Agreement of this same date herewith (the "Business Cash Advance") from Complete Business Solutions Group, Inc., the undersigned Seller/Merchant hereby makes the following statement under penalty of law:

**PLEASE SIGN OPTION ONE OR TWO**

**OPTION 1 – DISCLOSURE AND AUTHORIZATION FOR ADDITIONAL ACCOUNTS:**

The Seller/Merchant hereby declares that in addition to the designated for ACH debit, the Seller/Merchant also has the following additional account(s) which he authorizes us to use in the event we are unable to debit from the designated account:

Bank Name
Name on Account
Account Number
Routing Number
Fed ID number associated with this account
Name associated with this account
Phone number of person whose name is associated with this account

Bank Name
Name on Account
Account Number
Routing Number
Fed ID number associated with this account
Name associated with this account
Phone number of person whose name is associated with this account

Bank Name
Name on Account
Account Number
Routing Number
Fed ID number associated with this account
Name associated with this account
Phone number of person whose name is associated with this account

Bank Name
Name on Account
Account Number
Routing Number
Fed ID number associated with this account
Name associated with this account
Phone number of person whose name is associated with this account

**attach additional pages if necessary

Seller/Merchant Signature [DocuSigned by: YINGHUNIRIS CHEN] Dated 12/27/2018

Seller/Merchant Signature [DocuSigned by: SEAN WATTEN, 63ABABFC13D3435...] Dated 12/27/2018

**OPTION 2** - By signing below, the merchant swears, under penalty of law, that he has no accounts in any lending institution in addition to the one provided for ACH debit

Seller/Merchant Signature____________ Dated ____________

Seller/Merchant Signature____________ Dated ____________



*Merchant Initials* [DS: YIC] *Merchant Initials* [DS: SW] Case ID: 190509385

DocuSign Envelope ID: B535BE15-E765-473B-B114-7891A2BF20F5

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

## TRADE REFERENCES

Please provide a list of 3-5 professional references

1. **Name:** ____________________
   **Phone number:**____________ **Email Address:** ____________
2. 
   **Name:** ____________________
   **Phone number:**____________ **Email Address:** ____________
3. **Name:** ____________________
   **Phone number:**____________ **Email Address:** ____________
4. **Name:** ____________________
   **Phone number:**____________ **Email Address:** ____________
5. **Name:** ____________________
   **Phone number:**____________ **Email Address:** ____________

1.



*Merchant Initials* YIC *Merchant Initials* SW

Case ID: 190509385

DocuSign Envelope ID: B535BE15-E765-473B-B114-7891A2BF20F5

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**AUTHORIZATION TO RESUME ACH DEBITING FORM**

NAME OF SELLER/MERCHANT: ______________________________

INFORMATION (To be filled out by the customer)

I authorize Company (as shown above) to resume electronically debiting my bank account as detailed below, including a non-sufficient fund fee if applicable, until the debt to the company is paid in full.

Full Name on Account: ______________________________

Account #: ____________________ Routing #: ____________________

Account Type (select one): Checking ☐ Savings ☐

Account Class (select one): Consumer Account ☐ Business Account ☐

Payment amount: __________ Number of Payments: __________

Date of next payment: __________ Frequency of payments: __________

I understand that I may cancel this authorization by contacting the company at least five (5) business days prior to the payment due date. I further understand that canceling my ACH authorizations does not relieve me of the responsibility of paying my account in full, and that if I cancel or revoke this authorization before the debt is paid in full, the Company may take additional actions including legal actions to secure the debt.

Customer signature: DocuSigned by: YINGYIN IRIS CHEN 031B97DAA7004FD... Date: 12/27/2018

Customer Printed Name: ______________________________

Customer contact Telephone #: ______________________________

Customer signature: DocuSigned by: SEAN WHALEN 83ABABFC13D3435... Date: 12/27/2018

Customer Printed Name: ______________________________

Customer contact Telephone #: ______________________________

 *Merchant Initials* DS YIC *Merchant Initials* DS SW Case ID: 190509385

DocuSign Envelope ID: B535BE15-E765-473B-B114-7891A2BF20F5

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

Dear Client,

Thank you for accepting this offer from Complete Business Solutions Group D/b/a Par Funding. We look forward to being your factoring partner for as long as you need.

Daily ACH Program:

Complete Business Solutions Group will require viewing access to your bank account prior to funding as part of our underwriting process, as well as during the time you have a balance with our company.

Please be assured that we carefully safeguard your confidential information and only essential top level personnel will have access to it.

Please fill out the form below with the information necessary to access your account.

**Be sure to indicate capital or lower case letters.

NAME OF BANK; ______________________________

BANK PORTAL WEBSITE: ______________________________

USERNAME: ______________________________

PASSWORD: ______________________________

SECURITY QUESTION/ANSWER 1: ______________________________

SECURITY QUESTION/ANSWER 2: ______________________________

SECURITY QUESTION/ANSWER 3: ______________________________

ANY OTHER INFORMATION NECESSARY TO ACCESS YOUR ACCOUNTS:



*Merchant Initials* DS YIC *Merchant Initials* DS SW

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**APPENDIX A: THE FEE STRUCTURE**

1. Origination Fee: $4,995.00 to cover underwriting and related expenses

2. ACH Program Fee - $WAIVED - The ACH program is labor intensive and is not an automated process, requiring us to charge this fee to cover related costs;

3. NSF Fee - $75.00 (each) - Up to FOUR TIMES ONLY before a default is declared;

4. Rejected ACH - $100.00 – If a merchant directs the bank to reject our debit ACH;

5. Bank Change Fee - $50.00 – If a merchant requires a change of account to be debited requiring us to adjust our system;

6. Blocked Account - $250.00 – If a merchant blocks CBSG's ACH debit of the Account, bounces more than 4 debits of the Account or simultaneously uses multiple bank accounts or credit-card processors to process its receipts;

7. Default Fee - $500.00 default fee – If a merchant changes bank accounts or switches to another credit card processor without CBSG's consent, or commits another default pursuant to the Agreement;

8. 3rd Party Intermediary Fee – $4,000.00 deposit toward reasonable related expenses incurred by PURCHASER. If PURCHASER receives a communication from a 3rd party debt relief/renegotiator entity or individual which has been retained by Merchant and which contacts PURCHASER on Merchant's behalf seeking to redirect communication (related to the obligations contained in this Agreement) to itself/themselves and away from Merchant. This fee shall be used to covers Purchaser's reasonable expenses in retaining counsel or other parties to handle this additional administration required by this retention of the intermediary by PURCHASER. Any portion of the fee that is not used by PURCHASER for this purpose shall be returned to Merchant at the conclusion of this Factoring Agreement or related legal action.

9. Collections Expense – In the event of default, Seller / Merchant shall be responsible for all reasonable costs of collections, including, but not limited to, counsel fees, filing fees and any other fees which may be incurred.

10. Miscellaneous Service Fees – Merchant shall pay certain fees for services related to the origination and maintenance of accounts. Each Merchant shall receive their funding electronically to their designated bank account and will be charged $WAIVED for a Fed Wire. The current charge for the underwriting, UCC, ACH Program and origination of each Merchant will be paid from the funded amount. Merchant will be charged $100.00 for every additional change of their operating bank account once they are active with CBSG. Additional copies of prior monthly statements will incur a fee of $10.00 each.

11. Notary Fee - $99.00 to cover online notary expenses;

12. Risk Assessment Fee - $WAIVED

13. UCC Fee – $WAIVED

Merchant Signature: DocuSigned by: YINGYIN IRIS CHEN 031B97DAA7004ED... Name: ____________

Merchant Signature: DocuSigned by: YINGYIN IRIS CHEN 031B97DAA7004ED... Name: ____________

Merchant Signature: DocuSigned by: SEAN WHALEN 63ABABFC13D3435... Name: ____________

Merchant Signature: DocuSigned by: SEAN WHALEN 63ABABFC13D3435... Name: ____________

*CBSG/nmv 9/14.2018 Agreement*

*Merchant Initials* DS YIC *Merchant Initials* DS SW



Case ID: 190509385

DocuSign Envelope ID: B535BE15-E765-473B-B114-7891A2BF20F5

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**MANDATORY JOINT AFFIDAVIT OF CONFESSION OF JUDGEMENT**

INSTRUCTIONS:

SIGN AND NOTARIZE THIS SECTION OF THE AGREEMENT, SEND THE ORIGINAL COPY TO:

PAR FUNDING
22 N 3RD STREET
PHILADELPHIA, PA 19106

C/O UNDERWRITING



*Merchant Initials* DS YIC *Merchant Initials* DS SW

Case ID: 190509385

DocuSign Envelope ID: B535BE15-E765-473B-B114-7891A2BF20F5

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF WESTCHESTER**

| | |
|---|---|
| NEW YORK UNITY FACTOR, LLC<br><br>Plaintiff,<br><br>-against-<br><br>FLEXOGENIX GROUP INC D/B/A FLEXOGENIX NORTH CAROLINA, PC D/B/A FLEXOGENIX GEORGIA, PC D/B/A FLEXOGENIX, INC D/B/A FLEXOGENIX PC and YINGYIN IRIS CHEN,<br><br>Defendant(s) | Index No.<br><br>**AFFIDAVIT OF CONFESSION OF JUDGMENT** |

STATE OF ______ )
) ss.:
COUNTY OF ______ )

YINGYIN IRIS CHEN, being duly sworn, deposes and says:

1. I am a principal, owner, and an officer of FLEXOGENIX GROUP INC D/B/A FLEXOGENIX NORTH CAROLINA, PC D/B/A FLEXOGENIX GEORGIA, PC D/B/A FLEXOGENIX, INC D/B/A FLEXOGENIX PC ("Merchant Defendant"), a CORPORATION located at 1000 S HOPE STREET STE 103, LOS ANGELES, CA 90015, in the County of ______, and as such, I have the authority to act on behalf of Merchant Defendant.

2. I reside at 705 W 9TH STREET #3404, LOS ANGELES, CA 90015, in the County of ______.

3. I, individually, and on behalf of Merchant Defendant consent to the jurisdiction of this Court.

4. Merchant Defendant hereby confesses judgment and authorizes entry of judgment in favor of Plaintiff and against Defendants in the Federal District Court for the , Court of Common Jurisdiction for the County of Westchester in the State of New York the sum of $700,000.00 less any payments timely made pursuant

DocuSign Envelope ID: B535BE15-E765-473B-B114-7891A2BF20F5

CBSG
22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

to the secured Merchant Agreement dated DECEMBER 17, 2018, plus legal fees to Plaintiff calculated at ten percent (10%) of the total of the aforesaid sums, costs, expenses and disbursements and interest at the rate of 9% per annum from the date of default, or the highest amount allowed by law, whichever is greater. Such amount shall be set forth in an affidavit to be executed by Plaintiff or an affirmation by Plaintiff's attorney, which shall be attached hereto at the time of entry of this Affidavit of Confession of Judgment.

5. In addition, I hereby confess judgment, individually and personally, jointly and severely, and authorize entry of judgment in favor of Plaintiff and against myself in the Federal District Court for the ____________ Court of Common Jurisdiction for the County of Westchester in the State of New York,against me personally in the sum of $700,000.00 less any payments timely made pursuant to the Merchant Agreement dated DECEMBER 17, 2018, plus legal fees to Plaintiff calculated at ten percent (10%) of the total of the aforesaid sums, costs, expenses and disbursements and interest at the rate of 9% per annum from the date of default, or the highest rate allowed by law, whichever is greater. Such amount shall be set forth in an affidavit to be executed by Plaintiff or an affirmation by Plaintiff's attorney, which shall be attached hereto at the time of entry of this Confession of Judgment.

6. This confession of judgment is for a debt due to Plaintiff arising from Defendants' failure to pay to Plaintiff, Merchant Defendant's accounts-receivable, which were purchased by Plaintiff pursuant to the secured Merchant Agreement dated DECEMBER 17, 2018, and for Defendants' breach of the secured Merchant Agreement, plus agreed-upon interest, reasonable attorneys' fees, costs and disbursements, as agreed-upon by Merchant Defendant and myself, under the secured Merchant Agreement, dated DECEMBER 17, 2018, of which supporting documents include a Personal Guarantee and a UCC-1 financing statement(s).



*Merchant Initials* DS YIC *Merchant Initials* DS SW

Case ID: 190509385

DocuSign Envelope ID: B535BE15-E765-473B-B114-7891A2BF20F5

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

7. Merchant Defendant and I hereby agree that the execution and delivery of this Affidavit of Confession of Judgment and any entry of judgment thereon shall be without prejudice to any and all rights of Plaintiff, who reserves all of its rights and remedies against Defendants.

8. If for any reason entry of judgment in the above specified amount or execution on the same is outside the jurisdiction of this Court, Merchant Defendant and I hereby consent to the personal jurisdiction, entry of judgment, and execution thereon in any State or Federal Court of the United States of America.

9. I have been authorized by Merchant Defendant to sign this Affidavit of Confession of Judgment on this ____ day of ______________, 2018.

By:______________________________
YINGYIN IRIS CHEN, individually, and on behalf of FLEXOGENIX GROUP INC D/B/A FLEXOGENIX NORTH CAROLINA, PC D/B/A FLEXOGENIX GEORGIA, PC D/B/A FLEXOGENIX, INC D/B/A FLEXOGENIX PC

Sworn to before me this
____ day of ______________, 2018.

______________________________
Notary Public

 Merchant Initials YIC Merchant Initials SW Case ID: 190509385

DocuSign Envelope ID: B535BE15-E765-473B-B114-7891A2BF20F5

CBSG

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF WESTCHESTER**

| | |
|---|---|
| NEW YORK UNITY FACTOR, LLC<br><br>Plaintiff,<br><br>-against-<br><br>FLEXOGENIX GROUP INC D/B/A FLEXOGENIX NORTH CAROLINA, PC D/B/A FLEXOGENIX GEORGIA, PC D/B/A FLEXOGENIX, INC D/B/A FLEXOGENIX PC and SEAN WHALEN,<br><br>Defendant(s) | Index No.<br><br>**AFFIDAVIT OF CONFESSION OF JUDGMENT** |

STATE OF ____________ )
) ss.:
COUNTY OF ____________ )

SEAN WHALEN, being duly sworn, deposes and says:

1. I am a principal, owner, and an officer of FLEXOGENIX GROUP INC D/B/A FLEXOGENIX NORTH CAROLINA, PC D/B/A FLEXOGENIX GEORGIA, PC D/B/A FLEXOGENIX, INC D/B/A FLEXOGENIX PC ("Merchant Defendant"), a CORPORATION located at 1000 S HOPE STREET STE 103, LOS ANGELES, CA 90015, in the County of ____________, and as such, I have the authority to act on behalf of Merchant Defendant.

2. I reside at 705 W 9TH STREET #3404, LOS ANGELES, CA 90015, in the County of ____________.

3. I, individually, and on behalf of Merchant Defendant consent to the jurisdiction of this Court.

4. Merchant Defendant hereby confesses judgment and authorizes entry of judgment in favor of Plaintiff and against Defendants in the Federal District Court for the ____________, Court of Common Jurisdiction for

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

the County of Westchester in the State of New York the sum of $700,000.00 less any payments timely made pursuant to the secured Merchant Agreement dated DECEMBER 17, 2018, plus legal fees to Plaintiff calculated at ten percent (10%) of the total of the aforesaid sums, costs, expenses and disbursements and interest at the rate of 9% per annum from the date of default, or the highest amount allowed by law, whichever is greater. Such amount shall be set forth in an affidavit to be executed by Plaintiff or an affirmation by Plaintiff's attorney, which shall be attached hereto at the time of entry of this Affidavit of Confession of Judgment.

5. In addition, I hereby confess judgment, individually and personally, jointly and severely, and authorize entry of judgment in favor of Plaintiff and against myself in the Federal District Court for the ____________ Court of Common Jurisdiction for the County of Westchester in the State of New York,against me personally in the sum of $700,000.00 less any payments timely made pursuant to the Merchant Agreement dated DECEMBER 17, 2018, plus legal fees to Plaintiff calculated at ten percent (10%) of the total of the aforesaid sums, costs, expenses and disbursements and interest at the rate of 9% per annum from the date of default, or the highest rate allowed by law, whichever is greater. Such amount shall be set forth in an affidavit to be executed by Plaintiff or an affirmation by Plaintiff's attorney, which shall be attached hereto at the time of entry of this Confession of Judgment.

6. This confession of judgment is for a debt due to Plaintiff arising from Defendants' failure to pay to Plaintiff, Merchant Defendant's accounts-receivable, which were purchased by Plaintiff pursuant to the secured Merchant Agreement dated DECEMBER 17, 2018, and for Defendants' breach of the secured Merchant Agreement, plus agreed-upon interest, reasonable attorneys' fees, costs and disbursements, as agreed-upon by Merchant Defendant and myself, under the secured Merchant Agreement, dated DECEMBER 17, 2018, of which supporting documents include a Personal Guarantee and a UCC-1 financing statement(s).

 *Merchant Initials* DS YIC ______ *Merchant Initials* DS SW ______ Case ID: 190509385

DocuSign Envelope ID: B535BE15-E765-473B-B114-7891A2BF20F5

CBSG

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

7. Merchant Defendant and I hereby agree that the execution and delivery of this Affidavit of Confession of Judgment and any entry of judgment thereon shall be without prejudice to any and all rights of Plaintiff, who reserves all of its rights and remedies against Defendants.

8. If for any reason entry of judgment in the above specified amount or execution on the same is outside the jurisdiction of this Court, Merchant Defendant and I hereby consent to the personal jurisdiction, entry of judgment, and execution thereon in any State or Federal Court of the United States of America.

9. I have been authorized by Merchant Defendant to sign this Affidavit of Confession of Judgment on this ____ day of ______________, 2018.

By:______________________________
SEAN WHALEN, individually, and on behalf of
FLEXOGENIX GROUP INC D/B/A FLEXOGENIX
NORTH CAROLINA, PC D/B/A FLEXOGENIX
GEORGIA, PC D/B/A FLEXOGENIX, INC D/B/A
FLEXOGENIX PC

Sworn to before me this
____ day of ______________, 2018.

________________________
Notary Public



Merchant Initials DS YIC Merchant Initials DS SW Case ID: 190509385

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

DECEMBER 17, 2018

Attn: Court Orders & Levies Dept.

Re: *FLEXOGENIX GROUP INC, et al.*
Supreme Court of the State of New York, Richmond County Index No.
***Information Subpoena and Restraining Notice* - RELEASE**

Complete Business Solutions Group, Inc. d/b/a Par Funding ("Funder"), Plaintiff/Judgment Creditor, and YINGYIN IRIS CHEN ("YINGYIN") and FLEXOGENIX GROUP INC ("FLEXOGENIX NORTH CAROLINA, PC D/B/A FLEXOGENIX GEORGIA, PC D/B/A FLEXOGENIX, INC D/B/A FLEXOGENIX PC"), Defendants/Judgment Debtors (collectively, "the Parties"), hereby authorize , N.A. and/or related entities (collectively, " ,N.A.") to release ($________) (the "Release Amount") from the funds currently held in reserve per the Information Subpoena with Restraining Notice ("IS/RN"), payable as follows:

| **Via check** | **Via wire to:** |
|---|---|
| | |

FLEXOGENIX NORTH CAROLINA, PC D/B/A FLEXOGENIX GEORGIA, PC D/B/A FLEXOGENIX, INC D/B/A FLEXOGENIX PC and YINGYIN agree to indemnify and hold harmless , N.A. and its officers, directors, agents and employees from and against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from this release and/or the IS/RN. Upon tender of the Release Amount, Funder consents to the immediate **RELEASE** of the remainder and/or account(s) being held on reserve to FLEXOGENIX NORTH CAROLINA, PC D/B/A FLEXOGENIX GEORGIA, PC D/B/A FLEXOGENIX, INC D/B/A FLEXOGENIX PC, YINGYIN, and/or its/their principals, agents, heirs and assigns.

10. AGREED AND ACCEPTED:

By:____________________
YINGYIN IRIS CHEN____(Name)
Owner/Manager/Agent________(Title)
individually, and on behalf of *FLEXOGENIX GROUP INC*

By:________________________
Norman M. Valz, Esq.
*Attorney for Plaintiff/Judgment Creditor, NEW YORK UNITY FACTOR LLC and*
Complete Business Solutions Group, Inc.
205 Arch Street – 2nd Floor

DocuSign Envelope ID: B535BE15-E765-473B-B114-7891A2BF20F5

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

Philadelphia, PA 19106 (215) (tel.)

State of________________________)
) ss:
County of_______________________)

On the______day of___________________________, in the year 2018, before me, the undersigned Notary Public in and for said state, personally appeared YINGYIN IRIS CHEN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she/he executed the same in her/his capacity, and that by her/his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

____________________________________

NOTARY PUBLIC

 *Merchant Initials* DS YIC ______ *Merchant Initials* DS SW ______ Case ID: 190509385

DocuSign Envelope ID: B535BE15-E765-473B-B114-7891A2BF20F5

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

DECEMBER 17, 2018

Attn: Court Orders & Levies Dept.

Re: *FLEXOGENIX GROUP INC, et al.*
Supreme Court of the State of New York, Richmond County Index No.
***Information Subpoena and Restraining Notice* - RELEASE**

Complete Business Solutions Group, Inc. d/b/a Par Funding ("Funder"), Plaintiff/Judgment Creditor, and SEAN WHALEN ("SEAN") and FLEXOGENIX GROUP INC ("FLEXOGENIX NORTH CAROLINA, PC D/B/A FLEXOGENIX GEORGIA, PC D/B/A FLEXOGENIX, INC D/B/A FLEXOGENIX PC"), Defendants/Judgment Debtors (collectively, "the Parties"), hereby authorize , N.A. and/or related entities (collectively, " ,N.A.") to release (**$**__________) (the "Release Amount") from the funds currently held in reserve per the Information Subpoena with Restraining Notice ("IS/RN"), payable as follows:

**Via check** | **Via wire** to:

FLEXOGENIX NORTH CAROLINA, PC D/B/A FLEXOGENIX GEORGIA, PC D/B/A FLEXOGENIX, INC D/B/A FLEXOGENIX PC and SEAN agree to indemnify and hold harmless , N.A. and its officers, directors, agents and employees from and against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from this release and/or the IS/RN. Upon tender of the Release Amount, Funder consents to the immediate **RELEASE** of the remainder and/or account(s) being held on reserve to FLEXOGENIX NORTH CAROLINA, PC D/B/A FLEXOGENIX GEORGIA, PC D/B/A FLEXOGENIX, INC D/B/A FLEXOGENIX PC, SEAN, and/or its/their principals, agents, heirs and assigns.

11. AGREED AND ACCEPTED:

By:__________________
SEAN WHALEN (Name)
Owner/Manager/Agent (Title)
individually, and on behalf of *FLEXOGENIX GROUP INC*

By:__________________
Norman M. Valz, Esq.
*Attorney for Plaintiff/Judgment Creditor, NEW YORK UNITY FACTOR LLC and*
Complete Business Solutions Group, Inc.
[illegible]5 Arch Street – 2nd Floor

 *Merchant Initials* ____ *Merchant Initials* ____ Case ID: 190509385

DocuSign Envelope ID: B535BE15-E765-473B-B114-7891A2BF20F5

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

Philadelphia, PA 19106 (215) (tel.)

State of__________________________) County of____)

) ss:

On the______day of__________________________, in the year 2018, before me, the undersigned Notary Public in and for said state, personally appeared YINGYIN IRIS CHEN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she/he executed the same in her/his capacity, and that by her/his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

____________________________________
NOTARY PUBLIC

 *Merchant Initials* DS YIC *Merchant Initials* DS SW Case ID: 190509385

DocuSign Envelope ID: B535BE15-E765-473B-B114-7891A2BF20F5

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

FLEXOGENIX GROUP INC and YINGYIN IRIS CHEN

1000 S HOPE STREET STE 103, LOS ANGELES, CA 90015

DECEMBER 17, 2018

**NOTICE OF SALE, ASSIGNMENT, and TRANSFER**

Dear ____________________:

This letter is to notify you that on DECEMBER 17, 2018, YINGYIN IRIS CHEN entered into a Factoring Agreement (the "Agreement") with Complete Business Solutions Group, Inc. d/b/a Par Funding ("CBSG"). Under the terms of the Agreement, YINGYIN IRIS CHEN sold, assigned, and transferred to CBSG all of YINGYIN IRIS CHEN's right, title, and interest in and to YINGYIN IRIS CHEN's future receipts, accounts, and contract rights arising from or relating to the payment of monies payable from you to YINGYIN IRIS CHEN (collectively, the "Receivables"). As such, CBSG is the absolute owner of the Receivables, and YINGYIN IRIS CHEN no longer has any right, title, or interest in or to The Receivables.

CBSG's is the absolute owner of the Receivables regardless of any Uniform Commercial Code financing statement that may have been filed by CBSG or any other entity with respect to the Receivables.

CBSG may provide you with a copy of this signed letter as proof of YINGYIN IRIS CHEN's sale, assignment, and transfer of the Receivables to CBSG and of CBSG's absolute ownership of the Receivables. Upon your receipt of a copy of this letter from CBSG, you are authorized to deliver to CBSG Receivables due from you to Merchant Name (absent the sale, assignment, and transfer made under the Agreement) in the amount indicated by CBSG.

The undersigned represents that he/she is authorized to sign this letter on behalf of YINGYIN IRIS CHEN and to bind YINGYIN IRIS CHEN.

Very truly yours,

Sworn and subscribed to before me

______________________________
Signature

this ______ day of __________, ______.

______________________________
Printed Name

______________________________
Notary Public

______________________________
Title

cc: Compete Business Solutions Group, Inc.

DS YIC Merchant Initials ________ DS SW Merchant Initials ________ Case ID: 190509385

DocuSign Envelope ID: B535BE15-E765-473B-B114-789 1A2BF20F5

CBSG COMPLETE BUSINESS SOLUTIONS GROUP

22 N 3RD Street Philadelphia, Pennsylvania 19106
Phone: 215-922-2636 Fax: 888-305-7562

FLEXOGENIX GROUP INC and SEAN WHALEN

1000 S HOPE STREET STE 103, LOS ANGELES, CA 90015

DECEMBER 17, 2018

**NOTICE OF SALE, ASSIGNMENT, and TRANSFER**

Dear ____________________:

This letter is to notify you that on DECEMBER 17, 2018, SEAN WHALEN entered into a Factoring Agreement (the "Agreement") with Complete Business Solutions Group, Inc. d/b/a Par Funding ("CBSG"). Under the terms of the Agreement, SEAN WHALEN sold, assigned, and transferred to CBSG all of SEAN WHALEN's right, title, and interest in and to SEAN WHALEN's future receipts, accounts, and contract rights arising from or relating to the payment of monies payable from you to SEAN WHALEN (collectively, the "Receivables"). As such, CBSG is the absolute owner of the Receivables, and SEAN WHALEN no longer has any right, title, or interest in or to The Receivables.

CBSG's is the absolute owner of the Receivables regardless of any Uniform Commercial Code financing statement that may have been filed by CBSG or any other entity with respect to the Receivables.

CBSG may provide you with a copy of this signed letter as proof of SEAN WHALEN's sale, assignment, and transfer of the Receivables to CBSG and of CBSG's absolute ownership of the Receivables. Upon your receipt of a copy of this letter from CBSG, you are authorized to deliver to CBSG Receivables due from you to Merchant Name (absent the sale, assignment, and transfer made under the Agreement) in the amount indicated by CBSG.

The undersigned represents that he/she is authorized to sign this letter on behalf of SEAN WHALEN and to bind SEAN WHALEN.

Very truly yours,

Sworn and subscribed to before me

______________________________
Signature

this ______ day of __________, _____.

______________________________
Printed Name

______________________________
Notary Public

______________________________
Title

cc: Compete Business Solutions Group, Inc.



Merchant Initials DS YIC Merchant Initials DS SW Case ID: 190509385

# EXHIBIT B

B&R Services for Professionals Inc.
235 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169

NAPPS National Association of Professional Process Servers

Complete Business Solutions Group, Inc. : COURT Court of Common Pleas of Pennsylvania Philadelphia

-VS-

Sean Whalen, et al : CASE NUMBER 190509385

Filed and Attested by the Office of Judicial Records 2019 09:46 am G. IMPERATO

State of California

County of Orange

CORRECTED
AFFIDAVIT

B&R Control # CS168729.02
Reference Number

SERVICE INFORMATION

On 11/12/2019,we received the
Complaint
For service upon:Yingyin Iris Chen
At 645 W. 9th Street, Apt. 730, Los Angeles, CA 90015

[X] Served Date 12/3/19 Time 12:47pm Accepted By: John Doe- Refused name- Security

In the manner described below.

[ ] Personally served.

[ ] Adult in charge of residence, relationship is

[ ] Adult in charge of residence who refused to give name and/or relationship. SEE ATTACHED

[ ] Manager/Clerk of place of residence lodging

[ ] Agent or person in charge of office or usual place of business

[X] Other John Doe - refused name - Security

Description of Person Age 30+ Height 5'7" Weight 140lbs Race Hispanic Sex M

Other

[ ] Not Served Date Time [ ] Moved [ ] Unknown [ ] No Answer [ ] Vacant

[ ] Other

The Process Server, being duly sworn, deposes and says that the facts set forth herein are true and correct to the best of their knowledge, information and belief.

Process Server/Sheriff
Robert Hall

Sworn to and subscribed before me this day of

Notary Public See attached

Client Phone (215) 422-3316

| Reinstated: | 10/01/2019 | Filed Date: | | BR Serve By: | 12/07/2019 |
|---|---|---|---|---|---|

Denise Devlin, Paralegal
Complete Business Solutions Group, Inc. d/b/a Par Funding
20 N. 3rd Street
Philadelphia, PA 19106

ORIGINAL

# AFFIDAVIT OF SERVICE

**Commonwealth of Pennsylvania** **County of Philadelphia**

Case Number: 190509385

Plaintiff:
**COMPLETE BUSINESS SOLUTIONS GROUP, INC.**

vs.

Defendant:
**SEAN WHALEN, ET AL.**

Received by B&R SERVICES FOR PROFESSIONALS INC. EE#306 to be served on **SEAN WHALEN, 645 W. 9TH ST, APT 730, LOS ANGELES, CA 90015**.

I, R. Hall, being duly sworn, depose and say that on the **3rd day of December, 2019** at **12:47 pm, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **CIVIL CASE COVER SHEET, COMPLAINT, AFFIDAVIT OF CONFESSION OF JUDGMENT** with the date and hour of service endorsed thereon by me, to: **JOHN DOE** as **SECURITY** at the address of: **645 W. 9TH ST, APT 730, LOS ANGELES, CA 90015**, who stated they are authorized to accept service for **SEAN WHALEN**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
11/22/2019 10:50 am Attempted Service. SECURED COMPLEX / SECURITY GRANTS ACCESS/ CALLED UNIT & THERE WAS NO ANSWER.
11/25/2019 6:31 pm Attempted Service. SECURITY CALLED UNIT, NO RESPONSE. ACCESS DENIED
11/29/2019 9:01 pm Attempted Service. SECURITY CALLED THE UNIT, NO RESPONSE. ACCESS DENIED
12/1/2019 8:01 pm Attempted Service. SECURITY CALLED UNIT, NO ANSWER. NO ACCESS. SECURITY WILL NOT CONFIRM IF THE ADDRESS IS GOOD FOR SUBJECT

**Description** of Person Served: Age: 30+, Sex: M, Race/Skin Color: HISPANIC, Height: 5'7", Weight: 190, Hair: BALD, Glasses: N

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of ORANGE

Subscribed and sworn to (or affirmed) before me on this 6 day of DECEMBER, 20 19, by ROBERT HALL

_______________________________,

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Tamara Alana Aguirre
COMM #2304658
Notary Public - California
ORANGE COUNTY
My Commission Expires Sept. 17, 2023

(Seal) Signature [signature]

B&R Services for Professionals Inc.
235 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169

NAPPS National Association of Professional Process Servers

Complete Business Solutions Group, Inc. : COURT Court of Common Pleas of Pennsylvania Philadelphia

-VS-

Sean Whalen, et al : CASE NUMBER 190509385

Filed and Attested by the Office of Judicial Records 2019 ... pm IMPERATO

State of California

County of Orange

# AFFIDAVIT

B&R Control # CS168729.01

Reference Number

**SERVICE INFORMATION**

On 11/12/2019,we received the
**Complaint**
For service upon:Sean Whalen
At 645 W. 9th Street, Apt. 730, Los Angeles, CA 90015

[X] **Served Date** 12/5/19 **Time** 12:47pm **Accepted By:** John Doe - refused name - Security
In the manner described below.
- [ ] Personally served.
- [ ] Adult in charge of residence, relationship is
- [ ] Adult in charge of residence who refused to give name and/or relationship.
- [ ] Manager/Clerk of place of residence lodging
- [ ] Agent or person in charge of office or usual place of business
- [X] Other John Doe - refused name - Security

**Description of Person** Age 30+ Height 5'7" Weight 190lbs Race Hispanic Sex M
Other

[ ] Not Served Date Time [ ] Moved [ ] Unknown [ ] No Answer [ ] Vacant

[ ] Other

The Process Server, being duly sworn, deposes and says that the facts set forth herein are true and correct to the best of their knowledge, information and belief.

Process Server/Sheriff
Robert Hall

Sworn to and subscribed before me this ___ day of ___

Notary Public See attached

Client Phone (215) 422-3316

**Reinstated:** 10/01/2019 **Filed Date:** **BR Serve By:** 12/07/2019

Denise Devlin, Paralegal
Complete Business Solutions Group, Inc. d/b/a Par Funding
20 N. 3rd Street
Philadelphia, PA 19106

ORIGINAL

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of ORANGE

Subscribed and sworn to (or affirmed) before me on this 6 day of DECEMBER, 20 19, by ROBERT HALL ,
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Tamara Alana Aguirre
COMM #2304658
Notary Public - California
ORANGE COUNTY
My Commission Expires Sept. 12, 2023

(Seal) Signature [signature]

B&R Services for Professionals Inc.
235 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169

NAPPS National Association of Professional Process Servers

Complete Business Solutions Group, Inc. : COURT Court of Common Pleas of Pennsylvania Philadelphia County

-VS-

Sean Whalen, et al : CASE NUMBER 190509385

Filed and Attested by the Office of Judicial Records 04 DEC 2019 04:10 pm D. IMPERATO

State of California

County of Orange

# AFFIDAVIT

B&R Control # CS168729.02

Reference Number

| SERVICE INFORMATION |
|---|
| On 11/12/2019,we received the<br>Complaint<br>For service upon:Yingyin Iris Chen<br>At 645 W. 9th Street, Apt. 730, Los Angeles, CA 90015 |

[X] Served Date 12/3/19 Time 12:47pm Accepted By: John Doe- Refused name- Security

In the manner described below.

- [ ] Personally served.
- [ ] Adult in charge of residence, relationship is ______
- [ ] Adult in charge of residence who refused to give name and/or relationship. ______
- [ ] Manager/Clerk of place of residence lodging ______
- [ ] Agent or person in charge of office or usual place of business ______
- [X] Other John Doe - refused name - Security

Description of Person Age 30+ Height 5'7" Weight 190lbs Race Hispanic Sex M

Other ______

[ ] Not Served Date ______ Time ______ [ ] Moved [ ] Unknown [ ] No Answer [ ] Vacant

[ ] Other ______

The Process Server, being duly sworn, deposes and says that the facts set forth herein are true and correct to the best of their knowledge, information and belief.

Process Server/Sheriff ______ [signature]
Robert Hall

Sworn to and subscribed before me this ______ day of ______

Notary Public See attached

Client Phone (215) 422-3316

Reinstated: 10/01/2019 Filed Date: ______ BR Serve By: 12/07/2019

Denise Devlin, Paralegal
Complete Business Solutions Group, Inc. d/b/a Par Funding
20 N. 3rd Street
Philadelphia, PA 19106

ORIGINAL

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of ORANGE

Subscribed and sworn to (or affirmed) before me on this 6 day of DECEMBER, 20 19, by ROBERT HALL

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Tamara Alana Aguirre
COMM #2304658
Notary Public - California
ORANGE COUNTY
My Commission Expires Sept. 12, 2023
AER1 AER1

(Seal) Signature [signature]

B&R Services for Professionals Inc.
235 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169

NAPPS National Association of Professional Process Servers

Complete Business Solutions Group, Inc. : COURT Court of Common Pleas of Pennsylvania Philadelphia County Civil

-VS-

Sean Whalen, et al : CASE NUMBER 190509385

Filed and Attested by the Office of Judicial Records 09 DEC 2019 09:46 am E. IMPERATO

State of California

County of Orange

CORRECTED
## AFFIDAVIT

B&R Control # CS168729.01
Reference Number

**SERVICE INFORMATION**

On 11/12/2019,we received the
Complaint
For service upon:Sean Whalen
At 645 W. 9th Street, Apt. 730, Los Angeles, CA 90015

[X] Served Date 12/3/19 Time 12:47pm Accepted By: John Doe - refused name - Security
In the manner described below.
[ ] Personally served.
[ ] Adult in charge of residence, relationship is ________
[ ] Adult in charge of residence who refused to give name and/or relationship. ________
[ ] Manager/Clerk of place of residence lodging ________
[ ] Agent or person in charge of office or usual place of business ________
[X] Other John Doe - refused name - Security

Description of Person Age 30+ Height 5'7" Weight 190lbs Race Hispanic Sex M
Other ________

[ ] Not Served Date ________ Time ________ [ ] Moved [ ] Unknown [ ] No Answer [ ] Vacant
[ ] Other ________ SEE ATTACHED

The Process Server, being duly sworn, deposes and says that the facts set forth herein are true and correct to the best of their knowledge, information and belief.

Process Server/Sheriff ________
Robert Hall

Sworn to and subscribed before me this ____ day of ________

Notary Public ________ See attached

Client Phone (215) 422-3316

| Reinstated: | 10/01/2019 | Filed Date: | | BR Serve By: | 12/07/2019 |
|---|---|---|---|---|---|

Denise Devlin, Paralegal
Complete Business Solutions Group, Inc. d/b/a Par Funding
20 N. 3rd Street
Philadelphia, PA 19106

ORIGINAL

# AFFIDAVIT OF SERVICE

**Commonwealth of Pennsylvania**

**County of Philadelphia**

Case Number: 190509385

Plaintiff:
**COMPLETE BUSINESS SOLUTIONS GROUP, INC.**

vs.

Defendant:
**SEAN WHALEN, ET AL.**

Received by B&R SERVICES FOR PROFESSIONALS INC. EE#306 to be served on **SEAN WHALEN, 645 W. 9TH ST, APT 730, LOS ANGELES, CA 90015**.

I, R. Hall, being duly sworn, depose and say that on the **3rd day of December, 2019 at 12:47 pm, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **CIVIL CASE COVER SHEET, COMPLAINT, AFFIDAVIT OF CONFESSION OF JUDGMENT** with the date and hour of service endorsed thereon by me, to: **JOHN DOE** as **SECURITY** at the address of: **645 W. 9TH ST, APT 730, LOS ANGELES, CA 90015**, who stated they are authorized to accept service for **SEAN WHALEN**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
11/22/2019 10:50 am Attempted Service. SECURED COMPLEX / SECURITY GRANTS ACCESS/ CALLED UNIT & THERE WAS NO ANSWER.
11/25/2019 6:31 pm Attempted Service. SECURITY CALLED UNIT, NO RESPONSE. ACCESS DENIED
11/29/2019 9:01 pm Attempted Service. SECURITY CALLED THE UNIT, NO RESPONSE. ACCESS DENIED
12/1/2019 8:01 pm Attempted Service. SECURITY CALLED UNIT, NO ANSWER. NO ACCESS. SECURITY WILL NOT CONFIRM IF THE ADDRESS IS GOOD FOR SUBJECT

**Description** of Person Served: Age: 30+, Sex: M, Race/Skin Color: HISPANIC, Height: 5'7", Weight: 190, Hair: BALD, Glasses: N

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of ORANGE

Subscribed and sworn to (or affirmed) before me on this 6 day of DECEMBER, 20 19, by ROBERT HALL

__________________________________________,

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Tamara Alana Aguirre
COMM #2304658
Notary Public - California
ORANGE COUNTY
My Commission Expires Sept. 12, 2023
AER1

(Seal) Signature [signature]

# EXHIBIT C

The Philadelphia Courts
Civil Docket Access

No Items in Cart LOGOUT

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 190509385 |
| **Case Caption:** | COMPLETE BUSINESS SOLUTIONS GROUP INC VS WHALEN |
| **Filing Date:** | Thursday , May 30th, 2019 |
| **Court:** | MAJOR NON JURY EXPEDITED |
| **Location:** | City Hall |
| **Jury:** | NON JURY |
| **Case Type:** | CONTRACTS (GOODS), ENFORCE |
| **Status:** | LISTED RULE RETURNABLE DATE |

## Related Cases

*No related cases were found.*

## Case Event Schedule

| Event | Date/Time | Room | Location | Judge |
|---|---|---|---|---|
| RULE RETURNABLE HRNG | 14-JAN-2020 09:30 AM | City Hall | CITY HALL COURTROOM 253 | SHIRDAN-HARRIS, LISETTE |

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | SMITH, BRIAN H |
| **Address:** | FIDELITY NATIONAL LAW GROUP 1515 MARKET STREET SUITE 1410 PHILADELPHIA PA | **Aliases:** | *none* | |

| | | | | |
|---|---|---|---|---|
| | 19102<br>(267)608-1732 | | | |
| | | | | |
| 2 | 1 | | PLAINTIFF | COMPLETE BUSINESS SOLUTIONS GROUP INC |
| **Address:** | 20 N 3RD ST<br>PHILADELPHIA PA<br>19106 | **Aliases:** | *none* | |
| | | | | |
| 3 | 7 | | DEFENDANT | WHALEN, SEAN |
| **Address:** | 705 W 9TH ST<br>#3404<br>DEL VALLE CA 90015 | **Aliases:** | *none* | |
| | | | | |
| 4 | 7 | | DEFENDANT | CHEN, YINGYIN IRIS |
| **Address:** | 705 W 9TH ST<br>#3403<br>DEL VALLE CA 90015 | **Aliases:** | *none* | |
| | | | | |
| 5 | | | TEAM LEADER | SHIRDAN-HARRIS, LISETTE |
| **Address:** | 692 CITY HALL<br>PHILADELPHIA PA<br>19107 | **Aliases:** | *none* | |
| | | | | |
| 6 | 1 | | ATTORNEY FOR PLAINTIFF | HARTLEY, JOHN P |
| **Address:** | PAR FUNDING<br>20 N 3RD ST<br>PHILADELPHIA PA<br>19106<br>(215)922-2636 | **Aliases:** | *none* | |
| | | | | |
| 7 | | | ATTORNEY FOR DEFENDANT | HESKIN ESQ, SHANE R |
| **Address:** | | **Aliases:** | *none* | |

| | | | |
|---|---|---|---|
| | WHITE&WILLIAMS LLP<br>1650 MARKET STREET<br>ONE LIBERTY PLACE, SUITE 1800<br>PHILADELPHIA PA 19103<br>(215)864-6329 | | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 30-MAY-2019 02:09 PM | ACTIVE CASE | | | 02-JUN-2019 02:10 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 30-MAY-2019 02:10 PM | COMMENCEMENT OF CIVIL ACTION | SMITH, BRIAN H | | 02-JUN-2019 12:00 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 30-MAY-2019 02:10 PM | COMPLAINT FILED NOTICE GIVEN | SMITH, BRIAN H | | 02-JUN-2019 12:00 AM |
| **Documents:** | CMPLC_3_001.pdf<br>CMPLC_3_002.pdf<br>CMPLC_3_003.pdf | | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |
| | | | | |
| 30-MAY-2019 02:10 PM | WAITING TO LIST CASE MGMT CONF | SMITH, BRIAN H | | 02-JUN-2019 12:00 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 01-JUL-2019 04:38 PM | ATTEMPTED SERVICE - NOT FOUND | | | 11-JUL-2019 11:16 AM |

| | | | | |
|---|---|---|---|---|
| **Documents:** | 163195.01_AFFIDAVIT_39CFC4A8-B7C5-424E-B1D7-282D9E5FCE8E.pdf | | | |
| **Docket Entry:** | SEAN WHALEN NOT FOUND ON 06/11/2019. | | | |
| | | | | |
| 30-JUL-2019 05:49 PM | LISTED FOR CASE MGMT CONF | | | 30-JUL-2019 05:49 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 01-AUG-2019 12:30 AM | NOTICE GIVEN | | | 01-AUG-2019 12:30 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 01-AUG-2019 03:32 PM | PRAECIPE TO REINSTATE CMPLT | SMITH, BRIAN H | | 01-AUG-2019 03:32 PM |
| **Documents:** | Praecipe to Reinstate Complaint.pdf<br>Filed Complaint.pdf<br>CMREI_8_002.pdf | | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 REINSTATED. (FILED ON BEHALF OF COMPLETE BUSINESS SOLUTIONS GROUP, INC.) | | | |
| | | | | |
| 30-AUG-2019 08:33 AM | ATTEMPTED SERVICE - NOT FOUND | | | 30-AUG-2019 11:06 AM |
| **Documents:** | 165413.01.pdf<br>165413.02.pdf | | | |
| **Docket Entry:** | YINGYIN IRIS CHEN AND SEAN WHALEN NOT FOUND ON 08/22/2019. | | | |
| | | | | |
| 03-SEP-2019 03:29 PM | PLF CONTINUANCE REQ APPROVED | LAWLOR, BRIAN | | 03-SEP-2019 03:30 PM |
| **Docket Entry:** | APLF TO SERVE COMPLAINT. | | | |
| | | | | |
| | | | | |

| | | | | |
|---|---|---|---|---|
| 03-SEP-2019 03:30 PM | LISTED FOR CASE MGMT CONF | | | 03-SEP-2019 03:30 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 03-SEP-2019 03:30 PM | NOTICE GIVEN | | | 03-SEP-2019 03:30 PM |
| **Documents:** | CLNGV_12.pdf | | | |
| **Docket Entry:** | THE CASE MANAGEMENT CONFERENCE FOR THE ABOVE CAPTIONED MATTER HAS BEEN RESCHEDULED FOR Tuesday, October 22, 2019, AT 03:00 PM, IN Case Management Center, Rm 613, CITY HALL. NO FURTHER CONTINUANCES WILL BE GRANTED ABSENT EXIGENT CRCUMSTANCES. COUNSEL FOR PLAINTIFF IS DIRECTED TO SERVE A COPY OF THIS NOTICE ON ANY UNREPRESENTED PARTY AND ANY ATTORNEY ENTERING AN APPEARANCE SUBSEQUENT TO THE ISSUANCE OF THIS NOTICE. COUNSEL MUST BE PREPARED TO ADDRESS ALL RELEVANT ISSUES. IF THE CASE SETTLED PRIOR TO THE CONFERENCE, ELECTRONICALLY FILE A SETTLEMENT LETTER. TO FILE THE LETTER ELECTRONICALLY, ACCESS THE "EXISTING CASE" SECTION OF THE COURT'S ELECTRONIC FILING SYSTEM. SELECT "CONFERENCE SUBMISSIONS" AS THE FILING CATEGORY. SELECT "SETTLEMENT LETTER" AS THE DOCUMENT TYPE. QUESTIONS CONCERNING THIS NOTICE AND ITS CONTENTS SHALL BE REFERRED TO 215-686-3710. | | | |
| | | | | |
| 03-SEP-2019 03:30 PM | NOTICE GIVEN UNDER RULE 236 | | | 04-SEP-2019 01:00 PM |
| **Docket Entry:** | NOTICE GIVEN ON 04-SEP-2019 OF NOTICE GIVEN ENTERED ON 03-SEP-2019. | | | |
| | | | | |
| 05-SEP-2019 12:30 AM | NOTICE GIVEN | | | 05-SEP-2019 12:30 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 01-OCT-2019 04:38 PM | PRAECIPE TO REINSTATE CMPLT | SMITH, BRIAN H | | 01-OCT-2019 04:40 PM |
| **Documents:** | Praecipe to Reinstate Complaint 10-1-19.pdf<br>Filed Reinstated Complaint 8-1-19 - without exhibits.pdf | | | |
| | | | | |

| | | | | |
|---|---|---|---|---|
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 REINSTATED. (FILED ON BEHALF OF COMPLETE BUSINESS SOLUTIONS GROUP INC) | | | |
| | | | | |
| 02-OCT-2019 01:13 PM | NOTICE GIVEN | | | 02-OCT-2019 12:00 AM |
| **Documents:** | CLNGV_16.pdf | | | |
| **Docket Entry:** | PLEASE NOTE: ON THIS DATE, UPON NOTICE FROM FILING ATTORNEY, A REDACTED VERSION OF EXHIBIT A ATTACHED TO THE COMPLAINT FILED ON 5-30-19 AND THE REINSTATED COMPLAINT FILED 8-1-19 HAS BEEN ADDED TO THE RECORD AND THE UN-REDACTED VERSIONS OF EACH HAVE BEEN SECURED FROM PUBLIC VIEW AS THE DOCUMENTS CONTAINED CONFIDENTIAL INFORMATION PURSUANT THE UJS PUBLIC ACCESS POLICY. ...SJW-OJR | | | |
| | | | | |
| 22-OCT-2019 03:44 PM | WAITING TO LIST RULE DATE | ITALIANO, THERESA | | 22-OCT-2019 03:45 PM |
| **Docket Entry:** | PLAINTIFF TO EFFECT SERVICE | | | |
| | | | | |
| 24-OCT-2019 04:28 PM | ATTEMPTED SERVICE - NOT FOUND | | | 24-OCT-2019 04:30 PM |
| **Documents:** | 167430.01.pdf<br>167430.02.pdf | | | |
| **Docket Entry:** | YINGYIN IRIS CHEN AND SEAN WHALEN NOT FOUND ON 10/19/2019. | | | |
| | | | | |
| 01-NOV-2019 10:01 AM | ATTEMPTED SERVICE - NOT FOUND | | | 01-NOV-2019 10:09 AM |
| **Documents:** | 167430.03_AFFIDAVIT_D5150DAC-C5CC-4D44-911F-98B0FD1B4198.pdf<br>167430.04_AFFIDAVIT_2B842316-EE11-4A4C-809B-00E3D02B1D01.pdf | | | |
| **Docket Entry:** | YINGYIN IRIS CHEN AND SEAN WHALEN NOT FOUND ON 10/19/2019. | | | |
| | | | | |
| 08-NOV-2019 12:49 PM | LISTED RULE RETURNABLE DATE | | | 08-NOV-2019 12:49 PM |

| | | | | |
|---|---|---|---|---|
| **Docket Entry:** | RULE HEARING JANUARY 14, 2020 AT 9:30 IN COURTROOM 253, CITY HALL, PHILA., PA. | | | |
| | | | | |
| 08-NOV-2019 01:26 PM | ENTRY OF APPEARANCE | HARTLEY, JOHN P | | 08-NOV-2019 01:29 PM |
| **Documents:** | Entry of Appearance - JHartley 11-8-19.pdf | | | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF JOHN P HARTLEY FILED. (FILED ON BEHALF OF COMPLETE BUSINESS SOLUTIONS GROUP INC) | | | |
| | | | | |
| 12-NOV-2019 12:30 AM | NOTICE GIVEN | | | 12-NOV-2019 12:30 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 06-DEC-2019 04:10 PM | AFFIDAVIT OF SERVICE FILED | | | 06-DEC-2019 04:11 PM |
| **Documents:** | 168729.01.pdf<br>168729.02.pdf | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON YINGYIN IRIS CHEN AND SEAN WHALEN BY PERSONAL SERVICE ON 12/03/2019 FILED. | | | |
| | | | | |
| 09-DEC-2019 07:46 AM | AFFIDAVIT OF SERVICE FILED | | | 09-DEC-2019 09:11 AM |
| **Documents:** | 168729.01.pdf<br>168729.02.pdf | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON YINGYIN IRIS CHEN AND SEAN WHALEN BY PERSONAL SERVICE ON 12/03/2019 FILED. | | | |
| | | | | |
| 30-DEC-2019 11:00 AM | ENTRY OF APPEARANCE | HESKIN ESQ, SHANE R | | 30-DEC-2019 11:02 AM |
| **Documents:** | Complete Business Solutions v Whalen Heskin Entry of Appearance.pdf | | | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF SHANE R HESKIN ESQ FILED. (FILED ON BEHALF OF YINGYIN IRIS CHEN AND SEAN WHALEN) | | | |

Case Description Related Cases Event Schedule Case Parties Docket Entries

E-Filing System Search Home